UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROBERT BERG,<br><br>          Plaintiff,<br><br>- against -<br><br>M & F WESTERN PRODUCTS, INC.<br><br>          Defendant. | Docket No. 6:19-cv-418-JDK |

## **JOINT REPORT**

1) Brief statement of the claims and defenses:
   a. Copyright infringement of Plaintiff's designs used by Defendant on products. Plaintiff seeks statutory damages and attorney's fees for willful copyright infringement.
   b. Defendant denies all allegations of infringement. Defendant's designs were all created prior to and independently of the alleged meeting with Plaintiff in December 2016 that forms the basis for the copying claim. Further, Plaintiff has previously disclaimed elements of his alleged copyrighted design in a prior case, i.e., *Berg v. Symons*, 393 F. Supp. 2d 525 (S.D. Tex. 2005), yet he has asserted those design elements against Defendant in this case. Defendant has provided Plaintiff with product catalogue pages showing that Defendants accused designs were all offered for sale before the meeting at which Plaintiff alleges the designs were copied. In one instance, Defendant has provided a catalog page from 1995, which predates Plaintiff's creation by seven years. Nevertheless, Plaintiff has chosen to continue pursuing these claims. Defendant denies that Plaintiff is entitled to any recovery. Defendant seeks dismissal of Plaintiff's case with prejudice, an award to Defendant of its reasonable costs and expenses of litigation under multiple theories, including under 17 U.S.C. § 505 and F.R.C.P. Rule 11(c).

2) Jurisdiction-
   a. This claim arises under the Copyright Act, 17 U.S.C. § 101 et seq., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).
   b. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in Texas.
   c. Defendant contends that it is unclear whether Plaintiff resides in Texas and is further unclear whether Defendant has a place of business at the address alleged in the Complaint.

3) Related cases-
    a. None.

4) Expert Reports and Discovery
    a. Yes, the Parties anticipate providing expert reports in keeping with the Proposed Scheduling Order and proceeding with Discovery, including Mandatory Disclosures and further discovery requests as permitted under the Federal Rules of Civil Procedure.

5) Discovery Plan
    a. See Proposed Scheduling Order

6) Should document production proceed by requests for Production or Mandatory Disclosure
    a. Mandatory Disclosures [Richard, we agreed to Mandatory Disclosures on our phone conference.]

7) Limitations on Discovery-
    a. As imposed by the Federal and Local Rules.
8) ESI-
    a. The parties will discuss the means for ESI during discovery.
9) Privileges-
    a. The parties will submit an agreed Protective Order to the Court during discovery and have agreed to withhold confidential documents from the Mandatory Disclosures and from responses to formal discovery requests until such a Protective Order is entered by the Court.

10) Proposed Trial Date-
    a. January 19, 2021.

11) Objections to Rule 26 (a) (1)
    a. None.

12) ADR
    a. The parties will discuss mediation during discovery.

13) Settlement
The parties have not agreed to settle the case.
    14) Other Proposals-
        a. None at this time.

15) Conference: Not Desired by Plaintiff. If the Court does believe a hearing is necessary, Plaintiff respectfully requests that Plaintiff appear via telephone to save costs or in the alternative to a mutually agreeable date among the parties.

Defendant believes the Parties should appear in person. Local practice and the Court's standard non-patent scheduling order require face-to-face meetings to encourage open and frank dialogue to resolve matters and there is no reason to change that philosophy for this case.

16) Other Matters- None at this time.