IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BERG, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Case No. 6:19-cv-418-JDK |
| | § | |
| M&F WESTERN PRODUCTS, INC., | § | |
| | § | |
| Defendant. | § | |

**EMERGENCY[1] MOTION TO POSTPONE MEDIATION TO A MEANINGFUL TIME**

**Introduction and Summary.** This is a copyright case in which Plaintiff—a designer for Western-styled jewelry crosses and belt buckles—claims to have copyrighted "designs" that are ubiquitously found in the industry, such as scrollwork and edging comprised of a sequence of "beads." M&F Western disputes that Berg's designs are copyrightable in the first place, and, more importantly, M&F Western was mass producing the allegedly infringing products well before the December 2016 Meeting at which point Berg claims M&F Western "copied" his designs.

At the February 7, 2020 hearing, the Court encouraged the Parties to consider an early mediation. M&F Western was reluctant for three major reasons: 1) Berg's claimed copyright was nothing more than ubiquitous design elements in the industry; and 2) M&F Western had been mass-producing the allegedly infringing products well before the December 2016 Meeting (and M&F Western provided evidence of this fact to Berg after he filed suit; Berg had no response); meaning that 3) this case was like the thousands of other cases Mr. Leibowitz has filed, which have earned him the reputation of a "copyright troll" in the District

---

[1] This Motion is titled an "emergency" because the mediation is scheduled for March 4, 2020. M&F Western filed this request as soon as practicable after Berg's counsel first informed M&F Western after hours on February 27, 2020 that Berg would not attend.

Courts of New York,[2] leading one court to remark upon the "growing body of case law devoted to the question of whether and <u>when</u> to impose sanctions." *Rice v. NBCUniversal Media, LLC*, 19-CV-447JMF, 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019) (sanctioning attorney Liebowitz for failing to comply with court order regarding mediation). *See also Craig v. UMG Recordings, Inc.*, No. 16-CV-5439 (JPO), 2019 WL 1432929, at *10 (S.D.N.Y. Mar. 29, 2019) ("granting motion for sanctions against attorney Liebowitz and his law firm and finding motion to disqualify expert was made vexatiously and in bad faith"); *Pereira v. 3072541 Canada Inc.*, No. 17-CV-6945 (RA), 2018 WL 5999636, at *2 (S.D.N.Y. Nov. 15, 2018) ("To the extent that Mr. Liebowitz and/or his law firm engage in misconduct in the future, however, the Court will not hesitate to impose sanctions"); *Steeger v. JMS Cleaning Servs., LLC*, No. 17-CV-8013 (DLC), 2018 WL 1363497, at *3 (S.D.N.Y. Mar. 14, 2018) (imposing monetary sanctions of $2,000 under the court's inherent powers and an educational sanction requiring attorney Liebowitz to complete additional CLE credits in ethics and professionalism and noting: "It is troubling that [Mr. Liebowitz's] motion . . . continues the pattern of omissions and misrepresentations that has plagued Mr. Liebowitz's earlier submissions in this action").

Despite these concerns, M&F Western agreed to an early mediation provided that Plaintiff would both produce documents (which he had failed to do pursuant to his prior agreement to mandatory disclosures), and that Mr. Berg, the individual who filed suit, would personally appear at the mediation. Without these conditions being met, M&F Western knew that mediation would be futile not only because M&F Western is entitled to discovery from

---

[2] *See, McDermott v. Monday Monday, LLC, No. 17-CV-9230 (DLC),* 2018 WL 5312903, at *2-3 (S.D.N.Y. Oct. 26, 2018) (denying attorney Liebowitz's request that the term "copyright troll" be redacted from the court's February 22 Opinion and explaining that attorney Liebowitz's "litigation strategy in this district fits squarely within the definition of a copyright troll"); *McDermott v. Monday Monday, LLC, No. 17-CV-9230 (DLC),* 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018) (noting that "Plaintiff's counsel, Richard Liebowitz, is a known copyright 'troll,' filing over 500 cases in this district alone in the past twenty-four months" and warning him that future frivolous arguments or filings in other cases may be sanctionable).

