

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

March 2, 2020

Honorable Jeremy D. Kernodle
United States District Court
Eastern District of Texas
211 W. Ferguson St. #106
Tyler, Texas 75702

Re:     ***Berg v. M&F Western Products, Inc.*** **(6:19-cv-418-JDK)**

Dear Judge Kernodle:

We represent Plaintiff Robert Berg ("Plaintiff") in the above in-captioned case and write in opposition to Defendant M&F Western Products, Inc. ("Defendant")'s emergency motion to delay the mediation currently set for March 4, 2020 at 9:00 a.m. [Dkt. #11]

By way of background, Defendant infringed Plaintiff's original designs and exploited them without Plaintiff's authorization. Although there are some deficiencies in the initial pleading, Plaintiff intends to amend his complaint in due course.

<u>First</u>, Defendant argues that the mediation should not take place unless Mr. Berg appears personally. However, the Order Scheduling Mediation Conference, dated February 20, 2020 [Dkt. #11 ("Mediation Order")] does not expressly require that Mr. Berg be personally present at the mediation session of March 4. Section 2 of the Mediation Order states that "Parties <u>with ultimate settlement authority</u> must be personally present." (underline added). In this case, Monique Compton, Berg's National Sales Director, has full authority to settle the case on behalf of Mr. Berg and will appear at the scheduled mediation. Mr. Berg is currently in Vietnam and will not able to appear at the session scheduled for March 4 due to a visa issue. Plaintiff's counsel Richard Liebowitz will also be present.

<u>Second</u>, Defendant argues that Plaintiff has failed to produce documents. This statement is false. Plaintiff has produced relevant documents in his custody, possession and control, including copyright registration materials and copies of the designs. The remaining facts will be attested to via live testimony.

<u>Third</u>, Plaintiff recognizes that he will need to amend his complaint regarding the timing of when Defendant began marketing and selling the infringing products. But the fact remains that Defendant infringed on Plaintiff's designs. The evidence at trial will show that Plaintiff created his original works <u>before</u> Defendant copied them and marketed them. Nothwithstanding Defendant's *ad hominen* attacks against Plaintiff's counsel, this case is unquestionably meritorious.

Liebowitz Law Firm, PLLC

Fourth, Plaintiff has in fact tendered a settlement demand to Defendant.

In short, there is no fundamental reason why the mediation for March 4, 2020 should be delayed. Plaintiff's lead counsel and Monique Compton, who has full settlement authority, will be personally present and are ready to participate in good faith. This is clearly a scheme by Defendant and its counsel to run up litigation costs instead of engaging in good faith mediation efforts to resolve this matter amicably.

Accordingly, Plaintiff respectfully requests that Defendant's emergency motion should be DENIED.

Respectfully submitted,

/s/Richard Liebowitz
Richard P. Liebowitz

*Counsel for Plaintiff*