IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BERG, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Case No. 6:19-cv-418-JDK |
| | § | |
| M&F WESTERN PRODUCTS, INC., | § | |
| | § | |
| Defendant. | § | |

**REPLY IN SUPPORT OF EMERGENCY MOTION**

There are numerous points in Plaintiff's Response with which M&F Western disagrees, but M&F Western highlights Plaintiff's comments about his production as t**he Court need look no further than Plaintiff's production to put this case in perspective.**

Plaintiff has produced two documents that, combined, total six (6) pages. *See* Exhibit 1, which is Plaintiff's production. The documents are: 1) an updated version of Exhibit A to Plaintiff's Complaint; and 2) a single page from M&F Western's website. Based on these two documents, Plaintiff declares compliance with the Eastern District's Mandatory Disclosures.

The production underscores that this case is solely designed to extract a settlement. A cursory review of the documents shows the absence of numerous other documents, but, as illustrative examples, Plaintiff has failed to produce the following critical and very basic documents on:

- When he first created his designs and first sold them. These documents are relevant because one factor concerning the validity of Plaintiff's Copyright Registrations (which determines Plaintiff's standing before this Court) is whether Plaintiff provided accurate information to the Copyright Office about when he created and published his designs.

147389001.2

- A previous lawsuit with his ex-wife over some of the same designs where he disclaimed copyright.

- The numerous other defendants he claims to be suing under similar (if not identical) copyright infringement assertions.

Stated differently, if this truly were the entirety of Plaintiff's documents, then why did Mr. Liebowitz agree during the February 7th Status Conference that it would be useful for the Court to issue an order requiring Plaintiff to produce documents when Mr. Liebowitz could have instead informed the Court that no order would be necessary because his client possesses no more than six pages of documents, and further, how did he fail to comply with the February 21, 2020 deadline.

There is only one logical conclusion to draw from Plaintiff's actions in failing to meet court ordered deadlines, failing to respond to written evidence that M&F Western produced the allegedly infringing designs before the purported "December 16 Meeting", and failing to produce relevant documents while simultaneously pushing for an early mediation that his client could never attend and failing to disclose the issue to M&F Western or the Court: This case is baseless and was only filed to extract a quick settlement. M&F Western is simply not going to pay a troll to go away, and asks the Court to take appropriate measures to force Berg and Liebowitz to comply with Court orders and force Berg to appear in the Eastern District.

**Sanctions are appropriate**. M&F Western was very clear at the February 7th Hearing about the need for Berg to personally appear for a mediation to be effective. Mr. Liebowitz knew about the visa issue (or certainly should have known if his client could travel to the States), stayed silent and then chose to call Magistrate Judge Love's clerk to sidestep the issue. He has failed to produce documents. He has failed to comply with Orders. He has, in short, wasted the last two months, and M&F Western believes it warranted for the Court to issue appropriate sanctions.

147389001.2

WHEREFORE, M&F Western asks the Court to postpone the mediation until a later time when Berg will personally appear and to enter sanctions as appropriate.

Dated: March 4, 2020

Respectfully submitted,

By: */s/ John R. Hardin*

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

*Attorneys for Defendant M & F Western Products, Inc.*

-3-

147389001.2

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2020, I caused copies of the foregoing document to be served via CM/ECF to the counsel of record in this matter.

*/s/ John R. Hardin*
John R. Hardin

-4-

147389001.2