UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

---

ROBERT BERG,

                              Plaintiff,

          - against -

M & F WESTERN PRODUCTS, INC.

                              Defendant.

Docket No. 6:19-cv-0418-JDK

JURY TRIAL DEMANDED

---

## AMENDED COMPLAINT

Plaintiff Robert Berg ("Berg" or "Plaintiff") by and through his undersigned counsel, as and for his Amended Complaint against Defendant M & F Western Products, Inc. ("M & F" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of copyrighted designs, owned and registered by Berg, a professional designer. Accordingly, Berg seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in Texas.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.　　　Berg, a native of Australia, is a professional designer who currently resides in Vietnam.  Currently, Berg is unable to travel to the United States due to visa issues, as well as due to the pandemic.

6.　　　Upon information and belief, M & F  is a domestic business corporation organized and existing under the laws of the State of Texas, with a place of business at 1303 Holiday Drive, Sulphur Springs, Texas 75482. Upon information and belief M & F is registered with the Texas Department of State Division of Corporations to do business in the State of Texas.

## STATEMENT OF FACTS

**A.　　Background and Plaintiff's Ownership of the Designs**

7.　　　In the late 1970s, Berg was a rodeo performer and silversmith in Australia who began designing and selling western jewelry.

8.　　　After an injury ended his rodeo career, Berg expanded his jewelry business. Although he focused on belt buckles, he also began to design, produce, and sell western-style rings, necklaces, bracelets, conchos, spurs, knives, and three-piece buckle sets.

9.　　　In 1993, Berg moved to Bandera, Texas, to pursue the western jewelry market in the United States.  Berg continued to design jewelry and buckles which have a distinctive "look" consisting of the following original elements: black background, the use of "tri-color" (red, green, and yellow) gold; a layer of scrollwork with a vine design, a layer of leaves, and a third layer of flowers; and, when edged, use of a raised silver edge with large tapered beads. Hand-cut and soldered scrollwork and lettering characterize Bob Berg

designs. Berg initiated the technique of stacking tri-color gold to achieve a three-dimensional look in his buckles and jewelry.

10.     By 2000, Berg's jewelry designs had become well-known in the United States and Texas.  For example, he was asked to design the trophy cup for the world championship professional bull riding competition.  He also built championship buckles for prominent rodeo committees across the United States and supplied buckles to the champions of the Australian Pro Rodeo Association for over two decades.

11.     Between 2000 and 2003, Berg created original designs consisting of Western-styled jewelry and belt buckles that are the subject of this lawsuit (collectively the "Designs"). A true and correct copy of some of the Designs are attached hereto as Exhibit A.

12.     In 2000, Berg created a stylized and intricate design of a cross with angular corners (the "Angular Cross") and registered it with the U.S. Copyright Office under No. VA 1-091-617, with effective date of June 12, 2000 (the "617 Registration").  Attached as Exhibit B is a true and correct copy of the 617 Registration, as maintained by the U.S. Copyright Office's website.

13.     In 2002, Berg created a stylized and intricate design for an oval belt buckle (the "Oval Buckle") and registered it with the U.S. Copyright Office under No. VA 1-159-548, with effective date of July 26, 2002 (the "548 Registration").  Attached as Exhibit C is a true and correct copy of the 548 Registration, as maintained by the U.S. Copyright Office's website.

14.     In 2002, Berg created a stylized and intricate design for a rectangular belt buckle (the "Rectangular Buckle") and registered it with the U.S. Copyright Office under No. VA 1-159-548, with effective date of July 26, 2002.  See Exhibit C.

15.     In 2003, Berg created a stylized and intricate design for a cross with linear

corners (the "Linear Cross") and registered it with the U.S. Copyright Office under No. VA 1-229-288, with effective date of August 29, 2003 (the "288 Registration"). Attached as Exhibit D is a true and correct copy of the 288 Registration, as maintained by the U.S. Copyright Office's website (the "288 Registration").

16.     Berg is the author of the Designs and has at all times been the sole owner of all right, title and interest in and to the Designs, including the copyright thereto.

17.     Upon information and belief, in late 2004/early 2005, an individual named Gary Bellinger, who supplied products to M&F, gained access to Plaintiff's molds and designs, including the Designs at issue here. Bellinger was not an employee of Berg. He was an independent manufacturer of belts in Mexico. However, because Bellinger was a major industry player who spoke the local language and knew everyone, Bellinger had access (through Berg's ex-wife) to Berg's jewelry factory in Mexico where Berg's belt buckles were manufactured.

18.     Upon information and belief, Bellinger gained access to Berg's copyrighted molds for his designs in 2005 and then distributed them to M&F without Berg's knowledge or authorization.

**B.      Defendant's Infringing Activities**

19.      Upon information and belief, sometime in 2005 or thereafter, M & F created their own products copying the Designs for their products and mass producing them. Some examples are attached hereto as Exhibit A.

20.      Upon information and belief, Defendant may also have infringed other copyrighted designs created by Plaintiff which are not identified in this complaint.

21.      M & F  did not license the Designs from Plaintiff, nor did M & F have Plaintiff's permission or consent to use the Designs.

22.      Berg did not know back in 2005 that Bellinger gave M&F access to Berg's copyrighted design molds. Berg did not actually discover M&F's infringement until 2019.

## CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
## (17 U.S.C. §§ 106, 501)

23.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

24.     M & F infringed Plaintiff's copyright in the Designs by reproducing, using, distributing and/or publicly displaying the Designs on the Website. M & F is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Designs.

25.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

26.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

27.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement

28.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Designs, pursuant to 17 U.S.C. § 504(c).

29.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.      That Defendant M & F be adjudged to have infringed upon Plaintiff's copyrights in the Designs in violation of 17 U.S.C §§ 106 and 501;

2.      Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

3.      That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Designs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.      That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6.      That Plaintiff be awarded pre-judgment interest; and

7.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
        April 3, 2020

                                LIEBOWITZ LAW FIRM, PLLC

                                **By: /s/Richard Liebowitz**
                                Richard Liebowitz
                                11 Sunrise Plaza, Suite 305
                                Valley Stream, New York 11580 Tel:
                                (516) 233-1660
                                RL@LiebowitzLawFirm.com

                                *Attorneys for Plaintiff Robert Berg*