UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ROBERT BERG,

                     Plaintiff,

  - against -

M & F WESTERN PRODUCTS, INC.

                     Defendant.

Docket No. 6:19-cv-418

**M&F Western's Answer to Plaintiff's Amended Complaint**

M& F Western Products, Inc. (Defendant) responds to Plaintiff's Amended Complaint as follows:

**ADMISSIONS AND DENIALS**

1. Defendant admits that Plaintiff purports to assert a claim for copyright infringement arising under the Copyright Act, 17 U.S.C. § 101 et seq. Defendant denies that any ground exists for Plaintiff's claims, that Berg has valid copyright claims, that Berg is entitled to any relief, and further denies any remaining allegations in Paragraph 1.

**JURISDICTION AND VENUE**

2. As to Paragraph 2, Defendant admits that the Court has subject matter jurisdiction generally over this case under 28 U.S.C. §§ 1331 and 1338, but Defendant denies that the Court has subject matter jurisdiction over Plaintiff's claim relating at least to Registration No. VA1-159-548 because Plaintiff's asserted copyright registration is invalid and/or unenforceable.

3. As to Paragraph 3, Defendant admits that it resides in and/or transacts business in Texas and admits that the Court has personal jurisdiction over Defendant.

4. Defendant admits that venue is proper.

## PARTIES

5. Defendant is without knowledge or sufficient information to admit or deny the allegations of Paragraph 5, and therefore denies those allegations. Defendant does, however, admit that Berg has provided a copy of an Online Nonimmigrant Visa Application dated October 15, 2018, Berg states he is unable to gain access to the United States because of Visa Issues, Berg admits that his Visa issues predate the current pandemic and the filing of his original Complaint in this matter, and Berg alleges that his Visa Issues preclude (or excuse) him from personally attending certain events in this case.

6. Defendant admits the allegations related to its business structure contained in Paragraph 6.

## RESPONSE TO UNDERLYING FACTUAL ALLEGATIONS

7. Defendant is without knowledge or sufficient information to admit or deny the allegations in Paragraph 7 about Berg's history as a rodeo performer and silversmith.

8. Defendant is without knowledge or sufficient information to admit or deny the allegations of Paragraph 8, and therefore denies those allegations.

9. Defendant is without knowledge or sufficient information to admit or deny the allegations of Paragraph 9 regarding when and whether Berg moved to Bandera, Texas and therefore denies those allegations. Defendant denies that Berg's jewelry has a distinctive "look", rather Berg's jewelry incorporates common elements ubiquitously used in Western jewelry and buckle design for many decades, including well before Berg's copyright registrations asserted in this case. Defendant denies the remaining allegations in Paragraph 9.

10. Defendant is without knowledge or sufficient information to admit or deny the allegations of Paragraph 10, and therefore denies those allegations.

11. Defendant denies that Berg created any of Defendant's designs included in **Exhibit A** to the Amended Complaint. Defendant denies that Berg created original designs consisting of Western-styled jewelry and belt buckles, instead Berg's designs incorporate common elements ubiquitously used in Western jewelry and buckle design for many decades, including well before Berg's copyright registrations asserted in this case and as such the asserted registrations are invalid and/or unenforceable. Plaintiff has produced only six (6) pages of documents in this case and has failed to produce deposit copies of the materials included in the asserted copyright registrations and, therefore, Defendant is without sufficient information to admit or deny whether the images of Plaintiff's designs included in **Exhibit A** to the Amended Complaint, which allegedly correspond to the asserted registrations, are in fact part of the asserted copyright registrations or not, and therefore Defendant denies the remaining allegations in Paragraph 11.

12. Defendant admits that **Exhibit B** to the Amended Complaint appears to be a copy of Registration No. No. VA 1-091-617 as maintained by the U.S. Copyright Office's website. Plaintiff has produced only six (6) pages of documents in this case and has failed to produce deposit copies of the materials included in Registration No. VA 1-091-617 and, therefore, Defendant is without sufficient information to admit or deny whether the image of Berg's alleged cross design included in **Exhibit A** to the Amended Complaint as allegedly corresponding to Registration No. VA 1-091-617 is in fact part of this copyright registration or not. Defendant is without knowledge or sufficient information to admit or deny the remaining allegations of Paragraph 12, and therefore denies those allegations.

