IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ROBERT BERG,** | § | |
| Plaintiff | § | |
| vs. | § | Case No. 6:19-cv-418-JDK |
| | § | |
| **M&F WESTERN PRODUCTS, INC.,** | § | |
| Defendant. | § | |

## Motion to Compel

M&F Western needs court assistance on three items. First, Plaintiff has not complied with mandatory disclosures. M&F Western tried multiple times to solve the issue without court intervention but has received painfully few documents and inconsistent and contradictory statements as to whether Plaintiff has conducted a search. Plaintiff created and sent documents to third parties **during this lawsuit** about this lawsuit and then failed to produce them. Had M&F Western not received them from third-parties, we would be left with Plaintiff's promise that all documents had been produced, which we know is false.

Second, Berg cannot enter the United States due to "Visa Issues". The federal government has denied him entry based on specific conduct. Plaintiff claims the reasons and related documents are not relevant. They are.

Third, M&F Western asks the Court to compel Mr. Berg's personal attendance. Mr. Berg has stated he intends to not personally appear for mediation or deposition and, presumably, trial. That impacts M&F Western's defense. The parties need resolution on this issue so they can appropriately plan.

Facts

**Mandatory Disclosures**. The parties elected to proceed with mandatory disclosures in this case instead of requests for production. DKT Entry 5.

**In February, Mr. Liebowitz told counsel and the Court that all relevant documents had been produced.** At the February 6, 2020 scheduling conference, the Court asked the parties to consider an early mediation. M&F Western noted that it had only received two documents totaling six pages, which are attached under Exhibit A, and that it would need Plaintiff to produce all documents in advance of any mediation and for Berg to appear personally at the mediation. The Court agreed and ordered mediation. DKT Entry 10.

When no additional documents were forthcoming and Plaintiff's counsel, Richard Liebowitz, said Berg would not personally appear because he was denied access to the United States based on visa issues (Visa Issues), M&F Western asked the court to postpone the mediation. In response, Berg and his counsel:

- Produced a few pages "under 408" that supposedly related to the Visa Issue, but omitted any document identifying the reason, including the Vietnamese Police Certificate referenced in the Visa documents, or documents stating why the US Government refused to allow Berg to enter the States. Because they were marked as a Settlement Communication, M&F Western has not attached them, **but asks the Court to overrule that designation so the documents can be freely used in the future.**

- Sent two email communications to the undersigned affirmatively stating that all relevant documents had been produced. Exhibits B and C.

- Filed a response on March 2, 2020, informing the Court that all relevant documents had been produced. DKT Entry 16. A highlighted version is attached as Exhibit D.

According to Berg and his counsel, they had completed their discovery obligations.

**Plaintiff changed his theory of "copying," but produced no more documents.** On April 13, 2020, Plaintiff amended his complaint. He had originally alleged that M&F Western "copied" his designs at a 2016 Meeting. After M&F Western produced evidence that it had been making some of these products since at least 1995, Plaintiff amended his Complaint to allege that M&F Western had received Berg's designs from a "Gary Bellinger" in 2004/2005 at a location in Mexico (that he did not disclose). But there were no more documents, so the undersigned wrote a detailed letter to Mr. Liebowitz that: i) reiterated the parties' selection of mandatory disclosures and ii) identified specific categories of documents that were obviously relevant to this litigation and that Plaintiff had not produced (**including deposit materials and registration certificates**) despite his February statement to the Court that all such documents had been produced. Exhibit E.

In response, Mr. Liebowitz pleaded for time as a "professional courtesy" so he could ask his client to search for those documents. Exhibit F. The documents identified in the letter are not unusual requests; they are obvious categories related to this case, including interactions with the copyright office, documents related to the Visa Issue, documents from other cases Berg has litigated on similar registrations, documents supporting certain contentions, and correspondence with other people about this case. They should have been produced already (they certainly should have been searched for). Still, we granted Mr. Liebowitz's request in hopes of receiving the documents and focusing exclusively on the substance.

**The actions by Plaintiff and his counsel show indifference to their**

**discovery obligations.** On May 22nd, Plaintiff produced approximately 50 pages of deposit materials (pictures of Berg's "designs"). It is inconceivable why the documents were not produced originally. But, the fact that Mr. Liebowitz previously informed the Court that "Plaintiff has produced relevant documents in his custody, possession and control, including copyright registration materials and copies of the design," *see* DKT Entry 16, when he had not produced these 50 pages and required constant follow-up from M&F Western underscores his lack of candor toward the Court. Equally perplexing is the lack of any other documents that Plaintiff produced. Nothing related to the Visa Issue. Nothing on Berg's previous lawsuits. No registration certificates. Nothing about the Facebook posts M&F Western found where Berg talks of expecting and wanting a settlement out of this case. No correspondence with others about the lawsuit. Nothing.

**Plaintiff "promises" he has produced everything *this* time.** After the May 22nd production, M&F Western informed Plaintiff that the production was lacking and that it was presenting the issue to the Court. Mr. Liebowitz demanded another meet and confer at which he complained that the Visa Issue documents were not relevant **and stated his position that Plaintiff had completed a search and produced all documents in his possession**.

