# **EXHIBIT A**

| | |
|---|---|
| **From:** | Richard Liebowitz |
| **To:** | Hardin, John (DAL); Coren, Samuel (SEA); Jennison, Judy (SEA); Larson, Kirstin E. (SEA); Vana, James L. (SEA) |
| **Subject:** | Berg v. MF Westerns- Documents |
| **Date:** | Sunday, March 1, 2020 9:49:52 PM |
| **Attachments:** | M&F Western Products- Docs 1.pdf |
| | Berg- Copyright.pdf |

Counsel,

Please see attached.

Thank you.

Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com


*****************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*****************************************************************

# COMPANY — **M&F WESTERN PRODUCTS INC.**

Shipping Address: 1303 Holiday Dr Sulphur Springs, TX 75482
Mailing Address: P O Box 287 Sulphur Springs, TX 75483
WEBSITE: WWW.MFWESTERN.COM
Email: CustomerService@mfwestern.com
Phone number:  USA Call 1.800.256.8646     Canada Call 1.800.456.5200
USA Fax 1.800.256.4274     Canada Fax 1.800.937.6066



| M&F WESTERN PRODUCTS INC. | COPYRIGHT | VA |
|---|---|---|
| | 2000 | COPY OF DEPOSIT VA 1-091-617 |
| | | 1-4426515111 |
| | 2002 | COPY OF DEPOSIT VA 1-159-548 |
| | 2002 | COPY OF DEPOSIT VA 1-159-548 |

Case 5:20-cv-00128-JPB Document 36-1 Filed 06/10/20 Page 4 of 49 PageID #: 223

COPYRIGHT VA

| | | |
|---|---|---|
|  |  2002 | COPY OF DEPOSIT<br>VA 1-159-548 |
|  |  2003 | COPY OF DEPOSIT<br>VA 1-229-288 |
|  |  2002 | COPY OF DEPOSIT<br>VA 1-159-548 |
|  |  2000 | COPY OF DEPOSIT<br>VA 1-091-617 |













## Our Brands

**We carry the top western brands in Belts, Wallets, Buckles, Handbags, and much, much more!**

The brands that bring business into your retail establishment, no matter how large or small. Because we are the leading distributer of western accessories, we have the largest inventory and the latest styles your customers will love.

- Nocona Belts and Wallets
- Crumrine Buckles
- Blazin Roxx Western Jewelry
- Twister Hats and Caps
- DBL Barrel Belts and Footwear
- Blazin Roxx Fashion Belts and Handbags
- Western Moments Resins and Dinnerware
- Blazin Roxx Footwear
- HD Xtreme and Top Hand Belts
- Boys and Girls Rain Boots
- Wide Range of Leathercare
- Hat and Boot Supplies
- Western Moments Home Decor
- Ariat Accessories: Belts, Wallets, Caps, Hats

**Don't forget to LIKE US on Facebook and look for your favorite brands on Instagram!**



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Builder = (Robert Berg)[ in Keyword Anywhere |
Search Results: Displaying 39 of 354 entries



Labeled View

### *[Bob Berg buckles]*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001159548 / 2002-07-26 |
| **Application Title:** | Bob Berg jewelry. |
| **Title:** | [Bob Berg buckles] |
| **Description:** | Designs for jewelry. |
| **Notes:** | Title from appl. |
| **Copyright Claimant:** | Robert Peter Berg, 1952- |
| **Date of Creation:** | 2002 |
| **Date of Publication:** | 2002-06-01 |
| **Previous Registration:** | Appl. identifies some material as preexisting. |
| **Basis of Claim:** | New Matter: additions & revisions. |
| **Names:** | Berg, Robert Peter, 1952- |



| Save, Print and Email (**Help Page**) | | |
|---|---|---|
| Select Download Format | Full Record | Format for Print/Save |
| Enter your email address: | | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page



| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Builder = (Robert Berg)[ in Keyword Anywhere |
Search Results: Displaying 44 of 354 entries



| Labeled View |

### *Bob Berg jewelry.*

**Type of Work:** Visual Material
**Registration Number / Date:** VA0001091617 / 2000-06-12
**Application Title:** Bob Berg buckles.
**Title:** Bob Berg jewelry.
**Notes:** Collection.
**Copyright Claimant:** Robert Peter Berg, 1952-
**Date of Creation:** 2000
**Date of Publication:** 2000-01-31
**Basis of Claim:** New Matter: additions to preexisting items.
**Copyright Note:** C.O. correspondence.

