IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BERG, | § | |
|     Plaintiff, | § | |
| vs. | § | Case No. 6:19-cv-418-JDK |
| | § | |
| M&F WESTERN PRODUCTS, INC., | § | |
|     Defendant. | § | |

## M&F WESTERN'S MOTION FOR PARTIAL SUMMARY JUDGMENT

M&F Western Products, Inc. files this Motion for Partial Summary Judgment to dismiss Plaintiff Robert Berg's cause of action for copyright infringement of a tapered bead design on the edge of a belt buckle (the "Buckle Claim") in Copyright Registration No. VA 1-159-548 (the "Buckle Registration").

### I.   EXECUTIVE SUMMARY

Berg's Buckle Claim fails as a matter of law because M&F Western's tapered bead design predates Berg's by seven years. Since the accused design predates the creation and publication of Berg's Buckle Registration, M&F Western is entitled to summary judgment on the Buckle Claim.[1]

### II.   STATEMENT OF THE ISSUES TO BE DECIDED

M&F Western is entitled to summary judgment on Plaintiff's claim that M&F Western's products infringe the tapered bead design as reflected in the Buckle Registration. M&F Western

---

[1] For the purposes of this Motion, M&F Western's argument is limited to the defense that M&F Western cannot be found to infringe because M&F Western's tapered bead design predates Berg's design and hence, was not copied, which should dispose of Berg's Buckle Claim. However, if Berg's Buckle Claim survives, M&F Western reserves the right to present arguments separately related to the lack of copyrightability of Berg's buckle design. Indeed, tapered bead designs, including along the compass points of a belt buckle, were used in western jewelry designs well before 1995. They were used ubiquitously long before Mr. Berg's claimed creation date in the asserted Copyright Registration. Similarly, M&F Western reserves the right, if necessary, to present evidence that M&F Western itself used tapered beads before the 1995 catalog offered here.

**M&F WESTERN'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
PAGE 1

did not "copy" Plaintiff's design; M&F Western had been producing its buckles for at least seven years before Plaintiff "created" and published his design.[2]

### III.   EVIDENCE

This Motion for Partial Summary Judgment is supported by the following evidence and exhibits, which are filed herewith or incorporated by reference.

Exhibit 1: Dkt. No. 24, M&F Western's Answer to Plaintiff's Amended Complaint and Exhibit 1 thereto (M&F000003).

Exhibit 2: Dkt. No. 23, Amended Complaint.

Exhibit 3: Exhibit C to Dkt. No. 23.

Exhibit 4: Dkt. 1, Complaint.

Exhibit 5: Dkt. 3, Answer.

Exhibit 6: December 26, 2019, letter from counsel for M&F Western to Plaintiff's counsel.

Exhibit 7: January 31, 2020, letter from M&F Western's counsel to Plaintiff's counsel.

Declaration of P. Eddins in Support of Defendant's Motion for Partial Summary Judgment ("Eddins Decl.").

Declaration of C. Kraft in Support of Defendant's Motion for Partial Summary Judgment ("Kraft Decl.") and Exhibits thereto.

Declaration of J. Crumrine LaShelle in Support of Defendant's Motion for Partial Summary Judgment ("LaShelle Decl.") and Exhibits thereto.

---

[2] M&F Western provided this information to Plaintiff's counsel immediately after Plaintiff filed the suit, but never received a response or any explanation for why Plaintiff was going to push forward with these allegations in spite of this evidence.

## IV.   STATEMENT OF UNDISPUTED MATERIAL FACTS[3]

1.   In 1995, Crumrine Manufacturing Jewelers, Inc. created and sold an oval belt buckle with a series of five tapered beads along each of the four compass points as shown in the 1995 Crumrine fall catalog produced in pertinent part as M&F000003 (LaShelle Decl. at ¶¶ 10-11 and Exhibit B thereto). This buckle is referred to herein as the "Crumrine Buckle":



2.   On November 1, 2007, M&F Western acquired the relevant property rights over the Crumrine Buckle from Crumrine Manufacturing Jewelers, Inc. via an Asset Purchase Agreement. (LaShelle Decl. at ¶¶ 4-5; Eddins Decl. at ¶¶ 3 and 5.) Among the transferred assets, pursuant to Paragraph 1(f) of the agreement, M&F Western acquired "the intellectual property owned by Seller, including without limitation Seller's rights to the . . . copyrights previously used by the business."[4] (Exhibit A to LaShelle Decl. at p. 1.[5]) The intellectual property rights in the

---

[3] For the purposes of this Motion only, M&F Western does not dispute certain factual allegations in Plaintiff's Complaint and Amended Complaint. However, M&F Western reserves the right to challenge Plaintiff's allegations substantively, as appropriate, outside the context of this Motion.

