# EXHIBIT 1

Case 6:19-cv-00418-JDK   Document 27-1   Filed 05/04/20   Page 1 of 10   PageID #:
280
Case 6:19-cv-00418-JDK   Document 24   Filed 06/12/20   Page 2 of 61 PageID #: 195

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

|  |  |
|---|---|
| ROBERT BERG, | |
| Plaintiff, | Docket No. 6:19-cv-418 |
| - against - | |
| M & F WESTERN PRODUCTS, INC. | |
| Defendant. | |

### M&F Western's Answer to Plaintiff's Amended Complaint

M& F Western Products, Inc. (Defendant) responds to Plaintiff's Amended Complaint as follows:

### ADMISSIONS AND DENIALS

1.      Defendant admits that Plaintiff purports to assert a claim for copyright infringement arising under the Copyright Act, 17 U.S.C. § 101 et seq. Defendant denies that any ground exists for Plaintiff's claims, that Berg has valid copyright claims, that Berg is entitled to any relief, and further denies any remaining allegations in Paragraph 1.

### JURISDICTION AND VENUE

2.      As to Paragraph 2, Defendant admits that the Court has subject matter jurisdiction generally over this case under 28 U.S.C. §§ 1331 and 1338, but Defendant denies that the Court has subject matter jurisdiction over Plaintiff's claim relating at least to Registration No. VA1-159-548 because Plaintiff's asserted copyright registration is invalid and/or unenforceable.

3.      As to Paragraph 3, Defendant admits that it resides in and/or transacts business in Texas and admits that the Court has personal jurisdiction over Defendant.

- 1 -

147957968.6

11.     Defendant denies that Berg created any of Defendant's designs included in **Exhibit A** to the Amended Complaint. Defendant denies that Berg created original designs consisting of Western-styled jewelry and belt buckles, instead Berg's designs incorporate common elements ubiquitously used in Western jewelry and buckle design for many decades, including well before Berg's copyright registrations asserted in this case and as such the asserted registrations are invalid and/or unenforceable. Plaintiff has produced only six (6) pages of documents in this case and has failed to produce deposit copies of the materials included in the asserted copyright registrations and, therefore, Defendant is without sufficient information to admit or deny whether the images of Plaintiff's designs included in **Exhibit A** to the Amended Complaint, which allegedly correspond to the asserted registrations, are in fact part of the asserted copyright registrations or not, and therefore Defendant denies the remaining allegations in Paragraph 11.

12.     Defendant admits that **Exhibit B** to the Amended Complaint appears to be a copy of Registration No. No. VA 1-091-617 as maintained by the U.S. Copyright Office's website. Plaintiff has produced only six (6) pages of documents in this case and has failed to produce deposit copies of the materials included in Registration No. VA 1-091-617 and, therefore, Defendant is without sufficient information to admit or deny whether the image of Berg's alleged cross design included in **Exhibit A** to the Amended Complaint as allegedly corresponding to Registration No. VA 1-091-617 is in fact part of this copyright registration or not. Defendant is without knowledge or sufficient information to admit or deny the remaining allegations of Paragraph 12, and therefore denies those allegations.

13.     Defendant admits that **Exhibit C** to the Amended Complaint appears to be a copy of Registration No. VA 1-159-548 as maintained by the U.S. Copyright Office's website. Plaintiff has produced only six (6) pages of documents in this case and has failed to

- 3 -

produce deposit copies of the materials included in Registration No. 1-159-548 and, therefore, Defendant is without sufficient information to admit or deny whether the image of Berg's alleged Oval Buckle design included in **Exhibit A** to the Amended Complaint as allegedly corresponding to Registration No. 1-159-548 is in fact part of this copyright registration or not. Plaintiff's alleged copyright in the Oval Buckle design is invalid and/or unenforceable, including because it incorporates beaded edging, which existed in the marketplace long before the claimed creation date and because Defendant did not copy the Plaintiff's alleged design, as evidenced for example by the buckle created by Defendant's predecessor-in-interest, the Crumrine Buckle Company, and sold at least as early as 1995 (M&F000003) attached as **Exhibit 1**. Defendant is without knowledge or sufficient information to admit or deny the remaining allegations of Paragraph 13, and therefore denies those allegations.

14.     Defendant admits that **Exhibit C** to the Amended Complaint appears to be a copy of Registration No. VA 1-159-548 as maintained by the U.S. Copyright Office's website. Plaintiff has produced only six (6) pages of documents in this case and has failed to produce deposit copies of the materials included in Registration No. 1-159-548 and, therefore, Defendant is without sufficient information to admit or deny whether the image of Berg's alleged Rectangular Buckle design included in **Exhibit A** to the Amended Complaint as allegedly corresponding to Registration No. VA 1-159-548 is in fact part of this copyright registration or not. Plaintiff's alleged copyright in the Rectangular Buckle design is invalid and/or unenforceable, including because it incorporates beaded edging, which existed in the marketplace long before the claimed creation date and because Defendant did not copy the Plaintiff's alleged design, as evidenced for example by the buckle created by Defendant's predecessor-in-interest, the Crumrine Buckle Company, and sold at least as early as 1995

- 4 -

147957968.6

(M&F000003) attached as **Exhibit 1**. Defendant is without knowledge or sufficient information to admit or deny the remaining allegations of Paragraph 14, and therefore denies those allegations.

