## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## (TYLER DIVISION)

| | |
|---|---|
| ROBERT BERG,<br><br>                              Plaintiff,<br><br>       - against -<br><br><br>M&F WESTERN PRODUCTS, INC.<br><br>                              Defendant. | Docket No. 6:19-cv-00418-JDK |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION TO COMPEL

Plaintiff Robert Berg (Plaintiff"), via counsel, respectfully submits this memorandum of

law in opposition to Defendant M&F Western Products, Inc. ("Defendant")'s motion to compel

production of documents, and to compel Plaintiff to appear personally for deposition.

For the reasons more fully stated below, Defendant's motion should be denied in its

entirety on grounds that: (a) Plaintiff cannot be compelled to produce documents that he does not

have or that do not exist; (b) Plaintiff, who is a foreign national domiciled in Vietnam, should not

be compelled to attend mediation or deposition *in person* before the August 8, 2020 discovery

cut-off, given the travel restrictions imposed upon him by the current international health crisis

(a fact which Defendant's tone-deaf motion entirely ignores); and (c) it is premature to determine

whether Plaintiff will be able to travel from the Vietnam to the forum state for trial in mid-

January 2021, but even if Plaintiff is unable to attend in person, his participation through remote video conference should be deemed sufficient.

## RELEVANT BACKGROUND

• On September 14, 2019, Plaintiff filed his initial complaint against Defendant for copyright infringement. [Dkt. #1]

• On December 24, 2019, Defendant filed its answer. [Dkt. #3]

• On February 7, 2020, the Court entered a scheduling order which sets mediation completion by July 31, 2020, fact discovery deadline as August 7, 2020 and a jury trial for January 19, 2021. [Dkt. #10] A revised scheduling order was entered on March 5, 2020 but the the aforesaid mediation completion date, fact discovery deadline and trial date remain the same [Dkt. #20]

• On March 1, 2020, Plaintiff produced documents responsive to Defendant's requests, consisting of the copyright registration material, screenshots of the alleged infringement, and documents related to Plaintiff's visa issues.  [Dkt. #26-1, pp. 2-8]

• On March 2, 2020, Plaintiff's counsel e-mailed defendant's counsel and asked what further documents would need to be disclosed. [Dkt. #26-1, p. 10]

• On April 13, 2020, Plaintiff filed his first amended complaint [Dkt. #23]

• On May 4, 2020, Defendant filed its answer to the amended complaint.  [Dkt. # 24]

• On May 13, 2020, Defendant claimed that Plaintiff had failed to produce certain documents including "documents reflecting any interaction with the Copyright Office, including, at a minimum, clear pictures of the copyright registrations with a high-end resolution, the copyright deposit materials, the applications, and the registration certificates."

[Dkt. # 26-1, p. 30]  Defendant also attached an "Attachment A" listing a set of forty-five (45) requests for production of documents. [Dkt. #26-1, pp. 32-35]

• On May 22, 2020, Plaintiff produced 68 pages of documents related to copyright deposit materials.

• On June 10, 2020, Defendant filed the instant motion to compel, asking the Court to order Plaintiff to: "(a) complete a full search of his system, that of his company, those of his current and prior lawyers, and any other potential sources within his custody and control by a date certain; (b) report to the Court the investigation he undertook with regard to each category of documents; (c) what documents were located in each location; and (d) produce all relevant documents identified."  [Dkt. #26, p. 7]  Defendant also asks the Court to compel Plaintiff to attend the mediation, Plaintiff's deposition and trial in-person (or otherwise dismiss the case). [Dkt. #26, p. 8]

• On June 16, 2020, Plaintiff timely served his duly verified answers and objections to Defendant's first set of interrogatories and responses to Defendants' requests for admission.

## ARGUMENT

### POINT I:    THE COURT SHOULD NOT COMPEL PLAINTIFF TO PRODUCE DOCUMENTS THAT HE DOES NOT HAVE

Defendant asks the Court to enter an order compelling Plaintiff to produce documents that he does not have or that do not exist.  [Dkt. #26, p. 7]  However, as a matter of law, Plaintiff cannot be held accountable for not producing documents that he does not have. *See, e.g.*, *Williams v. Bank Leumi Tr. Co. of New York*, No. 96-cv-6695(LMM-AJP), 1999 WL 375559, at *1 (S.D.N.Y. June 7, 1999) ("It is too obvious to need citation that the Court cannot compel a

party to produce documents that he does not possess."); _Rudawsky v. Borror_, No. 2:06-CV-144,

2007 WL 2127879, at *1 (S.D. Ohio Apr. 5, 2007) ("The Court cannot compel defendant to

produce what it does not have"); _Ridenour v. Collins_, 692 F. Supp. 2d 827, 841 (S.D. Ohio 2010)

("the Court observes that a party cannot be compelled to produce documents that do not exist or

which it does not possess or control"); _Smith v. City of Albuquerque,_ No. 05-cv-203-WJ-LFG,

2006 WL 8444250, at *2 (D.N.M. Apr. 10, 2006) ("With respect to the motion to compel, the

Court denies it first because the Court cannot compel a party to produce what it does not

possess."); _Barron v. Alcaraz_, No. 2:11-cv-2678-JAM-ACP, 2016 WL 2346957, at *9 (E.D. Cal.

