IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(TYLER DIVISION)

ROBERT BERG,

                     Plaintiff,

  - against -

M&F WESTERN PRODUCTS, INC.

                     Defendant.

Docket No. 6:19-cv-00418-JDK

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

    Plaintiff Robert Berg (Plaintiff"), via counsel, respectfully submits this memorandum of law in opposition to Defendant M&F Western Products, Inc. ("Defendant")'s motion for partial summary judgment.

    For the reasons more fully stated below, Defendant's motion should be denied because there exist material issues of fact in dispute. In the alternative, Defendant's motion should be denied under Rule 56(d) of the Federal Rules of Civil Procedure with leave to renew after the conclusion of fact discovery.

**PROCEDURAL BACKGROUND**

• On September 14, 2019, Plaintiff filed his initial complaint against Defendant for copyright infringement. [Dkt. #1]

• On December 24, 2019, Defendant filed its answer. [Dkt. #3]

- On February 7, 2020, the Court entered a scheduling order which sets the fact discovery deadline as August 7, 2020 and a jury trial for January 19, 2021. [Dkt. #10] A revised scheduling order was entered on March 5, 2020 but the the aforesaid fact discovery deadline and trial date remain the same [Dkt. #20]

- On April 13, 2020, Plaintiff filed his first amended complaint [Dkt. #23]

- On May 4, 2020, Defendant filed its answer to the amended complaint. [Dkt. # 24]

- On June 12, 2020, Defendant filed a motion for partial summary judgment to dispose of one of the copyrighted designs asserted by Plaintiff under Registration No. VA 1-159- 548, with effective date of July 26, 2002.

## **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the nonmovant "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal citations omitted). At that moment, the court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if "the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor," the motion for summary judgment must be denied. *Id.*

## STATEMENT OF FACTS

Plaintiff Robert Berg, a native of Australia, is a professional jewelry designer who currently resides in Vietnam. Currently, Berg is unable to travel to the United States due to visa issues. [Amended Complaint, Dkt. #23 ("Am. Compl."), ¶ 5]

In the late 1970s, Berg was a rodeo performer and silversmith in Australia who began designing and selling western jewelry. [Am. Compl. ¶ 7] After an injury ended his rodeo career, Berg expanded his jewelry business. Although he focused on belt buckles, he also began to design, produce, and sell western- style rings, necklaces, bracelets, conchos, spurs, knives, and three-piece buckle sets. [Am. Compl. ¶ 8] In 1993, Berg moved to Bandera, Texas, to pursue the western jewelry market in the United States. Berg continued to design jewelry and buckles which have a distinctive "look" consisting of the following original elements: black background, the use of "tri-color" (red, green, and yellow) gold; a layer of scrollwork with a vine design, a layer of leaves, and a third layer of flowers; and, when edged, use of a raised silver edge with large tapered beads. Hand-cut and soldered scrollwork and lettering characterize Bob Berg designs. Berg initiated the technique of stacking tri-color gold to achieve a three-dimensional look in his buckles and jewelry. [Am. Compl. ¶ 9]

By 2000, Berg's jewelry designs had become well-known in the United States and Texas. For example, he was asked to design the trophy cup for the world championship professional bull riding competition. He also built championship buckles for prominent rodeo committees across the United States and supplied buckles to the champions of the Australian Pro Rodeo Association for over two decades. [Am. Compl. ¶ 10]

Between 2000 and 2003, Berg created original designs consisting of Western-styled jewelry and belt buckles that are the subject of this lawsuit (collectively the "Designs"). [Am.

Compl. ¶ 11] A true and correct copy of some of the Designs are attached as <u>Exhibit A</u> to the Amended Complaint [Dkt. #23-1]

In 2002, Berg created a stylized and intricate design for an oval belt buckle (the "Oval Buckle") and registered it with the U.S. Copyright Office under No. VA 1-159- 548, with effective date of July 26, 2002 (the "548 Registration"). [Am. Compl. ¶ 13] A true and correct copy of the 548 Registration, as maintained by the U.S. Copyright Office's website, is attached as <u>Exhibit C</u> to the Amended Complaint [Dkt. #23-3]

