IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROBERT BERG,§<br>      Plaintiff §<br>vs. §<br>     §<br>M&F WESTERN PRODUCTS, INC., §<br>      Defendant. § | Case No. 6:19-cv-418-JDK |

Reply in Support of Motion to Compel

**We know additional documents exist that Berg and Liebowitz failed to produce.** During this litigation, Berg created and sent correspondence to other companies in the Western Jewelry Industry about their alleged infringement of the same registration(s) in this case (Berg Correspondence) and made Facebook posts about this litigation. Berg failed to produce these documents or any of the responses he received. Repeatedly. Fortunately, M&F Western is aware of Berg's failure because it received some of the Berg Correspondence from the recipients. But it is unknown how many more documents exist in this category or other important categories that were not produced.

Plaintiff's Response to M&F Western's Motion to Compel ignores that these documents exist(ed), were relevant, and were not produced. Instead of explaining why he did not produce them or why the Court should believe that he has searched for and produced all relevant documents, Berg himself stays silent and avoids submitting his own affidavit or otherwise informing the Court what he did. Instead, Liebowitz makes two arguments. First, Liebowitz (the lawyer) attests that he asked Berg for all documents and that the client confirmed he had done so. The argument is obviously lacking given the Berg Correspondence was forwarded to M&F Western by others. Those documents were created after this litigation started. If they no longer

exist, Berg spoliated evidence.[1] If they do exist, he misled the Court and misled and prejudiced M&F Western by not producing them. Which is it and why did Berg take this moment to stay silent?

Second, Liebowitz claims that his past discovery and other ethical transgressions are being wrongly used to suggest bad conduct in this case, but his propensity for flouting the rules in other cases is relevant because he is doing the same thing here. In the four years that **Liebowitz has** been practicing law, he has racked-up **at least 40 opinions in which he has been sanctioned**, many of which include discovery abuse. Since M&F Western filed its Motion to Compel, Judge Furman of the Southern District of New York sanctioned Liebowitz (in part for similar discovery abuses) in a 54-page opinion that collected and annotated the numerous sanctions orders against Liebowitz and found them to be so disturbing **he ordered Liebowitz to share that opinion with all of his current clients and all Courts in which he has filed a case or files one in the coming year as a separate filing to draw attention to it**. *Usherson v. Bandshell Artist Management*, 19-CV-6368 (JMF) at p. 54 (S.D.N.Y. June 26, 2020).[2] In other words, another federal judge found Liebowitz's transgressions pervasive enough that he felt it important to warn all federal judges before whom Liebowitz practices.

And Berg has a similar history. In *Berg v. Symons* (4:03-cv-02683 (S.D.Tex)), Berg sued his ex-wife in part for similar allegations of copyright infringement. (Berg failed to produce these documents as well.) According to Berg's own lawyer (who withdrew from the case): "Mr. Berg throughout the prosecution of this case failed to cooperate with former counsel and failed to provide the necessary information and documentation to prosecute this matter even after numerous requests for additional information. Mr. Berg continuously failed to provide former

---

[1] M&F Western reserves its rights to seek redress for any spoliation at a later date.
[2] The opinion is attached as <u>Exhibit A</u>. The Sanctions Chart is located in the Appendix to the opinion.

counsel with documents and information requested in order to respond to discovery propounded by Defendant Symons." (Exhibit B, Affidavit of L. Parrish at ¶3.)[3]

Berg's and Liebowitz's actions in this case (individually and collectively) show them to be engaging in the same type of behavior. Berg should be ordered to produce all relevant documents with whatever safeguards the Court deems appropriate.

**Berg cannot legally enter the United States.** Had Liebowitz or Berg informed the Court before the Scheduling Conference, it would have been addressed then. They didn't. We are now left with a Plaintiff who cannot enter the United States. We do not know why, what corrective actions are required of Berg for him to enter, or his progress taking those steps because Berg argues that such documents and information are not relevant. They are. Since Berg failed to address in his response both the relevancy of the information and his attempt to hide these facts by labeling them with a Rule 408 moniker, M&F Western asks that they be immediately produced.

But the underlying issue needs to be addressed. Right now, Berg cannot enter the States for deposition, mediation, or trial, meaning that M&F Western will never get a chance to question him in person—never.

