# **EXHIBIT C**

RECEIVED
JUL 18 2007
File

NO. 8045-01

| | | |
|---|---|---|
| ROBERT PETER BERG d/b/a SILVERDALES COLLECTIBLE FINE JEWELRY & d/b/a BOB BERG BUCKLES | § § § § § § § § § § | IN THE DISTRICT COURT |
| vs. | | 216TH JUDICIAL DISTRICT |
| JOANNA DOROTHY BERG d/b/a HY O SILVER | | BANDERA COUNTY, TEXAS |

## THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

### FINDINGS OF FACT

1. The evidence shows that Robert Berg has engaged in a pattern of litigious behavior for the improper purpose of harassing his ex-wife, Joanne Symons, filing suits against her in federal court in Houston, in state court in Bandera County and in Las Vegas, NV.

2. The evidence shows that Robert Berg ~~filed his petition and~~ continued this lawsuit despite his knowledge that the claims he brought were simultaneously being presented to and ultimately decided by the federal court in *Berg v. Symons*, Civil Action No. 03-2683, in the U.S. District Court for the Southern District of Texas, Houston Division. SBA

3. The evidence shows that the federal court found that Robert Berg has filed "repetitive legal actions" which is "consistent with Berg's harassment of Symons."

4. The evidence shows that Robert Berg's filing of repetitive legal actions on the same issues is done with the improper motives to harass Joanne Symons, delay any conclusion to litigation, and unduly increase Symons' litigation costs. Moreover, Robert Berg's actions constitute an abuse of the court system.

5. The evidence shows that Robert Berg brought this suit to harass Joanne Symons, cause unnecessary delay and needlessly increase the cost of litigation. In doing so, he acted in bad faith.

6. The evidence shows that the causes of action in Robert Berg's petition are groundless and have no basis in law or fact, because the issues were already decided by the federal district court.

7. The evidence shows that Joanne Symons incurred $37,682 in attorney's fees, representing 233.45 hours of work. This represents an hourly rate of less than $200 and hour, which is a reasonable rate, and the number of hours expended are reasonable given the complexity of the state court litigation and the amount of research, pleadings and discovery necessary to defend this state court suit.

## CONCLUSIONS OF LAW

1. Robert Berg's conduct violated Texas Civil Practice and Remedies Code section 10.001(1). This Court has authority to sanction Robert Berg under section 10.004.

2. Robert Berg's conduct violated Texas Rule of Civil Procedure 13. This Court has authority to sanction Robert Berg under Texas Rule of Civil Procedure 215 by ordering him to pay reasonable attorney's fees.

3. This court has inherent authority to sanction Robert Berg for his abuse of the system.

4. Robert Berg is a vexatious litigant under Texas Civil Practice and Remedies Code section 11.054(2). This Court has authority to require Robert Berg to pay Joanne Symon's reasonable expenses upon dismissal on the merits of the litigation.

5. Robert Berg's conduct violated Texas Civil Practice and Remedies Code section 9.011, and this Court has authority to sanction Robert Berg under section 9.012.

6. The sanction of $25,000 plus $10,000 in the event of appeal to the Fourth Court of Appeals and $5,000 in the event of appeal to the Texas Supreme Court constitutes reasonable and necessary attorney's fees.

7. The sanction is necessary to deter, alleviate, and counteract abuse of the legal system by Robert Berg.

8. The sanction is necessary to compensate Joanne Symons for reasonable expenses she

incurred defending this litigation.

9. The sanction also compensates Joanne Symons for her reasonable expenses incurred in connection with litigation commenced and maintained by Robert Berg.

SIGNED on ____7/3____, 2007.

_____
Stephen B. Ables
Judge Presiding

FILED
2007 JUL -5 PM 12: 35