IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROBERT BERG, § | |
| §  Plaintiff, § | |
| vs. § | Case No. 6:19-cv-418-JDK |
| § | |
| M&F WESTERN PRODUCTS, INC., § | |
| §  Defendant. § | |

## REPLY IN SUPPORT

In 1995, Crumrine created an oval buckle with tapered beads on the compass points that were exactly like Berg's Design, were the genesis of the Allegedly Infringing Products, and predated Berg's Design by years. Jeannie Crumrine LaShelle attested that she oversaw the design of the 1995 Crumrine Buckle and she authenticated the 1995 fall Crumrine catalog page showing the buckle. M&F Western acquired the rights to Crumrine, its intellectual property, including the rights in the buckle, all of which was proven-up by the Asset Purchase Agreement and declarations from Ms. Crumrine LaShelle and Mr. Paul Eddins, who is M&F Western's Chief Financial Officer and was its signatory for the deal. M&F Western also provided sworn statements from Ms. Crumrine LaShelle and Cary Kraft, the designer of the M&F Western barrel-shaped buckle at issue, that these designs were later iterations of the 1995 Crumrine Buckle. In other words, **there was no copying.**

In response, Berg fails to "set out specific facts showing that a genuine issue exists that summary judgment should not be granted." *Haglund v. St. Francis Episcopal Day Sch.*, 8 F. Supp. 3d 860, 864 (S.D. Tex. 2014)*; see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). In fact, he fails to point to any evidence contradicting the above. Instead, Plaintiff peddles conclusory allegations and speculation, which cannot defeat a summary judgment motion as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). This should be the end of his Buckle Claim.

**Plaintiff's authenticity challenge is specious.** To qualify as competent summary

judgment evidence, documents must be authenticated and must be capable of being presented in admissible form at trial. Fed.R.Civ.P. 56(c). Documents are properly authenticated when a party submits sworn testimony that the document is what it purports to be. *See* Fed.R.Civ.P. 901((a) and (b)(1)); Fed.R.Civ.P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Berg ignores the fact that M&F Western's witnesses provided sworn statements attesting to their personal knowledge of the facts and stating that the exhibits to the declarations were "true and correct copies" of the documents provided.

Berg mischaracterizes the Crumrine catalog page (authenticated by Ms. Crumrine LaShelle) as "a single, unverified and unauthenticated screenshot" and argues it is not admissible because it "was not authenticated by any witness with knowledge <u>at the time the answer was filed</u>." Dkt. 30 at p. 7, emphasis added. There is no requirement that it be authenticated with the answer. Further, Ms. Crumrine LaShelle attested: "A true and correct copy of an excerpt from the catalog showing the Crumrine Buckle (M&F000003) is attached hereto as **Exhibit B**. I was an employee of Crumrine Manufacturing Jewelers in 1995 when the Crumrine fall catalog was published, and I am familiar with the catalog." (Dkt. 27-4 at ¶ 10.) The catalog excerpt has been properly authenticated.

Berg also incorrectly argues that Ms. Crumrine LaShelle's "attempt to authenticate the single screenshot of the 1995 catalog is improper because [s]he fails to place the single page in context of a larger catalog or explain how the screenshot of the catalog was allegedly taken or when or by whom." (Dkt. 30 at p. 9). What difference could that possibly make? To put this in proper context, in February, M&F Western produced the full catalog from 1995 as M&F000400-000411 (where M&F000400 is the same excerpt as M&F000003, authenticated by Ms. Crumrine LaShelle). M&F Western is happy to have Ms. Crumrine LaShelle authenticate the entire catalog for the Court to the extent that would be useful; however, the

relevant excerpt at issue is the page showing the 1995 Crumrine Buckle, which has already been properly authenticated. And, according to Local Rule CV 7(b), "Only relevant, cited-to excerpts of attached materials should be attached to the motion or to the response."[1] At the end of the day, Berg's arguments amount to nothing more than a distraction. Ms. Crumrine LaShelle has testified on the basis of her first-hand knowledge that the picture is an accurate representation of a buckle offered for sale by M&F Western's predecessor in 1995. (Exhibit B to Dkt. 27-4, LaShelle Decl. at ¶ 10). That's all that matters.

Lastly, Berg insinuates that the Crumrine Buckle photo is a fake, photoshopped by M&F Western for the case:

> Is this a photograph taken from a hard copy of a 1995 Crumrine catalog? It does not appear so. Rather, it looks like a composite graphic that was designed in Photoshop-type software. Indeed, <u>this image easily could have been fabricated by Defendant after this lawsuit was filed</u> using a simple digital editing program. (Dkt. 30 at p. 8, emphasis added).

Plainly unsupported musings do not defeat summary judgment.

