# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **ROBERT BERG,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:19-CV-418-JDK |
| § | |
| **M & F WESTERN PRODUCTS, INC.,** § | |
| § | |
| Defendant. § | |

## ORDER GRANTING DEFENDANT'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT

This is a copyright infringement case. Plaintiff Robert Berg alleges that Defendant M&F Western Products, Inc. infringed on his copyrighted designs of Western-styled jewelry and belt buckles. M&F Western moved for partial summary judgment, arguing that its accused belt buckle design predates the creation and publication of Berg's copyrighted designs. Docket No. 27. As explained below, the Court **GRANTS** the motion.

**I.**

"In 1995, Crumrine Manufacturing Jewelers, Inc. created and sold an oval belt buckle with a series of five tapered beads along each of the four compass points . . . ." Docket No. 27 at 3. An image of that belt buckle (the "Crumrine Buckle") from a 1995 catalog is below:

1



*Id.*

On November 1, 2007, M&F Western and Crumrine Buckle Co., Inc.[1] jointly acquired Crumrine Manufacturing Jewelers.  *Id.*  As part of that acquisition, M&F Western and Crumrine Manufacturing Jewelers executed an Asset Purchase Agreement, which transferred "the intellectual property owned by Seller, including without limitation Seller's rights to the . . . copyrights previously used in the business" to M&F Western.  *Id.*; Docket No. 27, Ex. 4 at 9.  Jeanne Crumrine LaShelle, the former President of Crumrine Manufacturing Jewelers, and Paul Eddins, Chief Financial Officer at M&F Western, attested that M&F Western acquired the rights to the Crumrine Buckle through the Asset Purchase Agreement.  Docket No. 27, Ex. 2 at 2; Docket No. 27, Ex. 4 at 2.

Plaintiff Robert Berg is "a professional jewelry designer."  Docket No. 30 at 3.  "In 2002, [Berg] applied to register a copyright in a design comprising a series of five tapered beads placed along each of the four compass points of an oval belt buckle . . . and a rectangular belt buckle . . . ."

---

[1] Crumrine Buckle Co. "was a wholly owned subsidiary of M&F Western created at the time of the Asset Purchase Agreement" and "was subsequently dissolved."  Docket No. 27 at 3 n.4.

2

Docket No. 27 at 4; Docket No. 30 at 4.  Berg registered his belt buckle designs with the United States Copyright Office "with [an] effective date of July 26, 2002."  Docket No. 30 at 4.

On September 14, 2019, Berg filed this lawsuit, alleging that M&F Western infringed on his copyrighted designs of Western-styled jewelry and belt buckles.  Docket No. 1; Docket No. 23 at ¶ 11.  Images of M&F Western's alleged infringements on Berg's belt buckle designs are below:



Docket No. 23, Ex. A at 2–3.  Cary Kraft, the designer of the accused M&F Western belt buckles, attested that "[t]he M&F Western designs accused of infringement in this case both use the same series of five tapered beads included in the Crumrine Buckle."  Docket No. 27, Ex. 3 at ¶ 11.

3

After approximately four months of discovery, M&F Western filed a motion for partial summary judgment on the belt buckle infringement claims, arguing that it cannot be liable for infringing on Berg's copyrighted designs because the undisputed evidence conclusively establishes that Crumrine Buckle predates Berg's designs by at least seven years. Docket No. 27.

## II.

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A fact is material only if will affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if the evidence could lead a reasonable jury to find for the nonmoving party. *See id*. In determining whether a genuine issue of material fact exists, the Court views all inferences drawn from the factual record in the light most favorable to the nonmoving party, here Berg. *Id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

After the moving party has made an initial showing that there is no evidence to support the nonmoving party's claim, the nonmoving party must assert competent summary judgment evidence to create a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The nonmoving party must identify evidence in the record and articulate how that evidence supports his claim. *Ragas*, 136 F.3d at 458. Summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish

the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

### III.

M&F Western claims that Crumrine Manufacturing Jewelers created the Crumrine Buckle at least as early as 1995 and that M&F Western acquired the rights to the Crumrine Buckle through the Asset Purchase Agreement. Docket No. 27 at 7–8. M&F Western therefore argues that it is entitled to summary judgment because it cannot have copied Berg's designs from 2002. *Id.* In his response, Berg objects to the authenticity of a 1995 catalog image of the Crumrine Buckle, which M&F Western attached as evidence for its motion. Docket No. 30 at 7–9. Berg argues that the "screenshot" was not authenticated by any witness and therefore the "screenshot" is not admissible. *Id.* He also argues that the Asset Purchase Agreement does not include a "schedule listing any intellectual property assets." Docket No. 30 at 10. He therefore asserts that there is a genuine issue of material fact as to whether M&F Western acquired the rights to the Crumrine Buckle through the Asset Purchase Agreement. *Id.* at 9–10. Finally, in the alternative, Berg asks the Court to deny the motion for partial summary judgment under Rule 56(d) with leave to renew after the close of fact discovery. *Id.* at 10–11. As explained below, the Court agrees with M&F Western and will grant its motion.[2]

### A.

"A copyright infringement claim has two elements: '(1) ownership of the copyrighted material and (2) copying by the defendant.'" *Bradford v. Nationwide Ins. Co. of Am.*, 797 F. App'x 874, 875 (5th Cir. 2020) (per curiam) (quoting *Comput. Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 400 (5th Cir. 2000)). "As direct evidence of copying is rarely

---

[2] As stated in M&F Western's motion, the originality or "lack of copyrightability" of Berg's belt buckle designs is not at issue. Docket No. 27 at 1 n.1. The Court will therefore not address this argument.

