IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BERG,<br>　　　　Plaintiff | §<br>§<br>§<br>§ | |
| vs. | §<br>§<br>§ | Case No. 6:19-cv-418-JDK |
| M&F WESTERN PRODUCTS, INC.,<br>　　　　Defendant. | | |

**APPENDIX IN SUPPORT OF M&F WESTERN'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule CV 7(a), Defendant's M&F Western Products, Inc. notifies the Court of the following authority supporting M&F Western's Motion for Sanctions, copies of which are submitted herewith.

- *Jane Envy, LLC v. Infinite Classic, Inc.*, Nos. SA14-CV-065-DAE, SA:14-CV-081-DAE, SA:14-CV-083-DAE, 2016 WL797612, at *1 (W.D. Tex. Feb. 26, 2016)

Dated: August 18, 2020

Respectfully submitted,

By: _____

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

*Attorneys for Defendant M & F Western Products, Inc.*

**APPENDIX IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

149255547

## **CERTIFICATE OF SERVICE**

I certify that on August 18, 2020, the foregoing was filed with the Court's electronic filing system, which served a copy on all counsel of record.

_____
Kirstin E. Larson

**APPENDIX IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

PAGE 3

149255547

2016 WL 797612
United States District Court,
W.D. Texas, San Antonio Division.

Jane Envy, LLC, Plaintiff,
v.
Infinite Classic Inc. and
Baek H. Kim, Defendants.

Nos. SA:14-CV-065-DAE, SA:14-CV-081-DAE, SA:14-CV-083-DAE
|
Signed 02/26/2016

**Attorneys and Law Firms**

Jack Daniel Harkins, Amy Elisabeth Davis, Dykema Cox Smith, Ryan V. Cox, Cox Smith Matthews, Inc., San Antonio, TX, for Plaintiff.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

David Alan Ezra, Senior United States Distict Judge

 *1  Before the Court is a Motion for Summary Judgment filed by Plaintiff Jane Envy, LLC ("Plaintiff" or "Jane Envy"). (Dkt. # 69.) On February 22, 2016, the Court heard oral argument on the Motion. Daniel Harkins, Esq., appeared at the hearing on behalf of Plaintiff; Jim Darnell, Esq., local counsel for Defendants Infinite Classic Inc. and Baek H. Kim (collectively, "Defendants" or the "Infinite Defendants") did not make an appearance. After reviewing the Motion and the supporting and opposing memoranda, and considering the parties' arguments at the hearing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Summary Judgment. (Dkt. # 69.)

BACKGROUND

Plaintiff is a Texas limited liability company engaged in the business of designing original fashion jewelry. ("Infinite Compl.," 5:14–CV–083, Dkt. # 33 ¶¶ 2, 9.) Plaintiff designs the jewelry in-house and works with overseas manufacturers and casting factories to produce its products. (Id. ¶ 10.) Plaintiff sells its jewelry to wholesalers, distributors, catalogs, and large retailers, but does not sell to individual consumers or stores. (Id. ¶ 11.) Plaintiff owns twelve federal copyright registrations for its jewelry design collections. (Id. ¶ 12, "Copyright Reg.," Dkt. # 69, Ex. B.)

Plaintiff alleges that Infinite Classic Inc. ("Infinite") is an importing company for fashion jewelry, as well as other types of jewelry and accessories, and sells jewelry to wholesalers throughout the United States via an online store. (Infinite Compl. ¶ 14.) Plaintiff alleges it operates in the same geographic area as Infinite, and that Infinite is the type of business to which it usually sells its products. (Id.)

Beginning in late 2013, Plaintiff learned that Infinite was allegedly selling unauthorized copies of jewelry items from Jane Envy's copyrighted collections using an online store. (Infinite Compl. ¶ 15–16.) Plaintiff's Amended Complaint claims that Infinite is selling unauthorized copies of at least twenty-two jewelry items from seven of its copyrighted jewelry collections. (Id. ¶¶ 15–19.) Plaintiff's Amended Complaint alleges seven counts of copyright infringement for seven of its twelve copyrighted jewelry collections, and associated claims for damages under 17 U.S.C. § 504. (Id. ¶¶ 20–27[1]; ¶¶ 28–35[2]; 36–43[3]; 44–51[4]; 52–59[5]; 60–67[6]; 69–75[7].) Plaintiff's Amended Complaint also alleges a cause of action for other, non-specific infringements of Jane Envy's copyrights by the Infinite Defendants. (Id. ¶¶ 76–84.)

[1] Claim One alleges copyright infringement of Registration No. VA 1-876-518. (See Copyright Reg. at 012–029.)

[2] Claim Two alleges copyright infringement of Registration No. VA 1-872-140. Plaintiff does not seek summary judgment against the Infinite Defendants for alleged infringement of this copyright. (Dkt. # 69 ¶ 3.)

[3] Claim Three alleges copyright infringement of Registration No. VA 1–872–142. (See Copyright Reg. at 124–131.)

[4] Claim Four alleges copyright infringement of Registration No. VA 1–870–083. (See id. at 113–118.)

[5] Claim Five alleges copyright infringement of Registration No. VA 1–916–592. (See id. at 092–097.)

[6] Claim Six alleges copyright infringement of Registration No. VA 1–916–587. (See id. at 045–054.)

| 7 | Claim Seven alleges copyright infringement of Registration No. VA 1–916–567. (See id. at 144–151.) |

**\*2** On February 27, 2015, the Court entered an Order to Consolidate Actions, thereby consolidating the Infinite case with Plaintiff's actions against Defendants Sam Moon Trading Enterprises, Ltd., Moon Brothers Management, Inc., d/b/a Sam Moon Group, Samuel S. Moon, Daniel S. Moon, and David Moon (collectively, the "Moon Defendants") and Best Imports & Wholesale, LLC d/b/a Vividove, Roger Hun Hang, and Mo Kyung Lee (collectively, the "Best Imports Defendants"). (Dkt. # 44.) Plaintiff subsequently dismissed its claims against the Moon Defendants and the Best Imports Defendants. (Dkts. ## 49, 52, 57.) On September 10, 2015, Plaintiff filed the instant Motion for Summary Judgment. (Dkt. # 69.) On October 1, 2015 Defendants filed their Response in opposition to the motion. (Dkt. # 72.) Plaintiffs filed their response on October 7, 2015. (Dkt. # 75.)

LEGAL STANDARD

"Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Bridgmon v. Array Sys. Corp., 325 F.3d 572, 576 (5th Cir. 2003); Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The main purpose of summary judgment is to dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Id. at 323. If the moving party meets this burden, the non-moving party must come forward with specific facts that establish the existence of a genuine issue for trial. ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc., 699 F.3d 832, 839 (5th Cir. 2012). In deciding whether a fact issue exists, the Court "may not make credibility determinations or weigh the evidence." Tibler v. Dlabal, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (quoting Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

DISCUSSION

I. Discovery Issues

As a preliminary matter, Plaintiff objects to the inclusion of two exhibits attached to Defendant's Response to the Motion for Summary Judgment (Dkt. # 72, Exs. B, C): (1) a compilation of jewelry images sold by various online vendors, and (2) the declaration of Mr. Kim. (Dkt. # 75 at 4, 6–7.)

