IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BERG,<br>　　　　　Plaintiff, | §<br>§<br>§<br>§ | |
| vs.<br>M&F WESTERN PRODUCTS, INC.,<br>　　　　　Defendant. | §<br>§<br>§ | Case No. 6:19-cv-418-JDK |

### M&F WESTERN'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST PLAINTIFF'S COUNSEL

Mr. Liebowitz ignores the Rule 11 standard, which imposed an affirmative obligation on him to make a reasonable investigation of the facts and law *before* signing and submitting the Amended Complaint. With evidence in hand regarding the 1995 Crumrine Buckle and the Asset Purchase Agreement, he was obligated to investigate, and he had ample time to do so. Yet he did nothing: he did not notice or take depositions of any M&F Western witnesses before filing the Amended Complaint; apparently, he did not even review the discovery that M&F Western produced on February 20, 2020—which includes the full 1995 Crumrine catalog (M&F 000400-411)—given his allegations that M&F Western has never produced the catalog in full.[1]

Mr. Liebowitz argues that sanctions are not appropriate because he believed that M&F Western and its counsel faked the 1995 Crumrine Catalog evidence and he believed that Asset Purchase Agreement did not transfer the copyright in the Crumrine Buckle.[2] Rule 11 would be eviscerated if counsel could avoid sanctions by making speculative assertions after the fact that

---

[1] Mr. Liebowitz's insistence that M&F Western did not produce the catalog is perplexing. As the Court is aware, M&F Western attached the full catalog as Exhibit 1 to its Reply in Support of its Motion for Partial Summary Judgment. (Dkt. 33 at n. 1 and Exhibit 1 thereto.) M&F Western resubmits the catalog (along with the letter showing it was produced on February 20, 2020) as Exhibit 1 hereto for the Court's ease of reference. In any event, Mr. Liebowitz's failure to review discovery does not excuse his failure to investigate before filing the Amended Complaint.

[2] M&F Western does not address the substance of these arguments as the Court has already rejected these arguments in its July 21, 2020 Order. (Dkt. 37 at pp.7-9.) *Terry v. Masterpiece Adver. Design*, 17 Civ. 8240 (NRB), 2018 WL 3104091, at *2 (S.D.N.Y June 21, 2018) (admonishing Mr. Liebowitz for repeating arguments that "ha[ve] no basis in law").

149452158.1

evidence was faked so there was no obligation to investigate. The Court should reject Mr. Liebowitz's interpretation of Rule 11 and grant sanctions to the full extent of the Court's authority under Rule 11 and under its inherent powers.

Dated:  September 4, 2020                                  Respectfully submitted,

By:  _____

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

***Attorneys for Defendant M & F Western Products, Inc.***

## CERTIFICATE OF SERVICE

I certify that on September 4, 2020, the foregoing was filed with the Court's electronic

filing system, which served a copy on all counsel of record.

_____
Kirstin E. Larson