IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(TYLER DIVISION)

| | |
|---|---|
| ROBERT BERG,<br><br>                                    Plaintiff,<br><br>- against -<br><br>M&F WESTERN PRODUCTS, INC.<br><br>                                    Defendant. | Docket No. 6:19-cv-00418-JDK |

**PLAINTIFF'S COUNSEL'S SUR-REPLY IN FURTHER OPPOSITION
TO DEFENDANT'S MOTION FOR SANCTIONS**

Richard Liebowitz, Esq., counsel for plaintiff Robert Berg (Plaintiff"), respectfully submits this sur-reply memorandum of law in further opposition to Defendant M&F Western Products, Inc. ("Defendant")'s motion for sanctions under Rule 11 and the Court's inherent powers for prosecuting Plaintiff's copyright infringement claims on registration VA 1-159-548 (the "548 Registration") against Defendant (the "Buckle Claim").

**Point I:**      **Defendant's Argument that Mr. Liebowitz Had An Affirmative Obligation Under Rule 11 to Depose Defendant's Witnesses <u>Before</u> Signing the Amended Complaint Should be Rejected**

Defendant's reply brief primarily argues that Mr. Liebowitz violated his Rule 11 obligation by allegedly neglecting to depose all of Defendant's witnesses before filing the first Amended Complaint on April 13, 2020. *See* Reply Brief, Dkt. #46 ("With evidence in hand regarding the 1995 Crumrine Buckle and the Asset Purchase Agreement, he was obligated

to investigate, and he had ample time to do so. Yet he did nothing: he did not notice or take depositions of any M&F Western witnesses before filing the Amended Complaint.").

This argument borderlines on the absurd. On February 7, 2020, and again on March 5, 2020, the Court set the discovery cut-off date as August 7, 2020. [Dkt #'s 10, 20] Yet, Defendant would have this Court adopt the position that it is the duty of every attorney under Rule 11 to *complete* discovery, including depositions, roughly four (4) months before the discovery cut-off, lest be saddled with crushing attorneys' fees for allegedly "failing to investigate" before signing an amended pleading. Defendant has failed to cite any authority for this odd proposition, which turns the Federal Rules of Civil Procedure on its head. Moreover, Mr. Liebowitz is not aware of any authority which requires an attorney to complete discovery before signing an amended pleading.

Under Rule 11, Mr. Liebowitz was required to conduct a reasonable inquiry into the law and the facts underlying his client's claims before signing the amended complaint. *Thomas v. Cap. Sec. Servs.,* 836 F.2d 866, 875—76 (5th Cir.1988) (en banc). Such investigation does not require the full-scale completion of discovery, as Defendant argues. Mr. Liebowitz considered the documentary evidence provided by Defendant, namely a one-page screenshot allegedly extracted from a 1995 catalog (which Defendant now claims consists of an 11-page pamphlet), and the Asset Purchase Agreement which only generically claims to have transferred intellectual property from Crumrine to Defendant (but without actually defining which assets were transferred or otherwise identifying the copyright registration numbers subject to transfer).

At the time Mr. Liebowitz signed the amended complaint on April 13, 2020, such evidence was wholly inadequate to warrant withdrawal of the Buckle Claim, particularly as Defendant did <u>not</u> possess a valid registration certificate to support its claims to a design which

allegedly pre-dated Plaintiff's registered work, nor any contract which actually identified such designs (either by description or through registration number).

Neither piece of documentary evidence proffered by Defendant in advance of Mr. Liebowitz's signing of the Amended Complaint would have been sufficient to persuade a reasonable lawyer in Mr. Liebowitz's position to withdraw the Plaintiff's claim relating to the 548 Registration, particularly given Plaintiff's background as a celebrated belt buckle designer.

Finally, the irony of Defendant's position is that Defendant has stonewalled Plaintiff's efforts to depose its witnesses. So even had Mr. Liebowitz attempted to depose Defendant's witnesses before filing the Amended Complaint, it is unlikely his efforts would have been successful.

**Point II:** **As of April 13, 2020, Mr. Liebowitz Had No Reason to Believe That Defendant Had Produced a "Full 1995 Crumrine Catalog"**

Defendant also argues that it produced a "full 1995 Crumrine catalog (M&F 000400-411)" on February 20, 2020. Defendant alleges that this catalog consists of 12 pages (which means it was more of a pamphlet than a catalog). But with the exception of the first page of this purported 12-page catalog, none of the other pages contain the 1995 date or otherwise indicate when such catalog was actually published. Defendant also failed to provide a tangible hard copy of the alleged catalog, only a digital reproduction of a purported 25-year old print copy.

It is also telling that Defendant seeks to impose sanctions on Mr. Liebowitz for the production of a 12-page catalog <u>that has never been authenticated by any of Defendant's witnesses</u> (despite Defendant's voluminous filings). In Defendant's principal motion for

summary judgment, it made no attempt to authenticate the 12-page catalog; rather Lashelle Crumrine's declaration only purported to authenticate the single-page screenshot which contains a graphic of the 1995 date super-imposed over the image. [Dkt. #27-4 at ¶10]

Then, even after Plaintiff challenged the authenticity of the document in opposition to summary judgment, Defendant failed to proffer a reply declaration to authenticate the entire purported 12-page catalog, calling it irrelevant. [Dkt. #33, p. 3]  At the time the Amended Complaint was filed on April 13, 2020, Mr. Liebowitz reasonably expected that Plaintiff would have the opportunity to properly examine the purported authenticity of Defendant's digital reproduction of an alleged quarter-century old product pamphlet of Defendant's predecessor-in-interest.

## CONCLUSION

Based on the foregoing, and those arguments raised in his opposition brief, Mr. Liebowitz respectfully requests that Defendant's motion for sanctions should be DENIED in its entirety. Further, the Court should award Mr. Liebowitz his attorneys' fees for defending against Defendant's frivolous motion, which is harassing and not well-founded.

Dated: September 11, 2020
       Valley Stream, NY

/s/richardliebowitz/
Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
516-233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff*