IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROBERT BERG, § | |
|     Plaintiff, § | |
| vs. § | Case No. 6:19-cv-418-JDK |
| § | |
| M&F WESTERN PRODUCTS, INC., § | |
|     Defendant. § | |

## M&F WESTERN'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

### I.    Executive Summary

M&F Western agreed (and remains willing) to provide dates for its witnesses' depositions, including by extending the discovery deadline. M&F Western's only request was that it depose plaintiff before the M&F Western witnesses were deposed. Berg cannot appear at the trial in person because he is unable to travel to the United States. He must preserve his own testimony if he wishes to offer evidence at his own trial. However, Berg currently lives in Vietnam, a country that will not permit depositions under any circumstances. M&F Western has asked him to travel to another nearby country where he can be deposed lawfully. Berg has refused. Until Berg offers a viable path to his deposition, M&F Western will not produce its own witnesses.

While M&F Western is mindful that the Court asked the parties to handle these matters between themselves, with no offer of compromise from Berg, M&F Western is stymied. Berg should not be permitted to depose several M&F witnesses if he is not willing to sit for testimony himself. Indeed, if he refuses to leave Vietnam, he will be unable to testify at trial, even if the Court would permit him to testify via video. If he is unable to testify, he has no case. There is no reason the M&F Western witnesses should be put through the time and expense of depositions if plaintiff has no viable path to presenting a case at trial.

M&F Western remains willing to provide dates for its witnesses' depositions and remains willing to extend discovery, as it previously told Liebowitz, if and when Liebowitz offers a viable path to obtain Berg's testimony.

## II. M&F Western Will Be Extremely Prejudiced If It Is Unable to Depose Berg

M&F Western has been trying to schedule Berg's since early March. (Exhibit 1, Mar. 4, 2020 email from K. Larson to R. Liebowitz.) However, it became clear that Berg's visa issues make his travel to the United States impossible.[1] The Court previously considered the issue of Berg's deposition and denied M&F Western's motion to require Berg to appear in-person. (Dkt. 39 at pp. 1-2.) M&F Western thus was prepared to depose Berg via videoconference while in Vietnam. (Exhibit 2, July 31, 2020 email from J. Hardin to R. Liebowitz; Exhibit 3, Aug. 4, 2020 email from J. Hardin to R. Liebowitz.) But it is not possible to conduct such a deposition without violating international law as Vietnam is not a party to the Hague Convention and would consider any such deposition an affront to its judicial sovereignty. (Exhibit 4[2].)

M&F Western explained this to Liebowitz and suggested an alternative: namely, that it would be possible to take a video deposition in nearby countries, such as Hong Kong and Thailand. (Exhibit 5, Aug. 27, 2020 email from J. Hardin to R. Liebowitz.) But Berg refuses to travel. (Exhibit 6, Aug. 31, 2020 email from R. Liebowitz to J. Hardin.) M&F Western then asked Berg's counsel (multiple times) for a practical solution to the problem of how to obtain Berg's testimony—there is no dispute that M&F Western is entitled to the deposition—so the parties could avoid troubling the Court with this issue. (Exhibit 7, Sept. 3, 2020 email from J. Hardin to R. Liebowitz.) Berg's counsel has proposed only the use of Letters Rogatory. (Exhibit 8, email exchange between J. Hardin and R. Liebowitz.) As the Court knows, Letters Rogatory are written questions, akin to interrogatories, presented to the witness via diplomatic channels. (Exhibit 9.)

---

[1] His counsel has repeatedly stated that, *perhaps*, by the time of trial he will be able to travel to the U.S.
[2] *See*, https://vn.usembassy.gov/u-s-citizen-services/local-resources-of-u-s-citizens/taking-of-evidence-abroad/.

**M&F WESTERN'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL--PAGE 2**

149509411.5

They are no substitute for a deposition of the plaintiff in the case. As Berg himself recognizes: "'[C]ross-examination is the 'greatest legal engine ever invented for the discovery of truth.'" (Dkt. 48 at p. 5, quoting *Kentucky v. Stincer*, 482 U.S. 730, 736 (1987).)

