IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ROBERT BERG,** | § | |
| Plaintiff | § | |
| vs. | § | Case No. 6:19-cv-418-JDK |
| | § | |
| **M&F WESTERN PRODUCTS, INC.,** | § | |
| Defendant. | § | |

## M&F Western's Response to Submission

Berg is still not producing relevant documents in his possession or taking his Court-ordered discovery responsibilities seriously. After multiple attempts by M&F Western to obtain basic mandatory disclosures from Berg and discovering on its own unproduced demand letters Berg sent to third parties and Facebook posts about this case, the Court ordered Berg to take the following actions by August 13, 2020:

> (a) conduct a full search of all documents and materials in hard copy and electronic format in Berg's custody and control, including but not limited to all data on social media platforms in Berg's custody and control, demand letters issued by Berg or his counsel to third parties referencing this case, documents and materials of Berg's company, and documents and materials related to this case that are in the custody and control of Berg's current or prior lawyers; (b) report to the Court the investigation Berg and his counsel undertook with regard to each category of documents and materials; (c) report what documents and materials were found in each location; and (d) produce to M&F Western all relevant, nonprivileged documents and materials identified. (Dkt. 39 at p. 4.)

But Berg did not comply. He did not file a report on August 13th or explain to M&F Western any efforts to search for or produce responsive documents. Rather, on August 13th, Berg produced three pages (two pages related to Berg's Visa issues and one page regarding alleged copyright infringers), and nothing more. (Exhibit A.)

## A. Berg's October 8th Declaration is substantively lacking.

On October 8, 2020, nearly two months after the Court's deadline and more than two weeks after the close of discovery, Berg filed a conclusory declaration. (Dkt. 53.) Berg's declaration is substantively lacking and underscores how Berg and his counsel are not taking their responsibilities seriously, causing prejudice to M&F Western.

Berg attests that his declaration was late as the result of an "oversight" (*id.* at ¶ 3), which is unpersuasive given that he produced three pages on August 13. He attests that he's conducted a search for documents but does not explain any details about the search or otherwise provide any factual basis for the Court to conclude that a "full search" was conducted as required by the Order. Berg simply claims that he worked with two "Vietnamese IT specialists" to conduct his search for documents and materials. (*Id.* at ¶ 4.) He does not provide the names of these specialists, their company, their qualifications, or the specific actions they took to locate documents. Nor does Berg explain where specifically they/he searched, i.e., physical and computer files in Vietnam? Physical and computer files in the U.S.? Where were the three documents produced on August 13th found? Even with the declaration in hand, neither the Court nor M&F Western knows anything about the search, the actions that Berg or the "IT specialists" took, or where Berg houses his documents.

Finally, Berg attests that he has been informed by his former law firm involved in the *Berg v. Symons* case from 2005 that the firm will transfer his files

to Mr. Liebowitz and then he will "promptly produce" non-privileged documents. (*Id.* at ¶ 8.) Discovery is closed. There is nothing prompt about the promised late production of documents, which Berg knew about when he filed this case and yet waited over a year to contact his former counsel.[1] By withholding these documents, Berg has prejudiced M&F Western's ability to prepare the case for trial and required M&F Western to spend more time and money trying to compel basic discovery.

**B. After receiving the October 8th Declaration, M&F Western contacted additional companies and confirmed more documents exist.**

After receiving Berg's Declaration, M&F Western contacted additional third parties and learned that they, too, received demand letters from Berg or his lawyers which referenced the case against M&F Western (attached as Exhibit B[2]), though Berg has never produced those letters. In other words, additional relevant documents either exist were destroyed.[3] Berg never deals with that issue. Instead,

---

[1] Berg claims he attempted to contact another former attorney, Phillip Golden, but could not find his contact information. (Dkt. 53 at ¶ 9.) Once again, M&F Western is prejudiced by Berg's failure to contact Mr. Golden at the outset of the case. To the extent he has responsive documents, those should have been produced; had Berg diligently participated in discovery, his issues with tracking down Mr. Golden may have been resolved by now.

[2] The newly obtained demand letters that Berg or his attorneys sent to third parties in March 2020 also included as attachments a deposition notice for Berg and the Amended Complaint. The demand letters were sent to: Andy Andrews (A Cut Above Buckle); Curtis Spain (Benchmark Buckles); Kimberly Cones (K Bar Sam Buckles); Rusty Badillo (RB Buckles); Chad Gist (Gist Silversmiths) and Clint Mortensen (Silver and Saddles). M&F Western previously produced demand letters that Berg or his attorneys sent to: Wayne Baize (Corriente Buckle); Jeff Dees (Lone Star Buckles); Stacey Sloan (Rowdy Silver); Joanne Symons (Hyo Silver); Jo and Eddie Fisher (Ridetuff); Matt Harris (Coolhorse & Champions Choice Silver). (Exhibit C.)

[3] M&F Western refers to the demand letters to third parties as an *example* of responsive

he minimizes it by claiming "[w]ith respect to demand letters issued by me or my counsel to third parties referencing this case, I did not find any documents that have not already been produced during the course of this litigation."[4]

WHEREFORE, M&F Western asks the Court to dismiss the case, award M&F Western its costs and fees, and enter any such additional sanctions the Court deems just and appropriate. Fed.R.Civ.P. 37(b)(2); *Chisesi v. Auto Club Family Ins. Co.*, No. 09-30826, 2010 WL 785173 at *2 (5th Cir. Mar. 9, 2010) ("The law is clear that willful violation of a district court's discovery orders give that court discretion to impose sanctions, including dismissal"); *Murray v. Serena Software, Inc.*, No. 06-40497, 2007 WL 30839 at *1 (5th Cir., Jan. 5, 2007) (upholding lower court's dismissal for failure to comply with discovery orders: "Murray was specifically warned by the court that dismissal would be the sanction for future failure to comply with its orders. Because Murray's actions reflect a persistent disregard of the responsibilities owed to the court and his opponents rather than mistake or inadvertence, we find no abuse of discretion in the district court's refusal to reconsider dismissal of Murray's action.").

---

documents that Berg has either withheld or spoliated.

[4] Berg himself has never produced any of the demand letters sent to third parties regarding the litigation; rather, to the extent M&F Western has obtained such documents, it produced them.

Dated: October 13, 2020          Respectfully submitted,

By: *s/Kirstin E. Larson*

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

***Attorneys for M&F Western***

# CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2020, I caused copies of the foregoing document to be served via email on the counsel of record in this matter.

*s/Kirstin E. Larson*
Kirstin E. Larson