IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BERG, | § | |
|     Plaintiff | § | |
| vs. | § | Case No. 6:19-cv-418-JDK |
| | § | |
| M&F WESTERN PRODUCTS, INC., | § | |
|     Defendant. | § | |

## M&F Western's Motion to Strike Plaintiff's Pretrial Disclosures

Plaintiff's pretrial disclosures do not comply with the Court's Scheduling Order or the Federal Rules of Civil Procedure. Instead of identifying each trial exhibit he intends to offer as required by Fed.R.Civ.P. 26(a)(3)(iii), Plaintiff claims his trial exhibits are: "All documents produced by Plaintiff and all documents produced by Defendant." *See* Exhibit A. Plaintiff's failure to comply is part of a continuing pattern of disregard for the rules that prejudices M&F Western's ability to prepare for trial and requires M&F Western to expend unnecessary funds.

Attorneys during the pretrial stages "owe a duty to the court and opposing counsel to make a full and fair disclosure of their views as to what the real issues of the trial will be . . . it is through such disclosure at pretrial that trial prejudice can be avoided." *Payne v. S.S. Nabob*, 302 F.2d 803, 807 (3d Cir. 1962); *see Torres v. City of San Antonio*, No. SA:14-CV-555-DAE, 2014 WL 7339122, at *1 (W.D. Tex. Dec. 23, 2014) (granting motion to strike: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a

hearing, or at a trial, unless the failure was substantially justified or is harmless."). By specifying the exhibits that the parties intend to introduce at trial, the parties also provide the Court with the opportunity in advance of trial to make rulings regarding admissibility and narrow the evidence. This promotes trial efficiency. Without specific disclosures, however, M&F Western is unable to comply with the Court's Scheduling Order requiring objections to pretrial disclosures to be exchanged by November 16, 2020. M&F Western is also prejudiced because it cannot prepare efficiently for trial and because, if Berg were permitted to proceed with his plan, M&F Western would be faced with surprise exhibits introduced at trial on an ad hoc basis. This is not the law.

WHEREFORE, M&F Western asks the Court to strike Berg's pretrial disclosures. *See Torres*, 2014 WL 7339122, at *1 ("The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."); *see Harmon v. Georgia Gulf Lake Charles L.L.C.*, No. 11-30383, 2012 WL 1623573 (5th Cir. May 9, 2012) (upholding exclusion of expert testimony for failure to comply with scheduling order).

Dated: October 20, 2020

Respectfully submitted,

By: /s/ Kirstin E. Larson

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

*Attorneys for M&F Western*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2020, I caused copies of the foregoing document to be served via email on the counsel of record in this matter.

/s/ Kirstin E. Larson
Kirstin E. Larson