IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ROBERT BERG,** §<br>Plaintiff §<br>§<br>§<br>vs. §<br>§<br>§<br>**M&F WESTERN PRODUCTS, INC.,** §<br>**Defendant.** | | Case No. 6:19-cv-418-JDK |

# APPENDIX IN SUPPORT OF M&F WESTERN'S
# MOTION TO STRIKE PLAINTIFF'S PRETRIAL DISCLOSURES

Pursuant to Local Rule CV 7(a), Defendant's M&F Western Products, Inc. notifies the Court of the following authority supporting M&F Western's Motion to Strike, copies of which are submitted herewith.

- *Torres v. City of San Antonio,* No. SA:14-CV-555-DAE, 2014 WL 7339122, at *1 (W.D. Tex. Dec. 23, 2014)

- *Harmon v. Georgia Gulf Lake Charles L.L.C.*, No. 11-30383, 2012 WL 1623573 (5th Cir. May 9, 2012)

**APPENDIX IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S PRETRIAL DISCLOSURES**

PAGE 1

149898317.1

Dated:  October 20, 2020

Respectfully submitted,

By: _____

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

***Attorneys for Defendant M & F Western Products, Inc.***

### CERTIFICATE OF SERVICE

I certify that on October 20, 2020, the foregoing was filed with the Court's electronic filing system, which served a copy on all counsel of record.

_____
Kirstin E. Larson

**APPENDIX IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S PRETRIAL DISCLOSURES**

KeyCite Yellow Flag - Negative Treatment

Distinguished by [Iglesias v. Electrolux Home Care Products, Ltd.,](https://...) W.D.Tex., December 6, 2019

2014 WL 7339122
Only the Westlaw citation is currently available.
United States District Court,
W.D. Texas,
San Antonio Division.

Maria A. TORRES, a Missions Indigenous Lineal Descendant and a Member of the Pacuache Clan of Texas, et. al, Plaintiffs,
v.
The CITY OF SAN ANTONIO, Defendant.

No. SA:14–CV–555–DAE.
|
Signed Dec. 23, 2014.

**Attorneys and Law Firms**

Maria A. Torres, San Antonio, TX, pro se.

[Deborah Lynne Klein](https://...), Office of the City Attorney, San Antonio, TX, [Mark Kosanovich](https://...), Fitzpatrick & Kosanovich, PC, San Antonio, TX, for Defendant.

*ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF EXPERTS, WITNESSES, AND EXHIBITS*

[DAVID ALAN EZRA](https://...), Senior District Judge.

\*1 Before the Court is an Objection and Motion to Strike Plaintiff's Designation of Experts, Witnesses, and Exhibits filed by Defendant the City of San Antonio ("Defendant.") (Dkt.# 52) Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Strike. (Dkt.# 52.)

*BACKGROUND*

Pursuant to this Court's September 9, 2014 Scheduling Order, parties asserting claims for affirmative relief were required to designate their potential witnesses, testifying experts, and proposed exhibits by serving the designation on all parties by October 26, 2014. (Dkt. # 30 at 4.)

On November 26, 2014, Plaintiff Maria Torres ("Plaintiff") filed her designation of witnesses, expert witnesses, and exhibits. (Dkt.# 50.) Plaintiff presents the Court with a list of no less than sixty-four witnesses and twenty-five expert witnesses. (*Id.*) On December 3, 2014, Defendant moved to strike Plaintiff's designations because Plaintiff failed to file her designations by the October 26, 2014 deadline and because she failed to comply with the requirements of [Rule 26(a)(2) of the Federal Rules of Civil Procedure](https://...). (Dkt. # 52 .) Defendant argues that Plaintiff has not filed a motion seeking leave to file an out of time list, nor has Plaintiff provided the Court with any explanation as to why she failed to comply with the Scheduling Order. (*Id.* at 1.)

*LEGAL STANDARD*

If a party fails to provide information or identify a witness as required by [Rule 26(a)](https://...) or [(e)](https://...), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. [Fed.R.Civ.P. 37(c)(1)](https://...). The "sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of [Rule 26(a)](https://...) was either justified or harmless." *[JMC Constr. LP v. Modular Space Corp.,](https://...)* No. 3:07–CV–1925–B, 2008 WL 4531819, at \*8 (N.D.Tex. Oct. 28, 2008) (quoting *[David v. Caterpillar, Inc.,](https://...)* 324 F.3d 851, 857 (7th Cir.2003)). "The determination of whether a [Rule 26(a)](https://...) violation is justified or harmless is entrusted to the broad discretion of the district court." *[Caterpillar, Inc.,](https://...)* 324 F.3d at 857.

