## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BERG, | § § § | |
| Plaintiff, | § § | |
| | § | Case No. 6:19-cv-00418-JDK |
| v. | § § | |
| M&F WESTERN PRODUCTS, INC., | § § | |
| Defendant. | § § § | |

## ORDER

Before the Court is Plaintiff's Motion to Compel Depositions of Defendant's Proffered Witnesses (Docket No. 48).   Plaintiff asks the Court to compel the depositions of Defendant's witnesses.   Docket Nos. 48 & 52.   In the alternative, Plaintiff asks the Court to extend the fact discovery deadline.   Docket No. 48.   For the reasons explained below, the Court **DENIES** the Motion in part, as to the request to compel the aforementioned depositions, and **GRANTS** the Motion in part, as to the request for an extension of the fact discovery deadline.

Plaintiff first asks the Court to compel depositions of Defendant's witnesses. Docket No. 48.   Plaintiff argues that Defendant "has completely stonewalled Plaintiff's repeated efforts to schedule the depositions of Defendant's key witnesses." *Id.* at 1.   Defendant does not dispute that it has withheld its witnesses but argues that it should not be required to put its witnesses through the time and expense of depositions until it has had the opportunity to depose Plaintiff.   Docket No. 51 at 1. Defendant contends that Plaintiff has not cooperated in its efforts to depose him

1

because he resides in Vietnam, where depositions are not available;[1] Plaintiff cannot travel to the United States; and Plaintiff, due to COVID-19, will not travel to a country where he can be deposed. *Id.* at 2. The discovery deadline has now passed, and neither side has taken their depositions.

Merits aside, the procedural requirements for the Court to grant Plaintiff's Motion have not been met. Federal Rule of Civil Procedure 30(b)(1) states that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." This notice "must state the time and place of the deposition." FED. R. CIV. P. 30(b)(1). Defendant points out—and Plaintiff does not deny—that Plaintiff has not properly noticed any depositions of Defendant's witnesses. Docket No. 51 at 3 n.3. "'Although the Federal Rules of Civil Procedure have no explicit requirement that a notice of deposition be served before a party files a motion to compel a deposition, courts routinely impose such a requirement.' And 'other courts have denied motions to compel depositions absent a proper notice of deposition.'" *Robinson v. Dall. Cnty. Cmty. Coll. Dist.*, No. 3:14-cv-4187-D, 2016 WL 1273900, at *2 (N.D. Tex. Feb. 18, 2016) (internal brackets and citations omitted). *See also Jackson Mun. Airport Auth. v. Bryant*, No. 3:16-cv-246-CWR-FKB, 2018 WL 3543955 (S.D. Miss. July 20, 2018); *Crum & Foster Specialty Ins. Co. v. Great W. Cas. Co.*, No. EP-15-cv-00325-DCG, 2016 WL 10459397 (W.D. Tex. Dec. 28, 2016); *Byrd v. Castlepoint Fla. Ins. Co.*, No. 15-634-BAJ-RLB, 2016 WL 1559584 (M.D. La. Apr. 18,

---

[1] Whether depositions are available in Vietnam is not before the Court in this Motion, so it will not be addressed. But to the extent that it may be necessarily raised in future disputes, government-website interpretations of Vietnam's discovery policy are not binding law on this Court; applicable American law must support the argument.

2016).  This Court agrees that a motion to compel is improper until after notice is served.[2]  This ensures Defendant the full range of protections contemplated by the Federal Rules.  If, as indicated in its filings in this case, Defendant believes Plaintiff is being obstructive, it has the same remedies as any other party under the Federal Rules.  But "self-help" by withholding witnesses from deposition is not an appropriate remedy.  Accordingly, the Court **DENIES** Plaintiff's current request to compel depositions of Defendant's witnesses.

Plaintiff, in the alternative, asks for an extension of the fact discovery deadline.  Docket No. 48 at 1.  Defendant "agreed (and remains willing)" to extend the deadline.  Docket No. 51 at 1.  Without opposition, the Court **GRANTS** this request and extends the fact discovery deadline to **November 13, 2020**.  This should give each party a reasonable time to properly notice and conduct the outstanding depositions.

The Court hereby **GRANTS** the Motion in part, by extending the fact discovery deadline to **November 13, 2020**, and **DENIES** the Motion in part, by declining to compel deposition of Defendant's witnesses at this time.

**So ordered and signed on this**

Oct 21, 2020

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

---

[2] If further action is necessary after proper notice is given, "[t]he deponent's attendance may be compelled by subpoena under Rule 45."  FED. R. CIV. P. 30(a)(1).

3