IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BERG, § | | |
| Plaintiff § | | |
| § | | |
| § | | |
| vs. § | Case No. 6:19-cv-418-JDK | |
| § | | |
| § | | |
| M&F WESTERN PRODUCTS, INC., | | |
| Defendant. | | |

### APPENDIX IN SUPPORT OF M&F WESTERN'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT AND WHY THE CASE SHOULD NOT BE DISMISSED

Pursuant to Local Rule CV 7(a), Defendant's M&F Western Products, Inc. notifies the Court of the following authorities supporting M&F Western's Motion for an Order Requiring Plaintiff to Show Cause Why Plaintiff Should Not Be Held in Contempt and Why the Case Should Not Be Dismissed, copies of which are submitted herewith.

- *Hao Liu on Behalf of United States v. Hopkins County,* No. 4:16-CV-00694-ALM-CAN, 2016 WL 11200229 (E.D. Tex. Dec. 20, 2016)

- *Chisesi v. Auto Club Family Ins. Co.,* No. 09-30826, 2010 WL 785173 at *2 (5th Cir. Mar. 9, 2010)

- *Murray v. Serena Software, Inc.,* No. 06-40497, 2007 WL 30839 at *1 (5th Cir., Jan. 5, 2007)

**APPENDIX IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE**

PAGE 1

Dated: October 28, 2020                    Respectfully submitted,


                                           By: *s/John R. Hardin*

                                           John R. Hardin
                                           Texas Bar No. 24012784
                                           JohnHardin@perkinscoie.com
                                           PERKINS COIE LLP
                                           500 N. Akard St. Suite 3300
                                           Dallas, Texas 75201
                                           Phone: 214-965-7700
                                           Facsimile: 214-965-7799

                                           Judith B. Jennison
                                           Washington State Bar No. 36463
                                           JJennison@perkinscoie.com
                                           Kirstin E. Larson
                                           Washington State Bar No. 31272
                                           KLarson@perkinscoie.com
                                           PERKINS COIE LLP
                                           1201 Third Avenue, Suite 4900
                                           Seattle, WA 98101-3099
                                           Tel: 206-359-8000
                                           Fax: 206-359-9000

                                           **Attorneys for Defendant M & F Western Products, Inc.**


**APPENDIX IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE**

Case 6:19-cv-00418-JDK    Document 59-3    Filed 10/28/20    Page 3 of 14 PageID #: 1914

Hao Liu on Behalf of United States v. Hopkins County, Not Reported in Fed. Supp. (2016)
2016 WL 11200229

2016 WL 11200229
Only the Westlaw citation is currently available.
United States District Court,
E.D. Texas, Sherman Division.

HAO LIU, ON BEHALF OF the
UNITED STATES, Plaintiff,
v.
HOPKINS COUNTY, City of Sulphur
Springs, Unnamed Individual,
and/or Individuals, Defendants.

CIVIL ACTION NO. 4:16-CV-00694-ALM-CAN
|
Signed 12/20/2016

**Attorneys and Law Firms**

Hao Liu, Dallas, TX, pro se.

Robert Scott Davis, Lee Ina Correa, Flowers Davis LLP, Tyler, TX, Lisa Dean Hull, Harrison & Hull, LLP, McKinney, TX, for Defendants.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Christine A. Nowak, UNITED STATES MAGISTRATE JUDGE

*1 Pending before the Court are Defendant City of Sulphur Springs, Texas's Motion for Show Cause Hearing and Motion to Dismiss [Dkt. 4], Defendant Hopkins County, Texas's Motion to Dismiss [Dkt. 5], and Defendants City of Sulphur Springs, Texas and Hopkins County, Texas's Motion to Extend the Deadline to File Joint Attorney Conference Report and Motion to Re-Purpose the Rule 16 Management Conference [Dkt. 12]. Having considered the relevant pleadings, the Court recommends that Defendant City of Sulphur Springs, Texas's Motion for Show Cause Hearing and Motion to Dismiss [Dkt. 4] and Defendant Hopkins County, Texas's Motion to Dismiss [Dkt. 5] each be **GRANTED**, and Defendants City of Sulphur Springs, Texas and Hopkins County, Texas's Motion to Extend the Deadline to File Joint Attorney Conference Report and Motion to Re-Purpose the Rule 16 Management Conference [Dkt. 12] be **DENIED AS MOOT**.

### BACKGROUND

Plaintiff has brought numerous suits against a variety of defendants in a variety of courts in recent years, including before this Court. More specifically, in 2010, Plaintiff filed a qui tam action under the False Claims Act, proceeding *pro se* and seeking to represent the United States Government's interest rather than his own. *Liu v. Medical Center of Plano et al.*, 4:09-CV-625 (E.D. Tex. Oct. 26, 2010) ("Plaintiff's 2010 Suit"). On October 26, 2010, Judge Schneider of the Eastern District of Texas found Plaintiff's 2010 Suit to be frivolous and sanctioned Plaintiff, prohibiting him "from filing any civil action in this district without prior permission of the Court" ("EDTX Pre-Filing Injunction"). Notably, Plaintiff has also been sanctioned and is subject to pre-filing injunctions before other courts, including the Northern District of Texas and Fifth Circuit [Dkt. 4-3 at 1; Dkt. 4-4 at 2]. Each of the aforementioned courts have also repeatedly admonished Plaintiff for attempting to practice law without a license.

