IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BERG, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Case No. 6:19-cv-418-JDK |
| | § | |
| M&F WESTERN PRODUCTS, INC., | § | |
| | § | |
| Defendant. | § | |

**EMERGENCY MOTION FOR A PROTECTIVE ORDER AND MOTION SEEKING THE COURT'S GUIDANCE REGARDING DEPOSITION OF PLAINTIFF**

## I.   Introduction

Berg has failed to comply with discovery. He failed to produce even the most basic documents even though the Parties voluntarily selected mandatory disclosures. Based on his conduct, the Court ordered him to conduct a complete search for documents and to certify to the Court exactly what he did by August 13, 2020. Berg missed that date and when he did finally submit his "certification" (8 weeks late) it was conclusory and failed to comply with the substance of the Court's Order. The Court admonished Plaintiff and his counsel that failure to comply could subject them to sanctions, and it should.[1] As for Berg's deposition, International and Vietnam law preclude M&F Western from taking a traditional deposition of individuals within Vietnam's borders. Instead, M&F Western is left with seeking Letters Rogatory that will take months, and substantively limit M&F Western to submitting written

---

[1] M&F Western is filing a Motion to Show Cause on this issue contemporaneously with this Emergency Motion.

M&F WESTERN'S EMERGENCY MOTION--PAGE 1

149960750.5

questions in advance. It also impacts M&F Western's ability to prepare for trial, which is set for January 19, 2021[2], and it impacts Plaintiff's ability to present his evidence at trial as it is illegal for Berg to testify under oath from Vietnam for any purpose, including to present his own case.

Plaintiffs have now noticed the depositions of seven M&F Western witnesses for next week, claiming they will take all day. Given Mr. Liebowitz's desperation to settle this case, the depositions are clearly an attempt to increase M&F's defense costs to leverage a settlement M&F. In light of Berg's failure to comply with mandatory disclosures and his failure to comply with the Court's July 23, 2020 Order, M&F Western's inability to depose the Plaintiff in this matter, and Berg's own inability to testify at trial should M&F's pending motion for summary judgment be denied, M&F Western asks the Court for a protective order postponing the depositions of the M&F Western witnesses until after the Court has provided guidance regarding the deposition and trial testimony of Berg.

Because the depositions are scheduled to begin on Monday, November 2, 2020, M&F Western seeks an Emergency hearing with the Court on Friday, October 30, 2020, or at the Court's earliest convenience, to discuss the issues raised in this Motion. M&F Western will suffer irreparable harm in the form of undue burden and expense from having to provide its witnesses for the depositions when Plaintiff has no means to put on his prima facie case, and M&F Western has no choice but to file this Motion as an Emergency Motion given that the depositions will have otherwise

---

[2] As discussed below, M&F Western is not seeking and would object to a continuance of the trial date.

occurred before the Motion can be briefed for the Court's consideration under non-emergency procedures.

## II. FACTUAL BACKGROUND

### A. Berg Failed to Comply with His Discovery Obligations and this Court's July 23 Order.

Berg has not engaged and continues not to engage in discovery by failing to produce relevant documents and failing to substantively comply with the Court's July 23 Order, which required Berg and Liebowitz to conduct a full search for documents, report to the Court regarding their investigation and produce all relevant, non-privileged documents.[3] For the reasons stated in its Motion to Show Cause, the recent Declaration by Berg is insufficient and the Court should impose appropriate sanctions. And Berg's failures with respect to the production of documents are equally important to deciding whether to issue a protective order given that Berg has produced no hard evidence on issues core to this case, stating that these issues will be established through his own testimony at trial.

### B. Berg Refuses to Make Himself Available for Deposition

Berg refuses to leave Vietnam, and Vietnam does not allow residents to be put under oath for testifying purposes except through letters rogatory.[4] This means that

---

[3] M&F Western highlighted these issues in Dkt. 55 titled M&F Western's Response to Submission. In light of the Court's October 22 Order pointing to relief available under the Federal Rules (Dkt. 58 at p. 3), M&F Western has submitted the filing as the Motion to Show Cause. M&F Western incorporates herein by reference the Motion to Show Cause and supporting exhibits.

[4] M&F Western first noticed Berg's deposition in April 2020, requesting that opposing counsel provide a date when he would be available to come to the United States for the deposition. (Exhibit A.) M&F Western has not subsequently served an additional deposition notice because the Court ordered M&F Western to proceed with a remote deposition (Dkt. 39), and M&F Western is seeking the Court's guidance on how to proceed in light of the issues with international law.

