IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ROBERT BERG,** | § § § | |
| Plaintiff | § § | |
| vs. | § § | Case No. 6:19-cv-418-JDK |
| **M&F WESTERN PRODUCTS, INC.,** | § § § | |
| Defendant. | § § | |

**REPLY IN SUPPORT OF M&F WESTERN'S MOTION TO SHOW CAUSE**

Case-ending sanctions are warranted. M&F Western's Motion outlines the prejudice M&F Western faces as a result of Plaintiff's failure to meaningfully engage in the discovery process, including failing to produce relevant documents, failing to search for relevant documents, and/or failing to comply with the Court's orders. The Court already recognized the prejudice to M&F Western as a result of Plaintiff's non-compliance and therefore ordered Plaintiff to undertake specific actions, including conducting a thorough search and reporting "to the Court the investigation Berg and his counsel undertook with regard to each category of documents and materials." Comparing Plaintiff's October 8th Declaration to the Court's July 23rd Order (Dkt. 39) shows that the Declaration fails to comply.

Plaintiff advances two main arguments for why he should not be sanctioned, neither of which is persuasive. First, he argues that he has complied with his discovery obligations. The record is clear that he has not. Second, he argues that

sanctions are inappropriate because there is no evidence that Berg's[1] actions are willful or in bad-faith. The hearings where Plaintiff's discovery conduct and the failure of Plaintiff to comply with its own election of mandatory disclosures was discussed and the Court's detailed July 23rd Order (among other things) exhibit willful noncompliance and warrant a finding of bad faith. *Jones v. AT&T Mobility Servs., LLC,* No. 3:17-CV-02315-D, 2019 WL 318181, at *1 (N.D. Tex. Jan. 23, 2019) (granting motion to dismiss with prejudice pursuant to Fed.R.Civ.P. 37 and 41 and adopting findings, conclusions and recommendation of magistrate to dismiss for failure to prosecute and for failing to participate in discovery).[2] In addition,

---

[1] In his Response, Berg's counsel states that he instructed Berg to produce documents and that *any failures were by Berg himself.* (Dkt. 65 at p. 4.) The Fifth Circuit has articulated several factors, all of which are present here, for the sanction of dismissal to be appropriate, including whether (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) the violation is "attributable to the client instead of the attorney"; (3) the violation "substantially prejudice[s] the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994) (internal quotation marks and citation omitted). While "[l]itigation-ending sanctions are, by their very nature, the last resort," *see Fuqua v. Horizon/CMS Healthcare Corp.*, 199 F.R.D. 200, 204 (N.D. Tex. 2000) (internal citation omitted), "[n]evertheless, in certain circumstances, they are justified 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id*. (*citing Nat'l. Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)). As M&F Western has explained since the inception of the case, Berg filed suit in order to leverage a settlement from M&F Western and his failure to participate in discovery reflects the desire to spend as little money in preparing the case as possible because of the desire to coerce a settlement. Further, Berg has notified 27 third-parties in the Western jewelry industry that he intends to sue them as well. (*see e.g.,* Exhibits A (at p. 3) B and C to M&F Western's Motion (Dkt. 59-1-3.) Not only are case-ending sanctions warranted in this case, but the deterrent value of the sanctions in this case will deter Berg from similar conduct in future cases, relieving the court system and future defendants from satellite litigation regarding discovery abuses.

[2] *See also*, cases cited in M&F Western's opening Motion (Dkt. 59 at p. 5.)

Fed. R. Civ. P. 37(b)(2)(A)(v) permits dismissal when a party disobeys a discovery order.

Further, contrary to Plaintiff's argument that M&F Western "has failed to show any prejudice whatsoever" (Dkt. 65, p.4.), the prejudice is clear. This is a Plaintiff who has repeatedly failed to provide documents that M&F Western knows existed during the litigation (about the litigation)—he now dismisses his failure as an "oversight" (*id.*); instead, the failure reinforces M&F Western's overarching concerns that Plaintiff is withholding (or has destroyed) relevant documents (i.e., beyond those documents sent to third-parties during the case that M&F Western discovered on its own[3]) that demonstrate the invalidity of his claims and the invalidity of his copyright registrations.

