IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ROBERT BERG,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | Case No. 6:19-cv-418-JDK |
| | § | |
| **M&F WESTERN PRODUCTS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## MOTION TO STRIKE PLAINTIFF'S SUPERSEDING ANSWERS AND PLAINTIFF'S DECLARATION

On November 10, Berg served Superseding Answers and Objections to Defendant's First, Second and Third Set of Interrogatories ("Superseding Answers") changing his theory of infringement and expanding the alleged "protectable elements" he claims M&F Western infringes. On November 13, Berg produced over 3,000 pages of documents from the *Berg v. Symons* case (*Symons* Documents) and submitted a Declaration (Dkt. 74) attempting to graft findings from that case onto this one. Both of these actions were done in an attempt to defeat M&F Western's Cross MSJ (Dkt. 41).

Berg's Superseding Answers are not based on any new evidence. As the alleged designer of the buckles and crosses, he knew the specific design elements in which he claimed protection. He was expressly asked for this information via interrogatories. Through his verified response he claimed only the tapered beads. M&F Western relied on his sworn answers the entirety of the case, including for its previous successful summary judgment motion as well as and the Cross MSJ, which is currently pending.[1] Similarly, the recently produced *Symons* Documents were also

---

[1] Briefing was completed on M&F Western's summary judgment motion regarding the crosses on September 15th (when M&F Western filed its Reply (Dkt. 50)). Fact discovery closed on September 21, 2020. (Dkt. 39 at p. 2). In its October 21st Order, the Court extended the fact discovery deadline to

available to Berg long before M&F Western's Cross MSJ was filed. In allowing Berg to file a Supplemental Response, the Court was not inviting Berg to submit evidence he had in his possession *before* M&F Western filed its Cross MSJ on August 18, 2020. Indeed, the Court specified that Berg's supplemental filing was limited "to includ[ing] relevant factual evidence discovered between the original filing [August 18, 2020] and the November 13, 2020 fact discovery deadline." (Dkt. 64 at p. 4; emphasis added). All of this evidence was accessible to Berg when he first filed the suit. His failure to produce it until well after the close of discovery has caused M&F Western substantial prejudice. His Superseding Answers and Declaration should therefore be stricken.

## I.   Factual Background

Berg asserted copyright infringement of two belt buckle designs in Copyright Registration No. VA 1-159-548 (the "Buckle Registration") and two cross designs Copyright Registration No. VA 1-091-617 (617 Registration) and Copyright Registration No. VA 1-229-288 (288 Registration) (collectively, "Cross Registrations"). (Though the Court has granted summary judgment as to the Buckle Registration (Dkt. 37), elements of those registrations have a bearing on Berg's recent supplemental answers). M&F Western served its First Set of Interrogatories and Requests for Admission ("RFAs") on Berg on May 14th, and Berg's answers were served on June 15th. (Dkt. 41-1, Exhibit 2, Berg's June 15, 2020 Interrogatory Answers; Larson Decl. at Exhibit 1, Berg's June 15, 2020 RFA Answers.[2]) In particular, M&F Western's Interrogatories Nos. 2–4 asked Berg to identify the basis for claiming copyright protection in his designs, "including the specific design elements that you claim are protected by copyright". M&F Western served these

---

November 13th to permit the parties "to properly notice and conduct outstanding depositions." (Dkt. 58 at p. 3).

[2] The Declaration of K. Larson ("Larson Decl.") is submitted herewith to authenticate certain exhibits.

specific interrogatories because, as discussed below, copyright law does not protect every element of a design and it was, therefore, important to understand which elements specifically Berg was asserting were subject to protection in order to prepare the case for trial and, as to each design, he identified only tapered beads:

