**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ROBERT BERG,** | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Case No. 6:19-cv-418-JDK** |
| | § | |
| **M&F WESTERN PRODUCTS, INC.,** | § | |
| **Defendant.** | § | |

## DECLARATION OF K. LARSON IN SUPPORT M&F WESTERN'S MOTIONS IN LIMINE

I, Kirstin E. Larson, declare:

1. I am Counsel with the law firm of Perkins Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, WA 98101. Perkins Coie is counsel for defendant, M&F Western Products, Inc. in this action. I have been admitted to practice in this matter in the Eastern District of Texas *pro hac vice*.

2. I make this declaration to authenticate certain exhibits submitted in support of M&F Western's Motions in Limine. I make this declaration based on personal knowledge and am competent to do so.

## AUTHENTICATION OF EXHIBITS

3. Attached hereto as Exhibit 1 are true and correct copies of pages excerpted from the Deposition of Cary Kraft, taken on November 5, 2020.

4. Attached hereto as Exhibit 2 are true and correct copies of pages excerpted from the Deposition of Jeanne LaShelle, taken on November 6, 2020.

5. Attached hereto as Exhibit 3 are a true and correct copy of documents produced by Plaintiff in this matter pertaining to his visa denial.

6. Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff Robert Berg's Rule 26(a)(2) Disclosure of Expert Witness served on August 5, 2020.

7. Attached hereto as Exhibit 5 is a true and correct copy of Internet print-outs dated August 6, 2020 of

Ms. Compton's Facebook profile.

8.  Attached hereto as <u>Exhibit 6</u> is a true and correct copy of Plaintiff Robert Berg's Answers and Objections to Defendant's First Set of Interrogatories, June 15. 2020.


I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 24th day of November, 2020.

By: _____

Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

***Attorneys for Defendant M&F Western Products, Inc.***

## CERTIFICATE OF SERVICE

I certify that on November 24, 2020, the foregoing was filed with the Court's electronic filing system, which served a copy on all counsel of record.

Kirstin E. Larson

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT FOR THE EASTERN DISTRICT

OF TEXAS, TYLER DIVISION

- - - - - - - - - - - - - - - - - - - - -x

ROBERT BERG,

    Plaintiff,

          Case No.

   -against-   6:19-cv-413-JDK

M&F WESTERN PRODUCTS, INC.,

    Defendant.

- - - - - - - - - - - - - - - - - - - - -x


   DEPOSITION of the DEFENDANT M&F WESTERN

PRODUCTS, INC. by CARY KRAFT, pursuant to Order,

held via Zoom/LegalView on November 5, 2020, at

3:05 p.m., before Christopher Aspromonte, a

Shorthand Reporter and Notary Public for the State

of New York.

```
 1

 2    APPEARANCES:

 3

 4        LIEBOWITZ LAW FIRM, PLLC

 5        Attorneys for Plaintiff

 6            11 Sunrise Plaza, Suite 305

 7            Valley Stream, New York  11580

 8        BY:  RICHARD LIEBOWITZ, ESQ.

 9

10        PERKINS COIE LLP

11        Attorneys for Defendant

12            1201 Third Avenue, Suite 4900

13            Seattle, Washington  98101-3099

14        BY:  KIRSTIN E. LARSON, ESQ.

15

16

17                    *      *      *

18

19

20

21

22

23

24

25
```

1

2                          STIPULATIONS

3

4              IT IS HEREBY STIPULATED AND AGREED, by

5    and among counsel for the respective parties

6    hereto, that the filing, sealing and certification

7    of the within deposition shall be and the same are

8    hereby waived.

9

10             IT IS FURTHER STIPULATED AND AGREED

11   that all objections, except as to form of the

12   question, shall be reserved to the time of the

13   trial.

14

15             IT IS FURTHER STIPULATED AND AGREED

16   that the within deposition may be signed before

17   any Notary Public, with the same force and effect

18   as if signed and sworn to before the Court.

19

20

21                       ~ oOo ~

22

23

24

25

1

2                          STIPULATIONS

3

4            IT IS HEREBY STIPULATED AND AGREED to

5    by and between counsel for all parties  present

6    that this deposition is being conducted in

7    accordance with the general rules for depositions

8    as set forth in New York in the CPLR section 3113

9    (d) and the uniform rule for trial courts that

10   this deposition is being conducted by

11   Videoconference, that the Court Reporter, all

12   counsel and the witness are in separate remote

13   locations and participating via Videoconference

14   (Legalview/Zoom) meeting under the control of

15   Lexitas Court Reporting service, that the officer

16   administering the oath to the witness need not be

17   in the place of the deposition and the witness

18   shall be sworn in remotely by the Court Reporter

19   after confirming the witness's identity, that this

20   Videoconference will not be recorded in any manner

21   and that any recording without the express written

22   consent of all parties shall be considered

23   unauthorized, in violation of law, and shall not

24   be used for any purpose in this litigation or

25   otherwise.

