# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# (TYLER DIVISION)

| | |
|---|---|
| ROBERT BERG,<br><br>       Plaintiff,<br><br>- against -<br><br><br>M&F WESTERN PRODUCTS, INC.<br><br>       Defendant. | Docket No. 6:19-cv-00418-JDK |

## **PLAINTIFF'S MOTIONS IN LIMINE**

Plaintiff Robert Berg (Plaintiff"), via counsel, respectfully submits his pre-trial motions in limine to preclude certain evidence proffered by Defendant M&F Western Products, Inc. ("Defendant" or "M&F") pursuant to Local Rule CV-7(a)(2), the Court's Scheduling Order (Dkt. 20), and the Federal Rules of Evidence. Plaintiff met and conferred with M&F, which indicates that it opposes these motions.

**1) All references or documents relating to Berg's inability to travel to the U.S. for trial (other than as a result of the COVID-19 pandemic)**

Throughout this proceeding, M&F has falsely indicated that Mr. Berg is unwilling or has otherwise refused to travel to Texas to participate in a settlement conference, deposition and trial of this matter. After the pandemic took grip in mid-March 2020, M&F continued to argue in June 2020 that Berg and his counsel should make themselves available to participate in a settlement conference *in*

1

*person* and attend a deposition *in person*, despite the apparent risk of death, and went so far as filing a motion to compel in person participation. [Dkt. #26] Mr. Berg argued in response that M&F is essentially "tone deaf" and has acted as if the worst health pandemic in 100 years should have no impact on Mr. Berg's ability to travel. See Dkt. #28 (Plaintiff's Opposition to Defendant's Motion To Compel).

Despite the rising COVID numbers, M&F seeks to present evidence to the jury that Mr. Berg's inability to participate in person is a result of his voluntary refusal or unwillingness to travel. Such purported evidence should be precluded on grounds of FRE 403, as it is highly prejudicial, unfair and wholly misleading. <u>Huff v. Jackson</u>, No. CA C-11-149, 2013 WL 625045, at *5 (S.D. Tex. Jan. 2, 2013) ("unfairly prejudicial or misleading evidence is not admissible. Fed.R.Evid. 403").

Indeed, M&F's own pre-trial submissions indicate that it anticipates that some of its own witnesses will be unable to appear for trial in person due to COVID-19. M&F should not be permitted to attack Mr. Berg, who is of advanced age, for wanting to stay safe.

**2) All references or documents relating to third party perceptions, reports or comments regarding Plaintiff's general business practices.**

In response to the filing of this lawsuit, M&F's Paul Eddins aggressively solicited third-party designers and manufacturers in the Western-style jewelry industry to comment on a group chat about Berg's business practices, in an attempt to assassinate Berg's character. M&F's document production is replete with

2

hyperbolic commentary from Berg's competitors in the Western-style jewelry industry who portray Berg as a religious fanatic, untrustworthy businessman and unsavory character. While such hyperbole may be acceptable amongst competitors in the marketplace who are jockeying for market share, it is not appropriate in a jury trial proceeding.

Moreover, Defendant has not averred any affirmative defenses which would require submission of evidence concerning Berg's alleged bad faith. For example, Defendant has not plead the equitable defenses of unclean hands or copyright misuse. Accordingly, any attempts to attack Berg's character or general business practices should be precluded.

Further, any attempts to depict Berg (or his counsel) as a "copyright troll" or other pejorative terms relating to the enforcement of his rights should also be precluded. *See, e.g., Hydentra HLP Int. Ltd. v. Luchian*, No. 1:15-CV-22134-UU, 2016 WL 5942525, at *1 (S.D. Fla. May 31, 2016) ("The Court finds that the use of the term 'copyright troll,' as defined and used by both parties, is simply not relevant to the issues in this case. Even if this phrase was relevant, the Court agrees with Plaintiff that the use of this phrase carries a negative connotation, and the prejudicial use of this phrase would outweigh any probative value."); *Design Basics, LLC v. Drexel Bldg. Supply, Inc.,* No. 13-C-560, 2016 WL 5794746, at *7 (E.D. Wis. Oct. 4, 2016), *on reconsideration in part*, No. 13-C-560, 2017 WL 354258 (E.D. Wis. Jan. 24, 2017) (granting plaintiff's motion to exclude any reference to plaintiff being a copyright "troll").

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff's two motions in limine in their entirety.

Dated:     November 24, 2020
           Valley Stream, NY                    Respectfully submitted:

                                                **/s/richardliebowitz/**
                                                Richard Liebowitz
                                                LIEBOWITZ LAW FIRM, PLLC
                                                11 Sunrise Plaza, Suite 305
                                                Valley Stream, NY 11580
                                                516-233-1660
                                                RL@LiebowitzLawFirm.com

                                                *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Richard Liebowitz, hereby certify that a true and correct copy of the foregoing PLAINTIFF'S MOTIONS IN LIMINE was served on all counsel of record via CM/ECF on November 24, 2020.

/s/richardliebowitz/
Richard Liebowitz