# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |  |
|---|---|---|
| ROBERT BERG, | § § § | |
| Plaintiff(s), | § § | |
| v. | § § | CASE NO. 6:19-cv-418-JDK |
| M&F WESTERN PRODUCTS, INC., | § § § | |
| Defendant(s). | § § | |

## JOINT FINAL PRE-TRIAL ORDER

Pursuant to the Court's March 5, 2020 Amended Scheduling Order (Doc. 20), Plaintiff Robert Berg ("Plaintiff" or "Berg") and Defendant M&F Western Products, Inc. ("Defendant" or "M&F Western") (hereinafter collectively referred to as the "Parties") file this Joint Pretrial Order. The Court has not yet scheduled the pre-trial management conference. Trial is scheduled for January 19, 2021 at 9:00 a.m.

## A.  Counsel for the Parties

Attorney for Plaintiff Robert Berg:

Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

Attorneys for Defendant M&F Western Products, Inc.:

John R. Hardin

1

150283006.1

Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

**B.    Statement of Jurisdiction**

This Court is vested with subject matter jurisdiction pursuant to the Copyright Act, 17 U.S.C. § 101 et seq., and 28 U.S.C. §§ 1331 and 1338. The Court has personal jurisdiction over M&F Western.

**C.    Nature of the Action**

This is a copyright infringement case brought by Robert Berg alleging infringement of his designs in jewelry crosses ("Cross Designs") in Copyright Registrations No. VA-1-091-617 and No. VA-1-229-288 ("Cross Registrations") and belt buckles ("Buckle Designs"); Copyright Registration VA 1-159-548 ("Buckle Registration"). The Court has already granted summary judgment on the Buckle Registration in favor of M&F Western.

150283006.1

Berg alleges that he is in possession of valid copyright registrations for the Cross Designs and that M&F Western has engaged in actual copying of the Cross Designs without Berg's authorization. Berg also alleges that M&F Western cannot establish any affirmative defenses to Berg's claim for copyright infringement.

M&F Western denies the allegations regarding the Cross Designs, including denying that Mr. Berg can meet his burden of proving by a preponderance of the evidence that he is the owner of the asserted designs, that the asserted designs are entitled to copyright protection under the copyright law, that M&F Western had access to the designs, that M&F Western copied the asserted designs, and that M&F Western infringes the asserted designs.

## D.    Contentions of the Parties

### Berg's Contentions

Plaintiff Robert Berg, a native of Australia, is a professional jewelry designer who currently resides in Vietnam. In the late 1970s, Berg was a rodeo performer and silversmith in Australia who began designing and selling western jewelry. After an injury ended his rodeo career, Berg expanded his jewelry business. Although he focused on belt buckles, he also began to design, produce, and sell western-style rings, necklaces, bracelets, conchos, spurs, knives, and three-piece buckle sets.

In 1993, Berg moved to Bandera, Texas, to pursue the western jewelry market in the United States. Berg continued to design jewelry and buckles which have a distinctive "look" consisting of the following original elements: black

3

background, the use of "tri-color" (red, green, and yellow) gold; a layer of scrollwork with a vine design, a layer of leaves, and a third layer of flowers; and, when edged, use of a raised silver edge with large tapered beads. Hand-cut and soldered scrollwork and lettering characterize Bob Berg designs. Berg initiated the technique of stacking tri-color gold to achieve a three-dimensional look in his buckles and jewelry (the "Bob Berg Look"). A federal district court judge previously ruled that the Bob Berg Look is copyrightable and enforceable to the extent that it combines elements that may be otherwise protectable into an original arrangement.

By 2000, Berg's jewelry designs had become well-known in the United States and Texas. For example, he was asked to design the trophy cup for the world championship professional bull riding competition. He also built championship buckles for prominent rodeo committees across the United States and supplied buckles to the champions of the Australian Pro Rodeo Association for over two decades.