147349620.5

Berg as part of its defense but also because M&F Western expects that without Berg himself in attendance at the mediation—where he can hear from the mediator directly about the fatal flaws in his case—there will not be a genuine opportunity for early resolution of this matter. Put another way, M&F Western will simply not pay a troll to go away.

Berg's counsel agreed to the above terms at the hearing, but then promptly failed to produce documents by the Court's February 21st deadline, and only managed to produce two documents (totaling six pages) late last night (Sunday, March 1, 2020).[3] Berg's counsel also failed to provide a settlement offer by February 26th as required by the Mediator. And now M&F Western has learned that Berg will not personally attend the mediation because he is being denied entry into the States (Mr. Liebowitz failed to adequately explain why and labeled the communications about Berg's visa a "settlement communication" presumably to try and limit substantive discussions with the Court about the issue).

It is clear from the conduct of Berg and Mr. Leibowitz that this case is just another filing by a copyright troll seeking a quick settlement. M&F Western will not simply pay a troll to go away and asks the Court to delay mediation until a later time when Berg can be ordered to personally appear.

---

[3] Late Sunday night (March 1, 2020), Berg "produced" two documents totaling six (6) pages, one of which appears to be an updated version of Exhibit A to the Complaint.

147349620.5

**Relevant facts for this motion.** Berg claims intellectual property rights (copyright) in jewelry and belt buckles that are generic designs that are very common in the Western industry. *See* Exhibit A, which is a copy of the designs Berg claims to be his intellectual property. Specifically, Berg claims to have copyrighted crosses with scrollwork and other generic elements and belt buckles with "beads" on the edges. These are ubiquitous design elements used throughout the industry, are not subject to copyright protection, and fail on legal grounds.[4]

But setting that aside, **M&F Western has been selling the allegedly infringing crosses and belt buckles since well before the alleged December 2016 Meeting** at which Berg alleges M&F Western copied Berg's designs.[5] It is common sense that a party cannot steal and copy something during a meeting when it is already mass-producing the product before the meeting occurs.

Soon after Berg served M&F Western with this lawsuit, M&F Western provided detailed evidence to Mr. Leibowitz (a copy of which is attached as Exhibit B) that M&F Western sold the allegedly infringing products well before the alleged December 2016 meeting. **Mr. Leibowitz never responded or even acknowledged that the catalogs included the allegedly infringing products well before the December 2016 Meeting.**

At the 26(f) Scheduling Conference, Mr. Liebowitz asked M&F Western's counsel about a "quick mediation," and M&F Western's counsel was direct in rejecting the idea

---

[4] Indeed, M&F Western produced documents showing that the allegedly infringing belt buckle design with beaded edging was sold by predecessor in interest seven years before Berg claims to have created the design.  Mr. Liebowitz never responded.

[5] M&F Western contests Berg's factual allegations with respect to the December 2016 Meeting, but that is not relevant for this Motion.

because it had evidence of selling the allegedly infringing products well before the December 2016 Meeting and felt that this case was nothing more than another troll filing. **Mr. Liebowitz still had no response.**

At the February 7th Rule 16 Hearing, M&F Western stated its hesitancy to conduct an early mediation but, given the dialogue and the Court's suggestion, said **it would participate in an early mediation if Berg produced his documents (which he had failed to do pursuant to the Parties' agreement to Mandatory Disclosures) and Berg personally attend**. Mr. Liebowitz agreed, and never disclosed that Berg could not enter the States. *See Sands v. Bauer Media Group ISA, LLC*, No. 17-cv-9215 (LAK), 2019 WL 6324866, at *n1 (S.D.N.Y. November 26, 2019) (identifying instances in which "Mr. Liebowitz has made an untrue statement to a judge of this Court.")