13. Defendant admits that **Exhibit C** to the Amended Complaint appears to be a copy of Registration No. VA 1-159-548 as maintained by the U.S. Copyright Office's website. Plaintiff has produced only six (6) pages of documents in this case and has failed to

produce deposit copies of the materials included in Registration No. 1-159-548 and, therefore, Defendant is without sufficient information to admit or deny whether the image of Berg's alleged Oval Buckle design included in **Exhibit A** to the Amended Complaint as allegedly corresponding to Registration No. 1-159-548 is in fact part of this copyright registration or not. Plaintiff's alleged copyright in the Oval Buckle design is invalid and/or unenforceable, including because it incorporates beaded edging, which existed in the marketplace long before the claimed creation date and because Defendant did not copy the Plaintiff's alleged design, as evidenced for example by the buckle created by Defendant's predecessor-in-interest, the Crumrine Buckle Company, and sold at least as early as 1995 (M&F000003) attached as **Exhibit 1**. Defendant is without knowledge or sufficient information to admit or deny the remaining allegations of Paragraph 13, and therefore denies those allegations.

14.     Defendant admits that **Exhibit C** to the Amended Complaint appears to be a copy of Registration No. VA 1-159-548 as maintained by the U.S. Copyright Office's website. Plaintiff has produced only six (6) pages of documents in this case and has failed to produce deposit copies of the materials included in Registration No. 1-159-548 and, therefore, Defendant is without sufficient information to admit or deny whether the image of Berg's alleged Rectangular Buckle design included in **Exhibit A** to the Amended Complaint as allegedly corresponding to Registration No. VA 1-159-548 is in fact part of this copyright registration or not. Plaintiff's alleged copyright in the Rectangular Buckle design is invalid and/or unenforceable, including because it incorporates beaded edging, which existed in the marketplace long before the claimed creation date and because Defendant did not copy the Plaintiff's alleged design, as evidenced for example by the buckle created by Defendant's predecessor-in-interest, the Crumrine Buckle Company, and sold at least as early as 1995

(M&F000003) attached as **Exhibit 1**. Defendant is without knowledge or sufficient information to admit or deny the remaining allegations of Paragraph 14, and therefore denies those allegations.

  15. Defendant admits that **Exhibit D** to the Amended Complaint appears to be a copy of Copyright Registration No. VA 1-229-288. Plaintiff has produced only six (6) pages of documents in this case and has failed to produce deposit copies of the materials included in Registration No. VA 1-229-288 and, therefore, Defendant is without sufficient information to admit or deny whether the image of Berg's alleged cross design included in **Exhibit A** to the Amended Complaint as allegedly corresponding to this registration is in fact part of Registration No. VA 1-229-288 or not. Defendant is without knowledge or sufficient information to admit or deny the remaining allegations of Paragraph 15, and therefore denies those allegations.

  16. Defendant denies that Plaintiff created any of the M&F Western designs shown in **Exhibit A**. Defendant is without knowledge or sufficient information to admit or deny the remaining allegations of Paragraph 16, and therefore denies those allegations.

  17. At this time, Defendant is without knowledge or sufficient information to admit or deny Plaintiff's allegations about Mr. Bellinger contained in Paragraph 17, and therefore denies the entirety of Paragraph 17.

  18. At this time, Defendant is without knowledge or sufficient information to admit or deny Plaintiff's allegations about Mr. Bellinger contained in Paragraph 18 regarding his alleged access to Plaintiff's copyrighted molds and therefore denies the same. However, Defendant denies that it copied any of Berg's Designs and denies the remainder of the allegations in this paragraph.

  19. Defendant has not copied Plaintiff's designs and therefore denies the allegations

in Paragraph 19. Defendant admits that it created or acquired rights in the M&F Western designs shown in **Exhibit A** to the Amended Complaint and that it mass produces these items but denies that it copied Plaintiff's designs.

20.     The allegations in Paragraph 20 are vague in asserting that "Defendant may also have infringed other copyrighted designs created by Plaintiff which are not identified in this Complaint" and as such Defendant is not able to respond specifically and therefore denies the allegations in Paragraph 20.