We know that is false. During this Litigation, Berg sent demand letters to numerous companies claiming copyright infringement, identifying Mr. Liebowitz as his lawyer, demanding settlement, referencing this litigation to "show" he was serious, and implying that recipients could face prison time:

Greetings Corriente,

My IT team has been working on your case over the last 3 months. Your wreckless disregard for Bob Berg Copyrights Designs and the illegal use for manufacture of Copies and or derivatives have put you and or your company liable for damages under Copyrights Law.

**ATTACHED 1**: List of Bob Berg's Copyrights and the year registered and registered VA numbers.

**ATTACHED 2**: A list of your infringements based from your website.

Your company isn't the only infringer of Bob Berg Products and registered designs. We have 24 others infringers our law firm may litigate within the statute of limitations.

Currently M&F Western is a major distributor nationwide. M&F has 10 willful infringements which can be proved willful penalties allowed by law for willful infringements is a maximum of $150,000 per style

M&F liability 10 infringements may cost M&F 1.5 million in damages 10X$150,000

**ATTACHED 3**: Deposition notice of our current case with M&F. Bob Berg Vs M&F Case # 6:19cv418-JDK. M&F spared no time in gathering lawyers. However, 3 lawyers cannot overturn a Federal Court Ruling.

...

Whereas, with the precedence set in federal court in 2004 there will be no defense that will overturn a Federal court ruling.

However, our attorneys are willing to consider and agreeable settlement to expedite this matter and saving court costs and time. It would be in your best interest to negotiate an agreement with my attorney Richard Liebowitz email: RL@liebowitzlawfirm.com phone number: (800) 778-1660 suggest you seek legal council.

As early settlement on this issue will save you:

1. Attorney fees

3

2. Possible willful infringement damages

3. The possibility if the facts show in your case and can prove criminal which incurs a maximum 5 years federal prison and or $250,000 fine.

Exhibit G. He failed to produce them.

And, Berg made Facebook posts about the lawsuit, which he also failed to produce:



Exhibit H.

It is unclear how many more documents exist.

## Relief Needed

**Berg and Liebowitz are willing to say that all documents have been produced when they clearly have not**. All of this is consistent with Mr. Liebowitz's reputation as documented in the more than 10 cases in which Mr. Liebowitz has been sanctioned or otherwise reprimanded **since being admitted to the Eastern District in August of 2018**. *See, e.g., Sands v. Bauer Media Group USA,* LLC, 17-CV-9215 (LAK) 2019 WL 4464672, at *6 (S.D.N.Y. Sep. 18, 2019) ("[T]his is not the first time that Mr. Liebowitz has gotten into difficulty in this Court for what at best often is a slap dash approach to pursuing the enormous volume of cases of this nature that he has filed. A "mere oversight" that happens once or twice is one thing[.] A pattern of discovery and related abuse is quite another, and rings of deliberate indifference to an attorney's obligation to behave in a professional, responsible, and competent manner in each and every case he handles.")[1] M&F Western asks the Court to order Plaintiff to (a) complete a full search of his system, that of his company, those of his current and prior lawyers, and any other potential sources within his custody and control by a date certain; (b) report to the Court the investigation he undertook with regard to each category of documents; (c) what documents were located in each location; and (d) produce all

---

[1] To be clear, there are numerous cases involving parties complaining about Mr. Liebowitz's approach to discovery and litigation in general, and Mr. Liebowitz has been sanctioned in more than 10 cases. The reference to "more than 10 cases" only refers to cases in which Mr. Liebowitz was either sanctioned or the Court granted a Rule 11 Motion against him in the last twenty (20) months.

relevant documents identified. M&F Western also asks the Court to order, as it deems appropriate, any additional steps that would help ensure plaintiff conducts a thorough search and does not simply respond again with "all documents have been produced."

**The documents stating why the US Government is refusing access to Berg are relevant.** Berg did something somewhere that rose to such a level the federal government refuses to allow him entry into the states. That documentation is relevant to both Berg's credibility and availability. Berg has produced no actual evidence of creation or copying and apparently intends to rely on his testimony alone. For that reason, his credibility is squarely at issue. Moreover, if Berg is unable to appear live for trial in this matter, he cannot make a prima facie case.

**Berg should be ordered to personally appear.** Berg claims he is unable to attend any events in the States. His intent was to skip the first mediation, and he is now saying he cannot personally attend any mediation dates before the mediation deadline. He cannot personally attend his deposition if it occurs in the Eastern District and has refused to do so. Based on his position, Berg would not be able to attend trial.

This prejudices M&F Western's defense. Berg is relying exclusively on his oral testimony, but cannot even appear. M&F Western asks the Court to order Berg to personally appear. If he is unable to, his case should be dismissed. He has no evidence other than his own testimony. If he cannot appear before the jury, he has no evidence and no case.

WHEREFORE, M&F Western asks the Court to compel Plaintiff as requested herein and for such other and further relief to which M&F Western has shown itself entitled or the Court thinks is necessary with respect to the document issues.

Dated: June 10, 2020

Respectfully submitted,

By: /s/ John R. Hardin

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

***Attorneys for M&F Western***

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2020, I caused copies of the foregoing document to be served via email on the counsel of record in this matter.

_____
John R. Hardin

## CERTIFICATE OF CONFERENCE

There have been multiple conferences related to the compliance with Mandatory Disclosures including detailed correspondence and a meet and confer, the most recent of which occurred on June 8, 2020. The issues remain unresolved.

_____
John R. Hardin