**Names:** Berg, Robert Peter, 1952-



| Save, Print and Email (Help Page) | |
|---|---|
| Select Download Format Full Record ○ | Format for Print/Save |
| Enter your email address: | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page





# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Builder = (Robert Berg)| in Keyword Anywhere |
Search Results: Displaying 38 of 354 entries



Labeled View

*Bob Berg buckles.*

**Type of Work:** Visual Material
**Registration Number / Date:** VA0001229288 / 2003-08-29
**Application Title:** Bob Berg jewelry.
**Title:** Bob Berg buckles.
**Copyright Claimant:** Robert Peter Berg, 1952-
**Date of Creation:** 2003
**Date of Publication:** 2003-06-01

**Names:** Berg, Robert Peter, 1952-

previous    next

| Save, Print and Email (Help Page) | | |
|---|---|---|
| Select Download Format   Full Record | | Format for Print/Save |
| Enter your email address: | | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page

# EXHIBIT B

| | |
|---|---|
| From: | Richard Liebowitz |
| To: | Hardin, John (DAL) |
| Cc: | Larson, Kirstin E. (SEA) |
| Subject: | Re: Phone Call |
| Date: | Monday, March 2, 2020 1:37:24 PM |

Hi John,

We would like to see your client's revenue and profits which you failed to produce as part of your
initial disclosures. This is important in an evaluation of damages to put a settlement number on
the table. We were waiting for these documents, will you produce these documents today?

What documents do you want from my client? We produced what we said we had in our
initial disclosures. Most of the evidence in this case is going to be testimony from your client
regarding the infringement.

I wanted to discuss with you on the phone on what happened between the late 1990's to present
so that you can present this to your client. If you don't want to discuss on the phone then I will let
the Court know this.

Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the designated recipient(s). It may contain confidential or
proprietary information and may be subject to the attorney-client privilege or other
confidentiality protections. If you are not a designated recipient, you may not review, copy or
distribute this message. If you receive this in error, please notify the sender by reply e-mail and
delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


On Mon, Mar 2, 2020 at 2:23 PM Hardin, John (Perkins Coie) <JohnHardin@perkinscoie.com>
wrote:

> Richard – You heard and knew that we wanted Berg to participate in person and
> that was a requirement for us to agree to the early mediation. You stayed silent on
> that call with respect to Berg's ability to appear and, instead, subsequently, called
> the mediator's clerk, told whatever portion you told and are now using her
> statement as justification. It's bait and switch, plain and simple. It also tells me
> that we need to have communications in writing in this case.

As for your new theory – I'm not interested in hearing evergreen oral theories. Put it in a filing that is subject to court review.

As for your document production – your production is a sham. You have an obligation under the EDTX local rules to produce all relevant documents. You've now missed two deadlines, and we intend to seek relief from the Court.

**John Hardin** | **Perkins Coie LLP**

PARTNER

500 N. Akard Street Suite 3300

Dallas, TX 75201

D. +1.214.965.7743

F. +1.214.965.7793

E. JohnHardin@perkinscoie.com

**From:** Richard Liebowitz <RL@liebowitzlawfirm.com>
**Sent:** Monday, March 2, 2020 12:49 PM
**To:** Hardin, John (DAL) <JohnHardin@perkinscoie.com>
**Cc:** Larson, Kirstin E. (SEA) <KLarson@perkinscoie.com>
**Subject:** Re: Phone Call

Hi John,

Simply I was not aware of the visa issue. However, the Court allows one with authority to settle the case to attend, so I am not sure why there should be any issue. My client is also prepare to participate via telephone. I also wanted to discuss with you facts that I learned that might change your position on settling the case. This is the reason I wanted to set up a phone call for today. Please let me know if 3pm EST works for a phone call today? Thank you.

Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

RL@LiebowitzLawFirm.com

www.LiebowitzLawFirm.com

*******************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*******************************************************************

On Mon, Mar 2, 2020 at 1:44 PM Hardin, John (Perkins Coie) <JohnHardin@perkinscoie.com> wrote:

Hi Richard,

Please tell me the reason you failed to disclose at the February 7th Hearing that Berg could not and would not attend the mediation when I specifically referenced the need for Bergs personal presence for M&F Western to agree to an early mediation?

There are many reasons why we believe Berg must be present. Without limiting those reasons, Bergs claims are baseless. We have provided evidence that MF Western produced and sold the allegedly infringing products before the claimed December 2016 meeting. In our view, Berg must be present to understand his claims are baseless and, regardless of whether you agree, Bergs presence was required for us to agree to this mediation.

We will be filing our motion imminently and calling Judge Kernodle's chambers asking for a telephonic hearing. We will let you know what times they provide.

On Mar 2, 2020, at 12:13 PM, Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:

Hi John,

Please tell me the reason why you do not want to hold the mediation if there is someone there who is authorized to settle matter the matter on behalf of the Plaintiff?

Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

RL@LiebowitzLawFirm.com

www.LiebowitzLawFirm.com

*****************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*****************************************************************

On Mon, Mar 2, 2020 at 1:06 PM Hardin, John (Perkins Coie) <JohnHardin@perkinscoie.com> wrote:

> 12:30 CT is not a good time for me. Can you tell me the purpose of the call? Is there a reason we cannot work off email (which will be much faster)?
>
> Also, M&F Western is filing an Emergency Motion with Judge Kernodle to postpone the mediation and require Berg's personal attendance. I specifically referenced the need for him to be present

at the February 7th hearing as a necessary condition for M&F Western reconsidering its opposition to an early mediation. Given your statements in the prior emails about Berg's attendance, I assume you are opposed but please confirm. In the interim, given that this is an emergency motion, I am going to file the motion and will note in the certificate of service that we have asked for you to confirm that you are opposed but went ahead and filed this motion given the relief being sought.

John

**John Hardin** | **Perkins Coie LLP**

PARTNER

500 N. Akard Street Suite 3300

Dallas, TX 75201

D. +1.214.965.7743

F. +1.214.965.7793

E. JohnHardin@perkinscoie.com

**From:** Richard Liebowitz <RL@liebowitzlawfirm.com>
**Sent:** Monday, March 2, 2020 11:02 AM
**To:** Hardin, John (DAL) <JohnHardin@perkinscoie.com>
**Subject:** Re: Phone Call

Hi John,

Does 1:30pm today work for a phone call?

On Sun, Mar 1, 2020 at 10:50 PM Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:

Hi John,

Are you available for a phone call on Monday at 1:30pm EST? Thank you.

Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

RL@LiebowitzLawFirm.com

www.LiebowitzLawFirm.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the designated recipient(s). It may
contain confidential or proprietary information and may be subject to the
attorney-client privilege or other confidentiality protections. If you are not a
designated recipient, you may not review, copy or distribute this message.
If you receive this in error, please notify the sender by reply e-mail and
delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

--
Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

RL@LiebowitzLawFirm.com

www.LiebowitzLawFirm.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the designated recipient(s). It may contain
confidential or proprietary information and may be subject to the attorney-

client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT C

| | |
|---|---|
| **From:** | Richard Liebowitz |
| **To:** | Hardin, John (DAL) |
| **Cc:** | Larson, Kirstin E. (SEA) |
| **Subject:** | Re: Phone Call |
| **Date:** | Monday, March 2, 2020 3:59:56 PM |

Hi John,

==We produced all the documents relevant to the case.== As I stated, this is a case primarily based on testimony. The reason why I want a phone call is so that I can discuss with you the facts before the mediation so it can be productive mediation.

Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


On Mon, Mar 2, 2020 at 4:44 PM Hardin, John (Perkins Coie) <JohnHardin@perkinscoie.com> wrote:

> Richard,
>
>
> We've produced that information.
>
> With respect to Berg's production, it is your responsibility to gather <u>all relevant documents</u>. You may want to focus on certain things, but the responsibility is to gather all relevant documents.
>
> By all means, tell the Court, but yes if you have "new" facts and are changing your theory, it needs to be filed with the Court.
>
>
> John

**John Hardin** | **Perkins Coie LLP**

PARTNER

500 N. Akard Street Suite 3300

Dallas, TX 75201

D. +1.214.965.7743

F. +1.214.965.7793

E. JohnHardin@perkinscoie.com


**From:** Richard Liebowitz <RL@liebowitzlawfirm.com>
**Sent:** Monday, March 2, 2020 1:37 PM
**To:** Hardin, John (DAL) <JohnHardin@perkinscoie.com>
**Cc:** Larson, Kirstin E. (SEA) <KLarson@perkinscoie.com>
**Subject:** Re: Phone Call

Hi John,


We would like to see your client's revenue and profits which you failed to produce as part of your initial disclosures. This is important in an evaluation of damages to put a settlement number on the table. We were waiting for these documents, will you produce these documents today?


What documents do you want from my client? We produced what we said we had in our initial disclosures. Most of the evidence in this case is going to be testimony from your client regarding the infringement.


I wanted to discuss with you on the phone on what happened between the late 1990's to present so that you can present this to your client. If you don't want to discuss on the phone then I will let the Court know this.


Best,


Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

RL@LiebowitzLawFirm.com

www.LiebowitzLawFirm.com

*******************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*******************************************************************

On Mon, Mar 2, 2020 at 2:23 PM Hardin, John (Perkins Coie) <JohnHardin@perkinscoie.com> wrote:

> Richard – You heard and knew that we wanted Berg to participate in person and that was a requirement for us to agree to the early mediation. You stayed silent on that call with respect to Berg's ability to appear and, instead, subsequently, called the mediator's clerk, told whatever portion you told and are now using her statement as justification. It's bait and switch, plain and simple. It also tells me that we need to have communications in writing in this case.
>
> As for your new theory – I'm not interested in hearing evergreen oral theories. Put it in a filing that is subject to court review.
>
> As for your document production – your production is a sham. You have an obligation under the EDTX local rules to produce all relevant documents. You've now missed two deadlines, and we intend to seek relief from the Court.
>
>
> **John Hardin** | **Perkins Coie LLP**
>
> PARTNER
>
> 500 N. Akard Street Suite 3300
>
> Dallas, TX 75201
>
> D. +1.214.965.7743
>
> F. +1.214.965.7793
>
> E. JohnHardin@perkinscoie.com