[4] Crumrine Buckle Company, Inc., which is referenced in the Asset Purchase Agreement as a co-purchaser with M&F Western (Exhibit A to LaShelle Decl. at p. 1), was a wholly owned subsidiary of M&F Western created at the time of the Asset Purchase Agreement. (Eddins Decl. at ¶ 3.) Crumrine Buckle Company, Inc. was subsequently dissolved; M&F Western continues to use "Crumrine Buckle Company" as a trade name and continues to own the assets transferred under the Asset Purchase Agreement. (*Id*. at ¶ 4-5.) In particular, M&F Western is the owner of the intellectual property in the Crumrine Buckle. (*Id* at ¶ 5.)

[5] The Asset Purchase Agreement was previously produced to Plaintiff with appropriate confidentiality designations pursuant to the Protective Order entered in this case. M&F Western is submitting it as an exhibit in support of this Motion in a redacted version (with the financial information relating to the purchase price redacted) as the purchase price is confidential. However, the purchase price is not relevant to the Motion. Should the Court desire to review the unredacted Asset Purchase Agreement, M&F Western will provide it for the Court's consideration.

**M&F WESTERN'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
PAGE 3

Crumrine Buckle were transferred to M&F Western via the Asset Purchase Agreement. LaShelle Decl. at ¶¶ 5, 10-11; Eddins Decl. at ¶¶ 4-5.

3. In 2002, Plaintiff applied to register a copyright in a design comprising a series of five tapered beads placed along each of the four compass points of an oval belt buckle ("Oval Buckle Design") and a rectangular belt buckle ("Rectangular Buckle Design") (collectively, these two designs comprise the Buckle Registration).[6] In the Buckle Registration, Plaintiff claims he created these designs in 2002, and published them on June 1, 2002. (Exhibit 2: Dkt. No. 23, Amended Complaint at ¶¶ 13-14; Exhibit 3: Exhibit C to Dkt. 23.)

4. On September 14, 2019, Plaintiff filed his original Complaint and alleged that two M&F Western Products infringed the Buckle Registration, namely an oval buckle design and a barrel buckle design, each with five tapered beads along the four compass points, as shown below and in Exhibit A to the Complaint. (Exhibit 4: Dkt. 1 at ¶¶ 7-12 and Exhibit A thereto):

| Plaintiff's Asserted Registration | Plaintiff's Asserted Design | M&F Western's Accused Product |
|---|---|---|
| COPY OF DEPOSIT VA 1-159-548 | | |

---

[6] Because both designs incorporate the identical five-tapered-beads design element, M&F Western refers to the Plaintiff's "design" in the singular rather than the plural.

**M&F WESTERN'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
PAGE 4



M&F Western timely Answered and denied infringement. (<u>Exhibit 5</u>: Dkt. No. 3.) On December 26, 2019, M&F Western provided the same evidence to Plaintiff's counsel showing that M&F Western's products incorporating the tapered-beads design originated with an identical design created by its predecessor-in-interest, which had used the tapered-beads design since at least the mid-1990s. (<u>Exhibit 6</u> at pp. 1, 3-4.) M&F Western included a comparison of the buckle created by its predecessor-in-interest, the Crumrine Buckle, and the Alleged Infringing M&F Western buckles in its letter to Plaintiff's counsel (*Id.* at p. 4):

| Crumrine 1995 | Alleged Infringing M & F Western Design |
|---|---|
|  |  |

Plaintiff' counsel never responded. On January 31, 2020, M&F Western again provided Plaintiff with the Crumrine Buckle Company 1995 catalog page, produced as M&F000003. (Exhibit 7.)

5. On April 13, 2020, Plaintiff filed his Amended Complaint. (Exhibit 2: Dkt. No. 23, Amended Complaint at ¶¶ 11, 13, 14, 19, 24 and Exhibit A and Exhibit C thereto). Despite having M&F000003 and knowing that M&F Western's buckle design predates Plaintiff's by seven years, Plaintiff re-asserted the Buckle Claim in the Amended Complaint and alleged that M&F Western "copied" the Buckle Registration sometime in late 2004 or early 2005. (*Id.* at ¶¶ 11, 13, 14, 19, 24 and Exhibit A and Exhibit C thereto).