15.     Defendant admits that **Exhibit D** to the Amended Complaint appears to be a copy of Copyright Registration No. VA 1-229-288. Plaintiff has produced only six (6) pages of documents in this case and has failed to produce deposit copies of the materials included in Registration No. VA 1-229-288 and, therefore, Defendant is without sufficient information to admit or deny whether the image of Berg's alleged cross design included in **Exhibit A** to the Amended Complaint as allegedly corresponding to this registration is in fact part of Registration No. VA 1-229-288 or not. Defendant is without knowledge or sufficient information to admit or deny the remaining allegations of Paragraph 15, and therefore denies those allegations.

16.     Defendant denies that Plaintiff created any of the M&F Western designs shown in **Exhibit A**. Defendant is without knowledge or sufficient information to admit or deny the remaining allegations of Paragraph 16, and therefore denies those allegations.

17.     At this time, Defendant is without knowledge or sufficient information to admit or deny Plaintiff's allegations about Mr. Bellinger contained in Paragraph 17, and therefore denies the entirety of Paragraph 17.

18.     At this time, Defendant is without knowledge or sufficient information to admit or deny Plaintiff's allegations about Mr. Bellinger contained in Paragraph 18 regarding his alleged access to Plaintiff's copyrighted molds and therefore denies the same. However, Defendant denies that it copied any of Berg's Designs and denies the remainder of the allegations in this paragraph.

19.     Defendant has not copied Plaintiff's designs and therefore denies the allegations

- 5 -

147957968.6

# EXHIBIT 1



M&F000003

# **EXHIBIT 2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ROBERT BERG,<br><br>                                    Plaintiff,<br><br>       - against -<br><br>M & F WESTERN PRODUCTS, INC.<br><br>                              Defendant. | Docket No. 6:19-cv-0418-JDK<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiff Robert Berg ("Berg" or "Plaintiff") by and through his undersigned counsel, as and for his Amended Complaint against Defendant M & F Western Products, Inc. ("M & F" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of copyrighted designs, owned and registered by Berg, a professional designer. Accordingly, Berg seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in Texas.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

designs. Berg initiated the technique of stacking tri-color gold to achieve a three-

dimensional look in his buckles and jewelry.

10.    By 2000, Berg's jewelry designs had become well-known in the United

States and Texas.  For example, he was asked to design the trophy cup for the world

championship professional bull riding competition.  He also built championship buckles for

prominent rodeo committees across the United States and supplied buckles to the

champions of the Australian Pro Rodeo Association for over two decades.

11.    Between 2000 and 2003, Berg created original designs consisting of

Western-styled jewelry and belt buckles that are the subject of this lawsuit (collectively the

"Designs"). A true and correct copy of some of the Designs are attached hereto as Exhibit

A.

12.    In 2000, Berg created a stylized and intricate design of a cross with angular

corners (the "Angular Cross") and registered it with the U.S. Copyright Office under No.

VA 1-091-617, with effective date of June 12, 2000 (the "617 Registration").  Attached as

Exhibit B is a true and correct copy of the 617 Registration, as maintained by the U.S.

Copyright Office's website.

13.    In 2002, Berg created a stylized and intricate design for an oval belt buckle

(the "Oval Buckle") and registered it with the U.S. Copyright Office under No. VA 1-159-

548, with effective date of July 26, 2002 (the "548 Registration").  Attached as Exhibit C is

a true and correct copy of the 548 Registration, as maintained by the U.S. Copyright

Office's website.

14.    In 2002, Berg created a stylized and intricate design for a rectangular belt

buckle (the "Rectangular Buckle") and registered it with the U.S. Copyright Office under

No. VA 1-159-548, with effective date of July 26, 2002.  See Exhibit C.

15.    In 2003, Berg created a stylized and intricate design for a cross with linear

corners (the "Linear Cross") and registered it with the U.S. Copyright Office under No. VA 1-229-288, with effective date of August 29, 2003 (the "288 Registration"). Attached as Exhibit D is a true and correct copy of the 288 Registration, as maintained by the U.S. Copyright Office's website (the "288 Registration").

16. Berg is the author of the Designs and has at all times been the sole owner of all right, title and interest in and to the Designs, including the copyright thereto.

17. Upon information and belief, in late 2004/early 2005, an individual named Gary Bellinger, who supplied products to M&F, gained access to Plaintiff's molds and designs, including the Designs at issue here. Bellinger was not an employee of Berg. He was an independent manufacturer of belts in Mexico. However, because Bellinger was a major industry player who spoke the local language and knew everyone, Bellinger had access (through Berg's ex-wife) to Berg's jewelry factory in Mexico where Berg's belt buckles were manufactured.