May 4, 2016) ("the court is without authority to compel defendant to produce documents that he

says he does not possess. Therefore, plaintiff's motion to compel the production

of documents responsive to these requests must be denied.").

 As per the court in _Manning v. Gen. Motors_, 247 F.R.D. 646, 652 (D. Kan. 2007):

> Fed.R.Civ.P. 34 imposes a duty on the responding party to produce documents that are in
> the "possession, custody or control of the party." To that end, the Court cannot compel a
> party to produce documents that do not exist or that are not in that party's possession,
> custody, or control. Although the Court finds it difficult to imagine that Defendant does
> not possess any electronic or paper documents identifying vacant positions at the GM
> Kansas City facility from March through July 2004, there has been no information
> submitted by Plaintiff to lead the Court to question the veracity of Plaintiff's statement
> that no responsive documents exist. The Court thus has no basis upon which to compel
> Defendant to produce responsive documents.

_Manning_, 247 F.R.D. at 652.

Here, Defendant has failed to cite any caselaw authority for the proposition that a party

can be compelled to produce documents he does not have.  As per the accompanying declaration

of Richard Liebowitz, Plaintiff's counsel has repeatedly asked Plaintiff to produce any

documents in his possession responsive to Defendant's requests.  [Liebowitz Decl. ¶ 2]  Plaintiff

has, in turn, repeatedly indicated that, other than the documents already produced to Defendant

in the ordinary course of this litigation, he does not have any further documents in his possession responsive to Defendant's requests. Accordingly, Defendants' request should be denied.

Defendant is entitled to depose Plaintiff under oath with respect to his diligent search for documents throughout the pendency of this action.

**POINT II:**     **THE COURT SHOULD NOT COMPEL PLAINTIFF TO APPEAR FOR MEDIATION OR DEPOSITION IN-PERSON**

Defendant also asks the Court to compel Plaintiff to appear in person for his noticed deposition (which must take place before August 8, 2020), or the mediation session (which must take place before July 31, 2020). This request should be denied on grounds that Plaintiff, a foreign national domiciled in Vietnam, is unable to travel to the United States before the fact discovery deadline or mediation completion date.

"[C]ourts retain substantial discretion to determine the site of a deposition." *Alpha Capital Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 178 (S.D.N.Y. 2017) (citations omitted). As a general rule, a plaintiff will be required to make himself available for a deposition in the forum where he brought suit. *See Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011). "However, this is not an absolute rule, and 'courts must strive to achieve a balance between claims of prejudice and those of hardship.'" *Packard v. City of New York*, 326 F.R.D. 66, 67–68 (S.D.N.Y. 2018) (quoting id.)

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that a court on motion may order that a deposition be taken "by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "Holding a deposition by videoconference is 'frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides.' " *Alpha Capital*, 323 F.R.D. at 179 (citation omitted).

Even before COVID-19, Courts routinely observed that video depositions are an appropriate means to depose a party. *See, e.g.*, *Packard v. City of New York*, 326 F.R.D. 66, 68 (S.D.N.Y. 2018) ("Any prejudice to the City of holding a deposition by videoconference seems to the Court to be minimal, since the City will be able to observe Meacham's demeanor through the video connection"); *Connell v. City of New York*, 230 F.Supp.2d 432, 437 (S.D.N.Y. 2002) ("A video conference deposition should resolve any concerns defense counsel has over observing plaintiff's demeanor."); *Kelly v. Eli Lilly & Co.*, No. 14-CV-03869-JST, 2015 WL 2062047, at *2 (N.D. Cal. Apr. 30, 2015) ("While Defendant is correct that live testimony is preferable to video, the Court cannot say that using video testimony from just these witnesses, whose number is unknown, will have a significant effect on the trial.")

Here, it is common knowledge in the American legal profession that as of mid-March 2020, civil litigants in the federal courts have been conducting mediation sessions, conferences and depositions remotely, either by telephone or videoconference.  [Liebowit Declr. ¶ 3]  Indeed, given the recent news reports indicating that 23 states, including Texas, have seen an uptick in COVID cases in the last week, the Court should reprimand Defendant and its counsel for filing a motion to compel in mid-June 2020 seeking mandatory in-person attendance at deposition and mediation within the next two months.  The fact that Defendant and its counsel fail to even cite the health pandemic in its moving brief demonstrates bad faith conduct which warrants monetary sanctions.