In 2002, Berg created a stylized and intricate design for a rectangular belt buckle (the "Rectangular Buckle") and registered it with the U.S. Copyright Office under No. VA 1-159-548, with effective date of July 26, 2002. [Am. Compl. ¶ 14; Dkt. #23-3] Berg is the author of the Designs and has at all times been the sole owner of all right, title and interest in and to the Designs, including the copyright thereto. [Am. Compl. ¶ 16]

In or about 2005, after Berg's works were registered, an third-party individual named Gary Ballenger gained access to Berg's copyrighted molds and then distributed them to Defendant's without Berg's knowledge or authorization. [Am. Compl. ¶ 18]

In 2005 or thereafter, M & F created their own products copying the Designs for their products and mass producing them. [Am. Compl. ¶ 18] Some examples are attached hereto as Exhibit A to the Amended Complaint [Dkt. #23-1].

<b><u>ARGUMENT</u></b>

**POINT I:    WHETHER PLAINTIFF'S DESIGN OF STYLIZED TAPERED BEADS WERE "COMMON" BEFORE 2002 PRESENTS A QUESTION OF MATERIAL FACT FOR TRIAL**

Defendant argues that Plaintiff's asserted copyright in the five-tapered beaded

4

design, in both oval and rectangular format, which are covered under the 548 Registration concern design elements that were "very common in the Western buckle and jewelry industry" prior to 2002.  [Declaration of Cary Kraft, Dkt. #27-3 ("Kraft Declr.") ¶ 10]  Under copyright law, Defendant's legal argument challenges the originality of Plaintiff's designs. Defendant contends that because the five-beaded tapered design registered with Plaintiff's 548 Registration is "common," it must therefore lack the requisite originality to qualify for copyright protection.

"The true touchstone of copyrightability is originality." *Compaq Computer Corp. v. Ergonome, Inc.,* 137 F. Supp. 2d 768, 772–73 (S.D. Tex. 2001) (citing *Kamar Intern., Inc. v. Russ Berrie and Co.,* 657 F.2d 1059, 1061 (9th Cir.1981) ("Originality is the indispensable prerequisite for copyrightability."). The originality inquiry focuses on the manner in which the ideas are expressed, which often depends on how the component parts of the expression are arranged and are related to one another.  *Id.* (citing *Roth Greeting Cards v. United Card Co.,* 429 F.2d 1106, 1109 (9th Cir.1970) (holding that copyrightability often depends on "text, arrangement of text, art work, and association between art work and text . . . as a whole").  The key is whether the overall form of the expression is original, for "if the selection and arrangement are original, these elements of the work are eligible for copyright protection." *Id.* (citing *Feist Publ'ns v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 349, (1991).

Here, Plaintiff's arrangement of the five-tapered beads at the compass points of a rectangular or oval belt buckle is sufficiently original to qualify for copyright protection as a matter of law.  It is therefore Defendant's evidentiary burden to establish that Plaintiff's design was "common" before 2002.  Defendant has failed to satisfy that burden through the

introduction of any admissible documentary evidence or expert testimony.

Defendant submits screenshots of beaded designs that were allegedly created <u>after</u> Plaintiff's design was copyrighted in 2002 [Dkt. #27-1, p. 45-53]  Defendant also submits a single screenshot of an alleged belt buckle design by a company called Crumrine, which allegedly dates back to 1995 (the "Crumrine Buckle"). [Kraft Declr. ¶ 11]  None of this evidence has been authenticated and there is no admissible proof that Crumrine was marketing Plaintiff's design back in 1995.

Kraft, an employee of Defendant, testifies that he created the accused M&F Design in 2015 and that his belt buckle design was based on the alleged Crumine Buckle from 1995. [Kraft Decl. ¶ 12] Notably, and as further discussed below, Kraft does not verify the authenticity of the screenshot of the Crumrine Buckle in his sworn declaration. Nor does Kraft disclose when the Crumrine Buckle screenshot was taken or where it is from.

At best, Defendant has submitted a pair of declarations by interested party employees to say that Plaintiff's copyrighted belt buckle design was "common" before 2002.  Such scant and conclusory testimony of Defendant's employees, which is unsupported by any verified or authenticated documents, is not sufficient to support a grant of summary judgment in Defendant's favor.  Issues of material fact remain for trial as to whether Plaintiff's copyrighted belt buckle design existed prior to 2002.