In response, Berg cites three arguments. First, he cites the pandemic. Berg's inability to enter the States long predated the timing of the pandemic taking hold in the States as evidenced by Berg's refusal to personally attend the March mediation and the reasons provided by Liebowitz at that time. With Berg being in Vietnam and COVID19 already ravaging Asia, Liebowitz was clear as to why his client could not show—Visa Issues. (Exhibit D, Dkt. 16 at p. 1; Exhibit E, email from R. Liebowitz at p. 1.)

---

[3] Berg was also personally sanctioned $25,000 for his abuse of the court system because he "engaged in a pattern of litigious behavior for the improper purpose of harassing his ex-wife". (Exhibit C, Findings of Fact and Conclusions of Law in *Berg v. Joanna Dorothy Berg d/b/a Hy O Silver*, No. 8045-01 (July 3, 2007)).

Second, Liebowitz claims that M&F Western intends to "defy" Court orders regarding the mediation and should be sanctioned.[4] It is obvious rhetoric meant to distract. M&F Western (not surprisingly) is going to do as the Court orders. M&F Western is in contact with Magistrate Judge Love's chambers and understands that Magistrate Judge Love has availability throughout July such that the parties can comply with the Court's direction on this issue. But this issue needs to be addressed. The parties need guidance on whether Berg can prosecute this case by Zoom based on Visa Issues he knew all along, and M&F Western's raising them with the Court is perfectly valid.[5] The Court should order Berg to fully explain what he knew about the Visa Issues when he filed this lawsuit, the details of the Visa Issues, and what Berg knows about his ability to enter the country in the future (e.g., has he already been permanently denied entry?).[6]

Third, Plaintiff claims that the Visa Issues might be cleared up by trial, but Berg will not produce any documents or information supporting that position. Regardless, it is mere speculation, and it should be rejected as such.

**M&F Western seeks the following relief.** With respect to Berg's document production, M&F Western seeks an Order that requires Berg within seven (7) days to produce all documents (including those related to his Visa Issues and any criminal convictions) that relate to a claim or

---

[4] Plaintiff also asks that M&F Western be sanctioned for moving to compel production of documents after Liebowitz "certified" Berg's compliance. They avoid the issue—Liebowitz's representation that his client had produced all relevant documents is obviously inaccurate since there are additional documents Berg created during the pendency of this lawsuit that were not produced and only highlights Berg's personal decision not to file a supporting affidavit.

[5] M&F Western notes its position, however, that this case is not one where mediation is likely to be fruitful. M&F Western has demonstrated repeatedly that Berg and Liebowitz filed this case to leverage a settlement and their failure to participate fully in discovery merely affirms that (as do Berg's letters to many others in the Industry threatening to sue on the same tapered beads design). M&F Western simply will not pay a copyright troll to go away. It has filed a Motion for Partial Summary Judgment on the Buckle Claim and the remaining claims are equally without merit. M&F Western asks that the Court remove the mediation requirement and allow the case to proceed on the (lack of) merits through a ruling on summary judgment or trial.

[6] Berg's responses to M&F Western's interrogatories on the Visa Issues are incomplete. For instance, he states that his visa application was denied after his permanent resident card in the United States was cancelled, but he does not state when his permanent resident card was cancelled or why. (Exhibit F, Answer to Interrogatory No. 10.) And he refuses to answer M&F Western's interrogatory asking him to identify all criminal charges brought against him and whether he was convicted, yet this information is highly relevant to his credibility and, on information and belief, to the Visa Issues. (Exhibit F, Answer to Interrogatory No. 11.)

defense in this lawsuit (illustrative examples of which were identified in Exhibit E to DKT Entry 26-1 at p.32) and provide a verified statement explaining what happened to the Berg Correspondence as well as any response and the Facebook posts he made relating to the case.

    M&F Western further asks the Court to waive the requirement of mediation in this case, to provide guidance to the parties on how to proceed given that Mr. Berg cannot enter the States, and for all such other and further relief at law or in equity to which the Court finds M&F Western entitled.

Dated: July 1, 2020                          Respectfully submitted,

                                                   By:   /s/ *John R. Hardin*
John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

***Attorneys for M&F Western***

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served on opposing counsel by electronically filing it.

                                                 */s/ John R. Hardin*
John R. Hardin