**M&F Western has demonstrated that it owns the Crumrine Buckle and associated intellectual property rights, and that the Crumrine Buckle was the genesis of the Allegedly Infringing Products.** Berg incorrectly argues that there is a genuine issue of material fact on whether M&F Western acquired the copyright in the 1995 Crumrine Buckle, because, according to Berg, copyrights can only be transferred through asset purchase agreements when they are specifically enumerated, such as on a schedule. Again, there is no legal or factual support for Berg's argument. Legally, there simply is no rule precluding a party from transferring "all intellectual property rights, including, but not limited to, copyright registrations." In fact, lawyers use such a structure routinely to ensure stray rights are not abandoned or left behind.[2] Factually, M&F Western provided declarations from the

---

[1] M&F Western attaches the full 1995 catalog hereto as Exhibit 1 for the Court's reference.
[2] Additionally, while a copyright registration is necessary to convey standing to sue in federal court under *Fourth Estate*

buyer and seller, Mr. Eddins and Ms. Crumrine LaShelle, respectively, that all of Crumrine's intellectual property rights were in fact transferred, and the contract states that transferred assets include "the intellectual property owned by Seller, including without limitation Seller's . . . copyrights previously used in the business." (Dkt. 27-4, LaShelle Declaration, Exhibit A at p. 1). And both Mr. Crumrine LaShelle and Mr. Eddins attest that the rights in the Crumrine Buckle were transferred pursuant to the Asset Purchase Agreement. (Dkt. 27-4 at ¶¶ 5 and 10 and Dkt. 27-2, Eddins Decl. at ¶¶ 3 and 5). But whether Crumrine had and transferred intellectual property rights in the buckle is a red herring. The point is that M&F Western's buckle originated long before Berg's so it could not possibly be a copy of Berg's buckle. It's that simple.

**M&F isn't moving on originality.** Berg devoted two pages of his response trying to raise factual issues around the originality of Berg's "design," despite the fact that M&F Western specifically said it was not moving on originality. M&F's Motion is based solely on the fact that there was ***no copying*** because the 1995 Crumrine Buckle was the basis for the allegedly infringing products, not Berg's designs. Though M&F Western specifically reserved the right to separately move for summary judgment based on (lack of) originality (Dkt. 27 at p. 1, fn. 1.), it is simply not before the Court at this time.

**Berg is not entitled to a continuance.** M&F Western sent Berg's counsel a picture of the Crumrine catalog on December 26, 2019 (Exhibit 6 to Dkt. 27-1) and included all the witnesses with knowledge in its Initial Disclosures in January.[3] (Exhibit 2 hereto.) Berg has never sought to depose a single witness. He has had plenty of time to challenge the proffered

---

*Public Benefit Corp. v. Wall-Street.com*, 586 U.S. __ (2019), registration is not mandatory, and the author's rights exist automatically from the moment the original work of authorship is fixed in a tangible medium. 17 U.S.C. § 102.
[3] Mr. Kraft, who also provided a declaration in support of M&F Western's Motion, was also identified in the Initial Disclosures in January along with Ms. Crumrine LaShelle and Mr. Eddins.

evidence and chose to do nothing. A continuance would be a waste of time.

Further, Berg has not identified with specificity anything that would change the motion or the outcome. Ms. Crumrine LaShelle testified that the 1995 Crumrine Buckle was the basis for the Allegedly Infringing Products (Dkt. 27-4 at ¶¶ 11-13) as did Mr. Kraft, who designed the barrel-shaped buckle accused of infringement (Dkt. 27-3 at ¶¶ 6-7 and ¶¶ 11-12). Berg does not even address the point. While Berg claims he wants a deposition on the authenticity of the catalog, he is unable to identify any factual issue with it other than his wild speculation that it "could have been fabricated" using Photoshop. That does not justify a continuance, nor does his argument that the Asset Purchase Agreement had to make "specific mention [of] Crumrine's alleged 1995 design." Plaintiff has simply not identified anything with specificity that would warrant a continuance.

M&F Western's Motion is fully briefed and ripe for consideration, notwithstanding Berg's handwaving. M&F Western, therefore, respectfully requests that its Motion be granted and the Buckle Claim dismissed with prejudice.

Dated:  July 2, 2020                             Respectfully submitted,


                                                 By:   */s/ John R. Hardin*

                                                 John R. Hardin
                                                 Texas Bar No. 24012784
                                                 JohnHardin@perkinscoie.com
                                                 PERKINS COIE LLP
                                                 500 N. Akard Street, Suite 3300
                                                 Dallas, TX 75201
                                                 Phone: 214-965-7700
                                                 Facsimile: 214-965-7799

                                                 Judith B. Jennison
                                                 Washington State Bar No. 36463
                                                 JJennison@perkinscoie.com
                                                 Kirstin E. Larson
                                                 Washington State Bar No. 31272
                                                 KLarson@perkinscoie.com
                                                 PERKINS COIE LLP
                                                 1201 Third Avenue, Suite 4900
                                                 Seattle, WA 98101-3099
                                                 Tel: 206-359-8000
                                                 Fax: 206-359-9000

                                                 ***Attorneys for M&F Western Products, Inc.***

## CERTIFICATE OF SERVICE

      I certify that on July 2, 2020, the foregoing was filed with the Court's electronic filing system, which served a copy on all counsel of record.

                                      */s/ John R. Hardin*
                                      John R. Hardin