5

available, factual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001). "By simple logic, it is impossible to *copy* something that does not exist." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1128 (9th Cir. 2002); *see Cottrill v. Spears*, 87 F. App'x 803, 806 (3d Cir. 2004) ("If the only opportunity to view plaintiffs' work occurs after defendants have completed their own work, then there can be no opportunity to copy the work, and thus no access for purposes of copyright law."); *Bailey v. New Regency Prods., Inc.*, 210 F.3d 360, 360 (4th Cir. 2000); *Fodor v. Time Warner, Inc.*, 19 F.3d 27 (9th Cir. 1994); *Alvarez v. Industria del Amor*, No. 98 C 1851, 1999 WL 498610, at *3 (N.D. Ill. July 9, 1999); *see also* 3 William F. Patry, *Patry on Copyright* § 9.37 (2020) ("Where the defendant did not have access to the plaintiff's work until after the defendant's work was completed, no liability arises.").

Here, M&F Western is entitled to partial summary judgment because the Crumrine Buckle predates Berg's copyrighted belt buckle designs and M&F Western therefore could not have copied Berg's designs. M&F Western provided evidence through declarations and a 1995 image of the Crumrine Buckle to show that Crumrine Manufacturing Jewelers created the Crumrine Buckle at least as early as 1995. *See* Docket No. 27, Ex. 2; Docket No. 27, Ex. 4. M&F Western then provided evidence that it acquired Crumrine Manufacturing Jewelers in 2007 and, under the Asset Purchase Agreement, also acquired "the intellectual property owned by Seller, including . . . copyrights previously used in the business." Docket No. 27, Ex. 4 at 9. Both Jeanne Crumrine LaShelle, the former President of Crumrine Manufacturing Jewelers, and Paul Eddins, Chief Financial Officer at M&F Western, attested that M&F Western acquired the rights to the Crumrine Buckle through the Asset Purchase Agreement. Docket No. 27, Ex. 2 at 2; Docket No. 27, Ex. 4 at 2. And the designer of the accused M&F Western belt buckles attested that "[t]he M&F Western

designs accused of infringement in this case both use the same series of five tapered beads included in the Crumrine Buckle." Docket No. 27, Ex. 3 at ¶ 11.

Berg admits that he did not create his copyrighted belt buckle designs until 2002—at least seven years after the creation of the Crumrine Buckle. Docket No. 30 at 4. Because "it is impossible to *copy* something that does not exist," the Court holds that M&F Western is entitled to summary judgment on the belt buckle designs. *Christian*, 286 F.3d at 1128.

### B.

Berg's arguments in opposition fail.

### 1.

Berg first contends that M&F Western did not authenticate the 1995 catalog image of the Crumrine Buckle. Under Federal Rule of Evidence 901(a), "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." This "is not a heavy burden, and circumstantial evidence or testimony by a knowledgeable witness can be sufficient." *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1027 (5th Cir. 2015). "Testimony by a witness with knowledge that the 'matter is what it is claimed to be' can be enough to prove the thing's authenticity." *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009) (quoting Fed. R. Evid. 901(b)(1)).

Here, M&F Western provided testimony from Jeanne Crumrine LaShelle to authenticate the 1995 catalog image. LaShelle has been "in the Western Jewelry industry and a jewelry designer for more than 50 years." Docket No. 27, Ex. 4 at ¶ 2. LaShelle attested: "[[T]he Crumrine Buckle] was created under my direction when I worked at Crumrine Manufacturing Jewelers and it was sold in the Crumrine fall catalog in 1995." *Id.* at ¶ 10. She then authenticated the 1995

catalog image: "A true and correct copy of an excerpt from the catalog showing the Crumrine Buckle . . . is attached hereto as Exhibit B. I was an employee of Crumrine Manufacturing Jewelers in 1995 when the Crumrine fall catalog was published, and I am familiar with that catalog." *Id.* LaShelle therefore testified that she has personal knowledge of the 1995 catalog and that the 1995 catalog image of the Crumrine Buckle "is what it is claimed to be." Fed. R. Evid. 901(b)(1).

Berg also argues that the 1995 catalog image "easily could have been fabricated by Defendant after this lawsuit was filed using a simple digital editing program." Docket No. 30 at 8. This argument is nothing more than unsupported speculation and does not present competent summary judgment evidence. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

**2.**

Berg next argues that there is a genuine issue of material fact about whether M&F Western acquired the Crumrine Buckle. He contends that M&F Western "has failed to explain how intellectual property assets, which were never scheduled or registered by Crumrine at the time of the alleged 2007 transaction, could have been transferred subject to Defendant's asset purchase agreement." Docket No. 30 at 10.