Plaintiff has been plagued since the inception of the discovery period by Defendants' reticence to participate in discovery. On August 14, 2015, Magistrate Judge Henry Bemporad issued an order mandating Defendants to produce complete responses to specified portions of Plaintiff's Interrogatories, and to produce documents responsive to specified portions of Plaintiff's Request for Production.[8] (Dkt. # 67 at 2.) On September 30, 2015, Plaintiff submitted an advisory to the Court stating that Defendants failed to produce any documents by the discovery deadlines set in the Order to Compel Discovery, and had further failed to produce any documents at the time of filing notice with the Court. (Dkt. # 71 ¶ 6.)

| 8 | Specifically, the order required Defendants to "(1) complete responses to Jane Envy, LLC's Interrogatories Number 2, 5, 7, 8, and 11; and (2) documents responsive to Jane Envy, LLC's Request for Production Numbers 1–6, 8–11, 13–14, 17–29, 31, 36–38, 31, 43–47, 50–51, 56–58, and 62." (Dkt. # 67 at 2.) |

**\*3** Despite their failure to participate in discovery, Defendants submitted two pieces of evidence in support of their Response to the instant Motion for Summary Judgment: a compilation of photographs which appear to be printed from Internet shopping sites, and the Declaration of Mr. Kim. (Dkt. # 72, Ex. B; "Kim. Decl.," Dkt. # 72, Ex. C.) Plaintiff objects to the admission of each of these pieces of evidence as support for Defendant's response. (Dkt. # 75 at 2, 4.)

A. Compilation of Photographs

"In the Fifth Circuit, it is well settled that 'the admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to a trial.'" Lohn v. Morgan Stanley

DW, Inc., 652 F. Supp. 2d 812, 823 (S.D. Tex. 2009) (quoting Pegram v. Honeywell, Inc., 361 F.3d 272, 285 (5th Cir. 2004)). The Federal Rules of Evidence require the proponent of a piece of evidence to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

Exhibit B consists primarily of printed screen shots of Facebook pages and Google Image searches of jewelry sold by "Julio Designs," "Johnny Loves June Jewelry," and various vendors on the website "Etsy.com." (Dkt. # 72, Ex. B.) Defendants offer no explanation as to the source of these images or the identity of these vendors, and state only that "other fashion jewelry manufacturers have designed and manufactured nearly identical items before Plaintiff registered its works." (Dkt. # 72 at 6.) Without more, this evidence is entirely inadmissible. Accordingly, the Court will not consider Exhibit B when evaluating Plaintiff's Motion for Summary Judgment.

B. Declaration of Mr. Kim

Plaintiff argues that permitting the Defendants to submit Mr. Kim's Declaration to support their Reply would unduly prejudice Plaintiff, who sought discovery through all appropriate channels since February 2015 and filed the instant motion in September 2015, after Defendants failed to respond to the order compelling discovery. (Dkt. # 75 at 4.)

Plaintiff relies on Federal Rule of Civil Procedure 37(d), which permits the Court, on motion to "order sanctions" against a party who "fails, after being served with proper notice, to appear for that person's deposition; or ... [who] fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(i)–(ii). The Rule also permits the court, after determining that a party is liable for sanctions, to order the "party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Id. at (d)(3). In sum, the rule supports sanctions or the award of reasonable expenses for failure to timely respond to discovery, but does not support the exclusion of information, when presented, even if this information is presented late. See also Fed. R. Civ. P. 56(h). Accordingly, the Court will consider those excerpts of Mr. Kim's declarations that do not contain conclusions of law and that may permissibly be considered when evaluating a motion for summary judgment. See id. at 56(c)(4).

II. Timeliness Issues

Plaintiff's Reply requests that the Court grant its motion as unopposed, because Defendants filed their Response in Opposition to Summary Judgment a week after the Response was due. (Dkt. # 75 at 1–2.) The local rules for the Western District of Texas give courts the discretion to grant a motion as unopposed, where a response is not timely filed. W.D. Tex. Civ. R. 7(e)(2). However, a grant of summary judgment is a judgment on the merits; it is not proper for a party to prevail on summary judgement due to a procedural technicality. See Fed. R. Civ. P. 56. Accordingly, the Court finds that Plaintiff's motion for summary judgment is opposed, and will evaluate the motion on the merits.

III. Whether Plaintiff is Entitled to Summary Judgment on Copyright Infringement Claims

*4 Jane Envy's instant motion seeks summary judgment on its claims that Defendants are liable for willful copyright infringement of twenty-two jewelry items contained in six jewelry collections registered with the United States Copyright Office: (1) the Hammered Cross Collection; (2) the Tokens Collection; (3) the Sinners and Saints Collection; (4) the Patina Collection; (5) the Inspirational Collection; and (6) the Vintage Finds Collection. (Dkt. # 69 ¶ 3.) Plaintiff seeks statutory damages of $12,000 per infringed work pursuant to 17 U.S.C. §§ 504(c)(1)–(c)(2). (Id. ¶ 4.) Should Plaintiff prevail on the motion, it also seeks attorney's fees pursuant to 17 U.S.C. ¶ 505. (Id.) Finally, Plaintiff asks the Court to dismiss the remaining claims alleged in its Amended Complaint without Prejudice. (Id. ¶ 29; Dkt. # 75 at 10.) The Court will first address whether there are any genuine issues of material fact regarding each alleged instance of copyright infringement before addressing any award of damages.

A. Applicable Law

"A copyright infringement claim requires proof of (1) ownership of a valid copyright and (2) actionable copying, which is the copying of constituent elements of the work that are copyrightable." Bridgmon, 325 F.3d at 576; see also Positive Black Talk, Inc. v. Cash Money Records, Inc., 394 F.3d 357, 367 (5th Cir. 2004). Because direct evidence of actionable copying is rarely available, copying may be established by proving that the alleged infringer had access

to the copyrighted materials and that the copyrighted material and allegedly infringing material are substantially similar. Peel & Co. v. Rug Mkt., 238 F.3d 391, 395 (5th Cir. 2001); see also Eng'g Dynamics, Inc. v. Structural Software, Inc., 26 F.3d 1335, 1340 (5th Cir. 1994)). Because Jane Envy cannot prevail on a copyright infringement claim at the summary judgment stage without first demonstrating that there are no issues of material fact as to its ownership of a valid copyright, this issue will be taken up first by the Court.

B. Prong One: Ownership of a Valid Copyright

To establish ownership of a valid copyright, Plaintiff must prove (1) that the work is copyrightable, and (2) that the work is original. Compaq Computer Corp. v. Ergonome Inc., 387 F.3d 403, 408 (5th Cir. 2004).

1. Whether copyrightability is an issue determinable at summary judgment

Defendants argue that the issue of copyrightability is a question of fact, rather than law, to be determined by a trier of fact, and that the issue is not appropriately resolved at the summary judgment stage. (Dkt. # 72 at 6.) However, "the Supreme Court has not addressed whether copyrightability is a pure question of law or a mixed question of law and fact, or whether, if it is a mixed question of law and fact, the factual components of that inquiry are for the court, rather than the jury." Oracle Am., Inc. v. Google, Inc., 750 F.3d 1339, 1353 n.3 (Fed. Cir. 2014). However, the Fifth Circuit consistently holds that the copyrightability of a work should be evaluated at the summary judgment stage. See Peel & Co., 238 F.3d at 398 (finding that the district court erred when it failed to identify the copyrightable elements of a work at the summary judgment stage).

2. Whether defendant has presented sufficient evidence to rebut copyright's presumption of validity:

A copyright Certificate of Registration constitutes "prima facie evidence of the validity of the copyright," and a court must presume that a copyright is valid if registered within five years of the work's first publication. 17 U.S.C. § 410(c); Nola Spice Designs, LLC v. Haydel Enter., Inc., 783 F.3d 527, 549 (5th Cir. 2015). However, "certificates create only a rebuttable presumption that the copyrights are valid." Norma Ribbon & Trimming, Inc. v. Little, 51 F.3d 45, 47 (5th Cir. 1995). When a plaintiff presents the court with a certificate of copyright registration, the burden then shifts to the defendant to offer some evidence or proof to disprove the validity of the copyright by demonstrating that the work at issue is unprotectable. Engenium Sol., Inc. v. Symphonic Techs, Inc., 924 F. Supp. 2d 757, 776 (S.D. Tex. 2013); Interplan Architects, Inc. v. C.L. Thomas, Inc., No. 4:08-CV-03181, 2010 WL 4366990, at *24 (S.D. Tex. Oct. 27, 2010).

*5 Plaintiff submitted the Certificate of Registration issued by the United States Copyright Office for each of the jewelry collections Defendants allegedly infringed as evidence in support of the instant motion.[9] (See Dkt. # 69, Ex. B.) In response, Defendants argue that the individual pieces of jewelry are not entitled to a presumption of copyrightability because Plaintiff's registrations are for jewelry collections. (Dkt. # 72 at 4.) As evidence, Defendants introduce two letters from the United States Copyright Office to Miguel Villarreal, the applicant who applied for certification of each of the jewelry collections. (Dkt. # 72 at 4; Dkt. # 72, Ex. A.) The letters, which are identical, inform Plaintiff of the following limitation on its copyright registrations for the Hammered Cross and Tokens Collections:

> Your registration deposit contains more than one work, each of which could have been filed separately for us to consider for registration. You might intend to use the works separately or as a set. In either case, please note that registration might not extend to all of the works that you deposited.
>
> **The registration extends to only the copyrightable works within your deposit.** Your deposit might contain both copyrightable and non-copyrightable works. If you had filed separately for each of these works, then we would have registered only those that are copyrightable. Thus, this registration does not extend to any non-copyrightable works.

(Dkt. # 72, Ex. 1) (emphasis in the original). While the letters state that some of the works in these collections are potentially non-copyrightable; it does not state with certainty that some of the works do not merit copyright protection.[10] The letters, on their own, are not sufficient to rebut the presumption that the copyright is valid. See Rogers v. Better Bus. Bureau of Metro. Houston, Inc., 887 F. Supp. 2d 722, 727–28 (S.D. Tex. Aug. 15, 2012) (finding that the presumption of copyright validity may be overcome with a showing of fraud on the Copyright Office, a showing that the copyrighted

work does not meet originality requirements, or failure to comply with statutory formalities). Accordingly, the letters, taken alone, do not rebut the presumption of copyrightability created by Plaintiff's registrations. As defendants have failed to rebut the presumption that the allegedly infringed works are copyrightable, the Court turns to a discussion of the second element that must be met for Plaintiff to prove ownership of a valid copyright: that the work at issue is original. Compaq, 387 F.3d at 408.

9     Specifically, Plaintiff submitted the Certificate of Registration for the following jewelry collections:
  1) Hammered Cross Collection, Registration VA 1-876-518 (Copyright Reg. at 012–029);
  2) Inspirational Collection, Registration VA 1-916-587 (Id. at 045–054);
  3) Patina Collection, Registration VA 1-916-592 (Id. at 092–097);
  4) Sinners and Saints Collection, Registration VA 1-870-083 (Id. at 113–118);
  5) Tokens Collection, Registration VA 1-872-142 (Id. at 124–131);
  6) Vintage Finds Collection, Registration VA 1-916-567 (Id. at 144–151).

10     Defendants quote from a Ninth Circuit case to establish their burden for rebutting the presumption of a copyright registration's validity: "an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." United Fabrics Intern., Inc. v. C&J Wear, Inc., 630 F.3d 1255, 1257 (9th Cir. 2011) (quoting Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140, 1144 (9th Cir. 2003)). However, the United Fabrics court went on to find that the defendant in that case had not submitted sufficient evidence to dispute the validity of the copyright registration.
Likewise, while the letter from the Copyright Office states that some of the works in two of the collections before the court are potentially non-copyrightable, the letter does not draw the validity of the underlying copyright into question. Accordingly, United Fabrics does not apply here.

3. Whether items satisfy the originality requirement

*6 "By statute, a work must be 'original' to qualify for copyright protection." Oracle Am., Inc., 750 F.3d at 1354 (quoting 17 U.S.C. § 102(a)). The originality requirement "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." Norma Ribbon, 51 F.3d at 47; Feist Pub., Inc. v. Rural Telephone Serv. Co., Inc., 499 U.S. 340, 345 (1991) ("the sine qua non of copyright is originality").

The level of creativity required to meet the "minimal degree of creativity" threshold is "extremely low; even a slight amount will suffice." Feist, 499 U.S. at 345 (finding that a work need only "possess some creative spark" to meet the creativity standard). Further, use of "design features that previously appeared in other works does not negate the originality required for copyright protection of a work." Berg v. Symons, 393 F. Supp. 2d 525, 541–42 (S.D. Tex. 2005) (finding that plaintiff's jewelry designs "satisfy the relatively low requirement of originality under the Copyright Act" because the jewelry designs were independently created, even though they were comprised of common Western jewelry design elements).

Accordingly, while familiar symbols and designs, like a cross or the infinity symbol, are not copyrightable on their own,[11] a unique "combination of elements that are unoriginal in themselves" meets the originality requirement to warrant copyright protection. Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 109 (2d Cir. 2001); 37 C.F.R. § 202.1(a). In other words, a "copyright may protect the particular way in which the underlying [unprotected] elements are combined—if the particular method of combination is itself original." Diamond Direct, LLC v. Star Diamond Grp., Inc., 116 F. Supp. 2d 525, 528 (S.D.N.Y. 2000) (emphasis in original) (continuing that "a work that is entirely a collection of unoriginal material nevertheless may be copyrighted if the material is selected, coordinated or arranged in an original fashion") (citing Feist, 449 U.S. at 358). For example, the notes in a scale are "not protectable, but a pattern of notes in a tune may earn copyright protection." Metcalf v. Bochoco, 294 F.3d 1069, 1074 (9th Cir. 2002); see also Feist, 449 U.S. at 348 (noting that copyright protection extends to choices of "selection and arrangement, so long as they are made independently by the compiler and entail a minimal degree of creativity"); L.A. Printex Ind., Inc. v. Aeropostale, Inc., 676 F.3d 841, 849 (9th Cir. 2012); Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1003 (2d Cir. 1995).

11     The Copyright Office has specified that non-copyrightable symbols and designs include familiar religious symbols such as crosses, common representational symbols such as hearts or stars, and geometric shapes. U.S. Copyright Office, Compendium

of U.S. Copyright Practices § 313.4(J) (3d ed. 2014). The Copyright Office has also specified that works containing no expression or only a de minimis amount of original expression, including jewelry designs that contain only a "trivial amount of authorship," are not copyrightable. Id.

The policies in the Compendium do not have the force of law, but may be referred to as persuasive authority representing the legal determinations of the Copyright Office. See Rogers, 887 F. Supp. 2d at 732 (citing Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440, 449 n.9 (2003) (noting that the EEOC's Compliance Manual, while not controlling, "may constitute a 'body of experience and informed judgment' to which we may resort for guidance")).

*7 Where a combination of common elements meets the originality requirement such that copyright protection is warranted, this protection is limited to those aspects of the work "that display the stamp of the author's originality," and does not extend to the non-original elements of the work. Kepner-Tregoe, Inc. v. Leadership Software, Inc., 12 F.3d 527, 533 (5th Cir. 1994). This is consistent with the notion that "copyright law protects tangible, original expressions of ideas, not ideas themselves." Id. at 533–34 (finding that where questions and processes "convey[ ] *unprotectable ideas*, the specific words, phrases, and sentences selected to convey those ideas are *protectable expression* under any reasonable abstraction analysis," and concluding that where such specific words are copied verbatim, such copying constitutes copyright infringement) (emphasis in original).

Defendants argue that Plaintiff's works lack the originality necessary to merit copyright protection. (Dkt. # 72 at 6.) Specifically, Defendants allege that the jewelry designs subject to Plaintiff's copyright registrations:

> [A]re simple metal crosses with minimal variations, coin shaped pendant [sic] with a cross carved in, metal rectangle pendant with rounded corners, which are all common representational symbols or familiar religious symbols.

(Id.) While this Court accepts Defendants' argument that crosses, arrowhead shapes, infinity symbols, and quotations from Scripture are not themselves copyrightable, this does not preclude a unique presentation of these symbols from meeting the originality requirement required to establish ownership of a valid copyright. For example, presenting common symbols in unique combinations, adorned with various jewels, or using combinations of beads and metals may well "display the stamp of the author's originality" such that copyright protection is warranted for the particular expression of a common symbol, rather than the symbol itself. Kepner-Tregoe, 12 F.3d at 533. With these principles in mind, the Court turns to a discussion of each of the works at issue.

a. Hammered Cross Collection, VA 1-876-518

1) Jane Envy Item No. 7682N-GD

Jane Envy Item No. 7683N-GD is a necklace consisting of a string of small turquoise beads. A rounded, hammered gold cross hangs from the necklace. The cross is inset with one large turquoise bead in the middle and five smaller, pearlized beads on the points of the cross. (Compl. ¶ 16; Dkt. # 75, Ex. 2-1.) Here, the Jane Envy work combines plain beads, which themselves are not copyrightable, and the cross shape, which itself is also not copyrightable, into an arrangement that sufficiently "display[s] the stamp of the author's originality." Kepner-Tregoe, 12 F.3d at 533. Copyright protection is warranted for Jane Envy Item No. 7682N-GD.

2) Jany Envy Item Nos. 7891N-TQ-CROSS and 7891N-IV-CROSS-GD

Jane Envy Item No. 7891N-TQ-CROSS is a necklace consisting of parallel strands of small, turquoise beads, each spaced between two delicate gold chain links. The parallel strands attach to the top and bottom of a hammered gold cross with curved, rounded edges, which lays on the side of the necklace rather than hanging down from the center of the necklace as a pendant would. (Compl ¶ 16; Dkt. # 75, Ex. 2-1.) Jane Envy Item No. 7891N-IV-CROSS-GD is identical, except that the beads spaced between the gold chain links are white. (Id.) Here, the Jane Envy work combines plain beads on a chain, which themselves are not copyrightable, and the cross shape, which itself is not copyrightable, into a unique arrangement that sufficiently "display[s] the stamp of the author's originality." Kepner-Tregoe, 12 F.3d at 533. Copyright protection is warranted for Jane Envy Item Nos. 7891N-TQ-CROSS and 7891N-IV-CROSS-GD.

3) Jane Envy Item Nos. 7599N-GD, 7599N-SL, and 7600N-SL

*8 Jane Envy Item No. 7599N-SL is a squared cross with a hammered metal backing and an inset gold cross. (Compl.

¶ 16; Dkt. # 75, Ex. 2-1.) Jane Envy Item No. 7600N-SL is identical, except that the inset cross is colored turquoise. (Id.) Jane Envy Item No. 7599N-GD is identical, except that the chain and hammered backing are gold, and the inset cross is metal. (Id.) Here, the basic cross shape of the Jane Envy pieces is not copyrightable, and the inset gold, turquoise and metal crosses represent only a "trivial amount of authorship" insufficient to meet the originality requirement. In such case, the Court finds that the works do not possess the minimum spark of creativity required by Feist. 499 U.S. at 345. Because Plaintiff does not satisfy the originality requirement as to these pieces, they are not subject to copyright protection, and the Court **DENIES** Plaintiff's Motion for Summary Judgment with respect to Jane Envy Item Nos. 7599N-SL, 7600N-SL and 7599N-GD.

4) Jane Envy Item No. 7546N-IV

Jane Envy Item No. 7546N-IV is an unadorned gold hammered cross pendant hanging from a strand of small, pearlized beads. (Compl. ¶ 16; Dkt. # 75, Ex. 2-1.) Two beads, one turquoise and one clear, are attached to and dangle from the top of the cross. (Id.) Here, the basic cross shape of the pendant is not copyrightable, and the strand of pearlized beads is not copyrightable. The addition of two beads which hang from the top of the cross represents only a "trivial amount of authorship" insufficient to meet the originality requirement, and the Court finds that the works do not possess the minimum spark of creativity required to meet the originality requirement. Because Plaintiff does not satisfy the originality requirement as to this piece, it is not subject to copyright protection, and the Court **DENIES** Plaintiff's Motion for Summary Judgment with respect to Jane Envy Item No. 7546N-IV.

5) Jane Envy Item No. 7616E-IV-GOLD

Jane Envy Item No. 7616E-IV-GOLD is a gold earring consisting of a hammered cross with rounded edges and arms of equal size, attached to an earring hook by two textured gold links. (Compl. ¶ 16; Dkt. # 75, Ex. 2-1.) The cross shape of the earring is not copyrightable, and the gold links themselves are not copyrightable. The Court finds that the combination of the non-copyrightable cross with two non-copyrightable links does not sufficiently "display the stamp of the author's originality" to satisfy the originality requirement. See Kepner-Tregoe, 12 F.3d at 533. Because Plaintiff does not satisfy the originality requirement as to this piece, it is not subject to copyright protection, and the Court **DENIES** Plaintiff's Motion for Summary Judgment with respect to Jane Envy Item No. 7616E-IV-GOLD.

6) Jane Envy Item Nos. 7728E-IV-GOLD, 7728E-TQ-GOLD

Jane Envy Item No. 7728E-IV-GOLD is an earring consisting of a rounded square metal tag with a hammered finish. A rounded cross with flared edges is cut out of the tag, and a pearlized bead hangs from the bottom of the tag. (Compl. ¶ 16; Dkt. # 75, Ex. 2-1.) Jane Envy Item No. 7728E-TQ-GOLD is identical, except that a turquoise bead hangs from the bottom of the tag. (Id.)

Here, the Jane Envy work combines the unoriginal elements of plain beads and crosses into an arrangement that sufficiently "display[s] the stamp of the author's originality" such that copyright protection is warranted for the expression of the otherwise unoriginal elements. Kepner-Tregoe, 12 F.3d at 533. Accordingly, copyright protection is warranted for Jane Envy Item Nos. 7728E-IV-GOLD and 7728E-TQ-GOLD.

b. Tokens Collection, VA 1-872-142

1) Jane Envy Item No. 7789N-INFINITY

Both images Plaintiff submitted of Jane Envy Item No. 7789N–INFINITY is blurred. (Compl. ¶ 16.) The color of the infinity symbol cannot be made out from the image, and it further appears that the image is incomplete: the tops of at least two pendants can be seen at the bottom of the photograph, but the pendants themselves are not visible. (Id.) Based upon the insufficient evidence before the Court, the Court is unable to make a determination as to whether Jane Envy Item No. 7789N-INFINITY meets the originality requirement. Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment with respect to Jane Envy Item No. 7789N–INFINITY.

2) Jane Envy Item No. 7815N-COIN

 **\*9** Jane Envy Item No. 7815N-COIN consists of a hammered gold coin pendant with a textured, weathered

edge, a squared, upraised cross in the middle, and geometric, upraised designs in the spaces between the arms of the cross. (Compl. ¶ 16.) A second, rounded, stone-like pendant with a textured face and rough edges, hangs behind the coin. (Id.) Two beads, one pearlized and one clear, as well as a small silver cross, are attached to the top of the cross. (Id.) The five items hang from a chain consisting of a repeating pattern of two small gold links followed by a pearlized bead. (Id.)

Here, the chain from which the pendants hang is not copyrightable, nor is the rounded stone pendant or the three small beads. However, the hammered coin pendant displays at least the "trivial amount of authorship" warranting copyright protection. Further, the arrangement of the non-copyrightable elements with the copyrightable element sufficiently "display[s] the stamp of the author's originality" such that copyright protection is warranted. Kepner-Tregoe, 12 F.3d at 533. Accordingly, copyright protection is warranted for Jane Envy Item No. 7815N-COIN.

3) Jane Envy Item No. 7815N-CROSS

Jane Envy Item No. 7815N-CROSS consists of a cross pendant comprised of a silver hammered cross with rounded edges, which sits behind a smaller cross in hammered gold; a third cross is laid in copper wire across the top of the gold cross. (Compl. ¶ 16; Dkt. # 75, Ex. 2-1.) A second, rounded, stone-like pendant with a gold color, textured face and rough edges, hangs behind the cross pendant. (Id.) One pearlized bead and a small gold cross dangle from the top of the pendants. (Id.) The four items hang from a chain consisting of a repeating pattern of two small gold links followed by a pearlized bead. (Id.)

Here, the chain from which the pendants hang is not copyrightable, nor is the rounded stone pendant or the two small beads. However, the layered cross pendant displays at least the "trivial amount of authorship" warranting copyright protection. Further, the arrangement of the non-copyrightable elements with the copyrightable element sufficiently "display[s] the stamp of the author's originality" such that copyright protection is warranted. Kepner-Tregoe, 12 F.3d at 533. Accordingly, copyright protection is warranted for Jane Envy Item No. 7815N-CROSS.

c. Sinners and Saints Collection, VA 1-870-083

1) Jane Envy Item No. 7819N

Jane Envy Item No. 7819N consists of a thin, tarnished, slightly uneven silver cross pendant marked with small, black scar marks. (Compl. ¶ 16.) Hanging next to the silver cross pendant is a small hammered coin pendant in tarnished silver with a rounded edge, a squared upraised cross in the middle, and random scarring around the edges of the cross. The two pendants hang from a chain. Here, the featured cross pendant, even when covered with small scar marks, does not, by itself, display the minimal amount of creativity sufficient to satisfy the originality requirement. However, when combined with the small hammered coin, the pendants together display the minimum amount of creativity required to warrant copyright protection. Accordingly, copyright protection is warranted for Jane Envy Item 7819N.

d. Inspirational Collection, VA 1-916-587

1) Jane Envy Item No. 8076N-HOPE

Jane Envy Item No. 8076N-HOPE is a rectangular bronze-colored tag hanging from a plain metal chain; the front of the tag features an upraised anchor with a curved drape, the word "HOPE" etched vertically on the right side, and "PRV 23:18" etched across the bottom. (Compl. ¶ 16; Dkt. # 75, Ex. 2-1.) The back of the tag is etched with the following excerpt from the Bible, in capital letters: "there surely is a future hope for you ..." (Id. (quoting Proverbs 23:18).)

*10 Here, the Jane Envy work combines an anchor shape, a common symbol not copyrightable on its own, with words that are in the public domain and are not protected by copyright. See Golan v. Holder, 132 S. Ct. 873, 910 (2012) (stating that the Bible, along with other literary classics such as the works of Hawthorne and Swift, are part of the public domain). However, while the unprotected words and designs are not subject to copyright protection, when combined, they create an arrangement that sufficiently "display[s] the stamp of the author's originality." Kepner-Tregoe, 12 F.3d at 533. Copyright protection is accordingly warranted for Jane Envy Item No. 8076N-HOPE.

2) Jane Envy Item No. 8076N-BLESSED

Jane Envy Item No. 8076N-BLESSED is a rectangular bronze-colored tag hanging from a plain metal chain; the front of the tag features an upraised tree shape, the word "BLESSED" etched across the top, and "PSA 115:15" etched across the bottom. (Compl. ¶ 16; Dkt. # 75, Ex. 2-1.) The back of the tag is etched with the following excerpt from the Bible, in capital letters: "may you be blessed by the Lord..." (Id. (quoting Psalms 115:15).)

Here, the Jane Envy work combines a tree shape, which on its own may or may not demonstrate the minimal degree of creativity warranting copyright protection, with words that are in the public domain and cannot be protected by copyright. See Golan, 132 S. Ct. at 910. In combination, the unprotected words and potentially copyrightable design creates an arrangement that sufficiently "display[s] the stamp of the author's originality." Kepner-Tregoe, 12 F.3d at 533. Copyright protection is accordingly warranted for Jane Envy Item No. 8076N-BLESSED.

3) Jane Envy Item No. 8076N-DREAM

Jane Envy Item No. 8076N-DREAM is a rectangular bronze-colored tag hanging from a plain metal chain; the front of the tag features an upraised bumblebee, the word "DREAM" etched across the top, and "LUKE 1:37" etched across the bottom. (Compl. ¶ 16; Dkt. # 75, Ex. 2-1.) The back of the tag is etched with the following excerpt from the Bible, in capital letters: "for nothing is impossible with God." (Id. (quoting Luke 1:37).)

Here, the Jane Envy work combines a bumblebee design, which displays the minimal degree of creativity sufficient to justify copyright protection, with words that are in the public domain and cannot be protected by copyright. See Golan, 132 S. Ct. at 910. In combination, the unprotected words and copyrightable design creates an arrangement that sufficiently "display[s] the stamp of the author's originality." Kepner-Tregoe, 12 F.3d at 533. Copyright protection is accordingly warranted for Jane Envy Item No. 8076N-DREAM.

4) Jane Envy Item No. 8076N-FAITH

Jane Envy Item No. 8076N-FAITH is a rectangular bronze-colored tag hanging from a plain metal chain; the front of the tag features an upraised cross with forked edges, the word "FAITH" etched vertically on the right side, and "MAT 9:2"

etched across the bottom. (Compl. ¶ 16.) The back of the tag is etched with the following excerpt from the Bible, in capital letters: "... and Jesus saw their faith." (Id. (quoting Matthew 9:2).)

Here, the Jane Envy work combines a cross shape, which is not copyrightable by itself, with words that are in the public domain and cannot be protected by copyright. See Golan, 132 S. Ct. at 910. However, in combination, the unprotected words and non-copyrightable designs create an arrangement that sufficiently "display[s] the stamp of the author's originality." Kepner-Tregoe, 12 F.3d at 533. Copyright protection is accordingly warranted for Jane Envy Item No. 8076N-FAITH.

5) Jane Envy Item No. 8076N-LOVE

*11 Jane Envy Item No. 8076N-LOVE is a rectangular silver-colored tag hanging from a plain metal chain; the front of the tag features an etched heart with an interior spiral design, "JOHN 15:12" etched below the heart, and "LOVE" etched across the bottom. (Compl. ¶ 16.) The back of the tag is bronze, and is etched with the following excerpt from the Bible, in capital letters: "... love each other as I have loved you." (Id. (quoting John 15:12).)

Here, the Jane Envy work combines a heart shape, which is not a sufficiently original heart design to be copyrightable by itself, with words that are in the public domain and cannot be protected by copyright. See Golan, 132 S. Ct. at 910. However, in combination, the unprotected words and non-copyrightable designs create an arrangement that sufficiently "display[s] the stamp of the author's originality." Kepner-Tregoe, 12 F.3d at 533. Copyright protection is accordingly warranted for Jane Envy Item No. 8076N-LOVE.

e. Patina Collection, VA 1-916-592

1) Jane Envy Item No. 8105E

Jane Envy Item No. 8105E consists of a rectangular pendant, with rounded edges, in tarnished copper. (Compl. ¶ 16.) The pendant is imprinted with a cross shape, the arms of which are of an approximately equal size, with small divots where the arms join the cross. (Id.) This pendant is attached to a plain

chain, as well as earring hooks, under the same item number. (Id.)

The rectangular shape which forms the pendant is not copyrightable, and the imprinted cross shape is not copyrightable. The Court finds that the combination of these two non-copyrightable elements does not sufficiently "display the stamp of the author's originality" to satisfy the originality requirement. See Kepner-Tregoe, 12 F.3d at 533. Because Plaintiff does not satisfy the originality requirement as to this piece, it is not subject to copyright protection, and the Court **DENIES** Plaintiff's Motion for Summary Judgment with respect to Jane Envy Item No. 8105E.

f. Vintage Finds Collection, VA 1-916-567

1) Jane Envy Item No. 8166E-ARROWHEAD

Jane Envy Item No. 8166E-ARROWHEAD consists of a burnished bronze arrowhead, with a rounded bottom tip and notches etched on the upper sides of the arrowhead. (Compl. ¶ 16; Dkt. # 75, Ex. 2-1.) The arrowhead is attached by two silver links to a turquoise bead, which fits into a cupped bronze earring hook. (Id.) Here, the Jane Envy work combines an arrowhead shape, which itself is not copyrightable, with a turquoise bead, which is also not copyrightable by itself, into a unique arrangement that sufficiently "display [s] the stamp of the author's originality." Kepner-Tregoe, 12 F.3d at 533. Copyright protection is warranted for Jane Envy Item No. 8166E-ARROWHEAD.

2) Jane Envy Item No. 8192B-WING

Jane Envy Item No. 8192B-WING is a leather bracelet with nine turquoise beads each separated by a knot in the leather. (Compl. ¶ 16.) The clasp of the bracelet is formed by a loop which fits over a tarnished silver disc. (Id.) The disc is inlaid with two circles: the inner circle contains an etched cross with even arms and an upraised, designed circle inlaid into each of the arms; the outer circle contains upraised designs, including random letters from the Roman alphabet. (Id.) Next to the disc, a tenth turquoise bead hangs from the bracelet next to a bright silver cross pendant with hammered metal arms and a raised center piece displaying an indistinguishable pattern. (Id.) A burnished bronze wing with feather marks detailed in black is knotted into the bracelet, connecting the cross pendant with the strand of turquoise beads. (Id.)

**\*12** Here, the cross shape, turquoise beads, and leather bracelet are not sufficiently original to be copyrightable on their own. However, the specific wing shape and the silver disc display at least the "trivial amount of authorship" warranting copyright protection. Further, the arrangement of the non-copyrightable elements with the copyrightable element sufficiently "display [s] the stamp of the author's originality" such that copyright protection is warranted for this item. Kepner-Tregoe, 12 F.3d at 533. Accordingly, copyright protection is warranted for Jane Envy Item No. 8192B-WING.

g. Conclusion

For the foregoing reasons, the Court finds that Jane Envy Item Nos. 7599N-SL, 7600N-SL, 7599N-GD, 7546N-IV, 7616E-IV-GOLD, and 8105E fail to satisfy the originality requirement. Plaintiff has not demonstrated ownership of a valid copyright as to these works. See Compaq, 387 F.3d at 408. Further, the Court cannot make a determination as to whether Jane Envy Item No. 7789N–INFINITY meets the originality requirement necessary to demonstrate ownership of a valid copyright, due to the insufficiency of the evidence before the Court. Should Plaintiff wish to submit additional evidence to the Court and move for summary judgment as to this item prior to trial, it may do so with leave of Court. The remaining items satisfy the second prong of the test for demonstrating valid ownership of a copyright. Accordingly, Plaintiff has established valid ownership as to the remaining jewelry items, and the Court will evaluate these items under the second step of the copyright infringement test.

C. Prong Two: Factual Copying

In order to prevail on a copyright infringement claim, a plaintiff must prove ownership of a valid copyright, as well actionable copying of the copyrighted items. See Bridgmon, 325 F.3d at 576. Proving actionable copying requires first showing that factual copying occurred, and second that "the copyrighted work and the allegedly infringing work are substantially similar." Positive Black Talk, 394 F.3d at 367.

1. Whether Plaintiff has established that that there is no genuine issue of material fact regarding factual copying

Copying may be proved by either direct or circumstantial evidence. Kepner-Tregoe, 12 F.3d at 532. "[D]irect evidence of copying is uncommon [;]" accordingly, the second prong of the copyright infringement test can also be proved using circumstantial evidence. Id.; see also Peel & Co., 238 F.3d at 394. For a plaintiff to prove copying by circumstantial evidence, it "must prove that (1) the defendant had access to the copyrighted work before creation of the infringing work and (2) the works contain similarities that are probative of copying." Armour v. Knowles, 512 F.3d 147, 152 (5th Cir. 2007); see also Positive Black Talk, 394, F.3d at 367–68. Here, Plaintiff has not introduced direct evidence of copying. Accordingly, the Court will evaluate whether there are any genuine issues of material fact that Defendant copied the jewelry by evaluating Plaintiff's circumstantial evidence

a. Whether Plaintiff has demonstrated that Defendant had access to the copyrighted work

Plaintiff can only prevail on its copyright infringement claims at the summary judgment stage if it can show that there are no genuine issues of material fact that Defendants had access to the copyrighted work before allegedly creating the infringing work. See Knowles, 512 F.3d at 152. "To establish access, a plaintiff must prove that 'the person who created the allegedly infringing work had a reasonable opportunity to view the copyrighted work' before creating the infringing work.'" Id. at 153 (quoting Peel & Co., 238 F.3d at 394). In other words, a plaintiff must show that the defendant "had a reasonable opportunity to view the copyrighted work." Knowles, 512 F.3d at 153. A court cannot find access at the summary judgment stage if the plaintiff presents only "a bare possibility" of access, nor will it find access "based on speculation and conjecture." Id. (quoting Peel, 238 F.3d at 394).

*13 Here, Plaintiff has provided only conclusory statements to support a finding of access. Specifically, Michelle Shaw, owner and member of Jane Envy, states:

> I have personal knowledge that the Infinite Defendants knew the infringing product designs at issue in this lawsuit were Jane Envy's copyrighted designs. Specifically, I have personal knowledge that Infinite was present at the same trade show that Jane Envy visited in 2013, and that Infinite's booth at that trade show was located only a few booths away from Jane Envy's booth.

("Shaw Decl.," Dkt. # 69, Ex. A ¶ 8; Dkt. # 75 ¶ 14.) Plaintiff does not supply the Court with any additional facts to support the conclusion that Defendants had access to Plaintiff's work. For example, Shaw does not allege that the Infinite Defendants visited the Jane Envy booth at the trade show, or that the Infinite Defendants otherwise obtained Jane Envy's designs.

Conversely, Defendants state that "Infinite Classic never had an access [sic] to the works that Plaintiff alleges it has copyright registration before Plaintiff commenced this action."[12] ("Kim Decl.," Dkt. # 72, Ex. B ¶ 8.) Defendants' assertion raises a genuine issue of material fact as to the issue of access. See Peel & Co, 238 F.3d at 397 (finding where there is a genuine issue of material fact as to access, the issue of access is one for jury determination, not appropriately resolved at the summary judgment stage). However, a plaintiff may still prevail on the issue of factual copying at the summary judgment stage if it is able to demonstrate that the allegedly infringing works are "strikingly similar" to the copyrighted works.

[12] Defendants also assert that the allegedly infringing items were purchased from a jewelry manufacturer in China, removing any potential liability for copyright infringement. (Kim Decl. ¶¶ 5–7.) However, 17 U.S.C. § 501(a) states that persons who import infringing works are liable for copyright infringement as if they had manufactured the copyrighted goods themselves.

b. Whether Plaintiff can Prove Striking Similarity

Where a plaintiff in a copyright infringement suit is unable to prove that defendant had access to its work at the summary judgment stage, the plaintiff may still prevail on a claim for copyright infringement at the summary judgment stage by demonstrating "striking similarity." Ferguson v. Nat'l Broadcasting Co., 584 F.2d 111, 113 (5th Cir. 1978) ("Even without proof of access, plaintiff could still make out her case if she showed that the two works ... were so strikingly similar as to preclude the possibility of independent creation."). When evaluating striking similarity at the summary judgment stage, the court must find that the works are "so strikingly similar that copying is the only realistic basis for the similarities at hand." American Registry of Radiologic Technologists v. Bennet, 939 F. Supp. 2d 695, 707 (W.D.

Tex. 2013) (quoting Armour, 512 F.3d at 156 n. 19); see also Playboy Enter., Inc. v. Webbworld, Inc., 991 F. Supp. 543, 551 (N.D. Tex. 1997) (finding copyright infringement where images, presented through a side-by-side comparison, were "virtually identical" to the copyrighted images).

 *14  Here, certain jewelry items sold by the Infinite Defendants are "so strikingly similar" to five of the Plaintiff's copyrighted works "as to preclude the possibility of independent creation." Ferguson, 584 F.2d at 113. However, "[n]ot all copying is legally actionable." Peel, 238 F.3d at 395. To determine whether legally actionable copying has occurred at the summary judgment stage, a court should engage in a "side-by-side comparison ... between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" Id. (quoting Creations Unlimited, Inc. v. McCain, 112 F.3d 814, 816 (5th Cir. 1997)).[13]

13  At the summary judgment stage, once the plaintiff has offered such evidence, the defendant may "offer[ ] evidence of independent creation" to demonstrate that the items were not created in violation of a copyright. Peel, 238 F.3d at 395. The Defendants did not offer any evidence of independent creation, so this element need not be reached.

a. Infinite Classic Item No. IN (XXXX)-1AG

Infinite Classic Item No. IN (XXXX)-1AG is a rectangular gold-colored tag hanging from a metal chain; the front of the tag features an upraised silver anchor with a curved drape, the word "HOPE" etched vertically on the right side, and "PRV 23:18" etched across the bottom. (Dkt. # 75, Ex. 2-1.) The back of the tag is gold with silver accents, and is etched with the following excerpt from the Bible, in capital letters: "there surely is a future hope for you ..." (Id. (quoting Proverbs 23:18).)

Here, the Court finds that Defendant arranges an anchor shape, a common symbol not copyrightable on its own, with words that are in the public domain and not copyrightable, in precisely the same manner as Jane Envy Item No. 8076N-HOPE; the Court found that the arrangement of these elements was protected by a valid copyright in Section III(B)(3)(d)(1), above. Accordingly, there is no genuine issue of material fact regarding Infinite Item No. IN (XXXX)1AG, and Defendants are liable for infringement of 8076N-HOPE.

b. Infinite Classic Item Nos. IN 3145-2AS, IGB 8050-2AS, IBG 8050-1AG

Infinite Classic Item No. IN 3145-2AS features a rectangular silver tag hanging from a plain metal chain; the front of the tag features an upraised tree shape, the word "BLESSED" etched across the top, and "PSA 113:15" etched across the bottom. (Dkt. # 75, Ex. 2-1.) The back of the tag is silver with gold accents, and is etched with the following excerpt from the Bible, in capital letters: "may you be blessed by the Lord ..." (Id. (quoting Psalms 115:15).) Infinite Classic Item No. IGB 8050–2AS is identical to Item No. IN 3145-2AS, except that the tag hangs from two silver rings rather than a chain, and multiple cross pendants are attached to the bottom of the tag. (Dkt. # 75, Ex. 2-1.) Infinite Classic Item IGB 8050-1AG is identical to item No. IGB 8050-2AS, except that the tag and the rings to which it is attached are entirely gold. (Id.)

Here, the Court finds that Defendant arranges a tree shape, which may not be sufficiently unique to warrant copyright protection on its own, with words that are in the public domain and not copyrightable, in precisely the same manner as Jane Envy Item No. 8076N-BLESSED; the Court found that the specific arrangement of these elements was protected by a valid copyright in Section III(B)(3)(d)(2), above. Accordingly, there is no genuine issue of material fact regarding Infinite Item Nos. IN 3145-2AS, IGB 8050-2AS, and IGB 8050-1AG, and Defendants are liable for infringement of 8076N-BLESSED.

c. Infinite Classic Item No. IN 3144-1AG

 *15  Infinite Classic Item No. IN 3144-1AG is a rectangular gold-colored tag hanging from a metal chain. A pearlized bead separates the tag from the chain. The front of the tag features an upraised bumblebee, the word "DREAM" etched across the top, and "LUKE 1:37" etched across the bottom. (Dkt. # 75, Ex. 2-1.) The back of the tag is gold with silver accents, and is etched with the following excerpt from the Bible, in capital letters: "for nothing is impossible with God." (Id. (quoting Luke 1:37).)

Here, the Court finds that Defendant arranges a bumblebee shape almost identical to the bumblebee shape the court found copyrightable in Jane Envy Item 8076N-DREAM, with words that are in the public domain and not copyrightable,

in precisely the same manner as Jane Envy Item No. 8076N-DREAM; the Court found that the specific arrangement of these elements was protected by a valid copyright in Section III(B)(3)(d)(3), above. Accordingly, there is no genuine issue of material fact regarding Infinite Item No. IN 3145-1AG, and Defendants are liable for infringing Jane Envy Item 8076N-DREAM.

d. Infinite Classic Item No. IB 3139-1FAITH

Infinite Classic Item No. IN 3139-1FAITH is a rectangular gold-colored tag hanging from a gold chain bracelet. The front of the tag features a cross, the word "FAITH" etched vertically on the right side, and "MAT 9:2" etched across the bottom. (Dkt. # 75, Ex. 2-1.) The back of the tag is gold with silver accents, and is etched with the following excerpt from the Bible, in capital letters: "... and Jesus saw their faith." (Id. (quoting Matthew 9:2).)

Here, the Court finds that Defendant arranges a cross shape, a common symbol not copyrightable on its own, with words that are in the public domain and not copyrightable, in precisely the same manner as Jane Envy Item No. 8076N-FAITH; the Court found that the arrangement of these elements was protected by a valid copyright in Section III(B)(3)(d)(4), above. Accordingly, there is no genuine issue of material fact regarding Infinite Item No. IN 3139-1FAITH; Defendants are liable for copyright infringement of 8076N-FAITH.

e. Jane Envy Item No. IB 3139-2LOVE

Infinite Classic Item No. IB 3139-2LOVE is a rectangular silver-colored tag hanging from a silver chain bracelet. The front of the tag features a heart, "JOHN 15:12" etched below the heart, and "LOVE" etched across the bottom. (Dkt. # 75, Ex. 2-1.) The back of the tag is silver with gold accents, and is etched with the following excerpt from the Bible, in capital letters: "... love each other as I have loved you." (Id. (quoting John 15:12).)

Here, the Court finds that Defendant arranges a heart shape, a common symbol not copyrightable on its own, with words that are in the public domain and not copyrightable, in precisely the same manner as Jane Envy Item No. 8076N-LOVE; the Court found that the arrangement of these elements was protected by a valid copyright in Section III(B)(3)(d)(5), above. Accordingly, there is no genuine issue of material fact regarding Infinite Item No. IB 3139-2 LOVE; Defendants are liable for copyright infringement of 8076N-LOVE.

2. Conclusion

The remaining Infinite Classic items are not "so strikingly similar" to Plaintiff's copyrighted works "as to preclude the possibility of independent creation" at the summary judgment stage. Ferguson, 584 F.2d at 113. This does not preclude the possibility that a finder of fact will determine that these items are so strikingly similar that copyright infringement occurred. Further, a genuine issue of material fact exists as to whether Defendants had access to Plaintiff's remaining protected jewelry designs. Accordingly, the Court **GRANTS** Plaintiff's Motion for summary judgement as to Jane Envy Items 8076N-HOPE, 8076N-BLESSED, 8076N-DREAM, 8076N-FAITH, and 8076N-LOVE, and **DENIES** Plaintiffs Motion as to the remaining items.

IV. Damages

A. Statutory Damages

*16 Plaintiff has elected to pursue statutory damages pursuant to 17 U.S.C. § 504(c), rather than pursue actual damages and profits, because Defendants have failed to participate in discovery and produce information regarding their sales and revenues for the infringing products. (Dkt. # 69 ¶ 22.) Plaintiff estimates that its present loss due to Defendants' sale of the infringing products for December 2013 through early 2015, is at least $12,000 per infringed work. (Id. ¶ 23; Shaw Decl. ¶¶ 7, 9.) Plaintiff states that each of the infringed designs was popular, and that "Jane Envy has typically sold hundreds of each design every month, generating revenue averaging between $1,000 and $2,000 per month, for each design that was copied." (Shaw Decl. ¶ 6 (emphasis in original).)

17 U.S.C. § 504(c)(1) allows a "copyright owner who has proved an infringement" to elect "to receive 'statutory damages' instead of actual damages on the infringer's profits." Broadcast Music, Inc. v. Xanthas, Inc., 855 F.2d 233, 236 (5th Cir. 1988) (quoting 17 U.S.C. § 504(c)). "Statutory damages may range from [$750 to $30,000]," and are assessed "as the court considers just." Xanthas, 855 F.2d at 236 (quoting

17 U.S.C. § 504(c)(1)). The award of statutory damages is based upon the number of infringed copyrighted items, rather than upon the number of infringing items produced by defendant. Mason v. Montgomery Data, Inc., 967 F.2d 135, 144 (5th Cir. 1992) (explaining that "if a plaintiff proves that one defendant committed five separate infringements of one copyrighted work, that plaintiff is entitled to only one award of statutory damages") (emphasis in original). When calculating a damage award, the court should "consider both restitution and deterrence when formulating the 'just' amount of damages." Broadcast Music Inc., v. Tex Border Management, Inc., 11 F. Supp. 3d 689, 698 (N.D. Tex. 2014) (quoting W.B. Music Corp. v. Big Daddy's Entm't, Inc., EP-05CA-267, 2005 WL 2662553, at *4 (W.D. Tex. Oct. 19, 2005)).

Plaintiff also seeks additional statutory damages of $12,000 per infringement for willful infringement of its copyrighted designs. (Dkt. # 69 ¶ 17.) 17 U.S.C. § 504(c)(2) permits a court to "increase the award of statutory damages to a sum of not more than $150,000," where it finds that the infringement was committed willfully. 17 U.S.C. § 504(c)(2). "A defendant acts 'willfully' within the meaning of § 504(c)(2) ... if he knows his actions constitute an infringement." Xanthas, 855 F.2d at 236; see also Controversy Music v. Down Under Pub Tyler, Inc., 488 F. Supp. 2d 572, 578 (E.D. Tex. 2007) (finding that "[i]nfringement is willful if the Defendant had knowledge that his conduct represented infringement or recklessly disregarded the possibility that his conduct might constitute infringement").

The Court has found at this stage of the litigation that the Defendant produced eight jewelry items that resulted in copyright infringement of five of Plaintiff's copyrighted jewelry items.[14] Accordingly, the plaintiff is entitled to five separate awards of statutory damages at this time. The suggested award of $12,000 per infringement, based upon estimated lost sales, provides adequate restitution for Plaintiff's loss as to the five works, pursuant to 17 U.S.C. § 504(c)(1). Because this Court found copyright infringement on the basis of striking similarity, the infringement was, by its very nature, willful. Defendant could not have produced the infringing jewelry items without either knowledge of infringement, or reckless disregard of "the possibility" that the jewelry might infringe upon Jane Envy's rights. Controversy Music, 488 F. Supp. 2d at 578. Accordingly, this Court imposes an additional award of $12,000 per infringement for willful damages, pursuant to 17 U.S.C. § 504(c)(2).

[14] Infinite Classic Item No. (XXXX)-IAG infringes upon Jane Envy Item No. 8076N-HOPE; Infinite Classic Item Nos. N 3145-2AS, IGB 8050-2AS, and IGB 8050-IAG infringes upon Jane Envy Item No. 8076N-BLESSED; Infinite Classic Item No. IN 3144-IAG infringes upon Jane Envy Item No. 8076N-DREAM; Infinite Classic Item No. IB 3139—1FAITH infringes upon Jane Envy Item No. 8076N-FAITH, and Infinite Classic Item No. IB 3139-2LOVE infringes upon Jane Envy Item No. 8076-LOVE.

B. Attorney's Fees

**\*17** Plaintiff argues that it is entitled to attorney's fees in the amount of $72,492.49, pursuant to 17 U.S.C. § 505. (Dkt. # 69 ¶ 27.) Because Plaintiff has separately requested attorney's fees in its February 24, 2016 Motion for Sanctions against Infinite Classic (Dkt. # 91) the Court finds the request **MOOT WITHOUT PREJUDICE**.

CONCLUSION

For the reasons stated above, the Court hereby **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Summary Judgment. (Dkt. # 69.)

The Court **DENIES** the motion with respect to Jane Envy Item Nos. 7599N-SL, 7600N-SL, 7599N-GD, 7546N-IV, 7616E-IV-GOLD, and 8105E for failure to satisfy the originality requirement. The claims related to these items are **DISMISSED WITH PREJUDICE**.

The Court **DENIES** the motion with respect to Jane Envy Item No. 7789N–INFINITY due to the insufficiency of the evidence before the Court. The Court **DENIES** the motion with respect to Jane Envy Item Nos. 7682N-GD, 7891N-TQ-CROSS, 7891N-IV-CROSS-GD, 7728E-IV-GOLD, 7728E-TQ-GOLD, 7815N-COIN, 7815N-CROSS, 7819N, 8166 E-ARROWHEAD, and 8192 B-WING, because a genuine issue of material fact exists as to the second element of the copyright infringement claim for each of these items.

The Court **GRANTS** Plaintiff's claim for copyright infringement with respect to Jane Envy Item Nos. 8076N-HOPE, 8076N-BLESSED, 8076N-DREAM, 8076N-FAITH, 8076N-LOVE, finding that the allegedly infringing Infinite Classic Items are so strikingly similar that no genuine issue of

material fact exists regarding infringement of these items. The Court awards statutory damages in the amount of $120,000.00 pursuant to §§ 504(c)(1) & (c)(2).

The Court further **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim for copyright infringement of Registration No. VA-1-872-140, as well as Plaintiff's general claim for copyright infringement of its copyrightable designs.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.3d, 2016 WL 797612, 2016 Copr.L.Dec. P 30,891

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.