M&F Western remains willing to provide dates for its witnesses' depositions,[3] but only after Berg has been deposed. Berg has failed to produce documents; Berg has repeatedly changed his story in this case; and Berg and Liebowitz agreed that Berg would be deposed first before the Court extended the discovery deadline. (Exhibit 5.) Berg should be required to honor that agreement, and M&F Western should be entitled to full discovery of the allegations against it.[4]

As to the substance of the M&F Western depositions, M&F Western notes that Berg's argument for needing the depositions is that the witnesses have proffered "contested declarations." (Dkt. 48 at p. 5.) He recycles his legally incorrect argument that witnesses must demonstrate they registered the copyright in their designs pre-dating Berg's design in order to prove their designs pre-dated Berg's. (*Id.*) There is no such requirement. Berg also argues that the evidence authenticated by M&F Western's witnesses in sworn declarations "is highly suspect" (*id.*), but the Court has previously found that such speculation is not a basis for discrediting the declarations. (Dkt. 37 at p. 10.)

### III.   Berg Failed to Comply with the Court's Order

The Court recognized that Berg has not complied with his Rule 26(b) obligations. (Dkt. 39.) Indeed, one of the reasons the Berg deposition is so critical in this case is because Berg has produced virtually no documents. And, despite the Order requiring Berg to report to the Court regarding the investigation he and his counsel undertook with regard to searching for the

---

[3] Berg has not served deposition notices.
[4] For example, in his original Complaint, Berg alleged that the copying occurred after a December 2016 meeting. (Dkt. 1 at ¶¶ 10-11.) When M&F Western explained that all of the accused products were created before December 2016, Berg changed his story entirely. In his Amended Complaint, he alleged, on information and belief, that the copying occurred after Gary Ballenger obtained Berg's molds from Berg's Mexico factory and provided them to M&F Western. (Dkt. 23 at ¶¶ 17-19.)

**M&F WESTERN'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL--PAGE 3**

149509411.5

specified categories of documents (Dkt. 39 at p. 4), Berg did not comply. On August 13th, Berg's counsel served only *three pages* of documents on M&F Western consisting of: (pages 1-2) an August 2019 email and letter from the U.S. Consulate General (Ho Chi Mihn City) explaining that Berg was found ineligible for a nonimmigrant visa (Exhibit 10), and (page 3) an announcement from Berg claiming that 28 companies (including M&F Western) are "now under pending Court Rulings on their individual cases." (Exhibit 11.) Berg did not explain to M&F Western or to the Court, in direct contravention of the Court's Order, what efforts he made to locate responsive documents, and M&F Western has serious concerns regarding spoliation of evidence given that Berg failed to produce relevant documents that M&F Western knows existed during the pendency of the case. M&F Western reserves the right to brief the spoliation issue separately.

Moreover, if Berg is unable to travel to the United States, give sworn testimony by video from his home in Vietnam or travel to another locale to offer testimony during trial, Berg cannot make a prima facie case of copyright infringement. If the case will be dismissed because Berg cannot present it at trial, there is no reason to put the M&F Western witnesses through depositions.

Berg, who has stonewalled on discovery since the outset of the case, should not be heard to complain about M&F Western's alleged failure to provide deposition dates, nor are sanctions against M&F Western appropriate. M&F Western respectfully requests an oral hearing to address these important issues with the Court.

Dated:  September 22, 2020 Respectfully submitted,

By: */s/ John R. Hardin*

John R. Hardin
Texas Bar No. 24012784
<JohnHardin@perkinscoie.com>
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
<JJennison@perkinscoie.com>
Kirstin E. Larson
Washington State Bar No. 31272
<KLarson@perkinscoie.com>
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

*Attorneys for M&F Western Products, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2020, the foregoing was filed with the Court's electronic filing system, which served a copy on all counsel of record.

_____
Kirstin E. Larson