When evaluating whether a violation of [Rule 26](https://...) is harmless, the Court looks to four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *[Hamburger v. State Farm Mut. Auto. Ins. Co.,](https://...)* 361 F.3d 875, 883 (5th Cir.2004).

*DISCUSSION*

I. *Explanation for Plaintiff's Failure to Disclose*
As Defendant notes, Plaintiff has provided no explanation as to why she failed to file her designations by the October

26, 2014 deadline. After granting Plaintiff a forty-five day extension of all scheduling order deadlines on September 9, 2014, the Court warned Plaintiff that no further extensions would be granted absent extraordinary circumstances. (Dkt. # 30 at 5.) This factor weighs heavily in favor of Defendant.

II. *The Importance of the Evidence*

 *2  Neither party addressed the importance of the potential witnesses' testimony; therefore, the Court cannot make a definitive determination on this element. See *Gerald v. Univ. of S. Miss. (USM),* No. 2:12CV147–KS, 2013 WL 5592454, at *5 (S.D.Miss. Oct.10, 2013) (ruling that when there is little evidence as to the importance of an expert testimony this factor only slightly militates against exclusion). Accordingly, this factor favors neither Plaintiff nor Defendant.

III. *Prejudice in Allowing Testimony*

As Defendant states in its Motion, Plaintiff's designations fail to comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure. Plaintiff does not note whether her experts are designated under Rule 26(a)(2)(B) or Rule 26(a)(2)(C). Witnesses designated under Rule 26(a)(2)(B) are retained or specially employed to provide expert testimony. Plaintiff's disclosure of Rule 26(a)(2)(B) experts should have been accompanied by a written report, prepared and signed by each expert, containing: (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case. Fed.R.Civ.P. 26(a)(2)(B)(i)-(vi).

Expert witnesses not designated under Rule 26(a)(2)(B) must comply with the requirements of Rule 26(a)(2)(C). If her experts were designated under Rule 26(a)(2)(C), Plaintiff was required to state in her disclosure (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts an opinions to which the witness is expected to testify. Fed.R.Civ.P. 26(a)(2)(C).

Plaintiff's designations are not accompanied by written reports as required by Rule 26(a)(2)(B) or disclosure statements as required by Rule 26(a)(2)(C). The purpose of these rules is to provide an opposing party with fair notice of the content of the experts' testimony; without the requisite information, Defendant is greatly prejudiced because it is left unaware of the testimony each expert plans to offer. It cannot prepare to rebut the testimony or determine whether any further discovery may be warranted. Therefore, this factor weighs heavily in favor of Defendant.

IV. *Possibility of Cure Through Continuance*

A continuance is the preferred means of dealing with a party's attempt to designate a witness out of time. *Campbell v. Keystone Aerial Surveys,* 138 F.3d 996, 999 (5th Cir.1998). This needs to be balanced against a trial court's need to control its docket. A party's violation of the court's scheduling order should not routinely justify a continuance. *Hamburger,* 361 F.3d at 884. Here, Plaintiff has routinely attempted to violate the Court's Scheduling Order, and has repeatedly been warned that she must comply with the Order. The Court recognizes that Plaintiff is proceeding pro se in this action, but pro se parties must still comply with court orders and the rules of procedure. See *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural ... law."); *Fox v. United States,* No. 3:10cv126–DPJ–FKB, 2013 WL 1310558, at *3 (S.D.Miss. Mar.28, 2013) ("[A]lthough pro se litigants are afforded substantial leeway, they too must comply with court orders and deadlines."). As the Court has warned Plaintiff on previous occasions, it will not grant any further continuances absent extraordinary circumstances. Because Plaintiff has not presented the Court with any circumstances justifying her filing out of time, the Court will not grant a continuance on this matter.

*CONCLUSION*

 *3  For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Strike. (Dkt.# 52.)

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 7339122

🟨 KeyCite Yellow Flag - Negative Treatment
Distinguished by Fulford v. Michigan Ladder Company, LLC, M.D.La., February 1, 2019

476 Fed.Appx. 31
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial decisions
issued on or after Jan. 1, 2007. See also
U.S.Ct. of App. 5th Cir. Rules 28.7 and 47.5.
United States Court of Appeals,
Fifth Circuit.

Sandra HARMON; Marva Harmon
Arvie, individually and also known as
Marva Harmon Guidry, on behalf of
Jasmine T. Harmon, Plaintiffs–Appellants
v.
GEORGIA GULF LAKE CHARLES
L.L.C.; American International
Specialty Lines Insurance
Company, Defendants–Appellees.

No. 11–30383.
|
May 9, 2012.

**Synopsis**
**Background:** Plaintiffs sued operator of chemical facility, alleging that they were injured by exposure to toxic chemicals following explosion at facility. Operator removed action to federal court. The United States District Court for the Western District of Louisiana dismissed action. Plaintiffs appealed.

**Holdings:** The Court of Appeals held that:

[1] Court of Appeals lacked jurisdiction to review magistrate judge's decision denying plaintiffs' motion for sanctions;

[2] District Court did not abuse its discretion in determining that plaintiffs failed to comply with rule governing expert reports with respect to one expert;

[3] District Court did not abuse its discretion in determining that exclusion of expert's testimony was appropriate sanction for such failure to comply;

[4] District Court did not abuse its discretion in denying plaintiffs continuance;

[5] report of two experts failed to comply with applicable rule;

[6] District Court did not abuse its discretion in determining that exclusion of testimony of two experts was appropriate sanction; and

[7] District Court did not abuse its discretion in determining that exclusion of witnesses' testimony was appropriate sanction for plaintiffs' failure to comply with scheduling order.

Affirmed.

West Headnotes (7)

[1]  **United States Magistrate Judges** ⚖ Decisions reviewable

Court of Appeals lacked jurisdiction to review magistrate judge's decision denying plaintiffs' motion for sanctions in personal injury action against operator of chemical facility, where plaintiffs filed objections to denial in district court, but district court did not consider or reject such objections, as it scheduled submission date on the matter for after final judgment and after plaintiffs filed their notice of appeal. 28 U.S.C.A. § 1291.

2 Cases that cite this headnote

[2]  **Federal Civil Procedure** ⚖ Failure to respond; sanctions

District court did not abuse its discretion in determining that plaintiffs failed to comply with rule governing expert reports in personal injury action against operator of chemical facility, where plaintiffs' initial timely-filed report failed to meet rule's criteria, and, although plaintiffs filed supplemental report, such report was

untimely, and purpose of supplementary reports was to supplement, not to provide extension of expert designation and report production deadline. Fed.Rules Civ.Proc.Rule 26(a)(2)(B), 28 U.S.C.A.

14 Cases that cite this headnote

[3]     **Federal Civil Procedure**  Failure to respond; sanctions

District court did not abuse its discretion in determining that exclusion of expert's testimony was appropriate sanction for plaintiffs' failure to comply with rule governing expert reports in their personal injury action against operator of chemical facility, where plaintiffs alleged that they would have used excluded testimony to establish psychological injury that occurred as result of their exposure to toxic chemicals, but there were medical records addressing such issue, and, with respect to prejudice, plaintiffs provided no usable information in initial expert report. Fed.Rules Civ.Proc.Rule 26(a)(2)(B), 28 U.S.C.A.

8 Cases that cite this headnote

[4]     **Federal Civil Procedure**  Grounds and Factors

District court did not abuse its discretion in denying plaintiffs continuance in their personal injury action against chemical facility operator, after striking expert's testimony as sanction for plaintiffs' failure to comply with rule governing expert reports, inasmuch as it was not reasonable for plaintiffs to assume that two-page letter that did not express any of expert's opinions could serve as "placeholder" until "supplemental" report was filed, and, although continuance would have given operator more time to review late disclosures, such measure would neither punish plaintiffs for their conduct nor deter similar behavior in the future. Fed.Rules Civ.Proc.Rule 26(a)(2)(B), 28 U.S.C.A.

9 Cases that cite this headnote

[5]     **Federal Civil Procedure**  Failure to respond; sanctions

Report of two experts provided by plaintiffs in their personal injury action against operator of chemical facility failed to comply with applicable rule, where "supplemental" opinions provided by plaintiffs were material additions to initial report, not changes or corrections to experts' opinions, and report failed to include experts' qualifications, list of publications, or list of prior cases in which they had served as experts. Fed.Rules Civ.Proc.Rule 26(a)(2)(B), 28 U.S.C.A.

4 Cases that cite this headnote

[6]     **Federal Civil Procedure**  Failure to respond; sanctions

District court did not abuse its discretion in determining that exclusion of testimony of two experts was appropriate sanction for plaintiffs' failure to comply with rule governing expert reports in personal injury action against operator of chemical facility; although experts' testimony was important in establishing causation, no valid explanation was provided for plaintiffs' delay, and operator was prejudiced by addition of opinions both several days prior to experts' depositions and also after the depositions. Fed.Rules Civ.Proc.Rule 26(a)(2)(B), 28 U.S.C.A.

3 Cases that cite this headnote

[7]     **Federal Civil Procedure**  Pretrial Order

District court did not abuse its discretion in determining that exclusion of witnesses' testimony was appropriate sanction for plaintiffs' failure to comply with scheduling order by failing to timely disclose that they would call the witnesses, in personal injury action against operator of chemical facility; although plaintiffs intended to use witnesses to establish physical injuries they suffered as result of alleged release of toxic chemicals into the air, their failure to notify prejudiced chemical facility operator, there was no reason given for failure to timely comply with scheduling order, district court's

decision to exclude witnesses came on date of trial, and it was not unreasonable to conclude that continuance was not a viable option.

1 Cases that cite this headnote

**Attorneys and Law Firms**

*33 Joseph Arthur Smith, III, Esq., Smith Law Firm, Baton Rouge, LA, for Plaintiffs–Appellants.

Ernest Paul Gieger, Jr., Esq., John E.W. Baay, II, Esq., William Andrus Barousse, Esq., Gieger, Laborde & Laperouse, L.L.C., Raymond Peter Ward, Adams & Reese, L.L.P., New Orleans, LA, for Defendants–Appellees.

Appeal from the United States District Court for the Western District of Louisiana, USDC No. 2:07–CV–3000.

Before REAVLEY, HAYNES, and GRAVES, Circuit Judges.

**Opinion**

PER CURIAM:[*]

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

**1 Sandra Harmon, Marva Harmon Arvie, Jasmine Harmon, Braylon Guidry, and Ricky Harmon (collectively, "Appellants") appeal the district court's orders excluding several of Appellants' expert witnesses and denying their motion for a continuance, which caused them to conclude that they had insufficient evidence upon which to proceed to trial against Georgia Gulf Lake Charles L.L.C. ("Georgia Gulf") and American International Specialty Lines Insurance Company ("American International"). As a result, their claims were dismissed.[1] Finding no abuse of discretion, we AFFIRM.

[1] In addition to the issues discussed below, for the first time in their reply brief, Appellants also raise a due process argument; however, by failing to raise it in their principal brief, this argument is waived. United States v. Jackson, 50 F.3d 1335, 1340 n. 7 (5th Cir.1995) ("It is well-settled that, generally, we will not consider issues raised for the first time in a reply brief.").

*34 **I. FACTS AND PROCEDURAL HISTORY**

In 2006, a fire and explosion at Georgia Gulf's chemical facility resulted in the release of chemicals into the air; another such alleged release occurred in 2007. Appellants claim to have been injured by exposure to the toxic chemicals. Appellants filed suit against Georgia Gulf and American International in 2007, which Georgia Gulf removed to federal court. Appellants opted out of a class action settlement that occurred in 2010 and chose to pursue this suit individually.

The magistrate judge entered a scheduling order, which was agreed to by the parties, requiring Appellants to provide their expert reports to Georgia Gulf and American International by December 9, 2010. The scheduling order specifically provided that "[n]o testimony from any plaintiff's expert who is required to submit a Fed. R. Civ. Pro. 26(a)(2)(B) report and who fails to do so by this deadline will be allowed during the trials set to commence on March 21, 2011." The scheduling order provided a procedure for notifying opposing counsel in the event of any changes to the expert's opinion after the deadline.

On or just before the deadline, Appellants filed what purported to be their expert reports. The "report" of Dr. Cary Rostow ("Rostow") consisted of a two-page letter discussing some of the Appellants' medical records. Doctors Gary Miller ("Miller") and John Black ("Black") signed a joint three-page memorandum. Appellants later served three documents with additional information on Georgia Gulf and American International, contending that these documents "supplemented" Miller and Black's expert report. Georgia Gulf and American International filed two motions in limine to exclude both Rostow's and Miller and Black's expert reports, alleging that they failed to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), and that the experts' testimony was inadmissible under Federal Rules of Evidence 401 and 702. The court granted the motions and excluded the reports.

Approximately five weeks prior to trial, Appellants moved to continue the trial date, arguing that a continuance was necessary so that they could adequately prepare their experts in light of Georgia Gulf's alleged delayed production of technical data. Appellants also argued that they needed additional time to prepare in light of the district court's decision to exclude Rostow's expert report. The district court denied the motion.

**\*\*2** Later, the court excluded the testimony of Doctors Harold Brandt ("Brandt") and Vincent Wilson ("Wilson") because Appellants failed to timely designate them as witnesses on their "will-call" witness list. Appellants realized their error and amended the list on the Friday morning before trial, which was scheduled to begin on Monday. Georgia Gulf and American International alleged that this late amendment prejudiced them because they assumed that Appellants would not call the two doctors at trial and prepared accordingly. The court granted Georgia Gulf and American International's motion to strike Wilson and Brandt from Appellants' witness list.

Additionally, just five days before trial, Appellants filed a motion for sanctions against Georgia Gulf for Georgia Gulf's alleged failure to timely provide documents which were necessary for Appellants to prove causation and which allegedly resulted in Appellants' failure to timely comply with the court's scheduling order. The magistrate judge denied the motion for sanctions, and Appellants filed objections with the district court. However, **\*35** they failed to obtain a ruling from the district court.

On the day of trial, Appellants conceded that they could not prove their case without the testimony of Rostow, Black, Miller, Brandt, and Wilson, and the court dismissed the case with prejudice to allow an appeal of the rulings excluding the experts. Appellants timely appealed.

## II. JURISDICTION

**[1]** We have jurisdiction over the district court's decisions excluding Appellants' experts and denying a continuance pursuant to 28 U.S.C. § 1291. Although neither party raised the issue of whether we have jurisdiction to review the magistrate judge's decision denying Appellants' motion for sanctions, we must examine the basis of our jurisdiction on our own motion if necessary. *Hill v. City of Seven Points,* 230 F.3d 167, 169 (5th Cir.2000). The magistrate judge denied Appellants' motion for sanctions, and Appellants filed objections in the district court; however, the record reveals that the district court did not rule on Appellants' objections. Therefore, "we must first ensure that we have subject-matter jurisdiction to consider Appellant[s'] challenge to the magistrate judge's [sanctions] order." *Alpine View Co. v. Atlas Copco AB,* 205 F.3d 208, 219 (5th Cir.2000).

Normally, "[a] magistrate judge's order issued under 28 U.S.C. § 636(b)(1)(A) or § 636(b)(1)(B) only becomes final once the district court makes it final." *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 868 (5th Cir.2000). Here, there is no indication that the district judge made the order final. In *Alpine View Co.,* we addressed the question of whether an appellate court had jurisdiction when a district court fails to explicitly rule on a party's challenge to a magistrate judge's order. 205 F.3d at 219. In that case, we concluded from the record that the district court had—although not explicitly—rejected the party's challenge based on a number of factors. *Id.* at 220.

**\*\*3** Here, however, we are unable to reach a similar conclusion. The record conclusively establishes that the district court had *not* considered or rejected Appellants' objections to the magistrate judge's denial of sanctions, as it scheduled a submission date on the matter for *after* the final judgment and *after* Appellants filed their notice of appeal. Therefore, we conclude that we lack jurisdiction to address the denial of Appellants' motion for sanctions because the district court never made the magistrate judge's decision on this issue final.[2] *See Stripling,* 234 F.3d at 868. We will, therefore, turn to the other appellate issues.

[2] Because we conclude jurisdiction is lacking, we need not reach the question of whether a motion for sanctions in which the movant seeks to conclusively establish an element of its claim or defense is a dispositive or non-dispositive order for purposes of the district court's standard of review of the magistrate judge's order. *Compare Merritt v. Int'l Bhd. of Boilermakers,* 649 F.2d 1013, 1016–17 (5th Cir. Unit A 1981) (per curiam) (concluding that a magistrate judge's decision to award expenses and attorney's fees in connection with a motion to compel was non-dispositive), *with Retired Chi. Police Ass'n v. City of Chi.,* 76 F.3d 856, 868 (7th Cir.1996) (concluding that disputes regarding sanctions are dispositive matters).

## III. DISCUSSION

A. *Did the district court err in excluding Rostow's expert report and subsequently denying Appellants' motion for a continuance?*

**[2]** Appellants contend that the district court erred in excluding Rostow's expert report because there was no violation of the scheduling order. Alternatively, **\*36** Appellants contend that even if they failed to comply with

the provisions of the scheduling order, the court improperly struck Rostow's testimony as a sanction. We review the district court's findings that Appellants failed to comply with the scheduling order for an abuse of discretion. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.,* 73 F.3d 546, 568 (5th Cir.1996). Appellants filed what purported to be Rostow's expert report on the date it was due under the scheduling order; however, the report consisted of a two-page letter that essentially summarized the patients' medical records and recommended that "the patients undergo Comprehensive Psychological Evaluations." The district court concluded that Rostow's report failed to meet the standards of Rule 26.

Rule 26(a)(2)(B) requires that expert reports must contain the following: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (2) "the facts or data considered by the witness in forming them"; (3) "any exhibits that will be used to summarize or support them"; (4) "the witness's qualifications ..."; (5) a list of cases in which the expert testified during the previous four years; and (6) a statement of the compensation received by the expert for his study and testimony. Fed.R.Civ.P. 26(a)(2)(B). It is undeniable that Rostow's initial expert report fails to come close to meeting these criteria.

Appellants claim, however, that this report served as a timely-filed report that, when considered with Rostow's supplemental report, meets the standards for Rule 26. They contend that they were entitled to rely on the provision of the scheduling order that allowed for supplementation of expert reports. However, the scheduling order clearly provides that "[n]o testimony from any plaintiff's expert who is required to submit a Fed. R. Civ. Pro. 26(a)(2)(B) report and who fails to do so by this deadline will be allowed during the trials set to commence on March 21, 2011." Expert reports under Rule 26 must be "detailed and complete," not "sketchy and vague." Fed.R.Civ.P. 26 advisory committee's notes; *see also Sierra Club,* 73 F.3d at 571 (affirming a decision to exclude an expert report where the initial report was merely an outline, although the report was "supplemented" after the deadline). Additionally, we have previously noted that "[t]he purpose of supplementary disclosures is just that—to *supplement*. Such disclosures are *not* intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 324 (5th Cir.1998) (emphasis added). We therefore find no abuse of discretion in the district court's determination that Appellants failed to submit a report that complied with Rule 26.

**\*\*4** [3] Having concluded that the district court properly determined that the original report failed to comply with the scheduling order and that Appellants' efforts to supplement the report were untimely, we must determine whether the district court's sanction of excluding the expert's testimony was proper. We review the sanction imposed for an abuse of discretion. *EEOC v. Gen. Dynamics Corp.,* 999 F.2d 113, 115 (5th Cir.1993). In evaluating whether the district court abused its discretion in excluding expert testimony, we consider four factors: "(1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply with the court's order, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice." *Id.*

**\*37** Applying this test, we conclude that the district court's decision to exclude Rostow's testimony was not an abuse of discretion. First, Appellants allege that they would have used the excluded testimony to establish the psychological injury that occurred as a result of their exposure to toxic chemicals; however, there were medical records addressing this issue, as well as others who could have testified about the matter. Second, Appellants are unable to provide an adequate explanation for their failure to provide a timely expert report when the necessary information was entirely under their own control. Although they claim that the testing of one of the plaintiffs took a long time due to circumstances outside of their control, they made no effort to inform the court of this issue before the deadline for expert reports. The district court could reasonably conclude that their justification was inadequate. As for the prejudice prong, Appellants provided no usable information in their initial expert report. Rostow's deposition was scheduled to take place several weeks after the expert report deadline, and Appellants failed to provide *any* of Rostow's opinions as of the deadline for disclosure of Appellants' expert reports. This "delay would have likely resulted in some prejudice to [Appellees]." *Sierra Club,* 73 F.3d at 574.

[4] Turning to the question of a continuance, Appellants also argue that the district court erroneously denied their motion for a continuance that was filed on February 11, 2011 after the court struck Rostow's testimony. In their motion to continue the trial date, Appellants stated that "the damages phase of this case is not realistically in a posture for trial, despite diligent efforts on the part of counsel for the Plaintiffs

and his staff and experts." Appellants rely on this court's statement in *General Dynamics Corp.,* 999 F.2d at 116, that "continuance, not exclusion, is the preferred means of dealing with a party's attempt to designate a witness out of order or offer new evidence." However, in that case, the court noted that "the EEOC's actions complied with a reasonable interpretation of the court's order and cannot be considered to be in bad faith." *Id.* at 117. Here, however, the record fails to reveal that Appellants complied with a *reasonable* interpretation of the scheduling order because, as noted above, assuming that a two-page letter that does not express any of the expert's opinions could serve as a "placeholder" until a "supplemental" report was filed was not reasonable. *See, e.g., Metro Ford Truck Sales, Inc.,* 145 F.3d at 324; *Sierra Club,* 73 F.3d at 571. Additionally, the record reveals not just one, but several, violations of the court's scheduling order. Indeed, the district court noted that

> **\*\*5** [t]he reasons given by Plaintiffs for the continuance are chiefly of their own making, it is apparent that they have failed to timely prepare their case or follow the scheduling order set out by this court. This court has given fair warning over a year ago that there would be no continuances barring extraordinary circumstances.

Thus, while "a continuance would have given [Georgia Gulf and American International] more time to review the late disclosures, such a measure 'would neither punish [Appellants] for [their] conduct nor deter similar behavior in the future.' " *Sierra Club,* 73 F.3d at 573 (quoting *Bradley v. United States,* 866 F.2d 120, 126 (5th Cir.1989)). On balance, we simply cannot conclude that the district court's decision to exclude Rostow's report or deny the motion for continuance filed thereafter was an abuse of discretion.

**\*38** B. *Did the district court err in excluding the testimony of Miller and Black?*

Appellants make a similar argument with respect to the district court's decision to exclude Miller and Black's expert report. Again, Appellants timely provided what they contend qualified as an expert report, but they supplemented the report approximately one week prior to Miller and Black's depositions, and then Appellants substantively changed the expert report again several days after the depositions. Georgia Gulf and American International filed a motion in limine to exclude Miller and Black's report, arguing that it failed to comply with Rule 26 and that it should be excluded under *Daubert* as unreliable.[3] Then, after Georgia Gulf and American International filed their motion to exclude the report, Appellants again supplemented Miller's report, claiming that the information was just acquired from Georgia Gulf one week prior to the third supplementation. The district court granted the motion in limine without providing its reasoning. We may affirm on any basis supported by the record. *Hernandez v. Yellow Transp., Inc.,* 670 F.3d 644, 658 (5th Cir.2012).

3   *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

**[5]** The evidence indicates that the initial expert report provided by Appellants failed to comply with Rule 26(a)(2)(B). First, the "supplemental" opinions provided by Appellants were, in fact, material additions to the initial report, not "changes" or "corrections" to the expert's opinions (although those occurred as well). *Cf. Brennan's Inc. v. Dickie Brennan & Co.,* 376 F.3d 356, 375 (5th Cir.2004) ("If, as the defendants say, the subsequent report was not really 'supplemental' but instead effectively replaced the earlier report, the duty to supplement would not by itself provide a reason to exclude [the expert's] testimony-though there might well be *other* grounds to exclude it, such as that the plaintiffs' disclosures were untimely or otherwise violated Rule 26(a) or the court's scheduling order."). Additionally, the report failed to include the experts' qualifications, a list of publications, or a list of prior cases in which they served as experts. *Cf.* Fed.R.Civ.P. 26(a)(2)(B).

**\*\*6** **[6]** In weighing the four factors to determine whether the district court abused its discretion in excluding the experts' testimony as a sanction, *see General Dynamics Corp.,* 999 F.2d at 115, we conclude that the first factor weighs in favor Appellants, as the testimony was clearly important in establishing causation. As to the second factor, it is unclear whether there was an explanation for Appellants' failure to provide the complete opinion of their experts in a timely fashion. Appellants claim that their experts needed additional documents that were not provided by Georgia Gulf until February 11, 2011—long after the deadline for the submission of expert reports. Georgia Gulf responds that the additional opinions provided by Appellants' experts were based on information that Georgia Gulf had provided by the December 9, 2010 deadline for Appellants' expert reports. The record indicates that Georgia Gulf is partially correct, as the first two "supplemental" opinions were transmitted *before* the allegedly necessary documents were provided. However, it appears that the third supplemental opinion relies on documents that were not provided to Appellants until two months after the expert report deadline passed. Nonetheless, this fact is not a valid explanation for the

delay, given that Appellants failed to timely request these documents or file a motion to compel prior to the *39 expert report deadline.[4] Thus, because the delay was due to Appellants' own failure to timely seek the allegedly necessary discovery, the second factor weighs in favor of Georgia Gulf and American International. The third and fourth factors also weigh in favor of Georgia Gulf and American International, as they were prejudiced by the addition of opinions both several days prior to the experts' depositions and also *after* the depositions. As noted above, although a continuance may have cured the prejudice, the district court was not required to grant a continuance at such a late date. We conclude that the district court did not abuse its discretion in excluding the expert reports of Miller and Black.

[4]  Appellants served their first request for production on October 21, 2010; however, they waited to serve a second request until approximately two weeks after the expert report deadline had passed, and they revised their first request and re-served it almost three weeks *after* the deadline for submitting expert reports. Further, they failed to file a motion to compel production of the allegedly necessary material until February 2011—three months after the expert report deadline. Thus, the record indicates that it was Appellants' own failure to timely request production (and, if it was not timely provided, file a motion to compel), that resulted in the late "supplementation" of Miller and Black's expert report. We reject the notion that Appellants are free to engage in "self-help," by unilaterally altering expert deadlines in light of perceived failures by the opposing party in the discovery process. Instead, they should have raised these matters timely in advance with the district or magistrate judge.

C. *Did the district court err by erroneously striking the testimony of Brandt and Wilson?*

Appellants allege that the district court abused its discretion in excluding the testimony of two witnesses because of Appellants' failure to timely comply with the scheduling order. One week before trial, Appellants timely filed their list of witnesses they expected to call at trial; however, they failed to include Brandt and Wilson on the list. On the Friday before trial, Appellants filed an amended will-call list to include Brandt and Wilson. Georgia Gulf and American International moved to exclude Brandt and Wilson's testimony, claiming that they would be prejudiced by the late notice, and that they assumed that Appellants did not intend to call Brandt and Wilson at trial. The district court granted the motion.

[7] Appellants do not deny that they violated the scheduling order by failing to timely disclose that they would call Brandt and Wilson at trial; rather, they argue that the sanction of exclusion imposed by the district court was an abuse of discretion. Weighing the four factors set out in *General Dynamics Corp.,* 999 F.2d at 115, we conclude that the district court did not abuse its discretion in excluding the testimony. The only factor that weighs in favor of Appellants is the importance of the testimony; Appellants intended to use Brandt and Wilson to establish the physical injuries they suffered as a result of the release of toxic chemicals into the air. However, there can be no doubt that the failure to notify Georgia Gulf and American International of the intent to call Brandt and Wilson at trial prejudiced those parties, as they assumed that Appellants did not intend to call Brandt and Wilson at trial.[5] Additionally, there was *40 no reason given for the failure to timely comply with the scheduling order. Finally, the district court's decision to exclude the witnesses came on the date of trial, and it was not unreasonable to conclude that a continuance was not a viable option, especially because Appellants did not ask for a continuance at that point, and because Georgia Gulf and American International had gone through the time and expense of preparing for trial. Therefore, we conclude that the district court's decision to exclude Brandt and Wilson's testimony was not an abuse of discretion.

[5]  Appellants argue that an email from Georgia Gulf and American International's attorney indicates that Georgia Gulf and American International were still communicating with their rebuttal expert, which Appellants argue implies that Georgia Gulf and American International were not prejudiced by the failure to timely designate Brandt and Wilson on Appellants' will-call list. However, Georgia Gulf and American International explicitly stated that they made no travel arrangements for their rebuttal expert, who lived out of state. Additionally, Georgia Gulf and American International's motion to strike Brandt and Wilson stated that had they known that Appellants intended to call these two experts, they would have reviewed deposition transcripts and documents produced by Appellants; however, as they believed Appellants would not call Brandt and Wilson, they did not do so.

**7  AFFIRMED.

**All Citations**

476 Fed.Appx. 31, 2012 WL 1623573