On September 9, 2016, Plaintiff filed the instant suit without first complying with the EDTX Pre-Filing Injunction [Dkt. 1]. The Complaint entitled "Complaint Obstruction Congress" is barely comprehensible. Plaintiff ostensibly alleges that his parents, Yaozhong Liu and Yaqin Zhong, received fraudulent tax assessments against their property located at 203 & 205 Bellview Street, Sulphur Springs, Texas 75024 (the "Property"). Plaintiff purports to advance these allegations on behalf of both his parents and/or the United States against Defendants Hopkins County, Texas, City of Sulphur Springs, Texas, and Unnamed Individual(s) [Dkt. 1].

On September 27, 2016, Defendant City of Sulphur Springs, Texas ("Defendant") filed a Motion for Show Cause Hearing and Motion to Dismiss [Dkt. 4], arguing for dismissal of this case. On October 3, 2016, Defendant Hopkins County, Texas also filed a Motion to Dismiss arguing that Plaintiff's Complaint should be dismissed under the EDTX Pre-Filing Injunction, Federal Rules of Civil Procedure 11 as "frivolous," and/or Rule 12(b)(6) for failure to state a claim [Dkt. 5]. On October 5, 2016, the Court entered an Order Governing Proceedings setting this case for a Federal Rule of Civil Procedure 16 Management Conference on November 28, 2016, at 3:00 p.m. before the undersigned, and directing

Case 6:19-cv-00418-JDK    Document 59-3    Filed 10/28/20    Page 4 of 14 PageID #: 1915

Hao Liu on Behalf of United States v. Hopkins County, Not Reported in Fed. Supp. (2016)
2016 WL 11200229

the Parties to confer pursuant to Rule 26 [Dkt. 7]. The Court further ordered Plaintiff on that same date to file a Response to Defendant City of Sulphur Springs, Texas's Motion to Dismiss addressing: (1) whether Plaintiff was subject to a pre-suit filing injunction (and what efforts he took to comply with such injunction); (2) Plaintiff's authority to represent the United States in this action; and, (3) the basis for this Court's jurisdiction over this suit [Dkt. 8].

**\*2** Plaintiff failed to comply and did not file a response as ordered. Instead, Plaintiff filed two motions—United States #1 Motion Sham on Defense Misrepresentation Court Record [Dkt. 10] and United States #2 Motion Disqualification Defense Appearance Impropriety [Dkt. 11]—neither of which addresses: (1) whether Plaintiff is subject to a pre-suit filing injunction and what efforts he has taken to comply with such injunction; (2) Plaintiff's authority to represent the United States in this action; and, (3) the basis for this Court's jurisdiction over this suit [*see* Dkts. 10-11].

Plaintiff also failed to participate in the required Rule 26(f) Conference; and on Monday, November 28, 2016, Plaintiff failed to appear for the Rule 16 Management Conference, despite being ordered to do so. The Court thereafter ordered Plaintiff to appear for a Show Cause Hearing ("Hearing") on December 5, 2016 at 4:00 p.m. to show cause why Plaintiff's Complaint should not be dismissed for: (1) failure to comply with the existing pre-suit filing injunction; (2) failure to appear at the November 28, 2016 Management Conference; and/or (3) failure to show his authority to act on behalf of the United States [Dkt. 14]. The Court warned Plaintiff that failure to comply with its Orders could result in dismissal of Plaintiff's case [Dkt. 8; Dkt. 14]. Plaintiff failed to appear at Hearing.

**LEGAL STANDARD**

*I. Rule 12(b)(6)*

A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement ... showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

The Court must accept as true all well-pleaded facts contained in Plaintiff's Complaint and view them in the light most favorable to Plaintiff. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009). The Supreme Court has further expounded upon the *Twombly* standard, "explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " Gonzalez, 577 F.3d at 603 (quoting Iqbal, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.' " *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." Iqbal, 556 U.S. at 681. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." Morgan v. Hubert, 335 Fed.Appx. 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

*II. Rule 41(b)*

**\*3** Under Rule 41(b), a court may order the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b) ] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1962) ).

Case 6:19-cv-00418-JDK   Document 59-3   Filed 10/28/20   Page 5 of 14 PageID #: 1916

Hao Liu on Behalf of United States v. Hopkins County, Not Reported in Fed. Supp. (2016)
2016 WL 11200229

## ANALYSIS

### I. Pre-Filing Injunction

The Court notes initially that Plaintiff has violated the EDTX Pre-Filing Injunction in filing the instant lawsuit. *See Liu v. Medical Center of Plano et al.*, 4:09-CV-625 (E.D. Tex. Oct. 26, 2010). By Order of the Eastern District of Texas, Plaintiff is "prohibited from filing any civil action in this district without prior permission of the Court." *See id.* Plaintiff neglected to seek or receive the requisite permission prior to filing this suit. Plaintiff's failure to comply with the EDTX Pre-Filing Injunction alone is sufficient to justify dismissal of Plaintiff's Complaint. *See, e.g., Potts v. Texas*, 354 Fed.Appx. 70, 71 (5th Cir. 2009) (per curiam) ("A district court may bar a vexatious litigant from filing future ... complaints unless she seeks the prior approval of a district or magistrate judge.") (citing *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994) ).

In addition, the Court clarifies herein the EDTX Pre-Filing Injunction. Plaintiff shall be enjoined from future filings in this District as follows: Plaintiff is prohibited from filing in, or removing to, the Eastern District of Texas any civil action without leave of court. Plaintiff shall be required to obtain leave of court from an active Eastern District of Texas Judge assigned to the division in which the case will be filed, or the Chief Judge of the Eastern District of Texas. Plaintiff must attach to the motion for leave copies of (1) the proposed complaint; (2) the EDTX Pre-Filing Injunction; and (3) a copy of this Report and Recommendation.[1]

[1] This clarification is provided for the benefit of *pro se* Plaintiff, and is not intended as an amendment or other modification to the EDTX Pre-Filing Injunction.

### II. Rule 12(b)(6)—Motion to Dismiss

Turning now to Defendants' contention that Plaintiff fails to state a claim under Rule 12(b)(6), the Court reiterates that it must dismiss a cause of action when a plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To that end, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Iqbal*, 556 U.S. at 678. Indeed, "factual allegations must be enough to raise a right to relief above the speculative level [ ] on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Notably, the Fifth Circuit has held that Plaintiff's *pro se* status does not excuse him from complying with the appropriate pleading standards:

> *Pro se* pleadings are held to less stringent standard than formal pleadings drafted by lawyers. However, even if a plaintiff is proceeding *pro se*, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.

**\*4** *Amos v. Palmetto Gov't Benefit Adm'r*, 122 Fed.Appx. 105, 109 (5th Cir. 2005) (internal citations and quotations omitted). Specifically, when a plaintiff has "put forward no concrete allegations whatsoever against [a defendant]," and "pled no facts that could possibly indicate that [a defendant] may be liable ... [the plaintiff's] allegations provide no basis for relief." *Id.* at 112-13. Under those circumstances, dismissal of the claims is proper. *Id.*

Here, Plaintiff's Complaint purports to assert causes of action for mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), influencing or injuring an officer or juror (18 U.S.C. § 1503), obstruction of proceedings before departments, agencies, and committees (18 U.S.C. § 1505), tampering with a witness (18 U.S.C. § 1512), retaliating against a witness (18 U.S.C. § 1513), interference with commerce by threats or violence (18 U.S.C. § 1951), and Racketeer Influenced and Corrupt Organizations ("RICO") violations (18 U.S.C. § 1962(a)-(d) ) [Dkt. 1 at 11-12].

### A. No Response Filed

Defendant City of Sulphur Springs, Texas filed its Motion for Show Cause Hearing and Motion to Dismiss [Dkt. 4] on September 27, 2016, and Defendant Hopkins County, Texas filed its Motion to Dismiss [Dkt. 5] on October 3, 2016. To date, no response has been filed to either Motion to Dismiss. Local Rule CV-7(d) provides as follows:

> **Response and Briefing.** The response and any briefing shall be contained in one document. A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. A response shall be accompanied by a proposed order conforming to the requirements of Subsection (a) of this rule. Briefing shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies. **In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition.** (Emphasis added).

Case 6:19-cv-00418-JDK    Document 59-3    Filed 10/28/20    Page 6 of 14 PageID #: 1917

Hao Liu on Behalf of United States v. Hopkins County, Not Reported in Fed. Supp. (2016)
2016 WL 11200229

Plaintiff has failed to file a response to Defendant City of Sulphur Springs' pending Motion for Show Cause Hearing and Motion to Dismiss, despite being expressly ordered to do so by the Court [Dkt. 8]. Plaintiff has also failed to file a response to Defendant Hopkins County, Texas's Motion to Dismiss [Dkt. 5]. It is curious that Plaintiff did not file a Response, but did file two new Motions for this Court's consideration, neither of which respond or even tangentially address the issues raised by the Motions to Dismiss [*see* Dkts. 10-11]. Since Plaintiff has not filed a response, the Court will assume that he is not opposed to the Court's granting Defendant City of Sulphur Springs' Motion for Show Cause Hearing and Motion to Dismiss and Defendant Hopkins County, Texas's Motion to Dismiss [Dkt. 5]. *See* Eastern District of Texas Local Rule CV-7(d).

### B. Failure to State a Claim

Even had Plaintiff filed a Response however, the Court finds Plaintiff's Complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] Defendants assert herein that Plaintiff's Complaint does not "plead one element of any claim" or "any intelligible facts to support a recognizable federal claim" against them [Dkt. 5 at 6; Dkt. 4 at 2]. The Court agrees. Plaintiff ostensibly alleges that his parents, Yaozhong Liu and Yaqin Zhong, received fraudulent tax assessments against the Property [*see* Dkt. 1]. Each of Plaintiff's allegations against Defendants however are random and conclusory allegations, such as: "[Defendants] devised or intending to devise artifice which appearance falsified tax record in the fictitious amount which be in fact delivered by the U.S. Postal Service depository for mail matter to be takes or recipient thereby in its apparent disturbance plaintiffs concentration United States interest congressional proceeding," "knowingly-intentionally-recklessly continuance [sic] intimidation, threats plaintiffs and of destruction plaintiffs property on the account of outcome his performance discharging official duties before the District Columbia [sic]" and "[Defendants] conspired either to commit any offense against the United States whereat [Defendants] had engaged in conduct caused or threatening federal witness property and or with bodily injury by knowingly-intentionally-recklessly act with an exclusive intent to retaliate against United States witness for information divulgation its corruption of federal offense proceeding that is pending before the Court and Congress" [Dkt. 1 at 8-10]. Such allegations are not entitled to assumption of the truth. This Court is required to identify conclusory allegations and to disregard them, for they are "not entitled to the assumption of the truth." Iqbal, 556 U.S. at 681.

[2] The Court would reach the same result even if it construed either of Plaintiff's two new motions [Dkts. 10-11] as a Response to Defendants' Motions to Dismiss.

**\*5** Next, the Court must "consider the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. There are simply no factual allegations in Plaintiff's Complaint that plausibly suggest any entitlement to relief. The claims do not raise a right to relief above the speculative level, and do not have facial plausibility "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Gonzalez, 577 F.3d at 603. Again, Plaintiff makes a variety of conclusory assertions against Defendants, but none of these assertions allow the Court to reasonably infer that Defendants are liable for any misconduct. Plaintiff's allegations imply that Plaintiff believes Defendants are engaged in some type of government conspiracy to use a falsified "DELINQUENT-TAX-STATEMENT" against the Property to disturb "plaintiffs [sic] concentration United [sic] States interest congressional proceeding" [Dkt. 1 at 8].

Under the law, Plaintiff's allegations are conclusory, are not entitled to assumption of the truth, and do not suggest an entitlement to relief. *See* Willrich v. US Marshal's Office, No. 4:14-CV-561, 2015 WL 4776436, at \*6 (E.D. Tex. Aug. 13, 2015) (finding that plaintiff's complaint included only conclusory allegations and did not allow the Court to reasonably infer that the defendant was liable for the misconduct alleged). Accordingly, the Court recommends that Plaintiff's Complaint be dismissed for failure to state a claim, and all claims against Defendants be dismissed with prejudice.

### C. Acting as Counsel

Defendants further argue that Plaintiff's Complaint should also be dismissed because he asserts claims on behalf of either the United States or his parents, Yaozhong Liu and Yaqin Zhong. To the extent Plaintiff is attempting to assert claims on behalf of the United States or such individuals, he may not do so. Plaintiff is a non-lawyer proceeding *pro se*. Plaintiff is well-acquainted with his inability to act as counsel or represent the interests of others, having been admonished previously by this Court, the Northern District of Texas, and the Fifth Circuit for engaging in the unauthorized practice

Case 6:19-cv-00418-JDK   Document 59-3   Filed 10/28/20   Page 7 of 14 PageID #: 1918

Hao Liu on Behalf of United States v. Hopkins County, Not Reported in Fed. Supp. (2016)
2016 WL 11200229

of law. *Hao Liu v. Plano Med. Ctr.*, 328 Fed.Appx. 904, 905 (5th Cir. 2009); *U.S. ex rel. Hao Liu v. Med. Ctr. of Plano*, No. 4:09-CV-625, 2010 WL 4226766, at *3 (E.D. Tex. Sept. 27, 2010) (recommending dismissal of Plaintiff's claims because "allowing a *pro se* individual to represent the interest of the United States [and other parties] would constitute the unauthorized practice of law"), *report and recommendation adopted sub nom. U.S. ex rel. Hao Liu v. Med. Ctr. of Plano*, No. 4:09-CV-625, 2010 WL 4226762 (E.D. Tex. Oct. 26, 2010); *Liu v. Warren*, 3:05cv1249-H (N.D. Tex. July 20, 2005) (directing Plaintiff "to cease any and all representation of any parties' interest other than his own personal interest pursuant to Texas law"). Because Plaintiff purports to assert the interests of the Unites States and/or Yaozhong Liu and Yaqin Zhong without a license to practice law, Plaintiff's claims should be further dismissed.

### III. *Rule 41(b)* Dismissal

In addition to the foregoing reasons, this case should further be dismissed for want of prosecution and/or failure to obey a court order. Plaintiff failed to appear for the Rule 16 Management Conference set for November 28, 2016, at 3:00 p.m. Moreover, Plaintiff failed to appear for the Show Cause Hearing set for December 5, 2016 at 4:00 p.m., despite the Court's explicit warning that failure to do so might result in the dismissal of his Complaint and the imposition of sanctions. As discussed *supra*, Plaintiff has also failed to respond to Defendant City of Sulphur Springs' pending Motion for Show Cause Hearing and Motion to Dismiss, despite being expressly ordered to do so by the Court [Dkt. 8]. By failing to properly respond to Defendant's Motion for Show Cause Hearing and Motion to Dismiss, and failing to appear for the Management Conference and Hearing scheduled in this action notwithstanding direct Orders from this Court, Plaintiff has both failed to diligently prosecute this case and has failed to obey the Court's Orders. *Jackson v. Mosley*, No. 1:07CV367, 2010 WL 1268148, at *1 (E.D. Tex. Feb. 19, 2010), *report and recommendation adopted*, No. 1:07CV367, 2010 WL 1268145 (E.D. Tex. Mar. 25, 2010). Such reasons further substantiate the Court's recommended dismissal of Plaintiff's claims with prejudice. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Dunn v. Farrell*, 598 Fed.Appx. 332, 333 (5th Cir. 2015) ("A district court may *sua sponte* dismiss an action for failure to prosecute or comply with any court order.").

### IV. Attorney Fees and Costs

**\*6** Defendants at Hearing requested an award for reasonable and necessary attorney's fees and costs pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 permits the Court to impose an appropriate sanction if a pleading, motion, or other paper is presented for any improper purpose, such as to harass or needlessly increase the cost of litigation, or if the claims or arguments therein are frivolous. *See* Fed. R. Civ. P. 11(b). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus ... streamline the administration and procedure of federal court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). When warranted, sanctions may include an order directing payment to an opposing party of some or all of the reasonable attorney's fees or costs incurred as a result of the violation. *See Merriman v. Security Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996); Fed. R. Civ. P. 11(c)(2). The Court also possesses inherent power to "protect the efficient and orderly administration of justice ... to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *See Mendoza v. Lynaugh*, 898 F.2d 191, 195-97 (5th Cir. 1993). No *pro se* litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

Plaintiff violated the EDTX Pre-Filing Injunction, as discussed *supra*, by filing the instant suit. Plaintiff has also repeatedly ignored other Orders of this Court; and in its November 29, 2016 Order, the Court specifically warned Plaintiff that failure to comply with its Orders and/or appear for the Hearing would result in the imposition of sanctions [Dkt. 14 at 3; *see also* Dkt. 8 at 2]. As such, the Court finds that monetary sanctions are warranted in this matter to deter Plaintiff from continuing to violate the Court's Orders and also to prevent the filing of further meritless or improper lawsuits in violation of this Court's (or other Courts') Pre-Filing Injunction. *Summerville v. Local 77*, No. CIV. A. 1:06CV00719, 2008 WL 3983118, at *6 (M.D.N.C. Aug. 26, 2008) (finding willful disobedience of a pre-filing injunction warranted the award of attorney's fees and costs). Accordingly, Defendants are **ORDERED** to file proper briefing and documentation with the Court to seek reimbursement of their reasonable and necessary attorney's fees and costs in this matter. The Court will review Defendants' request and determine the appropriate amount of fees and costs to be awarded.

Case 6:19-cv-00418-JDK    Document 59-3    Filed 10/28/20    Page 8 of 14 PageID #: 1919

Hao Liu on Behalf of United States v. Hopkins County, Not Reported in Fed. Supp. (2016)
2016 WL 11200229

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Defendant City of Sulphur Springs, Texas's Motion for Show Cause Hearing and Motion to Dismiss [Dkt. 4] and Defendant Hopkins County, Texas's Motion to Dismiss [Dkt. 5] each be **GRANTED**, and Defendants City of Sulphur Springs, Texas and Hopkins County, Texas's Motion to Extend the Deadline to File Joint Attorney Conference Report and Motion to Re-Purpose the Rule 16 Management Conference [Dkt. 12] be **DENIED AS MOOT**. Plaintiff's claims should be dismissed with prejudice for failure to comply with the Court's pre-filing injunction, or alternatively, failure to state a claim, and/or failure to prosecute or obey a Court order. Defendants are **ORDERED** to file proper briefing and documentation with the Court to seek reimbursement of their reasonable and necessary attorney's fees and costs on or before December 30, 2016. Plaintiff shall have until January 13, 2017 to file a response. The Court will assess the reasonable and necessary attorney's fee and costs to be awarded.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

**\*7** Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**All Citations**

Not Reported in Fed. Supp., 2016 WL 11200229

---

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

374 Fed.Appx. 475
This case was not selected for
publication in the Federal Reporter.
Not for Publication in West's Federal Reporter
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial
decisions issued on or after Jan. 1, 2007. See
also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4.
(Find CTA5 Rule 28 and Find CTA5 Rule 47)
United States Court of Appeals,
Fifth Circuit.

Brett CHISESI, Plaintiff-Appellant

v.

AUTO CLUB FAMILY INSURANCE
COMPANY, Defendant-Appellee.

No. 09-30826
|
Summary Calendar.
|
March 9, 2010.

**Synopsis**
**Background:** Insured brought state-court action against insurer following Hurricane Katrina, and case was removed to federal court. After insured failed to comply with insurer's document requests, and later with the court's order to compel discovery, insurer filed motion for sanctions, contempt, attorneys fees, and costs. Sanctions of $300.00 were imposed and insured was directed to turn over the requested documents. When insured persisted in failing to turn over the documents, insurer renewed its contempt motion. Adopting the report and recommendation of Daniel E. Knowles, III, United States Magistrate Judge, the United States District Court for the Eastern District of Louisiana, Ivan L.R. Lemelle, J., 2009 WL 2447791, dismissed the case with prejudice. Insured appealed.

**Holdings:** The Court of Appeals held that:

[1] the district court did not abuse its discretion in dismissing the case for violation of its discovery orders, and

[2] insured's appeal was both frivolous and vexatious, warranting the imposition of sanctions in the amount of $2,500.00.

Affirmed; sanctions imposed.

West Headnotes (2)

[1]     **Federal Civil Procedure**  Failure to respond; sanctions

170A   Federal Civil Procedure
170AX   Depositions and Discovery
170AX(A)   In General
170Ak1278   Failure to respond; sanctions
District court did not abuse its discretion in dismissing action for plaintiff's failure to comply with court's discovery orders; plaintiff's willfulness was demonstrated by his failure to comply with court's discovery order even after he was personally instructed to do so by magistrate judge and stated that he understood what was required of him, that there was delay and contumacious conduct was apparent from the record, plaintiff conceded at least twice that he, not his attorney, was at fault for violations of court's discovery orders, defendant was undoubtedly prejudiced, in that it was denied any discovery for months, was prejudiced in its ability to prepare for trial, and was forced to spend time and money attempting to coerce discovery, and lesser sanctions, specifically, monetary sanction of $300.00, in fact proved ineffective. Fed.Rules Civ.Proc.Rule 37(b)(2), 28 U.S.C.A.

10 Cases that cite this headnote

[2]     **Federal Civil Procedure**  Frivolousness; particular cases

**Federal Civil Procedure**  Arguments and briefs

**Federal Civil Procedure**  Type and amount of sanction

170A   Federal Civil Procedure
170AXX   Sanctions
170AXX(F)   On Appeal

  170Ak2837 Grounds

  170Ak2840 Frivolousness; particular cases

 170A Federal Civil Procedure

  170AXX Sanctions

  170AXX(F) On Appeal

  170Ak2837 Grounds

  170Ak2843 Arguments and briefs

 170A Federal Civil Procedure

  170AXX Sanctions

  170AXX(F) On Appeal

  170Ak2847 Type and amount of sanction

Plaintiff's appeal from the district court's order dismissing his case for violation of the court's discovery orders was both frivolous and vexatious, warranting the imposition of sanctions in the amount of $2,500.00; the law was clear that willful violation of district court's discovery orders gave that court discretion to impose sanctions, including dismissal, not only did plaintiff fail to fairly address the substance of the district court's findings, but his briefing before the Court of Appeals demonstrated a pointed disrespect for "the limited resources of the judicial system," and plaintiff's wild accusations that routine insurance dispute was motivated by nefarious corporate motives and extended, irrelevant discussion of etymology and Chaucer had no place in appellate brief. 28 U.S.C.A. § 1912; F.R.A.P.Rule 38, 28 U.S.C.A.

5 Cases that cite this headnote

**Attorneys and Law Firms**

**\*476** Daniel G. Abel, Daniel G. Abel, Inc., Metairie, LA, for Plaintiff-Appellant.

Thomas Mark Richard, Esq., Chopin Wagar Richard & Kutcher, L.L.P., Metairie, LA, for Defendant-Appellee.

Appeal from the United States District Court for the Eastern District of Louisiana, USDC No. 2:08-CV-3707.

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

**Opinion**

PER CURIAM:[*]

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

 **\*\*1** Plaintiff-Appellant Brett Chisesi appeals the dismissal of his claims for repeated violation of the district court's discovery orders. We affirm and impose sanctions against the appellant.

**I. BACKGROUND**

In August 2007, Chisesi filed this case asserting claims against his insurer under his homeowner's policy arising out of Hurricane Katrina. The case was removed to federal court. During discovery, the plaintiff failed to comply with the defendant's document requests. After several months, the defendant sought an order to compel discovery, which the district court granted in May 2009. Chisesi failed to comply with that order. In response, the defendant filed a motion for sanctions, contempt, attorney's fees, and costs. The magistrate judge held a hearing on that motion in mid-June, issued a second discovery order, and instructed Chisesi and his counsel to comply immediately with the order. The court specifically warned them that failure to comply would result in dismissal of the case. In addition, the court imposed a sanction of $300. At this hearing, Chisesi conceded that the fault for the delay in compliance was his and that he had not obtained all of the requested documents. In response to a question by the magistrate judge, he stated that he understood his obligations.

In July 2007, after Chisesi failed to turn over any of the requested documents or pay the sanction, the defendant renewed its earlier contempt motion. At a late-July hearing on this motion (three weeks before the scheduled pre-trial conference and five weeks before trial), Chisesi's attorney stated that his client had not turned over any of the requested documents to him. Chisesi told the court that he was unsure of his obligations due to poor communication with his attorney and his lack of understanding of the legal system. He admitted that he had not gathered or turned over the requested documents. The magistrate judge observed that, in his years of service, he had never "had anyone disregard my orders like you did in this case."

The magistrate judge filed a report recommending that the case be dismissed with prejudice for failure to participate in discovery and violation of the court's orders. **\*477** Chisesi objected, blaming his counsel for his non-compliance.

The district court rejected this contention on the grounds that it was clearly contradicted by Chisesi's own actions and statements at the two hearings. The court adopted the magistrate's report and recommendations and, pursuant to Fed.R.Civ.P. 37(b)(2)(A) (sanctions for failure to obey a discovery order), dismissed Chisesi's case with prejudice.

## II. DISCUSSION

We review dismissal under Rule 37(b)(2) for abuse of discretion. *F.D.I.C. v. Conner,* 20 F.3d 1376, 1384 (5th Cir.1994). Dismissal for violation of a discovery order is justified when (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) the violation of the discovery order is attributable to the party instead of the attorney; (3) the violation substantially prejudices the opposing party; and (4) no lesser sanction would substantially achieve the desired deterrent affect. *Id.* at 1380-81. We address each element in turn.

**\*\*2** **[1]** First, willfulness is demonstrated by Chisesi's failure to comply with the court's discovery order even after he was personally instructed to do so by the magistrate judge and stated that he understood what was required of him. That there was delay and contumacious conduct is apparent from the record. Second, Chisesi conceded at least twice that he, not his attorney, was at fault for the violations of the court's discovery orders. Third, the defendant was undoubtedly prejudiced. It was denied any discovery for months, was prejudiced in its ability to prepare for trial, and was forced to spend time and money attempting to coerce discovery. Fourth and finally, lesser sanctions in fact proved ineffective. Accordingly, dismissal was not an abuse of the district court's discretion.

**[2]** Finally, we consider the appellee's motion for sanctions pursuant Fed. R.App. P. 38. *See also* 28 U.S.C. § 1912 (authorizing damages and costs on affirmance). That rule authorizes this court to award damages and costs to an appellee where an appeal is frivolous. The party to be sanctioned must have notice and an opportunity to respond. The defendant-appellee moved for sanctions, putting Chisesi on notice. Chisesi, given the opportunity, declined to respond.

Our review of the record satisfies us that this appeal is wholly without merit. The law is clear that willful violation of a district court's discovery orders give that court discretion to impose sanctions, including dismissal. Not only does the appellant fail to fairly address the substance of the district court's findings, but his briefing before this court demonstrates a pointed disrespect for "the limited resources of the judicial system." *Stearman v. Comm'r,* 436 F.3d 533, 540 (5th Cir.2006). Wild accusations that a routine insurance dispute is motivated by nefarious corporate motives and extended, irrelevant discussion of etymology and Chaucer have no place in a brief to this court. We find that this appeal is both frivolous and vexatious and therefore impose sanctions in the amount of $2,500.

## III. CONCLUSION

We affirm the district court's dismissal of Chisesi's claims and impose $2,500 in sanctions against Chisesi for pursuing this frivolous appeal.

**All Citations**

374 Fed.Appx. 475, 2010 WL 785173

---

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

212 Fed.Appx. 349
This case was not selected for
publication in the Federal Reporter.
Not for Publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial
decisions issued on or after Jan. 1, 2007. See
also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4.
(Find CTA5 Rule 28 and Find CTA5 Rule 47)
United States Court of Appeals,
Fifth Circuit.

Victor MURRAY, Plaintiff–Appellant,

v.

SERENA SOFTWARE INC.,

Defendants–Appellees.

No. 06–40497
|
Summary Calendar.
|
Jan. 5, 2007.

**Synopsis**
**Background:** Former employee brought action against employer. The United States District Court for the Eastern District of Texas, Sherman, J., dismissed action as sanction for former employee's repeated failure to comply with discovery orders. Former employee sought reconsideration of dismissal and district court, treating request as motion for relief from judgment, denied it. Former employee appealed.

**Holdings:** The Court of Appeals held that:

[1] Court of Appeals could only review district judge's refusal to grant plaintiff relief from judgment of dismissal;

[2] relief from judgment based on mistake, inadvertence, surprise, or excusable neglect was not appropriate;

[3] plaintiff's failure to cooperate fully in preparing joint pretrial report, failure to timely make pretrial disclosures, failure to timely return company property as ordered, and failure to timely pay sums levied as sanctions for two separate incidences of discovery misbehavior warranted dismissal of action as sanction for the discovery violations; and

[4] district court's refusal to reconsider dismissal of action as discovery sanction was not an abuse of discretion.

Denial of reconsideration affirmed; remanded.

West Headnotes (4)

[1]    **Federal Courts** 🔑 Interlocutory, Collateral, and Supplementary Proceedings and Questions; Pendent Appellate Jurisdiction

170B   Federal Courts
170BXVII   Courts of Appeals
170BXVII(K)   Scope and Extent of Review
170BXVII(K)1   In General
170Bk3543   Questions Considered
170Bk3546   Interlocutory, Collateral, and Supplementary Proceedings and Questions; Pendent Appellate Jurisdiction
170Bk3546(1)   In general
(Formerly 170Bk768.1, 170Bk829, 170Bk666)
Court of Appeals could only review district judge's refusal to grant plaintiff relief from judgment of dismissal, where plaintiff did not appeal judgment of dismissal.

[2]    **Federal Civil Procedure** 🔑 Mistake by parties; excusable neglect; surprise

170A   Federal Civil Procedure
170AXVII   Judgment
170AXVII(G)   Relief from Judgment
170Ak2651   Grounds and Factors
170Ak2656   Mistake by parties; excusable neglect; surprise
(Formerly 170Ak2651.1, 170Bk829)
Relief from judgment based on mistake, inadvertence, surprise, or excusable neglect was not appropriate for litigant who failed to comply with discovery orders. Fed.Rules Civ.Proc.Rule 60(b)(1), 28 U.S.C.A.

[3]    **Federal Civil Procedure** 🔑 Failure to respond; sanctions

170A   Federal Civil Procedure

170AX Depositions and Discovery
170AX(A) In General
170Ak1278 Failure to respond; sanctions

Plaintiff's failure to cooperate fully in preparing joint pretrial report, failure to timely make pretrial disclosures, failure to timely return company property as ordered, and failure to timely pay sums levied as sanctions for two separate incidences of discovery misbehavior warranted dismissal of action as sanction for the discovery violations. Fed.Rules Civ.Proc.Rule 60(b)(1), 28 U.S.C.A.

[4]  Federal Civil Procedure  Failure to respond; sanctions

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(A) In General
170Ak1278 Failure to respond; sanctions
(Formerly 170Bk829)

District court's refusal to reconsider dismissal of action as discovery sanction was not an abuse of discretion, where less drastic sanctions levied by court did not serve to deter continued poor conduct by plaintiff, and plaintiff was specifically warned by court that dismissal would be sanction for future failure to comply with its orders. Fed.Rules Civ.Proc.Rule 60(b)(1), 28 U.S.C.A.

**Attorneys and Law Firms**

*350 J. Mark Bragg, Plano, TX, for Plaintiff–Appellant.

Kristin Leigh Bauer, Jackson Lewis, Dallas, TX, for Defendants–Appellees.

Appeal from the United States District Court for the Eastern District of Texas (Sherman) (USDC No. 4:04–CV–223).

Before REAVLEY, BARKSDALE, and STEWART, Circuit Judges.

**Opinion**

PER CURIAM:[*]

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

**1 [1] [2] [3] [4] This appeal arises from a lawsuit brought by Plaintiff/Appellant Victor Murray ("Murray") against his former employer, Serena Software, Inc. The district court entered a judgment of dismissal in this case as a sanction for Murray's repeated failure to comply with discovery orders. Murray sought reconsideration of the dismissal, and the district judge, treating the request as a motion for relief from judgment, denied it. Murray now seeks our intervention. For the following reasons, we decline to reverse the district judge's exercise of discretion:

1. Because Murray did not appeal the judgment of dismissal, we review only the district judge's refusal to grant him relief from the judgment. We may not treat the appeal from the ruling on the Rule 60(b) motion as an appeal from the dismissal itself. *Vela v. Western Elec. Co.,* 709 F.2d 375, 376 (5th Cir.1983) (citations omitted). "[A]ppellate review of the denial of a Rule 60(b) motion must be narrower in scope than review of the underlying order of dismissal so as not to vitiate the requirements of a timely appeal." *Id.* *351 (citation omitted). Thus we reverse only if the district judge has plainly abused his discretion.

2. Federal Rule of Civil Procedure 60(b)(1) provides that a district court may grant relief from final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Such relief is not appropriate when a litigant exhibits a disregard for the judicial process or repeated indifference to court orders. *See Vela,* 709 F.2d at 376–77. Murray failed to identify any excusable neglect or other basis for the court to reconsider its order dismissing his action, and his recurring non-compliance reflects a pronounced disrespect for the court's processes and orders.

3. Federal Rule of Civil Procedure 37(b)(2) "authorizes the district court to strike pleadings or render a default judgment against a party as a sanction for failure to comply with a discovery order." *United States v. $49,000 Currency,* 330 F.3d 371, 376 (5th Cir.2003). The record in this case reveals that Murray repeatedly failed to comply with multiple orders of the district court. Specifically, Murray (1) failed to cooperate fully in preparing the joint pretrial report,[1] (2) failed to timely

make pretrial disclosures, (3) failed to timely return Serena's company property as ordered, and (4) failed to timely pay sums levied as sanctions for two separate incidences of discovery misbehavior. Murray also failed to respond to a number of his adversary's motions, including Serena's motion for summary judgment and motion for costs and attorney fees.[2]

4. The less drastic sanctions levied by the district court did not serve to deter continued poor conduct by Murray. Murray was specifically warned by the court that dismissal would be the sanction for future failure to comply with its orders. Because Murray's actions reflect a persistent disregard of the responsibilities owed to the court and his opponents rather than mistake or inadvertence, we find no abuse of discretion in the district court's refusal to reconsider dismissal of Murray's action.

**2 5. Because Murray does not raise the issue on appeal, we do not question the award or reasonableness of the fees granted to Serena by the district court. However, although the record before us is limited, we have seen enough to raise the question of the relative culpability between Murray and his attorney. We are ordinarily reluctant to penalize a client for a lawyer's fault. *See Vela,* 709 F.2d at 376. Accordingly, while we affirm the court's refusal to reconsider its order of dismissal, we remand for the limited purpose of allowing the district judge to determine whether, in his discretion, he wishes to impose sanctions on counsel via apportionment of the fee award.

*352 DENIAL OF RECONSIDERATION AFFIRMED, REMANDED FOR LIMITED PURPOSES STATED.

**All Citations**

212 Fed.Appx. 349, 2007 WL 30839

---

**Footnotes**

[1] While Murray asserts that counsel for Serena eventually acknowledged his assistance in preparation of the report, Murray improperly cites to a transcript that is not part of the record on appeal.

[2] We agree with the district court that Murray's motion for reconsideration evidences a further inattention to its orders as that motion sought relief, not from the court's order of dismissal, but from a grant of summary judgment in favor of Serena. Serena's motion for summary judgment was, in fact, denied by the district court.

---

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.