Berg will be unable to testify at trial unless (a) he appears live at the trial (which he cannot do because of Visa Issues) or (b) (if the Court will permit him to testify remotely) he travels to a country where he can take an oath and offer testimony. If Berg is unable to testify at trial, his case fails. He is the only party who can offer the prima facie evidence necessary to establish a case for copyright infringement.

If Berg plans to testify at trial from a location outside of Vietnam, he should be compelled to travel there now so that M&F Western can take his deposition. He is not a third-party witness; he is the plaintiff. He brought this case. He should not be permitted to shield himself from deposition and preserve his ability to testify at trial. At a minimum, M&F should be permitted to depose Berg at such time and through the same means Berg intends to offer his testimony at trial.

### C. M&F Western Should Not Be Required to Produce Its Witnesses for Deposition Until the Issues with Berg's Deposition Have Been Resolved

Berg has now requested the following depositions from M&F Western starting on November 2nd.

| | |
|---|---|
| Mickey Eddins | November 2 |
| David Eddins | November 3 |
| Paul Eddins | November 4 |
| Cary Kraft | November 5 |
| Jeannie Crumrine LaShelle | November 6 |
| Greg LaShelle | November 9 |
| Hugh Weaver | November 10 |

Although it seems inconceivable, Liebowitz claims each deposition will be an entire day. In other words, a logical conclusion is that this is again done simply to

extract a settlement. M&F Western should not be required to produce its witnesses and continue to be the only party to participate in discovery.

### III.     Argument

**A.   The Court Should Require Berg to Provide a Viable Means to Conduct His Deposition or Dismiss the Case.[5]**

It is not possible to conduct Berg's deposition while he is in Vietnam without violating international law because Vietnam is not a party to the Hague Convention and would consider any such deposition an affront to its judicial sovereignty. (Dkt. 51 at p. 2 and Exhibit 4 thereto.) M&F Western attempted to resolve this issue with opposing counsel by proposing that Berg travel to a nearby country such as Hong Kong or Thailand where a video deposition would be permitted, but Berg refuses. (*Id.* and Exhibits 5-6 thereto.)

The Court previously noted that "[w]hether depositions are available in Vietnam is not before the Court in this Motion, so it will not be addressed. But to the extent that it may be raised in future disputes, government-website interpretations of Vietnam's discovery policy are not binding on this Court; applicable American law must support the argument." (Dkt. 58, at fn.1.) M&F Western notes, with respect, that the government websites that it presented to the Court are U.S. government websites that provide guidance regarding international law as it applies to Vietnam, such as the U.S. Department of State - Bureau of

---

[5] To be clear, M&F Western is not seeking and would object to rescheduling the trial. Rather, M&F Western is seeking the Court's assistance and guidance in requiring Berg to provide a viable means for his deposition and requiring Berg to provide to the Court and M&F Western his plan for presenting his case at trial.

Consular Affairs website. In addition, the United States Code of Federal Regulations, Title 22 (Foreign Relations), Chapter I (Department of State) addresses depositions taken before foreign officials or other persons in a foreign country pursuant to letters rogatory. 22 CFR § 92.66. As noted in its Response, Letters Rogatory is a cumbersome and lengthy process that requires written deposition questions to be submitted to via diplomatic channels. This process for obtaining testimony from the plaintiff in a case is not equivalent to a deposition such as a defendant would be entitled to in the United States.

In an analogous case, the parties in *Popular Imports, Inc. v. Wong's Int'l., Inc.*, 166 F.R.D. 276 (E.D.N.Y. 1996), proceeded with depositions in China pursuant to a plan endorsed by the magistrate judge. Later in the case, the plaintiff argued that Chinese law does not permit the taking of even voluntary depositions without official authorization, which may be obtained only by submitting letters rogatory, and plaintiff requested that the depositions be suppressed by the court. *Id.* at 277. The plaintiff also notified the court that taking the depositions had placed the attorneys for both parties at risk of arrest in China. *Id.* While the court in that case ultimately refused to suppress the depositions out of concerns of gamesmanship by the plaintiff, the court noted that:

> Had plaintiff raised this issue prior to the taking of the depositions, and had the Court concluded that the procedures proposed would in fact have violated Chinese law, the Court would of course have been loathe [sic] to authorize procedures that would have put counsel at risk and might well have generated diplomatic friction.

*Id.* at 280.[6] *See also Choi v. 8th Bridge Capital, Inc.,* 2:17-cv-08958-CAS(AFMx), 2020 WL 1446700 (C.D. Cal. Mar. 25, 2020) ("Defendants likewise assert that the [hearsay] residual exception's second prong is satisfied because IMM is a Vietnamese company, Tinh and Ghee are Vietnamese residents, Vietnam is not party to the Hague Convention, and "foreign attorneys are not permitted to take depositions of willing witnesses without the involvement of the Vietnamese government, which according to the U.S. government, is a process that 'may take a year or more.' "); *Unitedhealth Group, Inc. v. United Healthcare, Inc.,* 2:14-cv-00024-RCJ-NJK, 2014 WL 12791252, at *3 (D. Nev. July 21, 2014) ("[S]ince Vietnam is not a signatory to the Hague Convention regarding service of judicial documents, Plaintiff is fairly limited in the methods that it can utilize to serve the Vietnam Defendants. Personal service in Vietnam would likely be burdensome and costly, because the Letters Rogatory process is uncertain and often takes a long time—as much as one year—to be completed.").

Thus, M&F Western is left, at the end of the discovery period, with no viable opportunity to depose the Plaintiff. Even if it were possible to use the Letters Rogatory route (and even if that process could be expedited), that process requires

---

[6] The court focused its analysis in the case on the question of what if any remedy is available after the parties, without incident, have taken foreign depositions pursuant to stipulation. The court noted that commentators who have noted limitations of Fed.R.Civ.P. 29 with respect to foreign depositions have done so in terms of what the parties may agree to do *in the future. Id.* at f.n. 5, citing 4 Moore's Federal Practice ¶ 28.07, at 28–28 (2d ed. 1995) ("The procedure prescribed by the parties' stipulation will, however, normally prove workable only if the witness is willing to testify *and if the procedure agreed to by the parties does not violate the law of the country in which the deposition is taken*"); (emphasis added); 8 Wright, supra, § 2091, at 685 n. 3, quoting Myrick, Obtaining Evidence Abroad For Use In United States Litigation, 15 Suffolk Transnat'l L.J. 1, 8 (1991) (use of Rule 29 "cannot obviate compliance with the local law of the country wherein the discovery is sought").

the submission of written questions, akin to interrogatories, presented to the witness and his counsel in advance. It is no substitute for the deposition of Berg. And in this case where Berg has repeatedly withheld information (e.g., regarding his Visa Issues and communications with third parties) and has failed to produce documents, leaving M&F Western without the ability to depose him or cross-examine him before the jury is highly prejudicial and unfair to M&F Western. Thus, M&F Western seeks the Court's guidance regarding how to proceed or, in the alternative, seeks dismissal of the case because Berg has no means to provide testimony at trial.

**B.     The Court Should Grant a Protective Order Regarding Berg's Request for M&F Western's Depositions**

A protective order should be granted under Fed.R.Civ.P. 26(c)(1) requiring that M&F Western's witnesses not be deposed until the issues surrounding Berg's deposition are resolved. The Court can grant a protective order to protect a party from undue burden or expense. Fed.R.Civ.P. 26(c)(1); *see Sanchez v. C.R. England*, No. EP-17-CV-354-KC, 2018 WL 7350677, at *1 (W.D. Tex. Sept. 27, 2018).

Here the burden and expense are undue because as things currently stand Berg will not leave Vietnam, meaning he cannot be deposed by M&F Western and he could not appear by video at trial to testify or otherwise prove up his case. M&F Western should not be in the position of putting its witnesses up for a deposition when Berg has failed to produce documents, failed to comply with Court orders, refuses to leave Vietnam thereby precluding M&F Western from adequately deposing him, and cannot testify at trial.

WHEREFORE, M&F Western asks the Court to grant its Motion and to grant an emergency oral hearing to address these issues on Friday, October 30, 2020 or at the Court's earliest convenience.

Dated: October 28, 2020

Respectfully submitted,

By: *s/Kirstin E. Larson*

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

***Attorneys for Defendant M & F Western Products, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2020 I caused copies of the foregoing document to be served via CM/ECF to the counsel of record in this matter.

*s/Kirstin E. Larson*
Kirstin E. Larson

## CERTIFICATE OF CONFERENCE

      Counsel for M&F Western have complied with the Meet and Confer Requirement in Local Rule CV-7(h). On October 28, 2020, Kirstin E. Larson conducted a personal telephone conference with Plaintiff's attorney, Richard Liebowitz, regarding the Motion and discussions conclusively ended in an impasse. Plaintiff opposes this Motion, leaving an open issue for the Court to resolve.

                        *s/John R. Hardin*
                        John R. Hardin

                        *s/Kirstin E. Larson*
                        Kirstin E. Larson