The prejudice from Plaintiff's failure to comply with the Court's Order is compounded by M&F Western's inability to depose Berg and ask pointed questions about his failure to produce relevant documents, including those related to prior

---

[3] Plaintiff references sending these letters in March 2019 (Dkt. 65-4), but for clarity of the record, the letters were sent after this suit was filed in March 2020. However, this Motion relates to the much broader issue of Plaintiff's repeated and ongoing failures to meaningfully participate in the discovery process to the prejudice of M&F Western. A continuing example of Plaintiff's failure to engage and failure to understand the prejudice is his acknowledgement that he still has not produced documents related to his prior lawsuits (including the *Berg v. Symons* case) and his proposal that he will produce documents to M&F Western when he receives them from his former firm. (Dkt. 65 at p. 4.) Discovery closed on September 21, 2020 (after an extension to accommodate Plaintiff) (Dkt. 39); the Court subsequently re-opened discovery for a limited time, until November 13th, and for the limited purpose of permitting Plaintiff to take depositions of M&F Western's witnesses. (Dkt. 58.) Plaintiff's promise to produce documents at this late date at an undefined time in the future does not comply with discovery obligations. He's known about these documents from his prior lawsuits since before he filed suit against M&F Western, has himself argued their relevance, and has failed to produce them.

lawsuits and those he created after filing this litigation.[4] Thus, this Motion relates to the extreme prejudice M&F Western faces as a result of Plaintiff's failure to meaningfully engage in the discovery process, including failing to produce relevant documents, failing to search for relevant documents, and/or failing to comply with the Court's orders.[5] The proper remedy for these failures is a court-ordered sanction dismissing the case and imposing a civil contempt sanction.[6]

**Conclusion**. Not only has Plaintiff failed to comply with his discovery obligations, he has now failed to comply with this Court's July 23rd Order. He failed to comply with it on August 13, 2020 when he didn't respond as ordered. Even when he finally got around to submitting a declaration on October 8th, eight weeks late, he

---

[4] Plaintiff goes so far as to claim that *he* is the one who is prejudiced by the fact that he is in Vietnam and unable to leave (Dkt. 65 a p.4), notwithstanding the fact that he has known since before he filed the case that he would not be able to come to the United States because he was denied a visa before he filed suit. The Court should reject Plaintiff's argument that he has been prejudiced by choosing to bring suit in the United States.

[5] The Court should give no weight to Berg's argument that the Motion should be denied based on his inapposite, inaccurate and unsupported arguments that (a) Berg's designs have been determined to be subject to copyright protection in a prior case; and (b) Berg does not need to show proof of access. These issues are not germane to this Motion and are addressed in M&F Western's Motion for Summary Judgment (Dkt. 41 at pp. 15-16 and Dkt. 50 at pp. 3-4 and 5) regarding the Berg cross designs.

[6] M&F Western has also moved for an Order to Show Cause Why Plaintiff Should Not Be Held in Contempt for his failure to comply with discovery orders. Courts must consider the following in determining whether to impose a civil contempt sanction, which is warranted here: "'(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order.'" *Orchestratehr, Inc. v. Trombetta*, No. 3:13-CV-2110-KS-BH, 2016 WL 5942223, at *6 (N.D. Tex. Oct. 13, 2016) (Horan, J.) (quoting *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990)). M&F Western has explained *supra* the harm to its case and the willfulness of Berg's conduct in failing to comply. Without discovery, M&F Western is unable to speak to the financial resources of Berg and the burden sanctions would impose on him.

still didn't fulfill his requirements. The discovery period has been extended multiple times for the Plaintiff,[7] but he continues to not produce relevant documents, including relevant documents from his previous lawyers, media posts, or demand letters sent to others, all of which relate to if not directly reference this litigation. There has been ample time for compliance that has been met with repeated failures, and the appropriate sanction at this juncture is dismissal.

WHEREFORE, M&F Western asks the Court to grant its Motion and issue an Order to require Plaintiff to show cause why Plaintiff should not be held in contempt and why the case should not be dismissed based on Plaintiff's discovery failures.

---

[7] The case is scheduled for trial in January 2021. M&F Western does not seek an extension of the case schedule and would object to re-scheduling the trial as a remedy to address Plaintiff's discovery failures.

REPLY IN SUPPORT OF M&F WESTERN'S MOTION TO SHOW CAUSE　　　　　　　　PAGE 5

150067129.4

Dated: November 11, 2020

Respectfully submitted,

By: _____

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

***Attorneys for Defendant M & F Western Products, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2020 I caused copies of the foregoing document to be served via CM/ECF to the counsel of record in this matter.

_____
Kirstin E. Larson