> **Interrogatory No. 2**: *Please identify the basis for claiming copyright protection in Plaintiff's asserted cross design that is the subject of Copyright Registration VA 1-091-617 and is identified in Exhibit A to the Amended Complaint, including identifying the specific design elements that you claim are protected by copyright, the date you created the design, and the date you first published the design.*
>
> **Answer to Interrogatory No. 2**: The protected elements include the round beads tapered in size. Plaintiff created the design in the late 1980's and began incorporating this element into his designs in or about 1992.
>
> **Interrogatory No. 3**: *Please identify the basis for claiming copyright protection in Plaintiff's cross design that is the subject of Copyright Registration VA 1-229-288 and is identified in Exhibit A to the Amended Complaint, including identifying the specific design elements that you claim are protected by copyright, the date you created the design, and the date you first published the design.*
>
> **Answer to Interrogatory No. 3**: The protected elements include the round beads tapered in size with clusters of 3 or 5 beads. Plaintiff first published the design in 1988 or 1989 but does not know the exact date of creation.
>
> **Interrogatory No. 4**: *Please identify the basis for claiming copyright protection in Plaintiff's Oval Buckle (as defined in Paragraph 13 of the Amended Complaint) and Rectangular Buckle (as defined in Paragraph 14 of the Amended Complaint) that are the subject of Copyright Registration VA 1-159-548 and are identified in Exhibit A to the Amended Complaint, including identifying the specific design elements that you claim are protected by copyright, the date you created the design, and the date you first published the design.*
>
> **Answer to Interrogatory No. 4**: The protected elements include the round beads tapered in size with clusters of 3 or 5 beads featured on the buckle. Plaintiff first published the design in 1988 or 1989 but does not know the exact date of creation.

Further, Berg's answers limiting his claim to beads seemed to be consistent with the designs themselves and also with his admissions. For example, each of the asserted designs appears to include tapered beads as shown below in the images produced by Plaintiff and allegedly submitted

to the Copyright Office in support of his copyright applications[3]:

| VA-1-159-548 | VA-1-159-548 | VA-1-091-617 | VA 1-229-288 |
|---|---|---|---|
| (oval buckle drawing) | (rectangular buckle drawing) | (cross image) | (cross image) |

Indeed, the belt buckle images show standard shapes for buckles, an oval and a rectangle, with a series of five tapered beads at each of the compass points, *and nothing else*. And the images also show hand-drawn circles around the tapered beads, demonstrating Berg was claiming tapered beads in the designs[4], as reflected in the documents produced by Berg in this matter. (Larson Decl. at Exhibit 2). The cross images appear to contain tapered beads and other industry standard design elements, such as scrollwork, a flower in the center of the crosses, and black background (though these elements are difficult to make out in the cross images produced by Berg). Contemporaneously with providing his June 15th Interrogatory Answers, Berg served his Answers to M&F Western's RFAs in which Berg: admitted that he was not the first to use a black background in his designs; admitted that he was not the first to use vine and leaf scrollwork on a cross or buckle; and admitted that he was not the first to use a flower with a jewel in its center on

---

[3] M&F Western has objected to the two blurry images of the crosses. These images appear to show tapered beads, though that is not entirely clear, especially for VA 1-229-288 where the beads may be all the same size. In any event, M&F Western reserves the right to address the failure of these images to meet Plaintiff's burden of proof separately for the Court's consideration and limits this Motion to the Superseding Answers and the new Berg Declaration.

[4] Moreover, Berg admitted that he was not the first to create a belt buckle with an oval or rectangular shape (Larson Decl. at Exhibit 1, Berg's Answers to RFAs Nos. 12–13).

a cross or buckle. (Larson Decl. at <u>Exhibit 1</u>, Berg's Answers to RFAs Nos. 17–18, 25–26, 29–30). However, *he denied that he was not the first to place tapered beads along the edges of a belt buckle.*[5] (*Id.*, Berg's Answer to RFA No. 14).

With Berg's sworn Interrogatory Answers and RFA Answers and the discovery produced in the case by Berg, M&F Western filed the Cross MSJ in reliance on Berg's sworn Interrogatory Answers. (Dkt. 41). M&F Western explained in the Cross MSJ that Berg had not claimed protection for any other design elements of the Cross Designs. (Dkt. 41 at p. 4). In his responsive paper (Dkt. 47), Berg argued that M&F Western "misconstrue[d]" his answers to M&F Western's interrogatories: "Such answers implicitly include *the arrangement and layout of the round tapered beads* because they refer to the 'size' of the beads, as well as the 'clusters' of the beads" (*id*. at p. 9; emphasis added) and he claimed protection in a vaguely defined "Bob Berg look." (*Id.* at p. 8). In its Reply, M&F Western addressed the fact that Berg was attempting to change his theory of the case in his response to M&F Western's Cross MSJ, and explained that Berg had offered no evidence to support the claim. (Dkt. 50 at p. 2). For example, Berg did not provide a declaration in support of the response to the Cross MSJ, nor had he ever taken the opportunity to provide amended sworn interrogatory answers; rather, he relied merely on attorney argument in his response.

Discovery closed on September 21st. Berg waited until November 10th to provide his Superseding Answers. He now claims, as to each of the Buckle Designs and the Cross Designs that his general "Bob Berg Look" is protected under copyright law:

> The protected elements include the combination, selection and arrangement of unique and distinctive jewelry designs consisting of black background, the use of "tri-color" (red, green, and yellow) gold; a layer of scrollwork with a vine design, a

---

[5] He subsequently changed his position on whether he was the first to use tapered beads on a buckle: "Berg is not here claiming that he was the first to place beads on the edge of any piece of jewelry." (Dkt. 47, Berg's Response in Opposition at p. 9).

>layer of leaves, and a third layer of flowers; and, when edged, use of a raised silver edge with three-to-five tapered beads at the compass points. Hand-cut and soldered scrollwork and lettering also characterize Bob Berg designs. Berg also initiated the technique of stacking tri-color gold to achieve a three-dimensional look in his buckles and jewelry (collectively the "Bob Berg Look"). Plaintiff created the Bob Berg Look in the late 1980s and began incorporating these elements into his designs in or about 1992).

(Dkt. 75-1, Exhibit A to Liebowitz Decl., Berg's Superseding Answers to Interrogatories Nos. 2–4).

Similarly, he waited until the end of the case to produce the *Symons* Documents that he now purports to authenticate in his Declaration. First, Plaintiff's failure to timely disclose the *Symons* Documents was plainly not substantially justified. Plaintiff has had these documents in his possession, custody, and control within the meaning of Fed.R.Civ.P. 34 for over 15 years. Yet he made no effort until after the Court granted M&F Western's Motion to Compel in pertinent part to obtain these documents from former counsel and has provided no credible justification for his failure to obtain them at the outset of the case, as was his obligation.

## II.   The Court Should Strike Berg's Superseding Answers and His Declaration

Permitting Berg to rely on his late Superseding Answers is clearly prejudicial to M&F Western. M&F Western has prepared its case in reliance on Berg's sworn June 15th interrogatory answers, which he chose not to supplement until long after the original briefing on the Cross MSJ was completed despite being the only person in possession of the knowledge needed to provide full and accurate responses since the inception of the case. Thus, striking the Superseding Answers is warranted because there is no valid basis for Berg's delay in providing the Superseding Answers and permitting him to change the theory of the case to avoid summary judgment is prejudicial to M&F Western. *See Kruse Tech. v. Volkswagen AG*, 544 F. App'x 943, 953–54 (Fed. Cir. 2013) (upholding district court's denial of leave to amend where plaintiff sought to amend infringement contentions near the close of fact discovery that changed the

theory of patent infringement and prejudiced the defendant); *Safeclick, LLC, v. Visa Int'l Serv. Ass'n*, 208 F. App'x 829, 832–33 (Fed. Cir. 2006) (upholding district court's decision granting summary judgment of non-infringement and precluding plaintiff from relying on new theory of patent infringement provided in response to motion for summary judgment).

Similarly, the Court should strike Berg's Declaration submitted in support of the Supplemental Response (Dkt. 72). He had the opportunity to submit evidence in response to M&F Western's Cross MSJ. Instead, he chose to rely on attorney argument and submitted no evidence into the record; in particular, he chose not to provide a declaration. The Court permitted Berg to file the Supplemental Response after conducting depositions of M&F Western's witnesses, however, the Court limited the Supplemental Response to evidence discovered after the filing date of the Cross MSJ (August 18th). The *Symons* Documents do not fall into this category because Berg has known about them all along and withheld them until now to the prejudice of M&F Western.

WHEREFORE, M&F Western asks the Court to grant its Motion and issue an Order striking the Superseding Answers and the Berg Declaration (and related exhibits) from Plaintiff's Supplemental Response in Further Opposition to Defendant's Motion for Partial Summary Judgment. (Dkt. 72).

Dated: November 24, 2020

Respectfully submitted,

By: /s/ Kirstin E. Larson

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

***Attorneys for Defendant M & F Western Products, Inc.***

## CERTIFICATE OF CONFERENCE

The undersigned conferred with counsel for Plaintiff on the request sought herein, and counsel for Plaintiff stated he is opposed.

/s/ John R. Hardin
John R. Hardin

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2020 I caused copies of the foregoing document to be served via CM/ECF to the counsel of record in this matter.

/s/ Kirstin E. Larson
Kirstin E. Larson