Page 5
November 5, 2020

1

2        IT IS FURTHER STIPULATED that exhibits

3  may be marked by the attorney presenting the

4  exhibit to the witness, and that a copy of any

5  exhibit presented to a witness shall be e-mailed to

6  or otherwise in possession of all counsel prior to

7  any questioning of a witness regarding the exhibit

8  in question.

9            All parties shall bear their own costs in

10  the conduct of this deposition by Videoconference,.

11  notwithstanding the obligation by the CPLR to

12  supply a copy of the transcript to the deposed

13  party by the taking party in civil litigation

14  matters.

15

16                    ~ oOo ~

17

18

19

20

21

22

23

24

25

```
 1                    C. KRAFT
 2              (Whereupon, Exhibit A to the
 3         amended complaint was premarked as
 4         Plaintiff's Exhibit 1 for
 5         identification as of this date.)
 6              (Whereupon, the August
 7         declaration was premarked as
 8         Plaintiff's Exhibit 2 for
 9         identification as of this date.)
10              (Whereupon, the June declaration
11         was premarked as Plaintiff's Exhibit 3
12         for identification as of this date.)
13                    ~OOo~
14    C A R Y    K R A F T,
15              having been duly sworn before a Notary
16              Public of the State of New York, was
17              examined and testified as follows:
18    BY THE REPORTER:
19         Q.   Would you please state your name
20    for the record.
21         A.   Cary Kraft.
22         Q.   What is your present business
23    address?
24         A.   P.O. Box 287, Sulphur Springs,
25    Texas 75483.
```

```
 1                        C. KRAFT
 2   to facilitate stuff.
 3        Q.   Okay.  And do you pay your
 4   employees or does M&F Western pay them?
 5        A.   M&F Western pays their own
 6   employees.  My daughter I pay -- I pay my
 7   daughter.
 8             MR. LIEBOWITZ:   Got it.  Okay, I
 9        have no further questions.
10             Mr. Kraft, I want to thank you, I
11        appreciate your time here today.
12          And Ms. Larson, do you have
13        anything else?
14             MS. LARSON:  I just have a
15        short -- I have several short
16        questions, just to clarify the record.
17   EXAMINATION
18   BY MS. LARSON:
19        Q.   Let me start with this, you've
20   provided two declarations in the case; isn't
21   that right, Mr. Kraft?
22        A.   Yes.
23        Q.   And one was the Kraft declaration
24   from August 18, which was marked as Exhibit
25   2; is that correct?
```

```
 1                          C. KRAFT
 2            A.    Correct.
 3            Q.    And then the second is a
 4  declaration regarding your buckle design from
 5  June 9th; is that correct?
 6            A.    I am assuming it is.  I don't
 7  have the document in front of me.  Yes, I am
 8  sure it's the one we are talking about.
 9            Q.    Do you recall that you signed
10  both of those declarations under the penalty
11  of perjury?
12            A.    Yes.
13            Q.    Were those declarations true and
14  accurate at the time that you signed them?
15            A.    To the best of my knowledge.
16            Q.    And are they true and accurate
17  today?
18            A.    To the best of my knowledge.
19            Q.    Do you stand by what you stated
20  in the declarations?
21            A.    Yes, I do.
22            Q.    Thank you.  I am going to shift
23  gears.
24                  At the time you created the cross
25  designs for M&F Western that are at issue in
```

```
1                         C. KRAFT
2    this case, were you aware of the Berg designs
3    that are at issue in the case?
4         A.    Not at all.
5         Q.    Did you, in your work in creating
6    the M&F Western designs, copy Mr. Berg's
7    cross designs?
8         A.    Absolutely not.
9              (Continued on the following page
10        in the section that's deemed
11        "Confidential-Attorneys' Eyes Only.")
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1          Confidential-Attorneys' Eyes Only - C. KRAFT
 2    Garry Bellinger's designers?
 3          A.   No, not that I know of.
 4          Q.   Did you work with Garry Bellinger
 5    on the buckle design?
 6          A.   No, I didn't.
 7          Q.   And just let me go back to your
 8    prior answer here on the designers.  You said
 9    you worked with -- you said you created the
10    designs, and at the time you created them you
11    were not aware of Mr. Berg's design; is that
12    correct?
13          A.   I was not aware of the Berg
14    designs as displayed in the declaration or in
15    litigation.  No.
16          Q.   And when you worked with Garry
17    Bellinger, did he provide you the buckle
18    design that you created for M&F Western?
19          A.   No.
20               (Continued on the following page
21               in the Non-Confidential section of the
22               transcript.)
23
24
25
```

```
 1                      C. KRAFT
 2   BY MS. LARSON:
 3          Q.    Thank you.  Let's shift gears
 4   again.
 5                We talked a little bit about your
 6   work at the beginning of the deposition?
 7                You talked about working at
 8   Leegin; is that correct?
 9          A.    Correct.
10          Q.    And I believe Mr. Liebowitz asked
11   you about your prior deposition testimony in
12   a case involving Leegin?
13          A.    Yes.
14          Q.    Was Bob Berg involved in that
15   case?
16          A.    No.
17          Q.    Were Bob Berg's designs involved
18   in the case?
19          A.    No.
20          Q.    Okay.  Thank you.  And then I am
21   going to shift gears again.
22                You have been a designer for your
23   entire professional career it sounds like; is
24   that fair to say?
25          A.    Pretty much.
```

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

---------------------------------------------- x

ROBERT BERG,

                        Plaintiff,    Case No.

                                6:19-cv-00418-JDK

        -against-

M & F WESTERN PRODUCTS, INC.,,

                        Defendant.

---------------------------------------------- x

                Via video conference


                November 6, 2020

                1:03 p.m.


        EXAMINATION BEFORE TRIAL of the Defendant,

M & F WESTERN PRODUCTS, INC. by JEANNE LA SHELLE, by

the Plaintiff in the above-entitled action, held at

the above time and place, pursuant to Order, taken

before Diane L. Rudnitsky, a shorthand reporter and

Notary Public within and for the State of New York.

**************************************************

```
 1
 2    A P P E A R A N C E S:
 3
 4         LIEBOWITZ LAW FIRM, PLLC
                 Attorneys for Plaintiff
 5               11 Sunrise Plaza
                 Suite 305
 6               Valley Stream, New York 11580
 7         BY:   RICHARD LIEBOWITZ, ESQ.
 8
 9
           PERKINS COIE, LLP
10               Attorneys for Defendant
                 1201 Third Avenue
11               Suite 4900
                 Seattle, Washington 98101
12
           BY:   KIRSTIN E. LARSON, ESQ.
13
14
15
16
                       xxxxx
17
18
19
20
21
22
23
24
25
```

```
 1              F E D E R A L    S T I P U L A T I O N S

 2

 3                        IT IS HEREBY STIPULATED AND AGREED by and

 4      between (among) counsel for the respective

 5      parties herein, that filing and sealing be and the

 6      same are hereby waived.

 7

 8                        IT IS FURTHER STIPULATED AND AGREED that all

 9      objections, except as to the form of the question,

10      shall be reserved to the time of the trial.

11

12                        IT IS FURTHER STIPULATED AND AGREED that the

13      within deposition may be sworn to and signed

14      before any officer authorized to administer an

15      oath, with the same force and effect as if signed

16      and sworn to before the Court.

17

18

19

20

21

22

23

24

25
```

```
 1                    VIDEO STIPS
 2   IT IS HEREBY STIPULATED AND AGREED by and between
 3   counsel for all parties present that pursuant to
 4   CPLR section 3113(d) this deposition is to be
 5   conducted by video conference, that the court
 6   reporter, all counsel, and the witness are all in
 7   separate remote locations and participating via
 8   video conference (LegalView/Zoom) meeting under the
 9   control of Lexitas Court Reporting Service, that the
10   officer administering the oath to the
11   witness need not be in the place of the deposition
12   and the witness shall be sworn in remotely by the
13   court reporter after confirming the witness's
14   identity, that this video conference will not be
15   recorded in any manner and that any recording
16   without the express written consent of all parties
17   shall be considered unauthorized, in violation of
18   law, and shall not be used for any purpose in this
19   litigation or otherwise.
20   IT IS FURTHER STIPULATED that exhibits may be marked
21   by the attorney presenting the exhibit to the
22   witness, and that a copy of any exhibit presented to
23   a witness shall be Emailed to or otherwise in
24   possession of all counsel prior to any questioning
25   of a witness regarding the exhibit in question.  All
```

1

2  parties shall bear their own costs in the conduct of

3  this deposition by video conference, notwithstanding

4  the obligation by CPLR to supply a copy of the

5  transcript to the deposed party by the taking party

6  in civil litigation matters.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1
 2    J E A N N E     L A S H E L L E, the witness herein,
 3    having been first duly sworn before a Notary Public
 4    of the State of New York, was examined and testified
 5    as follows:
 6    EXAMINATION BY
 7    MR. LIEBOWITZ:
 8         Q.    Please state your name for the record.
 9         A.    Jeanne LaShelle, J-E-A-N-N-E,
10    L-A-S-H-E-L-L-E.
11         Q.    What is your address?
12         A.    1303 Holiday Drive, Sulphur Springs, Texas
13    75482.
14         Q     Good afternoon.  My name is Richard
15    Liebowitz.  I'm counsel for the plaintiff Robert
16    Berg in this action.
17             Today I'm going to ask you a series of
18    questions.  Have you ever been deposed before?
19         A     No.
20         Q     So I just want you to hear the full extent
21    of my questions.  So if you could kindly wait until
22    I finish the question, so the court reporter can jot
23    down the full question and so that the court
24    reporter can hear your full answer.
25             If the question requires a yes or no
```

```
 1                        J. LaShelle
 2     the deal that was no longer part of the company.
 3     That happened before that.
 4          Q    Got it.  Okay.
 5                    MR. LIEBOWITZ:  So I have no further
 6               questions.  Kirstin, do you have anything?
 7                    MS. LARSON:  Just a few brief
 8               questions, Ms. Lashelle, to clarify the
 9               record and then we're done.
10     EXAMINATION BY
11     MS. LARSON:
12          Q    we just talked about two declarations
13     that you provided --
14                    MS. LARSON:  Actually, Mr. Liebowitz,
15               if you could quit sharing your screen so
16               we can go back to the other view?
17                    MR. LIEBOWITZ:  (Complies.)
18                    MS. LARSON:  Thank you.
19          Q    You provided two declarations in the case.
20     One was labeled Exhibit 3.  It was the declaration
21     from June 10, 2020, and one was labeled Exhibit 2,
22     your declaration from August 18, 2020.
23                    Mr. Liebowitz asked you if you recognized
24     your signature on those documents; is that correct?
25          A    He asked me that, yes.
```

DEITZ Court Reporting... A Lexitas Company
800-678-0166

Page 118
November 6, 2020

```
 1                    J. LaShelle
 2        Q      When you signed your declarations, did you
 3   sign them at the time attesting that they were true
 4   and accurate when you signed them?
 5        A      They are, yes.  They're true and accurate.
 6        Q      At the time you signed them they were true
 7   and accurate?
 8        A      Uh-huh.
 9        Q      I'm sorry.  You need to answer with a yes
10   or no.  At the time you signed them they were true
11   and accurate; is that right?
12        A      Yes.
13        Q      Are they true and accurate today?
14        A      Yes.
15        Q      I'm going to shift gears.  We talked for
16   quite some time about some interactions that
17   Crumrine had a long time ago with Montana -- I
18   forget what their full name is.
19        A      Montana Silversmiths.
20        Q      Montana Silversmiths?
21        A      Yes.
22        Q      Just to clarify for the record, Bob Berg
23   was not involved in that matter in any way; is that
24   correct?
25        A      That's correct.
```

Page 119
November 6, 2020

1                     J. LaShelle

2       Q     Great.  Then with regard to the buckle

3  design that we just discussed with the tapered beads

4  on the edge, Crumrine did not copy that tapered bead

5  design from Bob Berg; is that correct?

6       A     That is correct.

7       Q     When you worked on the engraving for the

8  cross that you said that Cary Kraft had created and

9  sent you a sketch or drawing of, at the time you

10  were not aware of any of the Bob Berg designs being

11  asserted in this case; is that correct?

12       A     I didn't know he made crosses at that

13  time, and I didn't pay attention to what jewelry he

14  did make.

15                     MS. LARSON:  Okay.  I have nothing

16            further.  Thank you, Ms. LaShelle.

17                     (Time noted:  4:20 p.m.)

18

19            _____

20                     Jeanne LaShelle

21  Signed and subscribed to

22  before me, this _____ day

23  of _____, _____.

24  _____

25  Notary Public

# EXHIBIT 3

---------- Forwarded message ----------
From: **HCMC Consular Info** <HCMCinfo@state.gov>
Date: Thu, Aug 15, 2019 at 1:01 AM
Subject: RE: E4129461 - I've already been interviewed. What is the status of my case?
To: bobbergoriginal@gmail.com <bobbergoriginal@gmail.com>


Dear Sir/Madam,

Thank you for your inquiry.

Please be informed that your application for a nonimmigrant visa was refused under Section 214(b) of the Immigration and Nationality Act.  You were found ineligible because you could not overcome the presumption of immigration contained in U.S. laws.  Please find attached the Refusal Letter.

If you have further questions, please do not reply to this email.  Instead, please submit your inquiry to: https://vn.usembassy.gov/visas/nonimmigrant-visas/non-immigrant-visa-inquiry-form/.

Sincerely,

Information and Public Outreach Team
Consular Section
U.S. Consulate General in Ho Chi Minh City – Vietnam
Website: https://vn.usembassy.gov/
Facebook: https://www.facebook.com/achochiminh.usconsulate/


**Official**
**UNCLASSIFIED**

From: do-not-reply@usembassy.gov [mailto:do-not-reply@usembassy.gov]
Sent: Thursday, August 15, 2019 11:29 AM
To: HCMC NIV Info
Subject: E4129461 - I've already been interviewed. What is the status of my case?

Select NIV Section: Ho Chi Minh City

Applicant's Full Name: ROBERT PETER BERG

Passport Number: E4129461

Applicants Date of Birth: 10/22/1952

Your Full Name: ROBERT PETER BERG

Email Address: bobbergoriginal@gmail.com

Phone number (in Vietnam): 0704461791

Subject: I've already been interviewed. What is the status of my case?

Message Text: I applied last year for a business Visa for short business trip as I now live in Da Lat Viet Nam where I run my factory with 80 workers but no reply as yet...
My business license attached and Viet Nam resident card.
I recently contracted an attorney in NY to take my copyright infringement case with so many defendants.
I will need to appear or depositions and testify in federal court in the future. I don't know dates yet but attorneys will notify in advance, expected damages several million US
IP Address: 113.182.198.65



**Consulate General of the United States of America**
**Ho Chi Minh City**
Website: https://vn.usembassy.gov
Contact Us: https://vn.usembassy.gov/nivcontact

Dear Mr. ROBERT PETER BERG,

This is to inform you that you have been found ineligible for a nonimmigrant visa under Section 214(b) of the U.S. Immigration and Nationality Act. A denial under Section 214(b) means that you were not able to demonstrate that your intended activities in the United States would be consistent with the classification of the nonimmigrant visa for which you applied.

While nonimmigrant visa classifications each have their own unique requirements, one requirement shared by many of the nonimmigrant visa categories is for the applicant to demonstrate that he/she has a residence in a foreign country which he/she has no intention of abandoning. Applicants usually meet this requirement by demonstrating that they have strong ties overseas that indicate that they will return to a foreign country after a temporary visit to the United States. Such ties include professional, work, school, family, or social links to a foreign country. You have not demonstrated that you have the ties that will compel you to return to your home country after your travel to the United States.

Today's decision cannot be appealed. However, you may reapply at any time. If you decide to reapply, you must submit a new application form and photo, pay the visa application fee again, and make a new appointment to be interviewed by a consular officer. If you choose to reapply, you should be prepared to provide information that was not presented in your original application, or to demonstrate that your circumstances have changed since that application.

Sincerely,

Consular Officer

# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ROBERT BERG,

                      Plaintiff

    - against –

M & F WESTERN PRODUCTS, INC.,

                  Defendant

Case No. 6:19-cv-418-JDK

**PLAINTIFF ROBERT BERG'S RULE 26(a)(2)**
**DISCLOSURE OF EXPERT WITNESS**

Plaintiff Robert Berg ("Plaintiff") hereby discloses the following expert witness pursuant to Fed.R.Civ.P. 26(a)(2):

**Monique Compton.**  Ms. Compton is the National Sales Director of Bob Berg Designs & Buckles.

Given that Ms. Compton is not someone "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," a written report is not required under Fed.R.Civ.P. 26(a)(2)(B).

Pursuant to Fed.R.Civ.P. 26(a)(2)(C), Ms. Compton will testify that the copyrighted elements claimed by Plaintiff in the applicable registrations were unique to Plaintiff at the time of registration.  Contrary to Defendant's expert report, the use of a series of tapered beads in a design (whether on an edge of a buckle or elsewhere) originated with Plaintiff and only became "ubiquitous" in western buckle and jewelry design (in both buckles and crosses) after Plaintiff introduced those elements into the marketplace and they became wildly popular.

Ms. Compton will also testify that the cross designs originated by Plaintiff only became "common design elements used ubiquitously in the western jewelry design industry" after Plaintiff's belt buckles became wildly popular in the marketplace and his competitors began expropriating those elements and incorporating them into their own products.

Ms. Compton will also testify that Defendant's products which have been accused of infringement are substantially similar to Plaintiff's copyrighted designs.

Dated: August 5, 2020

LIEBOWITZ LAW FIRM, PLLC

By: /s/richardliebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Robert Berg*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF ROBERT BERG'S RULE 26(a)(2) DISCLOSURE OF EXPERT WITNESS has been served via e-mail on August 5, 2020 to counsel listed below.


John R. Hardin
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
JJennison@perkinscoie.com
Kirstin E. Larson
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

*Attorneys for Defendant*

By: /richardpliebowitz/
Richard P. Liebowitz

# EXHIBIT 5

Page Vault

| | |
|---|---|
| Document title: | Monique Compton \| Facebook |
| Capture URL: | https://www.facebook.com/monique.compton.5/about_work_and_education |
| Captured site IP: | 31.13.66.35 |
| Page loaded at (UTC): | Thu, 06 Aug 2020 16:29:22 GMT |
| Capture timestamp (UTC): | Thu, 06 Aug 2020 17:18:44 GMT |
| Capture tool: | v7.0.9 |
| Collection server IP: | 52.7.109.102 |
| Browser engine: | Chrome/77.0.3865.120 |
| Operating system: | Microsoft Windows NT 10.0.14393.0 (10.0.14393.0) |
| PDF length: | 5 |
| Capture ID: | ea3325d0-3f8b-46b3-91e3-6e04e34a0abe |
| User: | pc-tbrandon |

PDF REFERENCE #:        qXjFigEA5SiBR7n5PsiT5n



# Monique Compton

*"If you are always trying to be normal, you will never know how amazing you can be."* - Maya Angelou

| Timeline | **About** | Friends 3933 | Photos | Videos | More ▾ |

💬 Message    ⋯



## About

Overview

**Work and Education**

Places Lived

Contact and Basic Info

Family and Relationships

Details About Monique

Life Events

### Work

National Sales Director at Bob Berg Designs & Buckles
February 13, 2019 - Present

Owner/Trainer at MJC Equine Services
July 13, 2017 - Present · College Station, Texas
Horse Training and Consignment

Self-Employed
February 2011 - Present · College Station, Texas
Owner at MJC Equine Services

### College

Studied at Purdue University Global
April 2014 - 2015
Medical coding and billing

### High School

Went to A And M Consolidated High School
Class of 2006

## Friends

🔍 Search

All Friends    Recently Added    College    Current City    Hometown

Document title: Monique Compton | Facebook
Capture URL: https://www.facebook.com/monique.compton.5/about_work_and_education
Capture timestamp (UTC): Thu, 06 Aug 2020 17:18:44 GMT

Page 1 of 4

 

**Monique Compton**

 Message ···

All Friends | Recently Added | College | Current City | Hometown

 **Bob Berg**
Da Lat

Add Friend

 **Paige Young**
Hair Stylist at Celebrity Spa & Salon

 **Jennifer Chafin**
Bryan, Texas

Add Friend

 **Caroline Tuttle**
Works at Self-Employed

Add Friend

 **Kalyn Michelle Bokelman**
Franklin, Texas

 **Marco Barrera**
Works at Sunshine Fun Pools

Add Friend

 **Jolene Elizabeth Terry**
Independent Sales Representative at Paparazzi
Accessories

 **Amanda Vanecek**
Works at Owner at Make-
upwithmandy

Add Friend

See All

## Photos

Monique's Photos | Albums














   **Monique Compton**

Message   ...

  

See All

## Videos

**Monique's Videos**

   

   

See All

## Check-Ins

**Recent**

 **Brazos County Expo**
Bryan, Texas
Visited on March 9, 2019

 **MJC Equine Services**
College Station, Texas
Visited on February 9, 2019

 **MJC Equine Services**
College Station, Texas
Visited on January 29, 2019

 **MJC Equine Services**
College Station, Texas
Visited on January 26, 2019







**Monique Compton**

 Message  

 **MJC Equine Services**
College Station, Texas
Visited on January 29, 2019

 **MJC Equine Services**
College Station, Texas
Visited on January 26, 2019

 **MJC Equine Services**
College Station, Texas
Visited on January 25, 2019

 **MJC Equine Services**
College Station, Texas
Visited on January 16, 2019

 **MJC Equine Services**
College Station, Texas
Visited on January 11, 2019

**MJC Equine Services**
College Station, Texas
Visited on January 5, 2019

See All

## Movies

**Watched**

 **Big Hero 6**
about 6 years ago 

## Reviews

**All Reviews**    Places

 **KBarSam Equine Therapy**
I've had her work on several of my horses in
for training and have noticed a dramatic
difference in their performance each time!
Great to work with!

 **Silver Horse Ranch**
Real nice arena. Great ground. The houses
look nice. 

 **Joel Kretz Promised Land Ranch**

 **College Station I.S.D.**
What kid wouldn't love to learn about horses
while having fun? Join us for summer camp!
Limited spaces available! Book now! Check
us out @
https://www.facebook.com/Rockinglandd



Document title: Monique Compton | Facebook
Capture URL: https://www.facebook.com/monique.compton.5/about_work_and_education
Capture timestamp (UTC): Thu, 06 Aug 2020 17:18:44 GMT

# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ROBERT BERG,

                        Plaintiff,

      - against –

Case No. 6:19-cv-418-JDK

M & F WESTERN PRODUCTS, INC.,

                        Defendant.

**PLAINTIFF ROBERT BERG'S ANSWERS AND OBJECTIONS TO
DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Robert Berg ("Berg"), by its counsel, Liebowitz Law Firm, PLLC, hereby answers and objects to Defendant M & F Western Products, Inc.'s First Set of Interrogatories (the "Interrogatories," and each individually, a "Interrogatory") as follows:

**GENERAL OBJECTIONS**

Plaintiff makes the following General Objections to the Interrogatories. These General Objections apply to each of the Interrogatories, set forth immediately below, and are incorporated therein by reference. The Specific Objections, even if the same or similar, do not waive the General Objections. Answering any Specific Interrogatory shall not be construed as an admission that the Defendant is entitled to any response more specific than provided:

1.      Plaintiff objects to Instructions, Definitions, and Interrogatories that impose duties or obligations beyond, or inconsistent with, those set forth in Local Rules and the Federal Rules.

2.      Plaintiff objects to the extent the Interrogatories seek information outside the scope of this proceeding. To the extent that the information sought is not relevant nor

proportional to the needs of the case, the Plaintiff objects. Similarly, if the interrogatory is vague, ambiguous, the Plaintiff objects.

3.     Plaintiff objects to Interrogatories to the extent they seek information that is not within Plaintiff's possession, custody or control.

4.     Plaintiff objects to the extent the information sought is already in Defendant's, or third party's possession, custody or control, or is publicly available.

5.     Plaintiff objects to the extent the information is duplicative or redundant and the burden of deriving and ascertaining the answers is the same or similar for the Defendant as for the Plaintiff.

6.     Plaintiff objects to the extent information sought is protected by attorney-client privilege, work-product doctrine. Inadvertent disclosure thereof will not waive the privilege or similar protection from discovery.

7.     Plaintiff objects to the extent the information sought is subject to confidentiality duty to a non-party.

8.     Plaintiff objects to the extent information sought assumes disputed facts and legal conclusions.

9.     In answering, the Plaintiff does not waive and expressly reserves all objections.

10.    The answers are based on Plaintiff's current knowledge and best efforts to secure the information sought. Plaintiff reserves the right to supplement the information.


## SPECIFIC ANSWERS AND OBJECTIONS


Interrogatory No. 1: *For the years between 2000 and 2006, please identify the rodeo events for which you claim to have built the official championship buckle.*

**Answer to Interrogatory No. 1**: PBR Cup and World Champion buckles (2000-2002); APRA Australian Champion Buckles (200-2004).

Interrogatory No. 2: *Please identify the basis for claiming copyright protection in Plaintiff's asserted cross design that is the subject of Copyright Registration VA 1-091-617 and is identified in Exhibit A to the Amended Complaint, including identifying the specific design elements that you claim are protected by copyright, the date you created the design, and the date you first published the design.*

**Answer to Interrogatory No. 2**: The protected elements include the round beads tapered in size. Plaintiff created the design in the late 1980's and began incorporating this element into his designs in or about 1992.

Interrogatory No. 3: *Please identify the basis for claiming copyright protection in Plaintiff's cross design that is the subject of Copyright Registration VA 1-229-288 and is identified in Exhibit A to the Amended Complaint, including identifying the specific design elements that you claim are protected by copyright, the date you created the design, and the date you first published the design.*

**Answer to Interrogatory No. 3:** The protected elements include the round beads tapered in size with clusters of 3 or 5 beads.  Plaintiff first published the design in 1988 or 1989 but does not know the exact date of creation.

Interrogatory No. 4: *Please identify the basis for claiming copyright protection in Plaintiff's Oval Buckle (as defined in Paragraph 13 of the Amended Complaint) and Rectangular Buckle (as defined in Paragraph 14 of the Amended Complaint) that are the subject of Copyright Registration VA 1-159-548 and are identified in Exhibit A to the Amended Complaint, including identifying the specific design elements that you claim are protected by copyright, the date you created the design, and the date you first published the design.*

**Answer to Interrogatory No. 4:** The protected elements include the round beads tapered in size with clusters of 3 or 5 beads featured on the buckle.  Plaintiff first published the design in 1988 or 1989 but does not know the exact date of creation.

Interrogatory No. 5: *Please identify the facts forming the basis for your allegations upon "information and belief" in Paragraph 17 of the Amended Complaint that Gary Bellinger (sic) "supplied products to M&F" in late 2004 / early 2005. To the extent you allege someone told you that, please identify the person, the date of all communications on this subject and the contents of the communications. To the extent you allege personal knowledge, please state the basis for that personal knowledge.*

**Answer to Interrogatory No. 5:**  In or around February or March 2005, Plaintiff, who was in Texas, called Gary Ballenger in Mexico.  Plaintiff was informed that buckles were sold to Fisher from Australia from Plaintiff's factory. Plaintiff was also informed that his Mexico-based factory was then under the control of Defendant as Ballenger had in his possession several molds of

Plaintiff's designs plus, another 12 or more of Plaintiff's designs that could be accessed in the factory taken over by M+F.

Interrogatory No. 6: *Please identify the facts forming the basis for your allegations upon "information and belief" in Paragraph 17 of the Amended Complaint that Gary Bellinger (sic) gained access to Plaintiff's molds and designs in late 2004/early 2005. To the extent you allege someone told you that, please identify the person, the date of all communications on this subject and the contents of the communications. To the extent you allege personal knowledge, please state the basis for that personal knowledge.*

**Answer to Interrogatory No. 6:** While Plaintiff was staying at Ballenger's house, Ballenger showed Plaintiff approximately 15 molds designed by Plaintiff that Ballenger had allegedly "rescued" from another factory that Plaintiff had in Mexico. Plaintiff personally saw the molds.

Interrogatory No. 7: *Please identify the facts forming the basis for your allegations upon "information and belief" in Paragraph 18 of the Amended Complaint that after Bellinger (sic) gained access to Berg's copyrighted molds for his design in late 2004 / early 2005, he distributed them to M&F Western. To the extent you allege someone told you that, please identify the person, the date of all communications on this subject and the contents of the communications. To the extent you allege personal knowledge, please state the basis for that personal knowledge.*

**Answer to Interrogatory No. 7:** Ballenger managed the factory on behalf of Defendant. Ballenger lives in Mexico, whereas Defendant is based in Texas. Ballenger had maintained a long-term business relationship with Defendant years prior to Plaintiff's stay with Ballenger and his now his ex-wife named Angie.  Accordingly, Plaintiff has first hand knowledge of the long-term relationship between Ballenger and Defendant.

Interrogatory No. 8: *Please identify the facts forming the basis for your allegations upon "information and belief" in Paragraph 19 of the Amended Complaint that "sometime in 2005 or thereafter, M&F created their own products copying the Designs for their products and mass producing them". To the extent you allege someone told you that, please identify the person, the date of all communications on this subject and the contents of the communications. To the extent you allege personal knowledge, please state the basis for that personal knowledge.*

**Answer to Interrogatory No. 8**: Plaintiff has first-hand, personal knowledge of Defendant's takeover of Plaintiff's factory in Mexico, as well as Ballenger's coordination of Defendant's efforts regarding same. Plaintiff also has first-hand knowledge of the designs that were copied by Defendant as a result of Defendant's access to Plaintiff's designs through Ballenger.

Interrogatory No. 9: *Please state specifically when and how you allegedly "discovered" M&F Western's "infringement" in 2019, and identify why you did not discover it until 2019. To the*

*extent you allege someone told you that M&F Western was "infringing", please identify the person, the date of the communication and the contents of the communication. To the extent you allege personal knowledge, please state the basis for that personal knowledge.*

**Answer to Interrogatory No. 9:**  Plaintiff discovered Defendant's infringement in mid to late 2019 after Plaintiff received notice from the Federal Bureau of Investigation that Plaintiff could pursue justice after waiting two years in silence waiting on Benchmark case. After receiving such notification, Plaintiff employed his IT personnel to search the internet for all unauthorized users of Plaintiff's copyrighted designs.

Interrogatory No. 10: *Identify all issues known by you that preclude you from traveling to the United States, including identifying all Visa Issues with specificity. Include in your answer a description of the issues and the date of their occurrence.*

**Answer to Interrogatory No. 10:** Plaintiff, who is of Australian national origin and not a U.S. citizen, currently resides in Vietnam.  His visa application to travel to the United States was initially denied after his permanent resident card in the United States was cancelled. After Plaintiff's first attempt to apply for a visa was unsuccessful, he made a second attempt after the current health pandemic arose in mid-March 2020.  However, Plaintiff was informed that no new visas are being granted until further notice.

Interrogatory No. 11: *Identify all criminal charges that have ever been brought against you in the United States and/or foreign jurisdictions, and whether you were convicted of those charges.*

**Answer to Interrogatory No. 11:** Plaintiff objects to Interrogatory No. 11 on grounds that it seeks information that is overly broad, disproportionate to the needs of the case, and not calculated to lead to the introduction of admissible evidence.  Accordingly, no further response is required.

Interrogatory No. 12: *Identify all lawsuits involving the Berg copyright registrations asserted in this case.*

**Answer to Interrogatory No. 12:** *Berg v. Symons*, Case No. 4:03-cv-02683 (S.D. Texas);

Interrogatory No. 13: *Identify all damages you have suffered as a result of the alleged infringement and the facts supporting those alleged damages.*

**Answer to Interrogatory No. 13:** To be determined at trial.

Interrogatory No. 14: *Identify all judgments involving Berg or any copyright ever obtained by or for Berg.*

**Answer to Interrogatory No. 14:.** See *Berg v. Symons*, 393 F. Supp. 2d 525 (S.D. Tex. 2005).

Dated: June 15, 2020

LIEBOWITZ LAW FIRM, PLLC

By: /s/richardliebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

*Attorney for Plaintiff Robert Berg*

## **VERIFICATION**

I, BOB BERG, hereby certify that I have read my answers and responses to Defendant's First Set of Interrogatories, and that they are true and accurate to the best of my personal knowledge and/or good faith belief.

June 16t, 2020

*Bob Berg*
BOB BERG

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF
ROBERT BERG'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF
INTERROGATORIES has been served via e-mail on June 15, 2020 to counsel listed below.


John R. Hardin
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
JJennison@perkinscoie.com
Kirstin E. Larson
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-800
Fax: 206-359-9000

*Attorneys for Defendant*

By: /richardpliebowitz/
Richard P. Liebowitz