Between 2000 and 2003, Berg created original designs consisting of Western-styled jewelry and belt buckles that are the subject of this lawsuit (collectively the "Designs"). In 2000, Berg created a stylized and intricate design of a cross with angular corners (the "Angular Cross") and registered it with the U.S. Copyright Office under No. VA 1-091-617, with effective date of June 12, 2000 (the "617 Registration"). In 2003, Berg created a stylized and intricate design for a cross with linear corners (the "Linear Cross") and registered it with the U.S. Copyright Office under No. VA 1-229-288, with effective date of August 29, 2003 (the "288

4

Registration"). [The Linear Cross and the Angular Cross shall be collectively referred to herein as the "Cross Designs"].

Berg will be able to conclusively establish at trial that his registrations of the Cross Designs are valid and that the Cross Designs are on deposit with the respective registration certificates. Specifically, Berg will establish that his original arrangement, selection and combination of otherwise unprotectable elements, referred to as the "Bob Berg Look", are copyrightable under *Nola Spice Designs, LLC v. Haydel Enters., Inc.,* 783 F.3d 527, 549 (5th Cir. 2015) and *Berg v. Symons*, 393 F. Supp. 2d 525, 541–42 (S.D. Tex. 2005), *inter alia.*

Berg will also be able to establish that M&F Western engaged in actual copying without Berg's authorization. Subsequent to Berg's registration of the Angular Cross and Linear Cross, M & F copied the Cross Designs as evidenced by three separate items marketed by M&F and distributed to M&F's customers without Berg's consent or authorization.

Berg alleges that both of M&F's Angular Cross designs are "strikingly similar" to Berg's registered work such that they could not have been independently created by M&F (or its predecessors) without copying Berg's Angular Cross.  In the alternative, Berg will establish that M&F's accused works are "substantially similar" to Berg's Angular Cross and Linear Cross because M&F had access to Berg's popular designs and because, from the perspective of an ordinary observer, M&F's accused works evince actual copying because they have the same overall aesthetic appeal as Berg's Cross Designs.  The below illustrates a side-by-side comparison between

5

Berg's registered Cross Designs and M&F's accused works.



| Berg's Angular Cross (Original) 617 Registration | M&F Design (Kraft #32120) (Alleged Copy) |

150283006.1

| Berg's Angular Cross (Original) 671 Registration | M&F Design D-121 (3-D Rope) (Alleged Copy) |
| --- | --- |



| Berg's Linear Cross (Original) 288 Registration | M&F Design (Kraft #32110) (Alleged Copy) |
| --- | --- |



7

150283006.1

**M&F Western's Contentions**

M&F Western is a family business headquartered in Sulphur Springs, Texas. It was established in 1969 by Mickey Eddins and his brother, who started by selling boot jacks door-to-door, and Mr. Eddins still runs the business today—more than 50 years later. During the boom of Western popularity, M&F Western expanded from selling boot jacks, adding new products that captured the Western lifestyle, including everything from belts to buckles to wallets to hats and hat covers to jewelry. Today, the company has more than 175 employees and conducts business around the world as a distributor of Western products.

M&F Western employs talented designers who have created a variety of the products that M&F distributes. One of these designers is Cary Kraft, who is a designer of a variety of products, including belts, buckles, jewelry and other accessories, and who has worked in the industry for over 50 years. He has worked for M&F Western since 2002. He designed two of the M&F Western cross designs ("Accused M&F Western Crosses") accused on infringing the Cross Designs at issue in this case. Another M&F Western designer is Jeanne Crumrine LaShelle, who did the hand engraving for one of the Accused M&F Western Crosses designed by Mr. Kraft. She has also worked in the industry for more than 50 years and has worked for M&F Western since 2007.

The Plaintiff, Robert Berg, is an Australian citizen who lives in Vietnam. He contends that he owns copyright registrations the Cross Designs that are at issue in this case. He formerly lived in Texas, and he continues to sell products in the United

States. He filed copyright applications for two Cross Designs (where the crosses are pendants for necklaces) and claims that he is entitled to protection for a series of tapered beads located on the ends of the arms of the crosses. He claims he created the Cross Design in Copyright Registrations No. VA-1-091-617 in 2000 and published it that same year on January 31, 2000, and that he created the other Cross Design in Copyright Registration No. VA-1-229-288 in 2003 and that he published it on June 1, 2003. The images of his crosses are set forth below:

| Berg's Asserted 617 Design (Blurry photo) | Berg's Asserted 617 Design (Newly produced photo) | Berg's Asserted 288 Design |
|---|---|---|
|  |  |  |

M&F Western objects to the blurry cross images on the left and right columns of the table because it is not possible to clearly see the asserted designs in order to assess originality or infringement. Berg provided the color image of the 617 cross (in the middle) at the end of the case, and M&F Western maintains its objections to the late production of this color image.[1] Not only was the new image produced long after the close of discovery, it is literally a different cross than they have been claiming was infringed all along.  They either haven't looked closely enough to realize it is not the

---

[1] M&F Western addressed this issue in its Supplemental Reply (Dkt. 76).

150283006.1

same cross or they're trying to add a whole new claim at the 11th hour. Either way, the cross must be excluded.

He claims that because the M&F Western Cross Designs also include tapered beads on the ends of the arms of the crosses, those designs infringe his copyright.[2]

M&F Western contends that tapered beads have been used in the western industry in jewelry and buckle (and other) designs by many different designers for many decades. Mr. Berg is not the originator of the use of tapered beads on a buckle or on the ends of the arms of a cross. In fact, designs featuring a series of three beads on the ends of the arms of a cross date back to antiquity. Ms. Crumrine LaShelle herself created designs with three tapered beads on the ends of the arms of the cross in the 1970s when she was in high school working for her parents' company and she has testified that three bead designs are commonly understood to represent the Father, the Son and the Holy Ghost. Mr. Kraft also created designs featuring a series of three tapered beads, for example, on belt buckles, dating to years before the designs Mr. Berg is asserting in this case.

Neither Mr. Kraft nor Ms. Crumrine LaShelle were aware of the Bob Berg designs at issue in this case at the time they designed the M&F Western crosses. They did not copy his designs. Mr. Berg has provided no admissible evidence demonstrating that they had access to his designs or that they copied his designs.

---

[2] Plaintiff recently served Superseding Answers and Objections to Defendant's First, Second, and Third Set of Interrogatories claiming to change his theory of infringement, arguing copyright protection beyond the tapered beads on the ends of the arms of the Cross Designs, and claiming the "Bob Berg Look" is protected. M&F Western objects to these late-submitted answers and has filed pending motions to address this with the Court.

150283006.1

The Bob Berg Cross Designs and the M&F Western Cross Designs are different in many respects, further demonstrating that M&F Western did not copy the Plaintiff's Cross Designs. Any similarity between the Bob Berg designs and the M&F Western designs is due to the fact that many designers throughout the industry used tapered beads and other common design elements, such as flowers, scrollwork, vines and leaves, roping, black background, and layered gold in their designs dating back for decades before Mr. Berg claimed he created and published the designs in this case. Just as all musicians must draw from the same notes to make music, jewelry designers in the western jewelry industry draw from the same elements to make their designs. The mere fact that the elements may look similar does not mean they are copies and copyright law does not give Mr. Berg the right to preclude others from using industry standard design elements to make their own designs.

A final cross design at issue in this case was acquired from 3-D Belt Company, L.P. through an asset purchase agreement in 2018. Mr. Berg failed to make any allegations of copying as to this design and has provided no evidence that 3-D Belt Company had access to the design he is asserting in the case before 3-D created its design. Just as with the M&F Western designs that Cary Kraft created, the 3-D design includes industry standard design elements that are commonly used by many designers. Any similarities between the designs cannot be attributed to copying.

**E.    Stipulations and Uncontested Facts**

    1.   In this action, Berg asserts claims for copyright infringement.

2. Mr. Berg is asserting infringement of the Angular Cross, which is registered as part of Copyright Registration No. VA 1-091-617, which he signed under the penalty of perjury, and in which Berg claims a creation date of 2000 and a publication date of January 31, 2000 for the following cross design:



3. Mr. Berg is also asserting infringement of the Linear Cross, which is registered as part of Copyright Registration No. VA 1-229-288, which he signed under the penalty of perjury, and in which Berg claims a creation date of 2003 and a publication date of June 1, 2003 for the following cross design:

---

[3] For the purposes of this Section of the Joint Pretrial Order, M&F Western does not contest that Berg is asserting infringement of the two cross designs; however, M&F Western does object on the grounds that he has not produced clear images of the cross designs and has not produced certified copies of the registrations or deposit copies. Thus, M&F Western does not waive its right to maintain its objections to the cross registrations by referencing these items in the "Uncontested" section of this document.

150283006.1



4.  M&F Western is a Texas corporation with its principal of business in Sulphur Springs, Texas.

5.  M&F Western was established in 1969 and is a distributor and manufacturer of western wear accessories.

6.  This Court has subject matter jurisdiction over this dispute.

7.  This Court has personal jurisdiction over M&F Western.

8.  M&F Western sells the following cross designs, which Mr. Berg accuses of infringing two of his works which Berg alleges are covered by the 617 Registration and the 288 Registration:

13

| M&F Kraft Design #32120 | M&F Kraft Design #32110 | M&F Design D-121 |
|---|---|---|
|  |  |  |

9.  Designs #32110 and #32120 were designed by Cary Kraft, who is an independent contractor who has worked exclusively for M&F Western since 2002.

10. Design D-121 was acquired from 3-D Belt Company, L.P. via an asset purchase agreement in 2018.

## F.    Contested Issues of Fact and Law

**Berg's List of Contested Issues of Law:**

By providing this statement, Berg does not concede that all of these issues are appropriate for trial. Berg also does not waive any of its future filed motions, which, if granted, would render some or all of these issues moot.

### Issues to be tried to the Jury

1.  Whether under 17 U.S.C. § 205(c), the 617 Registration placed M&F on constructive notice of the facts of the 617 Registration, including that the protectable elements embodied by the Angular Cross were registered and protected.

14

2. Whether under 17 U.S.C. § 205(c), the 288 Registration placed M&F on constructive notice of the facts of the 288 Registration, including that the protectable elements embodied by the Linear Cross were registered and protected.

3. Whether Berg's arrangement, combination and selection of elements embodied by the Angular Cross as part of the 617 Registration are sufficiently original to warrant copyright protection

4. Whether Berg's arrangement, combination and selection of elements embodied by the Linear Cross as part of the 288 Registration are sufficiently original to warrant copyright protection.

5. Whether the Angular Cross is on deposit with the 617 Registration.

6. Whether the Linear Cross is on deposit with the 288 Registration.

7. Whether M&F Kraft Design #32120 is strikingly similar to the Angular Cross.

8. Whether M&F Design D-121 is strikingly similar to the Angular Cross.

9. Whether M&F Kraft Design #32110 is strikingly similar to the Linear Cross.

10. Whether M&F Kraft Design #32120 is substantially similar to the Angular Cross.

11. Whether M&F Design D-121 is substantially similar to the Angular Cross.

12. Whether M&F Kraft Design #32110 is substantially similar to the Linear Cross.

13. Whether M&F had access to the Angular Cross prior to the creation of M&F Kraft Design #32120.

14. Whether M&F's predecessor-in-interest had access to the Angular Cross prior to the creation of M&F Design D-121.

15. Whether M&F had access to the Linear Cross prior to the creation of M&F Kraft Design #32110.

16. Whether M&F's first affirmative defense of failure to state a claim should be dismissed.

17. Whether M&F's second and fourth affirmative defenses for lack of standing and/or lack of copyrightability should be dismissed.

18. Whether M&F's fifth affirmative defense for estoppel should be dismissed.

19. Whether M&F's sixth affirmative defense for merger doctrine should be dismissed.

20. Whether M&F's infringing conduct was willful with respect to M&F Kraft Design #32120 and/or M&F Design D-121.

21. Whether M&F's infringing conduct was willful with respect to M&F Kraft Design #32110.

22. The amount of statutory damages to be awarded under 17 U.S.C. § 504(c) upon a finding of infringement liability with respect to the Angular Cross.

23. The amount of statutory damages to be awarded under 17 U.S.C. § 504(c) upon a finding of infringement liability with respect to the Linear Cross.

16

24. The amount of actual damages to be awarded under 17 U.S.C. § 504(b) upon a finding of infringement liability with respect to the Angular Cross.

25. The amount of actual damages to be awarded under 17 U.S.C. § 504(b) upon a finding of infringement liability with respect to the Linear Cross.


**M&F Western's List of Contested Issues of Law:**

By providing this statement, M&F Western does not concede that all of these issues are appropriate for trial. M&F Western also does not waive any of its pending or future filed motions, which, if granted, would render some or all of these issues moot.

**Issues to be tried to the Bench** (M&F Western's Findings of Fact and Conclusions of Law are attached as Exhibit 2 (a)):

1. Whether Mr. Berg's case can proceed since he is in Vietnam, refuses to leave, and Vietnam does not allow its residents to be put under oath for foreign proceedings.

2. Whether Mr. Berg can make a prima facie case of copyright ownership and validity since he is unable to provide clear images of the asserted designs and since he has not provided certified copies of the Cross Registrations or the deposit materials.

3. Whether Mr. Berg can meet his burden of proving by a preponderance of the evidence that he owns the asserted works.

17

4. Whether Mr. Berg can meet his burden of proving by a preponderance of the evidence that he owns valid copyrights in the asserted works.

5. Whether numerous of Mr. Berg's contentions were not previously disclosed and are not appropriate to be raised at trial, including at least: his contention that his copyright extends to design elements beyond the use of the three tapered beads at the ends of the arms of the respective cross designs.

6. Whether Mr. Berg can meet his burden of proving by a preponderance of the evidence that his works are entitled to copyright protection in light of the evidence that tapered beads are an industry standard design element and do not possess the minimal degree of creativity required under copyright law.

**Issues to be tried to the Jury:**

1. Whether Mr. Berg can meet his burden of proving by a preponderance of the evidence that M&F Western had access to the asserted works.

2. Whether Mr. Berg can meet his burden of proving by a preponderance of the evidence that M&F Western copied the asserted works to create its own works.

3. If Mr. Berg is able to meet his burden of proving that M&F Western had access to the asserted works, whether Mr. Berg can meet his burden of proving by a preponderance of the evidence that there is substantial similarity of protectable elements between the asserted works and M&F

18

Western's works in light of the evidence that tapered beads are an industry standard design element.

4. If Mr. Berg is unable to meet his burden of proving that M&F Western had access to the asserted works, whether Mr. Berg can meet his burden of proving by a preponderance of the evidence that M&F Western's works are strikingly similar to the asserted works.

5. To the extent Mr. Berg is permitted to change his theory of the case and now claim that additional design elements are protected by his copyright and if Mr. Berg meets his burden of proving access to the asserted works, whether Mr. Berg can meet his burden of proving by a preponderance of the evidence that there is substantial similarity of protectable elements between the asserted works and M&F Western's works in light of the evidence that tapered beads, flowers, scrollwork, black background, leaves and vinework, and multiple colors of gold are industry standard design elements.

6. To the extent Mr. Berg is permitted to change his theory of the case and now claim that additional design elements are protected by his copyright and if Mr. Berg is not able to meet his burden of proving access to the asserted works, whether Mr. Berg can meet his burden of proving by a preponderance of the evidence that the M&F Western works are strikingly similar to the asserted works in light of the evidence that tapered beads, flowers, scrollwork, black background, leaves and

150283006.1

vinework, and multiple colors of gold are industry standard design elements.

7.   Whether Mr. Berg can meet his burden of proving by a preponderance of the evidence that M&F Western copied protectable elements of the asserted works.

8.   Whether Mr. Berg can meet his burden of proving by a preponderance of the evidence that M&F Western's products infringe Mr. Berg's asserted copyrights.

9.   If liability is found for copyright infringement, the amount of money that is to be awarded to Mr. Berg for M&F Western's copyright infringement.

10. If liability is found, whether Mr. Berg can meet his burden of proving by clear and convincing evidence that such infringement has been willful.

## G.    Pending Motions

- Motion for Partial Summary Judgment by M & F Western Products, Inc. (Dkt. 41)

- Motion for Sanctions by M & F Western Products, Inc. (Dkt. 42)

- Motion to Strike Plaintiff's Pretrial Disclosures by M & F Western Products, Inc. (Dkt. 57)

- Motion for Order to Show Cause by M & F Western Products, Inc. (Dkt. 59)

- Motion to Strike Plaintiff's Superseding Answers and Plaintiff's Declaration (Dkt. 77)

20

- M&F Western's Motions in Limine (Dkt. 78)

- Berg's Motions in Limine (Dkt. 81)

## H.     Probable Length of Trial

### The Parties' Joint Proposal

The Parties estimate 3 days for trial and request that each side receives 45 minutes for voir dire, 45 minutes for opening statements, and 60 minutes for closing arguments. For direct, cross and rebuttal reexamination, the Parties request 10 hours per side. The Parties further request that the Court bifurcate the triable issues into two phases as follows:

Phase 1: Mr. Berg's claims of copyright infringement and M&F Western's defenses.

Phase 2: Mr. Berg's claims of copyright damages (if liability is found in Phase 1) and his claims of willful infringement and M&F Western's defenses.[4]

## I.     Trial Management Procedures

M&F Western proposes the following procedures for trial management:

1. The parties will exchange copies of all documentary, graphic, slide, animation and any other form of Demonstratives they plan to use at trial for use during direct examination or opening—but not for cross examination—by 7:00 p.m. the night before their intended use. In other words, if a demonstrative will be used on a Wednesday, it must be

---

[4] M&F Western is filing Motions in Limine regarding certain issues for trial which may, if granted, make trial moot or shorten the length of time needed for trial. Thus, this proposal for timing and phasing is subject to the Court's ruling on M&F Western's Motions in Limine.

21

exchanged or made available by 7:00 p.m. on the previous Tuesday. M&F Western proposes that the parties shall exchange objections to these demonstratives by 9:00 p.m. on the day the exhibits are received. Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

a. "Demonstratives" are exhibits specifically created for the purpose of the trial and do not include (1) exhibits created in the courtroom during testimony or opening at trial, (2) the enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts of testimony, or to composites of admitted exhibits and/or testimony, so long as the demonstrative only includes factual descriptions of the underlying exhibit or testimony, or (3) demonstratives previously displayed in the course of the trial. Reasonable non-substantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits prior to use.

b. However, Demonstratives for direct examination and opening and trial exhibits must be cleared of outstanding objections before being shown to the jury. Additionally, any transcripts of testimony (excluding testimony given during this trial) must have been previously designated by the parties and cleared of outstanding objections before being shown to the jury during

22

opening or on direct examination. M&F Western proposes that the use of transcripts for cross examination be limited to that which is permissible under the Federal Rules of Evidence, and in particular objects to any use of transcripts for purposes on cross examination other than impeachment.

2. The parties will make available for inspection all non-documentary demonstratives they plan to use at trial for use during direct examination or opening—but not for cross-examination— by 7:00 p.m. the night before their intended use. In other words, if a non-documentary demonstrative will be used on a Wednesday, it must be exchanged or made available by 7:00 p.m. on the previous Tuesday. The parties shall exchange objections to these non-documentary demonstratives or live product demonstrations by 7:00 p.m. the night before their intended use. Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

3. The parties will exchange lists of exhibits they intend to use during direct examination with each witness by 7:00 p.m. the night before their intended use.

4. The parties will identify witnesses to be called live (in the order of call) at 7:00 p.m., one day in advance of the day of trial during which the witnesses will testify. In other words, if a witness will testify on a

Wednesday, the witness must be identified by 7:00 p.m. on the previous Tuesday.

5. The parties agree that any exhibit listed on a party's own exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by that party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.

6. The parties agree to exchange lists of "Admitted Exhibits" by 10:00 p.m. the night before the lists are to be submitted to the Court.

7. The parties will meet and confer regarding demonstratives and exhibits, and deposition objections at 9:15pm the night before the objected materials are to be used in Court.

**J.    Witness Lists**

Berg's witness list is attached as Exhibit 1(a) hereto. Berg's Objections to Defendant's Pretrial Disclosures is attached hereto as Exhibit 1(b).

M&F Western's witness list is attached as Exhibit 2(b) hereto. M&F Western's Objections to Berg's Pretrial Disclosures are attached as Exhibit 2(c) hereto. Plaintiff served Amended Pretrial Disclosures on the morning of November 24, 2020, the due date for this filing. M&F Western has not had an opportunity to review the Amended Pretrial Disclosures but maintains its objections to the late service of the disclosures and also maintains the objections raised in its Motion to Strike (Dkt. 57.). M&F Western attaches as Exhibit 2(b) its Objections to Plaintiff's Pretrial Disclosures,

24

which it served on Plaintiff on November 16, 2020 in accordance with the Court's Scheduling Order.

## K.    Deposition Designations

Berg's  Deposition Designations are attached hereto as Exhibit 1(c) hereto.

**M&F Western:** M&F Western has no deposition designations and will call witnesses live at trial.[5] M&F Western received Plaintiff's deposition designations on November 19, 2020 and thus reserves the right to submit objections to the designations and to make counter-designations as necessary for context and accuracy of the testimony.

## L.    Exhibit Lists

Berg's exhibit list is attached hereto as Exhibit 1(d) and Berg has served a copy of its numbered exhibits on opposing counsel.  Berg served his objections to M&F's exhibit list on November 19, 2020.

**M&F Western:** M&F Western's exhibit list is attached as Exhibit 2(d) hereto and M&F Western has served a copy of its numbered exhibits on opposing counsel. M&F Western has not yet received the physical copy of Berg's marked trial exhibits and it only received his exhibit list today, November 24, 2020 (and this is the subject of its Motion to Strike, Dkt. 56 and M&F Western maintains its objections as discussed above). Further, M&F Western only recently received Berg's objections to M&F Western's exhibits and the Parties have not yet had a chance to discuss these

---

[5] In light of the COVID-19 pandemic, M&F Western reserves the right to designate deposition testimony at a later date if travel restrictions are imposed, its witnesses fall ill, or other circumstances related to the pandemic preclude their testimony at trial.

150283006.1

objections or attempt to resolve such objections, thus, M&F Western will submit an updated exhibit list of its exhibits indicating which objections are resolved and which objections the Parties are unable to resolve without the Court's assistance.

## M.    Certifications

The undersigned counsel for each of the parties in this action hereby certify and acknowledge the following:

(1)    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)    Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3)    Each exhibit in the List of Exhibits herein:

(a)    is in existence;

(b)    is numbered; and

(c)    M&F Western has mailed its exhibits to the Court and to opposing counsel pursuant to the Scheduling Order. On November 24, 2020, M&F Western was alerted that counsel for Plaintiff has not received the marked exhibits yet because he is working from his home office and they were not accepted at his regular business address. M&F Western has redirected delivery to Plaintiff's counsel. M&F Western has not received Plaintiff's marked exhibits.

26

This **JOINT PRE-TRIAL ORDER** is hereby **APPROVED** this ___ day of ___, 2020.

By: _____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

27

**APPROVED AS TO FORM AND SUBSTANCE:**


Dated: November 24, 2020


By: /s/richardliebowitz/

Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

Attorneys for Plaintiff Robert Berg

By:    /s/ Kirstin E. Larson

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkisncoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

*Attorneys for M&F Western Products, Inc.*

28