Since then, Berg has serially failed to comply with the Court's Order. Berg failed to produce documents by the Court's deadline (February 21, 2020). *See* Docket Entry 10. *See also Pereira v. 3072541 Canada Inc.*, No. 17-cv-6945 (RA) (S.D.N.Y. November 15, 2018) ("The Court finds particularly concerning Mr. Liebowitz's repeated failures to follow the orders and rules of this Court and others within the district, as well as his propensity to take unreasonable positions and to omit crucial facts—or even to make outright misrepresentations—in an apparent attempt to increase costs and to extort unwarranted settlements") (further citing *Reynolds v. Hearst Commc'ns, Inc.*, No. 17-CV-6720 (DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) (finding that Mr. Liebowitz had "failed to comply with orders in this litigation, as he has in other lawsuits" and that he had "inevitably increase[d] the cost of litigation" by failing to disclose certain facts), *reconsideration denied*,

2018 WL 1602867, at *2 (S.D.N.Y. Mar. 29, 2018); *Rudkowski v. MIC Network, Inc.*, No. 17-CV-3647 (DAB), 2018 WL 1801307, at *3 & n.3 (S.D.N.Y. Mar. 23, 2018) ("caution[ing]" Mr. Liebowitz for making misrepresentations to the court)).

Instead, Berg waited until late Sunday, March 1st to produce two documents (a total of six pages) that consist of one advertising sheet and what appears to be an updated version of the exhibit attached to his Original Complaint. Berg's failure to produce all of the documents—including, for example, documents from the case with his ex-wife during which he disclaimed ownership over some of the designs he now claims M&F Western copied—only drives home the point that this is not a serious Plaintiff or a serious attorney with supporting documents[6]; rather, this is an extortion case fully in line with the countless other cases filed by Mr. Leibowitz.

Second, **Berg's attorney failed to coordinate with M&F Western regarding the mediation date**. See Docket Entry 10. Instead, the undersigned counsel called the mediator to work to find an available mediation date prior to the deadline set by the Court.

Third, **Berg's attorney failed to provide a settlement offer as required by Magistrate Judge Love's Mediation Order**. *See* Docket Entry 11. To date, M&F Western has received no settlement offer as required by Magistrate Judge Love's procedures. Again, Plaintiff has neither requested additional time to provide a settlement offer, nor explained his failure to comply with Magistrate Judge Love's order.

Finally, **Berg now refuses to attend in person acknowledging that the federal government has refused to issue him a visa even though**

---

[6] Berg admitted in this prior case that the tapered beaded edge design did not originate with Berg and he stipulated he was not asserting copyright in the beaded edges. *Berg v. Symons*, 393 F. Supp. 2d 525, 533 (S.D. Tex. 2005).

147349620.5

**he is an Australian citizen (and even though Australian citizens don't typically require a Visa for visits under 90 days).** Instead, plaintiff (an individual) is designating another person to be his representative at the mediation as if he were a corporation. *See* Exhibit C. Tellingly, whoever this person is did not even make onto Plaintiff's Supplemental Disclosures as a person with knowledge of relevant facts. *See* Exhibit D.

While Mr. Liebowitz claims that the clerk blessed his actions, even if it is accurate— *Rice v. NBCUniversal Media, LLC*, 19-CV-447JMF, 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019) (sanctioning attorney Liebowitz for failing to comply with court order regarding mediation)—it misses the point that M&F Western only agreed to participate in an early mediation if Berg was personally present.

147349620.5

**Requested Relief.** The Court invited the parties to come back if either thought an early mediation would not be effective. Given the above, M&F Western believes mediation at this juncture will be a waste of time and money and it no longer consents to such a mediation. Berg has produced no documents substantiating his claims that M&F Western "copied" his designs in December 2016, nor could he since M&F Western had been mass producing and selling them well before the December 2016 meeting. M&F Western will not pay money for a troll to go away, and, as such, the currently contemplated mediation on March 4th will simply not be effective.

As such, M&F Western asks that the Court to postpone the mediation until a later time and require Berg to be personally present.

WHEREFORE, M&F Western asks the Court to postpone the mediation until a later time when Berg will personally appear.

147349620.5

Dated:  March 2, 2020

Respectfully submitted,

By:  */s/ John R. Hardin*

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

*Attorneys for Defendant M & F Western Products, Inc.*

## CERTIFICATE OF CONFERENCE

M&F Western has emailed Plaintiff to confirm that he is opposed to the relief being sought. In the interim, given the nature of the relief being sought, M&F Western is filing this Motion as opposed.

*/s/ John R. Hardin*

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2020, I caused copies of the foregoing document to be served via CM/ECF to the counsel of record in this matter.

*/s/ John R. Hardin*
John R. Hardin

147349620.5