21.     Defendant admits that it does not have a license or permission from Berg, but denies that any license or permission by Berg was necessary given that Defendant, or Defendant's predecessors in interest, independently created the alleged infringing designs and that Berg's claimed copyrights are for design elements that are ubiquitous in the industry and have been for decades.

22.     Defendant is without sufficient information to admit or deny many of the allegations in Paragraph 22. Defendant, however, denies that Mr. Bellinger gave M & F Western access to Plaintiff's copyrighted design molds. Defendant further denies that it copied Plaintiff's designs. Defendant and its predecessors in interest independently created the alleged infringing designs. Defendant is without knowledge or sufficient information to admit or deny the remaining allegations of Paragraph 22, and therefore denies those allegations.

**CAUSE OF ACTION: COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)**

23.     Defendant incorporates by reference the responses contained in Paragraphs 1-22 above.

24.     Defendant admits that it does not have a license or permission from Berg but denies that it needs any license or permission from Berg as Defendant independently created its own designs, did not copy Plaintiff's designs and Berg's alleged copyrights are not valid in any

case. Thus Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. All allegations of the Complaint that are not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

Defendant further responds to Plaintiff's Amended Complaint by alleging the following affirmative defenses:

## FIRST DEFENSE

The Amended Complaint, in whole or part, fails to state a claim upon which relief can be granted, including because the Plaintiff's claimed designs feature elements that are ubiquitously used in the Western jewelry marketplace pre-dating the dates of creation in the asserted registrations.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or part, because Plaintiff's copyright registrations are invalid and/or unenforceable, including by reason of lack of originality and lack of copyrightable subject matter, and therefore Plaintiff lacks standing to pursue these claims.

## THIRD DEFENSE

Plaintiff's claims are barred in part because asserted Copyright Registration No. VA-1-159-548 purports to claim copyrightability in beaded edging on a belt buckle design, which existed in the marketplace long before the claimed creation date in the registration as evidenced for example by the buckle created by the Crumrine Buckle Company and sold at least as early as 1995 (M&F000003) attached as **Exhibit 1**.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of the works that form the subject of the claims for relief are not original to Plaintiff and, therefore, Plaintiff lacks standing to pursue these claims.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH DEFENSE

Plaintiff's claims are barred by the merger doctrine.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

WHEREFORE, premises considered, Plaintiff's claims lack merit. Berg claims copyrights in basic design elements that are used ubiquitously throughout the Western jewelry industry and have been for decades. M&F Western either itself or through its predecessors-in-interest, independently created its own designs, and never copied Berg's designs. This is simply a fishing expedition by Berg for money, a conclusion that is supported by Berg's ever-changing theories and demands. It should be rejected, and M&F Western requests its attorneys' fees as the

inevitable prevailing party.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for a judgment:

1. Dismissing Plaintiff's claims with prejudice;

2. Awarding Defendant its reasonable costs and expenses of litigation under 15 U.S.C. § 505, including attorneys' fees;

3. Denying all relief requested by Plaintiff; and

4. Granting all other and further relief to M&F Western as this Court deems just and proper.


Dated: May 4, 2020

                                           Respectfully submitted,

                                           *s/Kirstin E. Larson*
                                           John R. Hardin
                                           Texas Bar No. 24012784
                                           JohnHardin@perkinscoie.com
                                           PERKINS COIE LLP
                                           500 N. Akard St. Suite 3300
                                           Dallas, Texas 75201
                                           Phone: 214-965-7700
                                           Facsimile: 214-965-7799

                                           Judith B. Jennison
                                           Washington State Bar No. 36463
                                           JJennison@perkinscoie.com
                                           Kirstin E. Larson
                                           Washington State Bar No. 31272
                                           KLarson@perkinscoie.com
                                           PERKINS COIE LLP
                                           1201 Third Avenue, Suite 4900
                                           Seattle, WA 98101-3099
                                           Tel: 206-359-8000
                                           Fax: 206-359-9000

                                           *Attorneys for M & F Western*

147957968.6

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on all counsel of record pursuant to the Federal Rules of Civil Procedure on May 4, 2020 by electronically filing it.


*s/Kirstin E. Larson*
Kirstin E. Larson