**From:** Richard Liebowitz <RL@liebowitzlawfirm.com>
**Sent:** Monday, March 2, 2020 12:49 PM
**To:** Hardin, John (DAL) <JohnHardin@perkinscoie.com>
**Cc:** Larson, Kirstin E. (SEA) <KLarson@perkinscoie.com>
**Subject:** Re: Phone Call

Hi John,

Simply I was not aware of the visa issue. However, the Court allows one with authority to settle the case to attend, so I am not sure why there should be any issue. My client is also prepare to participate via telephone. I also wanted to discuss with you facts that I learned that might change your position on settling the case. This is the reason I wanted to set up a phone call for today. Please let me know if 3pm EST works for a phone call today? Thank you.

Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

RL@LiebowitzLawFirm.com

www.LiebowitzLawFirm.com

********************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

********************************************************************

On Mon, Mar 2, 2020 at 1:44 PM Hardin, John (Perkins Coie) <JohnHardin@perkinscoie.com> wrote:

Hi Richard,

Please tell me the reason you failed to disclose at the February 7th Hearing that Berg could not and would not attend the mediation when I specifically referenced the need for Bergs personal presence for M&F Western to agree to an early mediation?

There are many reasons why we believe Berg must be present. Without limiting those reasons, Bergs claims are baseless. We have provided evidence that MF Western produced and sold the allegedly infringing products before the claimed December 2016 meeting. In our view, Berg must be present to understand his claims are baseless and, regardless of whether you agree, Bergs presence was required for us to agree to this mediation.

We will be filing our motion imminently and calling Judge Kernodle's chambers asking for a telephonic hearing. We will let you know what times they provide.

> On Mar 2, 2020, at 12:13 PM, Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:
>
> Hi John,
>
> Please tell me the reason why you do not want to hold the mediation if there is someone there who is authorized to settle matter the matter on behalf of the Plaintiff?
>
> Best,
>
> Richard Liebowitz, Esq.
>
> Liebowitz Law Firm, PLLC
>
> t.516-233-1660
>
> RL@LiebowitzLawFirm.com
>
> www.LiebowitzLawFirm.com
>
> ********************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*********************************************************************

On Mon, Mar 2, 2020 at 1:06 PM Hardin, John (Perkins Coie) <JohnHardin@perkinscoie.com> wrote:

> 12:30 CT is not a good time for me. Can you tell me the purpose of the call? Is there a reason we cannot work off email (which will be much faster)?
>
> Also, M&F Western is filing an Emergency Motion with Judge Kernodle to postpone the mediation and require Berg's personal attendance. I specifically referenced the need for him to be present at the February 7th hearing as a necessary condition for M&F Western reconsidering its opposition to an early mediation. Given your statements in the prior emails about Berg's attendance, I assume you are opposed but please confirm. In the interim, given that this is an emergency motion, I am going to file the motion and will note in the certificate of service that we have asked for you to confirm that you are opposed but went ahead and filed this motion given the relief being sought.
>
> John
>
>
> **John Hardin** | **Perkins Coie LLP**
>
> PARTNER
>
> 500 N. Akard Street Suite 3300
>
> Dallas, TX 75201
>
> D. +1.214.965.7743
>
> F. +1.214.965.7793
>
> E. JohnHardin@perkinscoie.com

**From:** Richard Liebowitz <RL@liebowitzlawfirm.com>
**Sent:** Monday, March 2, 2020 11:02 AM
**To:** Hardin, John (DAL) <JohnHardin@perkinscoie.com>
**Subject:** Re: Phone Call

Hi John,

Does 1:30pm today work for a phone call?

On Sun, Mar 1, 2020 at 10:50 PM Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:

> Hi John,
>
> Are you available for a phone call on Monday at 1:30pm EST? Thank you.
>
> Best,
>
> Richard Liebowitz, Esq.
>
> Liebowitz Law Firm, PLLC
>
> t.516-233-1660
>
> RL@LiebowitzLawFirm.com
>
> www.LiebowitzLawFirm.com
>
> ****************************************************************
>
> This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
>
> ****************************************************************

--

Best,


Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

RL@LiebowitzLawFirm.com

www.LiebowitzLawFirm.com


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT D

Case 6:19-cv-00418-JDK   Document 16-1   Filed 03/02/20   Page 1 of 2 PageID #:
246
Case 6:19-cv-00418-JDK   Document 16-1   Filed 03/02/20   Page 27 of 49 PageID #: 184



Liebowitz Law Firm, PLLC
ATTORNEYS FOR THE PHOTOGRAPHIC ARTS

11 SUNRISE PLAZA, STE. 305
VALLEY STREAM, NY 11580
(516) 233-1660
WWW.LIEBOWITZLAWFIRM.COM

March 2, 2020

Honorable Jeremy D. Kernodle
United States District Court
Eastern District of Texas
211 W. Ferguson St. #106
Tyler, Texas 75702

Re:     *Berg v. M&F Western Products, Inc.* **(6:19-cv-418-JDK)**

Dear Judge Kernodle:

        We represent Plaintiff Robert Berg ("Plaintiff") in the above in-captioned case and write
in opposition to Defendant M&F Western Products, Inc. ("Defendant")'s emergency motion to
delay the mediation currently set for March 4, 2020 at 9:00 a.m. [Dkt. #11]

        By way of background, Defendant infringed Plaintiff's original designs and exploited
them without Plaintiff's authorization.  Although there are some deficiencies in the initial
pleading, Plaintiff intends to amend his complaint in due course.

        First, Defendant argues that the mediation should not take place unless Mr. Berg appears
personally.  However, the Order Scheduling Mediation Conference, dated February 20, 2020
[Dkt. #11 ("Mediation Order")] does not expressly require that Mr. Berg be personally present at
the mediation session of March 4.  Section 2 of the Mediation Order states that "Parties with
ultimate settlement authority must be personally present." (underline added).  In this case,
Monique Compton, Berg's National Sales Director, has full authority to settle the case on behalf
of Mr. Berg and will appear at the scheduled mediation. Mr. Berg is currently in Vietnam and
will not able to appear at the session scheduled for March 4 due to a visa issue.  Plaintiff's
counsel Richard Liebowitz will also be present.

        Second, Defendant argues that Plaintiff has failed to produce documents. This statement
is false.  Plaintiff has produced relevant documents in his custody, possession and control,
including copyright registration materials and copies of the designs.  The remaining facts will be
attested to via live testimony.

        Third, Plaintiff recognizes that he will need to amend his complaint regarding the timing
of when Defendant began marketing and selling the infringing products.  But the fact remains
that Defendant infringed on Plaintiff's designs.  The evidence at trial will show that Plaintiff
created his original works before Defendant copied them and marketed them. Nothwithstanding
Defendant's *ad hominen* attacks against Plaintiff's counsel, this case is unquestionably
meritorious.

## Liebowitz Law Firm, PLLC

     <u>Fourth</u>, Plaintiff has in fact tendered a settlement demand to Defendant.

     In short, there is no fundamental reason why the mediation for March 4, 2020 should be delayed. Plaintiff's lead counsel and Monique Compton, who has full settlement authority, will be personally present and are ready to participate in good faith. This is clearly a scheme by Defendant and its counsel to run up litigation costs instead of engaging in good faith mediation efforts to resolve this matter amicably.

     Accordingly, Plaintiff respectfully requests that Defendant's emergency motion should be DENIED.

                 Respectfully submitted,

                 /s/Richard Liebowitz
                 Richard P. Liebowitz

                 *Counsel for Plaintiff*

# **EXHIBIT E**



500 North Akard Street
Suite 3300
Dallas, TX 75201-3347

+1.214.965.7700
+1.214.965.7799
PerkinsCoie.com

May 13, 2020

John R. Hardin
JohnHardin@perkinscoie.com
D.  +1.214.965.7743
F.  +1.214.965.7793

**VIA EMAIL: RL@LiebowitzLawFirm.com**

Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
United States

Re:     ***Berg v M & F Western Products, Inc.,*** **Cause No 6:19-cv-418
(Litigation)**

Richard,

I write to follow-up with you on Plaintiff's document production in this case.

To date, Plaintiff has only produced two documents in this case (a total of six pages),
despite the parties' agreement to proceed with Mandatory Disclosures and the
definition of "relevant to the claim or defense" in Local Rule 26. There are several
categories of obviously relevant documents that have not been produced, including,
for example, documents reflecting any interaction with the Copyright Office,
including, at a minimum, clear pictures of the copyright registrations with a high-
end resolution, the copyright deposit materials, the applications, and the registration
certificates.

Despite it being your client's obligation to produce all relevant documents under
Eastern District Local rules, you have previously asked me to identify documents for
you that M&F Western seeks. That is not our obligation; it is yours. Without releasing
you from your obligation to gather and produce all responsive documents (and
reserving all rights), I have included under "Attachment A" a list of easily identified
topics that should have already been gathered and produced. Please provide these
documents within ten (10) calendar days along with a reason why they were not
previously produced. If you claim that they cannot be produced in the following ten
(10) calendar days, please let me know why they have not been produced already and
why you cannot produce them now.

Richard, this is at least the third time that this issue has been raised in writing with
no corrective action taken by you to address these issues and, critically, to comply

Richard Liebowitz
May 13, 2020
Page 2

with applicable local rules on the production of documents and specific orders in this case. Further, based on the cases that I've read, the failure to produce documents appears to be a pattern that is not voluntarily remedied until relief is sought and ordered. As such, if I do not hear from you by noon on Monday, May 18, 2020, we will proceed with presenting these issues for resolution without any further reminders.

Regards,

John R. Hardin

Richard Liebowitz
May 13, 2020
Page 3

## Attachment A

1.      All documents pertaining to your allegations that you created championship buckles for prominent rodeo committees across the United States and supplied buckles to the champions of the Australian Pro-Rodeo Association between the years 2000 and 2005.

2.      All documents related to copyright registration number VA 1-091-617.

3.      The deposit materials related to copyright registration number VA 1-091-617.

4.      All communications to / from the U.S. Copyright Office with respect to copyright registration number VA 1-091-617.

5.      All documents related to communications identified in the immediately preceding request.

6.      All documents that in any way challenged copyright registration number VA 1-091-617.

7.      All documents from the years 2000 to 2010 in which you claim someone violated copyright registration number VA 1-091-617.

8.      All documents from 2010 forward in which you claim someone violated copyright registration number VA 1-091-617.

9.      A clear (i.e., not blurry), high resolution photographic image of the cross, which, according to you, is protected by copyright registration number VA 1-091-617 identified in Exhibit A to the Amended Complaint and asserted against M&F Western in this case.

10.     All documents related to copyright registration number VA 1-159-548.

11.     The deposit materials related to copyright registration number VA 1-159-548.

12.     All communications with the U.S. Copyright Office with respect to copyright registration number VA 1-159-548.

13.     All documents related to communications identified in the immediately preceding request.

Richard Liebowitz
May 13, 2020
Page 4

14.    All documents that in any way challenged copyright registration number VA 1-159-548.

15.    All documents from the years 2000 to 2010 in which you claim someone violated copyright registration number VA 1-159-548.

16.    All documents from 2010 forward in which you claim someone violated copyright registration number VA 1-159-548.

17.    All documents related to copyright registration number VA 1-229-288.

18.    The deposit materials related to copyright registration number VA 1-229-288.

19.    All communications with the U.S. Copyright Office with respect to copyright registration number VA 1-229-288.

20.    All documents related to communications identified in the immediately preceding request.

21.    All documents that in any way challenged copyright registration number VA 1-229-288.

22.    All documents from the years 2000 to 2010 in which you claim someone violated copyright registration number VA 1-229-288.

23.    All documents from 2010 forward in which you claim someone violated copyright registration number VA 1-229-288.

24.    A clear (i.e., not blurry), high resolution photographic image of the cross that, according to you, is protected by copyright registration number VA 1-229-288 identified in Exhibit A to the Amended Complaint and asserted against M&F Western in this case.

25.    All documents related to your allegations in Paragraphs 17-18 of your Amended Complaint that in late 2004/early 2005 Gary Ballinger gained access to your copyrighted molds for your designs, including the designs at issue in this case, and distributed them to M&F Western.

26.    All documents related to your investigation of M&F Western Products and whether they allegedly infringed on your copyrights.

Richard Liebowitz
May 13, 2020
Page 5

27.     All documents that support your allegation that M&F Western has engaged in willful infringement.

28.     All documents from the Symons Case, including all filed documents, correspondence, deposition transcripts, and any other transcripts for any other hearings or trials.

29.     All documents from any other lawsuit, including your divorce proceedings relating to your divorce from Joanne Symons and any other divorce proceedings, relating to the copyrights asserted in this case.

30.      All documents from any other lawsuit in which you claimed that a corporate entity or individual infringed a copyright owned by you related to crosses, belt buckles, or other Western jewelry.

31.     All documents related to your alleged Visa Issues including any attempted visa applications and correspondence with the relevant governmental authority denying you access to the United States.

32.     All documents relating to any and all criminal charges against you.

33.     All documents relating to any and all criminal convictions.

34.     All documents related to any domestic abuse or domestic violence incidents in which you have been involved.

35.     The "Vietnamese Police Certificate" as referenced by the Consulate General of U.S., Ho Chi Minh City in Berg's non-immigrant visa application.

36.     All documents related to your allegation that Mr. Ballinger distributed Berg's copyrighted molds for his designs to M&F Western.

37.     Correspondence and other documents from Berg to others in the Western Jewelry industry over the last twelve months in which Berg has claimed someone violated any of his copyrights.

38.     All documents to others about this case or M&F Western's products that you allege infringe the Copyrights.

Richard Liebowitz
May 13, 2020
Page 6

39.     All documents referencing this lawsuit, including, but not limited to those you recently sent that included the M&F Western's Deposition Notice of Mr. Berg and your allegations that M&F "has 10 willful infringements" and "the tapered sized bead elements [are] totally protected.".

40.     All documents alleging that you committed a crime.

41.     All documents charging you with a crime in any country.

42.     Any document denying you access to any country or expelling you from that country.

43.     Any document from a government or governmental agency threatening or referencing (implied or expressly) the possibility of you being denied access to a country or being expelled.

44.     Any documents evidencing a conviction of you for any crime.

45.     All pleadings in any copyright case to which you are or have been a party.

# EXHIBIT F

| | |
|---|---|
| **From:** | Richard Liebowitz |
| **To:** | Hardin, John (DAL) |
| **Subject:** | Re: Berg v. Liebowitz |
| **Date:** | Thursday, May 14, 2020 5:23:12 PM |

Hi John,

I am simply asking for a courtesy so my client has time to search for any documents, if any, he has from your list you just sent. Please give us until May 22nd. Thank you.

On Thu, May 14, 2020 at 6:06 PM Hardin, John (Perkins Coie) <JohnHardin@perkinscoie.com> wrote:

Richard –

This is the third time this issue has been raised. I'm simply not going to let you delay it further. This is simple: You agreed to mandatory disclosures and then didn't comply. You've been reminded. You still haven't complied. You've now Amended the Complaint, but haven't complied. You don't need 10 days to acknowledge that and confirm you're going to comply with the rules, but that means you are going to have to actually produce **all** relevant documents (including documents relating to the new allegations in the Amended Complaint) and do so promptly. We note that you've taken the time to draft and serve discovery on M&F Western yesterday. We see no justification for your position that your client is entitled to discovery and ours is not.

John

**John Hardin** | **Perkins Coie LLP**

PARTNER

500 N. Akard Street Suite 3300

Dallas, TX 75201

D. +1.214.965.7743

F. +1.214.965.7793

E. JohnHardin@perkinscoie.com

**From:** Richard Liebowitz <rl@liebowitzlawfirm.com>
**Sent:** Wednesday, May 13, 2020 9:52 PM
**To:** Hardin, John (DAL) <JohnHardin@perkinscoie.com>
**Subject:** Re: Berg v. Liebowitz

Hi John,

Thank you. Let me review and speak with my client. Can we please have until May 22nd?

Best,

Richard Liebowitz

Liebowitz Law Firm, PLLC

516-233-1660

www.LiebowitzLawFirm.com

On Wed, May 13, 2020 at 10:47 PM Hardin, John (Perkins Coie)
<JohnHardin@perkinscoie.com> wrote:

> Richard –
>
> Please see the attached letter re: document production (or lack thereof) in this
> case. I need to hear from you by noon on Monday (preferably sooner) about
> this issue.
>
> John
>
> **John Hardin | Perkins Coie LLP**
>
> PARTNER
>
> 500 N. Akard Street Suite 3300
>
> Dallas, TX 75201
>
> D. +1.214.965.7743
>
> F. +1.214.965.7793

E. JohnHardin@perkinscoie.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

--

Best,

Richard Liebowitz
Liebowitz Law Firm, PLLC
516-233-1660
www.LiebowitzLawFirm.com

# **EXHIBIT G**

BOB BERG DESIGNS

9595 River Road

College Station, TX 77845

Monique Compton (Sales Director)

Phone Number: 979.412.3520

Email: bobbergtitanium@gmail.com

CORRIENTE BUCKLE CO.

165 Hallas Road Anthony, New Mexico 88021

Email: corrientebuckle@aol.com

Phone number: +1 915-497-5747

Website: www.corrientebuckle.com

Greetings Corriente,

My IT team has been working on your case over the last 3 months. Your wreckless disregard for Bob Berg Copyrights Designs and the illegal use for manufacture of Copies and or derivatives have put you and or your company liable for damages under Copyrights Law.

**ATTACHED 1**: List of Bob Berg's Copyrights and the year registered and registered VA numbers.

**ATTACHED 2**: A list of your infringements based from your website.

Your company isn't the only infringer of Bob Berg Products and registered designs. We have 24 others infringers our law firm may litigate within the statute of limitations.

Currently M&F Western is a major distributor nationwide. M&F has 10 willful infringements which can be proved willful penalties allowed by law for willful infringements is a maximum of $150,000 per style

M&F liability 10 infringements may cost M&F 1.5 million in damages 10X$150,000

**ATTACHED 3**: Deposition notice of our current case with M&F. Bob Berg Vs M&F Case # 6:19cv418-JDK. M&F spared no time in gathering lawyers. However, 3 lawyers cannot overturn a Federal Court Ruling.

2

M&F000807

**THIS LETTER IS A FORMAL REQUEST AND DEMAND TO CEASE AND DESIST, TO TAKE DOWN ANY AND OR ALL COPIES AND OR DERIVATIVES AS IN ATTACHMENT 2 LISTS FROM YOUR WEBSITE WITHIN 15 DAYS FROM TODAY NOTICE.**

Taking down your infringements and complying with this letter of demand will not save you from responsibility and litigation. However, by complying within 15 days will show respect for the law and be in your favor when the courts are deciding from evidence presented will show either regular infringement or willful infringement. Damages on regular infringement range from $750 to $30,000 per infringed works.

Willful infringement can be up to a maximum of $150,000 per infringed works.

So any delay in deleting the infringement of your website will not be in your favor.

Your possible liability of infringements in pursuit of financial gain as follow:

If proven willful by the court (Your facebook messages to my worker to supply in secret will be major consideration)

68 X $150,000 = $10.200,000 maximum possible penalties

Also the plaintiff may recover reasonable attorneys fees.

(This could range from $50,000 to $150,000)

The courts ruling on this case was done in Berg Vs Symons 2004 Federal Case. Case #4:03-cv-02683 The courts ruled in Berg's favor.

The tapered sized bead elements totally protected. Judgment already made and rulings set from that case also pertains to 95% of all infringement by the other 24 defendants including your case. This means we already have the ruling in this matter with Berg Vs Symons case with the federal judge's (Rosenthol) ruling.

Whereas, with the precedence set in federal court in 2004 there will be no defense that will overturn a Federal court ruling.

However, our attorneys are willing to consider and agreeable settlement to expedite this matter and saving court costs and time. It would be in your best interest to negotiate an agreement with my attorney Richard Liebowitz email: RL@liebowitzlawfirm.com  phone number: (800) 778-1660 suggest you seek legal council.

As early settlement on this issue will save you:

1. Attorney fees

3

2. Possible willful infringement damages

3. The possibility if the facts show in your case and can prove criminal which incurs a maximum 5 years federal prison and or $250,000 fine.

Regard.

BOB BERG

--
Kind Regards,
Customer Service Department, Bob Berg Designs

4

M&F000809

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ROBERT BERG,                          §
                                      §
            Plaintiff                 §
                                      §
vs.                                   §        Case No. 6:19-cv-418-JDK
                                      §
M&F WESTERN PRODUCTS, INC.,           §
                                      §
            Defendant.                §
                                      §

## DEFENDANT'S NOTICE OF DEPOSITION OF PLAINTIFF, ROBERT BERG

TO:    Plaintiff, ROBERT BERG, by and through his attorney of record, Richard
       Liebowitz, Liebowitz Law Firm, PLLC, 11 Sunrise Plaza, Suite 305, Valley
       Stream, New York 11580.

       YOU ARE HEREBY NOTIFIED that, pursuant to Fed. R. Civ. P. 30, Defendant

M&F Western Products, Inc. ("M&F Western"), by and through its undersigned

attorneys, will take the deposition of Plaintiff, ROBERT BERG ("Plaintiff" and "Berg").

Such deposition will commence at 9:00 a.m. (CST) on April ___, 2020, at the offices of

Perkins Coie, LLP (500 N. Akard Street, Suite 3300, Dallas, Texas 75201), or at the

federal courthouse in Tyler, and will continue from day-to-day until completed. Such

deposition will be taken for the purposes of discovery, for use as evidence at trial, and

for any other permissible purpose under the Federal Rules of Civil Procedure. The

deposition will be taken before a certified court reporter or other person qualified to

administer oaths and will be recorded by stenographic means and may be videotaped,

and real-time transcription services may be utilized.

M&F000810

Dated: March 4, 2020

Respectfully submitted,

By: _____

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

*Attorneys for Defendant M & F Western
Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March __, 2020, I caused copies of the foregoing document to be served via CM/ECF to the counsel of record in this matter.

_____

John R. Hardin

M&F000811

# **EXHIBIT H**

 **Chris Hocking** Heard from a little bird this might be happening

Like · Reply · 11h  1

 **Bob Berg** This is not only for my company but for all future artists in america

Like · Reply · 10h  5

 **Wayne Strickland** Hi Bob.Hope you get the support you need and beat this!

Like · Reply · 10h 2

 **Bob Berg** Wayne Strickland ive got it beat just waiting trial more than likly settle out of court.got 27 others lined up for litigation.with registered copyrite 95%win in federal court



Like · Reply · 10h 2

M&F000940



**Bob Berg** is at Elvis on the Hill.

11 hrs · Da Lat, Vietnam · 🌐

SHTF....COMING SOON.

23

11 Comments

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

ROBERT BERG,

    Plaintiff,

    — against —

M & F WESTERN PRODUCTS, INC.,

    Defendant.

Docket No. 6:19-cv-0418

JURY TRIAL DEMANDED

## AMENDED COMPLAINT

Plaintiff Robert Berg ("Berg" or "Plaintiff") by and through his undersigned counsel, and for his Amended Complaint against Defendant M & F Western Products, Inc. ("M & F" or "Defendant") hereby alleges as follows:

M&F000941

4:42 

Done                     7 of 7

 **Bob Berg**
6 hrs · 🌐

For those thinking of copying copyrite designs read and consider the end result.dont be a theif respect others works



M&F000942