## V. SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFF'S INFRINGEMENT CLAIM RELATING TO THE BUCKLE REGISTRATION

### A. Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004). The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists that summary judgment should not be granted." *Haglund v. St. Francis Episcopal Day Sch.,* 8 F. Supp. 3d 860, 864 (S.D. Tex. 2014)*; see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). In determining whether there is a genuine issue of material fact, the evidence and the inferences to be drawn therefrom are viewed in the light most favorable to the non-moving party. *Id.* However, the non-moving party must rely on more than conclusory allegations, mere speculation,

the building of one inference upon another, or the mere existence of a scintilla of evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the non-moving party fails to provide evidence establishing that the factfinder could reasonably decide in his favor, then summary judgment shall be entered regardless of "[a]ny proof or evidentiary requirements imposed by the substantive law." *Id.* at 248.

> **B. Plaintiff Cannot Sustain His Burden of Showing Copying When the Crumrine Design Was Created and Sold Seven Years Before the Claimed Creation and Publication Dates in the Buckle Registration**

The elements of a copyright infringement claim are "(1) ownership of a valid copyright and (2) actionable copying, which is the copying of constituent elements of the work that are copyrightable." *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003). The undisputed facts demonstrate that the Plaintiff cannot meet his burden because the Crumrine Buckle predates the Plaintiff's Buckle Registration and M&F Western owns the intellectual property rights (including the copyright) in the Crumrine Buckle design pursuant to the Asset Purchase Agreement. *See, e.g., Scott-Blanton v. Universal City Studios Prods. LLLP*, 539 F. Supp. 2d 191 (D.C. 2008) (granting summary judgment on copyright claim where record showed alleged infringing story was published before asserted work was created and published); *Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274 (S.D.N.Y. 1991) (holding copyright in music was not infringed because that allegedly infringing music was written before the creation of the asserted work).

The Buckle Registration claims a creation date of 2002 and a publication date of June 1, 2002. (Exhibit 2, Dkt. No. 23, Amended Complaint at ¶¶ 13-14 and Exhibit C thereto.) The Buckle Registration allegedly covers a series of five tapered beads at each of the four compass points of a standard buckle shape (i.e., an oval and a rectangle). *Id.*

M&F Western's five-tapered-bead design was offered for sale in the Fall 1995 Crumrine Catalog, which means it was created at least as early as 1995. (Exhibit 1, Dkt. 24, at ¶¶ 13-14

and Exhibit 1 thereto, i.e., M&F000003; LaShelle Decl. at ¶ 10 and Exhibit B thereto.) The Crumrine Buckle design consists of a series of five tapered beads at each of the four compass points of the buckle on an oval buckle, identical to the five tapered beads in the Buckle Registration. (LaShelle Decl. at ¶ 10.) M&F Western owns the intellectual property rights in the Crumrine Buckle via the Asset Purchase Agreement entered into in 2007. (*Id.* at ¶¶ 4-5 and Exhibit A thereto at p.1; Eddins Decl. at ¶¶ 3 and 5.) The M&F Western buckle designs accused of infringement in this case both use the same series of five tapered beads included in the Crumrine Buckle and are later evolutions of the Crumrine Buckle. (LaShelle Decl. at ¶¶ 12-14; Kraft Decl. at ¶¶ 11-14.) Accordingly, Plaintiff cannot, as a matter of law, carry his burden of showing that M&F Western's buckles copied Plaintiff's.

## VI. CONCLUSION

Plaintiff alleges that M&F Western's 1995 Crumrine Buckle "copied" Berg's 2002 design and infringed his Buckle Registration from 2002. The claim is nonsensical and should be dismissed. The only issue is why Plaintiff continued to pursue it even after being shown the 1995 Crumrine Catalog.

Dated:  June 12, 2020

Respectfully submitted,

By: _____

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

*Attorneys for Defendant M&F Western Products, Inc.*

## CERTIFICATE OF SERVICE

      I certify that on June 12, 2020, the foregoing was filed with the Court's electronic filing system, which served a copy on all counsel of record.

_____
Kirstin E. Larson