18. Upon information and belief, Bellinger gained access to Berg's copyrighted molds for his designs in 2005 and then distributed them to M&F without Berg's knowledge or authorization.

**B.    Defendant's Infringing Activities**

19. Upon information and belief, sometime in 2005 or thereafter, M & F created their own products copying the Designs for their products and mass producing them. Some examples are attached hereto as Exhibit A.

20. Upon information and belief, Defendant may also have infringed other copyrighted designs created by Plaintiff which are not identified in this complaint.

21. M & F  did not license the Designs from Plaintiff, nor did M & F have Plaintiff's permission or consent to use the Designs.

22. Berg did not know back in 2005 that Bellinger gave M&F access to Berg's copyrighted design molds. Berg did not actually discover M&F's infringement until 2019.

Case 6:19-cv-00418-JDK   Document 23   Filed 04/13/20   Page 12 of 61 PageID #: 178

## CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
## (17 U.S.C. §§ 106, 501)

23.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

24.     M & F  infringed Plaintiff's copyright in the Designs by reproducing, using, distributing and/or publicly displaying the Designs on the Website. M & F is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Designs.

25.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

26.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

27.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement

28.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Designs, pursuant to 17 U.S.C. § 504(c).

29.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

# EXHIBIT A

# COMPANY: M&F WESTERN PRODUCTS INC.

Shipping Address: 1303 Holiday Dr Sulphur Springs, TX 75482
Mailing Address: P O Box 287 Sulphur Springs, TX 75483
WEBSITE: WWW.MFWESTERN.COM
Email: CustomerService@mfwestern.com
Phone number: USA Call 1.800.256.8646    Canada Call 1.800.456.5200
USA Fax 1.800.256.4274    Canada Fax 1.800.937.6066

| M&F WESTERN PRODUCTS INC. | COPYRIGHT | VA |
|---|---|---|
|  |  |  COPY OF DEPOSIT VA 1-091-617 |
| | | COPY OF DEPOSIT VA 1-159-548 |

# M&F WESTERN PRODUCTS INC.

# COPYRIGHT

# VA

  

COPY OF DEPOSIT

VA 1-159-548

  

COPY OF DEPOSIT

VA 1-229-288

  

COPY OF DEPOSIT

VA 1-091-617



Case 6:19-cv-00418-JDK   Document 23-1   Filed 04/13/20   Page 9 of 5 PageID #: 105



# **EXHIBIT 3**

# EXHIBIT C



**Library buildings are closed to the public until further notice, but the U.S. Copyright Office Catalog is available. More.**

| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Copyright Number = VA0001159548
Search Results: Displaying 1 of 1 entries



Labeled View

*[Bob Berg buckles]*

**Type of Work:** Visual Material
**Registration Number / Date:** VA0001159548 / 2002-07-26
**Application Title:** Bob Berg jewelry.
**Title:** [Bob Berg buckles]
**Description:** Designs for jewelry.
**Notes:** Title from appl.
**Copyright Claimant:** Robert Peter Berg, 1952-
**Date of Creation:** 2002
**Date of Publication:** 2002-06-01
**Previous Registration:** Appl. identifies some material as preexisting.
**Basis of Claim:** New Matter: additions & revisions.
**Names:** Berg, Robert Peter, 1952-



| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format [Full Record ▾] [Format for Print/Save] |
| Enter your email address: [                    ] [Email] |



Case 6:19-cv-00418-JDK   Document 27-1 Copyright Filed 06/12/20   Page 21 of 61 PageID #: 299

Case 6:19-cv-00418-JDK   Document 23-3   Filed 04/13/20   Page 3 of 3 PageID #: 191

[Help](#)   [Search](#)   [History](#)   [Titles](#)   [Start Over](#)

[Contact Us](#)  |  [Request Copies](#)  |  [Get a Search Estimate](#)  |  [Frequently Asked Questions (FAQs) about Copyright](#)  |  [Copyright Office Home Page](#)  |  [Library of Congress Home Page](#)

# **EXHIBIT 4**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ROBERT BERG,<br><br>                              Plaintiff,<br><br>       - against -<br><br>M & F WESTERN PRODUCTS, INC.<br><br>                            Defendant. | Docket No. 6:19-cv-418<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Robert Berg ("Berg" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant M & F Western Products, Inc. ("M & F" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of copyrighted designs, owned and registered by Berg, a professional designer. Accordingly, Berg seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.     This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in Texas.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.    Berg is a professional designer having a usual place of business at 253 Highway 75 North, Suite B, Huntsville, Texas 77320.

6.    Upon information and belief, M & F  is a domestic business corporation organized and existing under the laws of the State of Texas, with a place of business at 1303 Holiday Drive, Sulphur Springs, Texas 75482. Upon information and belief M & F is registered with the Texas Department of State Division of Corporations to do business in the State of Texas.

## STATEMENT OF FACTS

### A.    Background and Plaintiff's Ownership of the Designs

7.    Berg created designs (the "Designs"). A true and correct copy of some of the Designs are attached hereto as Exhibit A.

8.    Berg is the author of the Designs and has at all times been the sole owner of all right, title and interest in and to the Designs, including the copyright thereto.

9.    The Designs were registered with the United States Copyright Office. See Exhibit A.

10.    In December 2016 at the NRF retail trade show, a person by the name of Carry from M & F stopped by Berg's booth, who said that a person by the name of Mickey at M & F was interested in buying a range of designs for Mickey to use for M & F. Berg declined as he did not want his designs diluted by mass producing.

### B.    Defendant's Infringing Activities

11.     Sometime after December 2016, M & F created their own products copying the Designs for their products and mass producing them. Some examples are attached hereto as Exhibit A.

12.     M & F did not license the Designs from Plaintiff, nor did M & F have Plaintiff's permission or consent to use the Designs.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     M & F infringed Plaintiff's copyright in the Designs by reproducing and publicly displaying the Designs on the Website. M & F is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Designs.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Designs, pursuant to 17 U.S.C. § 504(c).

# EXHIBIT A

# COMPANY: M&F WESTERN PRODUCTS INC.
Shipping Address: 1303 Holiday Dr Sulphur Springs, TX 75482
Mailing Address: P O Box 287 Sulphur Springs, TX 75483
WEBSITE: WWW.MFWESTERN.COM
Email: CustomerService@mfwestern.com
Phone number:  USA Call 1.800.256.8646    Canada Call 1.800.456.5200
USA Fax 1.800.256.4274    Canada Fax 1.800.937.6066

| M&F WESTERN PRODUCTS INC. | COPYRIGHT | VA |
|---|---|---|
|  |  |  COPY OF DEPOSIT VA 1-091-617 |
| | | COPY OF DEPOSIT VA 1-159-548 |

# M&F WESTERN PRODUCTS INC.

# COPYRIGHT

# VA

| | | |
|---|---|---|
|  |  | <br>COPY OF DEPOSIT<br>**VA 1-159-548** |
|  |  | <br>COPY OF DEPOSIT<br>**VA 1-229-288** |
|  |  | <br>COPY OF DEPOSIT<br>**VA 1-091-617** |

Case 6:19-cv-00418-JDK Document 1-1 Filed 09/14/19 Page 4 of 5 PageID #: 9





# **EXHIBIT 5**

Case 6:19-cv-00418-JDK Document 27-1 Filed 06/12/20 Page 32 of 61 PageID #:
Case 6:19-cv-00418-JDK Document 3-1 Filed 12/24/19 Page 1 of 3 PageID #: 16
310

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ROBERT BERG,<br><br>                              Plaintiff,<br><br>    - against -<br><br>M & F WESTERN PRODUCTS, INC.<br><br>                              Defendant. | Docket No. 6:19-cv-418<br><br>**DEFENDANT'S ANSWER AND DEFENSES** |

Defendant M & F Western Products, Inc. ("Defendant") hereby responds to Plaintiff's Complaint as follows:

## ADMISSIONS AND DENIALS

1.      Defendant admits that Plaintiff purports to assert a claim for copyright infringement arising under the Copyright Act, 17 U.S.C. § 101 et seq. Defendant denies that any ground exists for Plaintiff's claims. Defendant denies the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.      As to Paragraph 2, Defendant admits that Plaintiff purports to assert a claim for copyright infringement arising under the Copyright Act, 17 U.S.C. § 101 et seq. and that the Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338.

3.      As to Paragraph 3, Defendant admits that it resides in and/or transacts business in Texas but denies that the Court has personal jurisdiction over Defendant due to an improper summons and insufficiency of process.

4.      Defendant denies that venue is proper pursuant to 28 U.S.C. § 1391(b) for the reasons stated in the preceding paragraph.

## PARTIES

5.      The Defendant is without knowledge or sufficient information to admit or deny

the allegation of Paragraph 5, and therefore denies those allegations.  Plaintiff does not appear

to have a place of business at the address provided in the Complaint.

6.      Defendant admits the allegations in Paragraph 6 of the Complaint.

## RESPONSE TO UNDERLYING FACTUAL ALLEGATIONS

7.      Defendant denies that Plaintiff created any of the M&F Western designs

shown in **Exhibit A**. Defendant is without knowledge or sufficient information to admit or

deny the remaining allegations of Paragraph 7, and therefore denies those allegations.

8.      Defendant denies that Plaintiff is the author of any of Defendant's designs.

Defendant is without knowledge or sufficient information to admit or deny the remaining

allegations of Paragraph 8, and therefore denies those allegations.

9.      Defendant admits that Exhibit A lists certain copyright registration numbers.

Defendant is without knowledge or sufficient information to admit or deny the remaining

allegations of Paragraph 9, and therefore denies those allegations.

10.      Defendant admits that Cary from M&F Western stopped by Plaintiff's booth at

the December 2016 NRF retail trade show. Defendant denies the allegation that Defendant

expressed interest in buying a range of designs. The Defendant is without knowledge or sufficient

information to admit or deny the remaining allegations, and therefore denies those allegations.

11.      Defendant denies the allegations in Paragraph 11 of the Complaint.

12.      Defendant admits that it did not license any designs from Plaintiff or have

Plaintiff's permission or consent to use any designs, but denies that any such license or

permission was necessary given that Defendant, or Defendant's predecessor in interest,

- 2 -

independently created the alleged infringing designs before the December 2016 meeting with Plaintiff.

### CAUSE OF ACTION: COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)

13.     Defendant incorporates by reference the responses contained in Paragraphs 1-12 above.

14.     Defendant denies the allegations in Paragraph 14.

15.     Defendant denies the allegations in Paragraph 15.

16.     Defendant denies the allegations in Paragraph 16.

17.     Defendant denies the allegations in Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19.

20.     All allegations of the Complaint that are not specifically admitted are denied.

### AFFIRMATIVE DEFENSES

Defendant further responds to Plaintiff's Complaint by alleging the following affirmative defenses:

### FIRST DEFENSE

The Complaint, in whole or part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Court lacks personal jurisdiction over Defendant due to insufficiency of the summons and insufficiency of service of process.

146639290.2

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### FOURTH DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### FIFTH DEFENSE

Plaintiff's claims are barred by the merger doctrine.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for a judgment as follows:

1.      Dismissing Plaintiff's Complaint with prejudice;

2.      An award to Defendant of its reasonable costs and expenses of litigation, including attorneys' fees, pursuant to 15 U.S.C. § 505;

3.      Denying all relief requested by Plaintiff; and

4.      Such other and further relief as this Court may deem just and proper.

146639290.2

Dated: December 24, 2019

Respectfully submitted,

*/s/ John R. Hardin*
John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

*Attorneys for Defendant M & F Western
Products, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure on December 24, 2019 by electronically filing it.

*/s/ John R. Hardin*
John R. Hardin

146639290.2

# **EXHIBIT 6**

**PERKINS**COIE

500 North Akard Street
Suite 3300
Dallas, TX 75201-3347

T  +1.214.965.7700
F  +1.214.965.7799
PerkinsCoie.com

John R. Hardin
JohnHardin@perkinscoie.com
D.  +1.214.965.7743
F.  +1.214.965.7793

December 26, 2019

**VIA EMAIL: RL@LiebowitzLawFirm.com**

Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
United States

Re:     *Berg v. M & F Western Products, Inc.*, Cause No 6:19-cv-418
        **(Litigation)**

Mr. Liebowitz,

We have reviewed the claims you filed against M & F Western Products, Inc. The
claims are baseless. First, M & F Western developed its designs independently and
began selling them well-before the alleged meeting with Berg in December 2016.
Second, Berg is asserting copyright claims in design elements such as "beaded
edges," "jewels," and "scrollwork" that are very common in buckle and cross designs
and have been around for decades.  Third, in prior litigation Mr. Berg stipulated
that he "was not asserting copyright protection for the tapered beaded edge" in the
designs at issue.  *See Berg v. Symons*, 393 F. Supp. 2d 525, 533 (S.D. Tex. 2005).
Accordingly, he has disclaimed at least one of the dominant design elements (and in
some cases the only similarity) between his designs and M&F's designs.

It is apparent to us that the Litigation was filed to extort a settlement. This case
has the same fingerprints as the numerous cases you have filed (and been
reprimanded and sanctioned for) in the Southern District of New York. *See e.g.,
Sands v. Bauer Media Group USA, LLC*, Cause No. 17-CV-9215 (S.D.N.Y.
November 26, 2019) ("As Judge Furman recently observed, there is a growing body
of law in this District devoted to the question of whether and when to impose

146730001.2

Richard Liebowitz
December 26, 2019
Page 2

sanctions on Mr. Liebowitz.") (internal citations omitted). The Litigation asserts a copyright violation for basic and extremely common design elements that Berg does not own and in some cases has publicly disclaimed.

M & F Western intends to defend aggressively and will seek recovery of its attorneys' fees and costs when it prevails.

## M & F Western's Designs at Issue All Predate the Alleged December 2016 Meeting

The Complaint alleges that "Carry" from M & F Western stopped by Mr. Berg's booth at a December 2016 NRF retail trade show and expressed Mickey's interest in buying a range of Mr. Berg's designs for use by M & F Western. (¶ 10.) The Complaint further alleges that Mr. Berg declined, and that "sometime after December 2016", M & F Western created their own products copying the Works. (*Id.* at ¶ 11-12.). However, all of the allegedly infringing designs were created before the December 2016 meeting. *See* **Exhibit A** showing that the designs in question were created before the alleged December 2016 meeting.

## M & F Western Developed its Belt Buckle Designs Before Berg

Mr. Berg appears to claim copyright protection in a series of five beads ("Bead Design") located along the compass points of the buckles as shown below.[1]

| Copyright Registration | Registered Work | M & F Western Product |
|---|---|---|
| VA 1-159-548<br><br>Date of creation: 2002<br><br>Date of publication: 6/1/2002 |  |  |

---

[1] As you know, the circular and rectangular shapes of Mr. Berg's designs are not protectable elements under copyright law. They are not original and are also functional.

Richard Liebowitz
December 26, 2019
Page 3



| A 1-159-548 Date of creation: 2002 Date of publication: 6/1/2002 | | |
|---|---|---|

As an initial matter, there is no basis for your client's claim that the Bead Design is his copyrightable contribution to the world of buckle design. Mr. Berg's Bead Design was addressed in a prior case involving copyright and trade dress infringement allegations against his ex-wife. *See Berg v. Symons*, 393 F. Supp. 2d 525 (S.D. Tex. 2005). As the case made clear, tapered beaded edges used in buckle designs did not originate with Mr. Berg.[2] Indeed, Mr. Berg stipulated in the case that he "was not asserting copyright protection for the tapered beaded edge" in the designs at issue, thus, it is inconsistent, at best, for you to make such allegations in the Litigation. *Id.* at 533.

In any event, Mr. Berg's belt buckle claim fails because M & F Western's buckles were designed before Berg's. M & F Western acquired the designs when it purchased the Crumrine Buckle Company in 2007. Crumrine has used beaded edges in its designs since at least the mid-1990s, long before the creation dates asserted by Berg. Indeed, there can be no mistake that the alleged infringing M & F Western design is the same as or substantially similar to the 1995 Crumrine design shown below:

---

[2] We have attached as **Exhibit B** additional images showing that the use of beaded edges is ubiquitous in the world of belt buckle designs.

146730001.2

Richard Liebowitz
December 26, 2019
Page 4

| Crumrine 1995 | Alleged Infringing M & F Western Design |
|---|---|
|  |  |

==Therefore, there is no basis for your client's copyright infringement claim given that the Crumrine design predated the publication of your client's Works.==

**Berg's Cross Designs are Not Original to Berg and M&F Didn't Copy Them**

Cross designs (typically associated with Christianity) are ubiquitous in jewelry and date back more than 2000 years. As discussed above and shown in **Exhibit A**, the allegedly infringing cross designs were all created before the meeting with Mr. Berg in December 2016. Further, in any event, the allegedly infringing designs are different in important ways from Mr. Berg's designs. First, the use of beads at the end of the arms of Mr. Berg's cross designs are not protectable subject matter under copyright law based on the historic use of such design elements. Indeed, this issue was addressed in Mr. Berg's case against his ex-wife, wherein the court states that "Berg was not the first to use a black background, more than one color gold, or vine and leaf scrollwork, or place beads on the edge of a buckle or piece of jewelry." *Berg v. Symons*, 393 F. Supp. 2d at 532.

In addition, **Exhibit C** contains examples of cross designs that are highly similar to your client's designs. For example, the use of scrollwork, circles around a central element (i.e., at the intersection of the arms of the cross), flowers and gems are not your client's original contribution to cross designs. As a result of the pre-existing designs, any rights your client may have in the cross designs are extremely thin, if he has any at all. Thus, the differences between your client's designs and our client's designs are fatal to your client's claims.

146730001.2

Richard Liebowitz
December 26, 2019
Page 5

Please see the table below highlighting the important differences between your client's cross designs and those of our client.

| Copyright Registration | Registered Work | M & F Western Product | Comments/Differences |
|---|---|---|---|
| VA 1-091-617 |  |  | M & F Western uses different stylization of the centerpiece of the cross, including a silver lariat forming a prominent circle around the rosette as well as different scrollwork. Further, the centerpiece in M & F Western's design has a border, which is entirely absent from the registered design.<br><br>In addition, please see **Exhibit C** for examples of crosses that are highly similar to your client's design. |

146730001.2

Richard Liebowitz
December 26, 2019
Page 6

| VA 1-091-617 |  |  | The shaping of the gold scrollwork differs from that of Mr. Berg's design. In particular, the scroll in the M&F Western design starts from the center flower and moves towards the end of the four arms of the cross, with an extra curl at the bottom and top of the cross. In addition, the arms of the M&F Western cross have more embellishments on the scroll and the flower designs are also different. The shape of the M&F Western cross is also different in that the angle created by the arms is more acute (or tighter) than with the Berg design.<br><br>In addition, please see **Exhibit C** for examples of crosses that are highly similar to your client's design. |
| VA 1-229-288 |  |  | The shaping of the central rosette design and the stylization of the silver scrollwork differ in important ways between the two pieces, including with the scrolls twisting in different directions between the respective |

146730001.2

Richard Liebowitz
December 26, 2019
Page 7

| | | | pieces. Further, the angles formed by the arms of the M & F cross are not right angles; each is slightly acute. By contrast, the arms on the cross shown in the noted registration form right angles.<br><br>In addition, please see **Exhibit C** for examples of crosses that are highly similar to your client's design. |
| --- | --- | --- | --- |

We are confident that discovery will reveal even more evidence showing the baselessness of Mr. Berg's claims.

In light of the foregoing, it would be prudent for Mr. Berg to dismiss his suit now before you and he incur additional legal exposure.  If he does so by the first of year, M & F Western will agree not to seek sanctions or fees for the costs it has incurred to date.

Very truly yours,

John R. Hardin

**EXHIBIT A**

| Reg. No. | Berg | M&F Product |
|---|---|---|
| VA 1-091-617<br><br>Date of creation: 2000<br><br>Date of publication: 1/31/2000 |  |  M&F obtained this design when it purchased the assets of 3-D in December, 2018, but the image was created at some time prior to August 1, 2006.  This a common shape.  The scrolling and artwork appear to be different from Berg's. |
| |  |  This item is in the M & F Western 2016 Buckles and Jewelry catalog shown below:<br><br> |

**EXHIBIT A**

| Reg. No. | Berg | M&F Product |
|---|---|---|
| | | Also, the 2010 Spring Preview Catalog page below shows a similar shaped cross that M&F used on a buckle:<br><br><br><br>Therefore, M&F designs were created long before the alleged December 2016 meeting with Berg. |

**EXHIBIT A**

| Reg. No. | Berg | M&F Product |
|---|---|---|
| VA 1-229-288<br><br>Date of creation: 2003<br><br>Date of publication: 6/1/2003 |  | <br><br>This cross design was created no later than July 2015 according to the M&F design documentation:<br><br>Modified:    Wednesday, July 01, 2015, 5:34:44 PM<br><br><br><br>The item is shown on the cover of the 2016 Spring Preview book. Spring 2016 was before the alleged December 2016 meeting with Berg. |

**EXHIBIT A**

| Reg. No. | Berg | M&F Product |
| --- | --- | --- |
|  |  |  This cross shape (with slanted angles) was originally used on buckle 37017, which appeared in the June 2007 catalog: |

**EXHIBIT A**

| Reg. No. | Berg | M&F Product |
|---|---|---|
| | |  |
| | | On both the buckle and the pendant, the shape of the cross with angled edges is different from Berg's. So is the scrolling. Moreover, M & F's designer has been using similar scrollwork since he won the 1977 Western Designer of the year award. |
| VA 1-159-548<br><br>Date of creation: 2002<br><br>Date of publication: 6/1/2002 |  |  This design is from Crumrine – which created the designs back in the 90s. Hence, the design predates the Berg copyright. M&F purchased Crumrine in 2007. |

## EXHIBIT A

| Reg. No. | Berg | M&F Product |
|---|---|---|
| VA 1-159-548<br><br>Date of creation: 2002<br><br>Date of publication:<br><br>6/1/2002 |  | See note above regarding Crumrine design.<br><br>This item was in M & F's Fall 2016 Preview catalog (below), which was created prior to the alleged December 2016 meeting with Berg. |

**EXHIBIT B**

| BUCKLES | |
|---|---|
| **Design** | **Source** |
|  | 1995 Catalog. |
|  | http://www.buckletown.com/itm/crs-007-crosses-belt-buckle/7377 |
|  | http://www.buckletown.com/itm/crs-008-crosses-belt-buckle/7378 |

| | |
|---|---|
|  | https://www.montanasilversmiths.com/faith-in-four-buckle-with-a-bronc-rider |
|  | https://www.montanasilversmiths.com/two-tone-cowboy-cameo-buckle-with-longhorn |
|  | https://sheamichellebuckles.com/collections/barbwire-tooled-leather-line/products/bw-9 |

- 2 -

| | |
|---|---|
|  | https://sheamichellebuckles.com/collections/barbwire-tooled-leather-line/products/bw-4 |
|  | https://sheamichellebuckles.com/collections/barbwire-tooled-leather-line/products/bw-7 |

146231537.3

**EXHIBIT C**

| CROSSES | |
|---|---|
| **Design** | **Source** |
|  | https://www.fanningjewelry.com/p-3b-small/ |
|  | https://www.fanningjewelry.com/p-9b/ |
|  | https://www.fanningjewelry.com/p-8b/ |
|  | https://hyosilver.com/shop/jewelry/cross-pendants/lone-star-cross-pendant-blackest-black/ |
|  | https://hyosilver.com/shop/jewelry/cross-pendants/rimrock-silver-cross-with-black-onyx-petite/ |

- 4 -



| | https://hyosilver.com/shop/jewelry/cross-pendants/tall-cross-pendant-crystal-clear-sterling-silver/ |
| --- | --- |
| | https://hyosilver.com/shop/jewelry/cross-pendants/western-cross-pendant-blackest-black-sterling-silver/ |
| | https://hyosilver.com/shop/jewelry/cross-pendants/tall-cross-pendant-sapphire-blue-sterling-silver/ |
| | https://hyosilver.com/shop/jewelry/cross-pendants/tall-cross-pendant-blackest-black-sterling-silver/ |
| | https://hyosilver.com/shop/jewelry/cross-pendants/lariat-medium-cross-pendant-blackest-black-sterling-silver/ |



| | https://us.boohoo.com/rounded-cross-necklace/MZZ57114.html |
| | https://sabrinasilver.com/sabrinasilver/ShopCart/impl/product.php?productid=72074&cat=1768&page=97 |
| | https://shop.celtiquecreations.com/products/rounded-celtic-cross-necklace-fine-pewter-adjustable |
| | https://arthursjewelryhawaii.com/products/silver-2-tone-medium-plumeria-scroll-cross-pendant |
| | https://www.almy.com/Product1/zc0003650 |

- 6 -

| | |
|---|---|
|  | https://www.cozzoo.com/home/5747-77482-unique-men-s-lava-stone-beaded-bracelet-stainless-steel-cross-charm-leather-bracelet-male-jewelry-dropship-gifts-for-men-dlb73.html |
|  | https://usartquest.com/product/celtic-cross-charm/ |
|  | https://www.factorydirectjewelry.com/rose-gold-fancy-cross-pendant-necklace-with-gemstone-and-diamonds/ |
|  | https://www.vintagepinsbrooches.com/product/vintage-large-christian-catholic-orthodox-cross-crucifix-turquoise-aqua-marine-rhinestone-pin-brooch-pendant-combo-religious-designer-jewelry-women/ |
|  | https://www.etsy.com/listing/451334324/vintage-021084-handmade-sterling-silver |

- 7 -



| | |
|---|---|
| | https://www.overstock.com/Jewelry-Watches/10K-Yellow-Gold-Nugget-Cross-Pendant/13808127/product.html?refccid=TKHQN3VZ3OGLDNKGAXD2T5FSEU&searchidx=2&option=22892625&kwds=10k%20yellow%20gold%20nugget%20cross%20pendant&rfmt= |
| | https://www.overstock.com/Jewelry-Watches/Luxurman-14k-Gold-Mens-2-3-4ct-TDW-Diamond-Necklace-Designer-Cross-Pendant-with-Chain/30359551/product.html?kwds=luxurman%2014k%20gold%20men%27s%202%203-4ct%20tdw%20diamond%20necklace%20designer%20cross%20pendant%20with%20chain%20-%20rose&option=54385358&refccid=OPJBMZ7JG5UK25CLT7P2RLPRDU&rfmt= |
| | https://www.overstock.com/Jewelry-Watches/Versil-Sterling-Silver-Antiqued-Cross-Pendant-with-18-inch-Chain/22208747/product.html?option=36993464 |
| | https://www.overstock.com/Jewelry-Watches/Versil-10-Karat-Yellow-Gold-Solid-Cross-Inside-A-Cross-Charm-with-18-inch-Chain/29579272/product.html?option=52599152 |
| | https://www.sportsmansguide.com/product/index/western-cross-necklace?a=922247 |

- 8 -

146231537.3

| | |
|---|---|
|  | https://wildwestliving.com/products/msjs60979-western-tri-color-filagress-cross-necklace-matching-earrings |
|  | http://www.kiwiimport.com/products.php?product=Western-Cross-Peace-Rose-Turquoise-Rhinestone-Gold-Silver-Charms-Necklace-with-Earrings-Set |
|  | https://www.amazon.com/Western-Peak-Turquoise-Rhinestone-Necklace/dp/B018F31TD0 |
|  | https://www.goldmountaintrading.com/rope-edge-cross-necklace.html |

146231537.3

# **EXHIBIT 7**



1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

T +1.206.359.8000
F +1.206.359.9000
PerkinsCoie.com

January 31, 2020

Kirstin E. Larson
KLarson@perkinscoie.com
D. +1.206.359.3328
F. +1.206.359.4328

**DELIVERY VIA LEAPFILE**

Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
rl@liebowitzlawfirm.com

Re:    **M & F Western Products, Inc. / Robert Berg, USDC Eastern District Texas No.
       6:19-cv-00418-JDK**

Dear Richard:

Attached please find M & F Western Products, Inc.'s document production, M&F000001-M&F000103. We will be supplementing the production in the coming weeks. Further, we will produce confidential documents only after an agreed Protective Order has been entered by the Court.

Very truly yours,

Kirstin E. Larson

KEL:tab
Attachments

cc:    M & F Western Products, Inc.