Moreover, even if a vaccine for COVID-19 is discovered and administered before August 2020 (which health authorities such as Anthony Fauci have stated is highly improbable), Plaintiff may not be able to obtain a visa to travel to the United States.  Accordingly, Plaintiff's

deposition by video, and participation in mediation by phone or video, should be deemed sufficient.

**POINT III:    THE COURT SHOULD ORDER DEFENDANT TO PARTICIPATE IN GOOD FAITH IN A MEDIATION BY JULY 31, 2020**

As per the amended scheduling order in Docket 20, the parties are ordered to complete a mediation by July 31, 2020.  However, Defendant has indicated that it  has no intention to comply with the Court's order absent Plaintiff's in-person participation.  Accordingly, Plaintiff respectfully requests that the Court order Defendant to participate in the mediation in good faith by no later than July 31, 2020 and allow Plaintiff to appear remotely, either via telephone or by video.

**POINT IV:    THE COURT SHOULD NOT DISMISS PLAINTIFF'S CASE IF HIS TESTIMONY AT TRIAL IS THROUGH REMOTE TECHNOLOGICAL MEANS**

Finally, Defendant asks the Court to dismiss this case if Plaintiff is unable to appear at trial in person on January 19, 2020.  This request is premature and should be denied.

As a matter of law, "[p]arties are not entitled to a court order precluding witnesses, who have refused to appear at the beginning of a trial because they resided more than 100 miles from this district, from later offering testimony on behalf of their particular claims. *Angamarca v. Da Ciro, Inc.,* 303 F.R.D. 445, 448 (S.D.N.Y. 2012); *citing A.I.A. Holdings, S.A. v. Lehman Brothers, Inc.,* No. 97 Civ. 4978(LMM), 2002 WL 31324030, *1–2 (S.D.N.Y. Oct. 16, 2002); *see* Fed. R. Civ. P. 45(b)(2) (allowing testimony from witnesses who resided beyond the 100–mile radius of the court's jurisdiction).

Additionally, the Court is not required to compel Plaintiff's attendance at trial, and Defendants "do not contend that the court has the power to order plaintiffs to attend their own

trial." *Id.* (citing *Standard Metals Corp. v. Tomlin,* No. 80 Civ. 2983, 1982 WL 1300, at *1–2

(S.D.N.Y. Apr. 14, 1982) (distinguishing between Rule 30(b), governing a court's discretion to

determine the location of a deposition, and Rule 45(e)(1), which is silent as to such discretion

and a court's ability to compel attendance)).

Here, it remains plausible that Plaintiff will be able to attend trial in January 2021.  For

that reason, the relief requested by Defendant is premature and should be denied.  Moreover,

even if Plaintiff is unable to attend trial in person, his remote participation by video should be

deemed sufficient. *Kelly,* 2015 WL 2062047, at *2.


**POINT V:**     **THE COURT SHOULD AWARD PLAINTIFF HIS FEES FOR HAVING**
                 **TO OPPOSE DEFENDANT'S HARASSING MOTION**

The Court should recognize that throughout the pendency litigation Defendant and its

counsel have been acting in bad faith and have been harassing. By filing a motion to compel

after Plaintiff certified to Defendant that Plaintiff did not have any more documents,

Defendant's motion should be deemed frivolous.

Further, Defendant's tone-deaf request that Plaintiff should be compelled to appear in-

person for a deposition and mediation in the midst of an international health pandemic where the

legal profession is working remotely from home, is another example of Defendant's

unacceptable behavior.  Indeed, Defendant's motion fails to even mention the serious health

pandemic which has made international travel impractical and unsafe for the foreseeable future.

Defendant is free to take a deposition of Plaintiff through video conference means to get

more assurance that Plaintiff has searched for and produced all documents relevant to the case or

to explore other matters related to Plaintiff's claims. Finally, the instant motion is improperly

motivated because Defendant is simply trying to exploit the Liebowitz Law Firm's past history of sanctions orders.

Accordingly, the Court should award Plaintiff his reasonable attorneys' fees in connection with the instant motion pursuant to the Court's inherent powers and to deter Defendant and its counsel from engaging in bad faith behavior in the future.

## CONCLUSION

Based on the foregoing, Plaintiff and his counsel respectfully request that Defendant's motion to compel should be DENIED in its entirety and this case should be allowed to proceed on the merits.  Further, the Court should award Plaintiff his attorneys' fees for defending against Defendant's frivolous motion, which is harassing and tone deaf.

Dated: June 24, 2020
      Valley Stream, NY

                                  **/s/richardliebowitz/**
                                  Richard Liebowitz
                                  LIEBOWITZ LAW FIRM, PLLC
                                  11 Sunrise Plaza, Suite 305
                                  Valley Stream, NY 11580
                                  516-233-1660
                                  RL@LiebowitzLawFirm.com

                                  *Attorneys for Plaintiff*