**POINT II:** **THERE EXISTS GENUINE ISSUES OF MATERIAL FACT FOR TRIAL CONCERNING WHETHER A CRUMINE BELT BUCKLE DESIGN ACTUALLY EXISTED IN 1995 FEATURING FIVE-TAPERED BEADS ON THE COMPASS POINTS**

Defendant avers that the use of five-tapered beads on oval and rectangular belt

6

buckles pre-existed Plaintiff's 2002 copyright registration by at least seven years. As evidence to support this proposition, Defendant submits a single, unverified and unauthenticated screenshot of an alleged belt buckle design by a company called the Crumrine Buckle Company, which allegedly dates back to 1995 (the "Crumrine Buckle Scrrenshot"). As explained below, this unauthenticated evidence is insufficient to support a grant of summary judgment.

**A.      Under Fed.R.Evid. 901, Plaintiff Objects to the Authenticity of the Crumine Buckle Screenshot**

Rule 901(a) of the Federal Rules of Evidence provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Rule 901(b) provides examples that may satisfy the requirement including "testimony of a witness with knowledge" that "an item is what it is claimed to be." Fed.R.Evid. 901(b).

Here, the evidence submitted by Defendant to purportedly show that a five-beaded tapered design existed in 1995 does not satisfy Rule 901 of the Federal Rules of Evidence.

First, the screenshot attached as Exhibit 1 to Defendant's answer [Dkt. #24-1] purports to show a belt buckle design, featuring five-tapered beads at the compass points, that was allegedly available for sale by third-party Crumrine Buckle Company in the Fall of 1995. Contrary to Fed.R.Evid. 901, the screenshot attached to Exhibit 1 to the Answer was not authenticated by any witness with knowledge at the time the answer was filed and is therefore not admissible as evidence on summary judgment.

Second, despite its lengthy submission, Defendant's abject failure to submit witness declarations which explain the source of where this Crumrine Buckle Screenshot originated,

when, and by whom should be cause for the Court's concern.  Is this a photograph taken from a hard copy of a 1995 Crumrine catalog?  It does not appear so.  Rather, it looks like a composite graphic that was designed in Photoshop-type software.  Indeed, this image easily could have been fabricated by Defendant after this lawsuit was filed using a simple digital editing program.  Plaintiff is entitled to cross-examine Defendant's witnesses at trial concerning the authenticity of this document, as well as conduct further discovery concerning the document's mysterious origins.  At the very least, Plaintiff is entitled to examine the hard copy of this purported 1995 catalog *in its entirety*, rather than a single page allegedly excerpted from the catalog.

There remain questions of material fact concerning whether Exhibit 1 to the Answer is what it purports to be: a page from a 1995 catalog by Crumrine Buckle Company featuring a belt buckle design with five tapered beads.  The fact that Defendant submitted three sworn declarations of its employees without bothering to properly authenticate Exhibit 1 to the Answer, which is the core evidentiary basis for its dispositive motion, should warrant denial of the instant motion.

**B.     Under Fed.R.Civ.P. 56(c)(2), Plaintiff Objects on Grounds that the Crumine Buckle Screenshot Was Not Properly Authenticated**

Rule 55(c)(2) of the Federal Rules of Civil Procedure provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 55(c)(2).  Further, the Fifth Circuit has repeatedly held that documents submitted as summary judgment evidence must be authenticated.  *See, e.g.*, *R.R. Mgmt. Co., L.L.C. v. CFS La. Midstream Co.*, 428 F.3d 214, 220 (5th Cir. 2005) (holding that exclusion of an exhibit was not an abuse of discretion

absent indicia of authenticity within the exhibit itself or other evidence on the record tending to authenticate the exhibit); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir.1991) (holding that documents submitted as summary judgment evidence must be authenticated).

Here, a cursory glance at the affidavits of Kraft, Eddins and LaShelle demonstrate that Defendant has failed to properly authenticate the suspect screenshot of the Crumrine Buckle. LaShelle's attempt to authenticate the single screenshot of the 1995 catalog is improper because he fails to place the single page in context of a larger catalog or explain how the screenshot of the catalog was allegedly taken or when or by whom. [LaShelle Declr. ¶10]

**POINT III:   THERE EXISTS GENUINE ISSUES OF MATERIAL FACT FOR TRIAL CONCERNING WHETHER DEFENDANT ACQUIRED ANY COPYRIGHT TO THE ALLEGED 1995 CRUMINE DESIGN**

Based on declarations of its own employees, Defendant alleges that in 2007, "M&F Western acquired Crumrine Manufacturing Jewelers, Inc. as well as the intellectual property in its designs through an Asset Purchase Agreement." [Declaration of Paul Eddins, Dkt. # 27-2 ("Eddins Declr.") ¶3] Specifically, Eddins claims that "M&F Western acquired the rights in a 1995 buckle design incorporating five tapered beads along the four compass points below." Notably, Eddins does not verify the authenticity of the screenshot of the Crumrine Buckle in his sworn declaration. Nor does Eddins disclose when the Crumrine Buckle screenshot was taken.

Defendant claims, through the declaration of Jeanne Crumrine LaShelle [Dkt. # 27-4] that "the intellectual property rights in the Crumrine Buckle were transferred to

Defendant through a 2007 asset purchase agreement. [*Id.* at ¶5, Ex. A]  However, the Asset Purchase Agreement attached as Exhibit A to the LaShelle declaration does not contain a schedule listing any intellectual property assets.

Moreover, Defendant has failed to submit any evidence showing that any of the Crumrine Buckles were registered with the Copyright Office as of 2007 or anytime prior to the alleged transaction.  Defendant has failed to explain how intellectual property assets, which were never scheduled or registered by Crumrine at the time of the alleged 2007 transaction, could have been transferred subject to Defendant's asset purchase agreement. Indeed, there is no admissible evidence, such a copyright registration, that Crumrine Buckle created a five-tapered design prior to 2002. To the extent such evidence is admissible, then Plaintiff should be accorded the opportunity to conduct further discovery, as per Point IV, *infra.*

**POINT IV:    THE COURT SHOULD DENY DEFENDANT'S MOTION WITH LEAVE TO RENEW AFTER CLOSE OF FACT DISCOVERY**

Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

"Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *Bassknight v. Deutsche Bank Nat. Tr. Co.*, No. 3:12-CV-1412-M BF, 2013 WL 1245563, at *1 (N.D. Tex. Mar. 4, 2013), *report and recommendation adopted*, No. 3:12-CV-1412-M BF, 2013 WL 1249580 (N.D. Tex. Mar. 26, 2013) (citation omitted).  It is frequently invoked when a party claims that it has had insufficient time for

discovery. *See, e.g., Bramlett v. Med. Prot. Co. of Fort Wayne, Ind.,* No. 3:10–CV–2048–D, 2012 WL 3887059, at *3 (N.D.Tex. Sep.7, 2012) (party sought to defer court's consideration of summary judgment motion under Rule 56(d) on grounds that additional discovery was necessary in response to arguments raised in adversary's supplemental motion).

To justify a continuance, the Rule 56(d) motion must demonstrate (1) why the movant needs additional discovery; and (2) how the additional discovery will likely create a genuine issue of material fact. *Stearns Airport Equip. Co. v. FMC Corp.,* 170 F.3d 518, 534–35 (5th Cir.1999) (citation omitted). Rule 56(d) motions are "broadly favored and should be liberally granted." *Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir.2010).

Here, Plaintiff is entitled to conduct further discovery on whether the alleged excerpt from the 1995 Crumrine catalog is authentic, i.e., is what it purports to be.  Plaintiff is also entitled to depose LaShelle concerning the authenticity of the alleged 1995 catalog.  Plaintiff is also entitled to discovery as to whether the alleged 1995 Crumrine Buckle was actually registered with the copyright office and whether the 2007 asset purchase agreement made any specific mention of Crumrine's alleged 1995 design.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that Defendant's motion for partial summary judgment be DENIED in its entirety.  In the alternative, Defendant's motion should be denied with leave to renew after the close of fact discovery under Rule 56(d).

Dated:  June 26, 2020
       Valley Stream, NY

                                                  **/s/richardliebowitz/**

Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
516-233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Robert Berg*