Here, however, both Jeanne Crumrine LaShelle and Paul Eddins attested that M&F Western acquired the rights to the Crumrine Buckle through the Asset Purchase Agreement. Docket No. 27, Ex. 2 at 2; Docket No. 27, Ex. 4 at 2. Berg offers no evidence to the contrary. Further, under the Copyright Act, an "author gains 'exclusive rights' in her work immediately upon the work's creation." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019); *see* 17 U.S.C. § 102; 17 U.S.C. § 408(a) ("[R]egistration is not a condition of copyright protection."); *Diamondback Indus., Inc. v. Repeat Precision, LLC*, No. 4:18-CV-902-A,

2019 WL 5842756, at *2 (N.D. Tex. Nov. 7, 2019) ("[C]opyright owner's exclusive rights vest at the time of the creation of the work . . . even if registration has not occurred."). Crumrine Manufacturing Jewelers therefore held a copyright on the Crumrine Buckle at the time of its creation. Because the Asset Purchase Agreement explicitly transferred "copyrights previously used in the business" to M&F Western, there is no genuine issue of material fact about whether the Crumrine Buckle was transferred under the Asset Purchase Agreement. Docket No. 27, Ex. 4 at 9.

### 3.

Finally, in the alternative, Berg requests that the Court deny M&F Western's motion under Rule 56(d) with leave to renew after the close of fact discovery. Docket No. 30 at 10–11. Berg seeks a continuance because he asserts that he is entitled to: (1) conduct further discovery "on whether the alleged excerpt from the 1995 Crumrine catalog is authentic"; (2) "depose LaShelle concerning the authenticity of the alleged 1995 catalog"; and (3) conduct further discovery "as to whether the alleged 1995 Crumrine Buckle was actually registered with the copyright office and whether the 2007 asset purchase agreement made any specific mention of Crumrine's alleged 1995 design." *Id.* at 11. Richard Liebowitz, Berg's counsel, submitted a declaration that attested to the above arguments. Docket No. 30, Ex. 1 at 1–2.

Under Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . defer considering the [summary judgment] motion or deny it." "Rule 56(d) motions are 'broadly favored and should be liberally granted.'" *Kean v. Jack Henry & Assocs., Inc.*, 577 F. App'x 342, 348 (5th Cir. 2014) (per curiam) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). "The Rule 56(d) movant 'must set forth a plausible basis for believing that

9

specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).

Here, Berg has not set forth a plausible basis for believing that the facts he seeks probably exist, or indicated how those facts would influence the outcome of the pending summary judgment motion. Instead, the evidence shows that those facts probably do not exist.

*First*, Berg is not entitled to further discovery on the authenticity of the 1995 catalog image or to depose LaShelle on its authenticity. As stated above, LaShelle authenticated the 1995 catalog image of the Crumrine Buckle under Federal Rule of Evidence 901(a), and any suggestion that the image is not authentic is unsupported speculation. There is also no evidence that LaShelle would change her sworn testimony about the authenticity of the 1995 catalog image in a deposition. *See Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894–95 (5th Cir. 2013) (affirming the district court's denial of a Rule 56(d) motion, which requested additional time to depose a witness, when the witness had already submitted an affidavit, and holding that "the district court reasonably could have concluded that it was not likely that [the witness] would admit to perjury and fraud in a deposition").

*Second*, Berg is not entitled to further discovery on whether the Crumrine Buckle was registered with the Copyright Office or whether the Asset Purchase Agreement made any specific mention of the Crumrine Buckle. As stated, both Jeanne Crumrine LaShelle and Paul Eddins attested that M&F Western acquired the rights to the Crumrine Buckle through the Asset Purchase Agreement. Docket No. 27, Ex. 2 at 2; Docket No. 27, Ex. 4 at 2. Further, Crumrine Manufacturing Jewelers had a copyright on the Crumrine Buckle at the moment of its creation. *See Fourth Est. Pub. Benefit Corp.*, 139 S. Ct. at 887; 17 U.S.C. § 102; 17 U.S.C. § 408(a). The

10

Asset Purchase Agreement explicitly transferred "copyrights previously used in the business"—like the Crumrine Buckle—to M&F Western. Docket No. 27, Ex. 4 at 9. Berg has not indicated how any further discovery would change the outcome of this analysis, and his argument therefore fails.

Accordingly, the Court denies Berg's request to defer under Rule 56(d). *See, e.g.*, *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894–95 (5th Cir. 2013).

### IV.

Based on the undisputed evidence, M&F Western is entitled to partial summary judgment as a matter of law. Accordingly, the Court **GRANTS** M&F Western's Motion for Partial Summary Judgment (Docket No. 27).

So **ORDERED** and **SIGNED** this **21st** day of **July, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE