# EXHIBIT 2(a)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT MR. BERG, | § § § | |
| Plaintiff(s), | § § | |
| v. | § § | CASE NO. 6:19-cv-418-JDK |
| M&F WESTERN PRODUCTS, INC., | § § § | |
| Defendant(s). | § § | |

**[M&F WESTERN'S PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW
FOR ISSUES TRIED TO THE BENCH**

**A.    Findings of Fact and Law**

The Court finds the following:

1.      Plaintiff is a resident of Vietnam. Plaintiff has known since before he filed suit against M&F Western, and months before the coronavirus outbreak began in 2020, that he had been denied entry to the United States. Indeed, he had already received an email and letter from the U.S. Consulate at Ho Chi Minh City denying his visa application as of August 2019 (a month before he filed this lawsuit against M&F Western). He refused to make himself available for deposition outside of Vietnam, and M&F Western was not able to proceed with his deposition while he was in Vietnam telephonically or via videoconference because doing so would have been a violation of international law. He also refused to travel to neighboring jurisdictions

1

where it would have been possible to conduct his deposition legally (e.g., Thailand or Hong Kong).

2.    Mr. Berg has produced only the following blurry pictures of the designs at issue in this case and it is not possible to discern the details of Mr. Berg's designs from these images to assess either originality or infringement:

| Plaintiff's Asserted Registration VA 1-091-617 Blurry photo | Plaintiff's Asserted Registration VA 1-229-288 Blurry photo |
|---|---|
|  |  |

3.    Mr. Berg has not proffered certified copies of the Cross Registrations or deposit materials.

4.    Mr. Berg alleged in his original interrogatory responses only a single element of the Crosses that he claims represents creative expression protected by copyright:  the tapered beads.

5.    He later attempted to supplement his answers to include "the combination, selection and arrangement of unique and distinctive jewelry designs consisting of black background, the use of 'tri-color' (red, green, and yellow) gold; a layer of scrollwork with a vine design, a layer of leaves, and a third layer of flowers; and, when edged, use of a raised silver edge with three-to-five tapered beads at the

2

compass points. Hand-cut and soldered scrollwork and lettering also characterize Bob Mr. Berg designs. Mr. Berg also initiated the technique of stacking tri-color gold to achieve a three-dimensional look in his buckles and jewelry (collectively the "Bob Mr. Berg Look"). Plaintiff created the Bob Mr. Berg Look in the late 1980s and began incorporating these elements into his designs in or about 1992)." These supplemental answers were provided on November 10, 2020, long after discovery closed on September 21, 2020. Plaintiff has provided no credible justification for his untimely supplemental responses.

6.      Plaintiff's late attempt to identify new protectable elements has caused prejudice to M&F Western. M&F Western was deprived of the opportunity to seek meaningful discovery on this new infringement theory.

7.      Plaintiff has accused three M&F Western designs of infringement. These designs are shown below next to the Mr. Berg designs:

| Mr. Berg Registration No. | Mr. Berg Design | M&F Western's Accused Product D-121 |
|---|---|---|
| VA 1-091-617 |  |  3-D Rope Design acquired from 3-D Buckle Company L.P. |

3



8.      Designs #32110 and #32120 were designed by Cary Kraft, who is an award-winning designer employed by M&F Western since 2002. Ms. LaShelle did the engraving work on design #32110 and has been working in the industry for over 50 years. Both of these witnesses have testified that they were not aware of Mr. Berg's designs when they created the M&F Western designs and did not copy them.

9.      M&F Western acquired design D-121 from 3-D Belt Company, L.P. pursuant to an asset purchase agreement in 2018.

**10.**      Tapered beads have been used in the Western industry in jewelry and buckle (and other) designs by many different designers for many decades. Mr. Berg is not the originator of the use of tapered beads on a buckle or on the ends of the arms

4

of a cross. In fact, designs featuring a series of three beads on the ends of the arms of a cross date back to antiquity. Ms. Crumrine LaShelle herself created designs with three tapered beads on the ends of the arms of the cross in the 1970s when she was in high school working for her parents' company and she has testified that three bead designs are commonly understood to represent the Father, the Son and the Holy Ghost. Mr. Kraft also created designs featuring a series of three tapered beads, for example, on belt buckles, dating to years before the designs Mr. Berg is asserting in this case.

11.     There are meaningful differences between plaintiff's designs and M&F Westerns designs, as M&F Western's witnesses, Cary Kraft and Jeanne LaShelle testified at their depositions and will testify at trial. Any similarities are due to unprotectable elements, such as the fact that they are both crosses, use tapered beads, have flowers in the center and contain leafy scrollwork - all common elements in Western Jewelry Design. But if set side-by-side, and if all the elements of the designs are compared, there are apparent meaningful differences between the Mr. Berg crosses and the M&F Western crosses (which would be all the more apparent if non-blurry images had been timely provided in the case).

12.     Neither Mr. Kraft nor Ms. Crumrine LaShelle were aware of the Bob Mr. Berg designs at issue in this case at the time they designed the M&F Western crosses. They did not copy his designs. Mr. Berg has provided no admissible evidence demonstrating that they had access to his designs or that they copied his designs.

13.     The Bob Mr. Berg Cross Designs and the M&F Western Cross Designs are different in many respects, further demonstrating that M&F Western did not copy the Plaintiff's Cross Designs. Any similarity between the Bob Mr. Berg designs and the M&F Western designs is due to the fact that many designers throughout the industry used tapered beads and other common design elements, such as flowers, scrollwork, vines and leaves, roping, black background, and layered gold in their designs dating back for decades before Mr. Berg claimed he created and published the designs in this case. Just as all musicians must draw from the same notes to make music, jewelry designers in the western jewelry industry draw from the same elements to make their designs. The mere fact that the elements may look similar does not mean they are copies and copyright law does not give Mr. Berg the right to preclude others from using industry standard design elements to make their own designs.

14.     A final cross design at issue in this case was acquired from 3-D Belt Company, L.P. through an asset purchase agreement in 2018. Mr. Berg failed to make any allegations of copying as to this design and has provided no evidence that 3-D Belt Company had access to the design he is asserting in the case before 3-D created its design. Just as with the M&F Western designs that Cary Kraft created, the 3-D design includes industry standard design elements that are commonly used by many designers. Any similarities between the designs cannot be attributed to copying.

6

## B.    Conclusions of Law

1.    Plaintiff is unable to legally offer testimony in U.S. proceedings from Vietnam, which is not party to the Hague Evidence Convention. If a witness is in a foreign country not party to the Hague Convention, a letter rogatory must be sent from the Court in the United States to the court in the country where the witness is located requesting the witness's evidence. *See* U.S. Embassy & Consulate in Vietnam, Taking Evidence Abroad, https://vn.usembassy.gov/u-s-citizen-services/local-resources-of-u-s-citizens/taking-of-evidence-abroad/ (last visited Nov. 19, 2020); Martin Davies, *Bypassing the Hague Evidence Convention: Private International Law Implications of the Use of Video and Audio Conferencing Technology in Transnational Litigation*, 55 Am. J. Comp. L. 205, 207 (2007). Because foreign, remote testimony implicates international law and jurisdictional autonomy, plaintiff cannot merely elect to voluntarily waive requirements to appear in person. *See Hong Chang Fruit & Vegetable Prods. Corp. v. Am. Ever-Best Corp.*, 2009 WL 1067964, at *4. Plaintiff has not sought a letter rogatory to permit him to testify at trial. Absent appropriate process, Mr. Berg's testimony from Vietnam would be a violation of international law. *See Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2019 WL 1441130, at *10 (E.D.N.Y. Mar. 31, 2019), *appeal dismissed*, *Ji v. Jling Inc.*, 799 F. App'x 88 (2d Cir. 2020) (striking plaintiff's testimony finding that testifying via video while located in mainland China violated Chinese Law); *Hong Chang Fruit & Vegetable Prods. Corp. v. Am. Ever-Best Corp.*, No. B201774, 2009 WL 1067964, at *34 (Cal. Ct. App. Apr. 22, 2009) (trial court did not abuse its discretion in refusing to allow plaintiff's principal witness—

7

who was unable to enter the United States because of issues with his immigration status— to testify by contemporaneous video transmission from China).

2.      Even if Plaintiff were permitted to testify legally from Vietnam, good cause does not exist for him to testify remotely in this case where he is the plaintiff, he knew before the lawsuit was filed that he would be unable to travel to the United States because of his visa issues.  *See Avalanche Equip., LLC v. Williams-S. Co.*, No. 13-CV-2827-BNB-MJW, 2014 WL 12676225, at *2 (D. Colo. Oct. 28, 2014) (remote testimony of witnesses not permitted—concluding that good cause did not exist for remote testimony where witness testimony was expected, their distant location was not a surprise, and there was no reason why they were not deposed); *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 2014 WL 358866, at *4 (D. Colo. Jan. 31, 2014) (holding that inconvenience to the witnesses is not sufficient to justify remote testimony, "especially ... where [the movant] was aware of their location in advance of trial and was not surprised by 'unexpected reasons' for their unavailability"). Remote testimony is particularly improper where, as here, the remote witness is also a party to the action. *See, e.g.*, *Edwards v. Logan*, 38 F. Supp. 2d 463, 467 (W.D. Va. 1999);  ("[Remote testimony] may be particularly detrimental where it is a party to the case who is participating by video conferencing, since personal impression may be a crucial factor in persuasion."). Further, administering an oath or affirmation presents complicated questions of sovereignty, such as where the oath is to be administered; which laws of perjury would apply; and which country could hold a witness in contempt.

8

3.      Mr. Berg has proffered no other witnesses who may competently testify to Mr. Berg's alleged ownership.

4.      Plaintiff has produced blurry images of the cross designs he is asserting against M&F Western. (Dkt. 23 at <u>Exhibit A</u>.) Neither the 617 Cross image nor the 288 Cross image shows Plaintiff's design clearly and the image of the 617 Cross is in black-and-white. These images are insufficient evidence from which a determination of copyrightability and/or infringement can be made. *See Jane Envy, LLC v. Infinite Classic Inc.*, Nos. SA:14-CV-065-DAE; SA:14-CV-081-DAE; SA:14-CV-083-DAE, 2016 WL 797612, at *8 (W.D. Tex. Feb. 26, 2016) (denying plaintiff's motion for summary judgment of copyright infringement as to design for which plaintiff presented only a blurry image); *Tom Kelley Studios Inc. v. Int'l Collectors Soc'y Inc.*, No. 97 CIV. 0056 (WK), 1997 WL 598461, at *1 (S.D.N.Y. Sept. 25, 1997) (granting motion for more definite statement in part because attachments to the pleading were too blurred to be useful). Accordingly, Mr. Berg has not made a prima facie case of copyright ownership and validity because he has not provided clear images of the asserted designs.

5.      Mr. Berg has not made a prima facie case of copyright ownership because he has not provided certified copies of the Cross Registrations or deposit materials. The Copyright Act expressly states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made[.]" 17 U.S.C. § 411(a). Deposit materials are central to the registration requirement, and without presenting a valid

9

copy a plaintiff cannot meet his or her burden to show that the registration requirements have been satisfied. *See Geoscan, Inc. of Tex. v. Geotrace Techs., Inc.*, 226 F.3d 387, 393 (5th Cir. 2000) (computer software owner could not sue for copyright infringement where it failed to deposit complete copy of original source code with the Copyright Office). Plaintiff has not obtained certified copies of the registrations that allegedly correspond to the Cross Designs at issue, despite the Copyright Office's well-established means of obtaining certified copies of its records, including certificates of registration. *See* 17 U.S.C. § 706(b). Public records are authenticated by obtaining a certified copy from the custodian of the record. *See* Fed. R. Evid. 1005 ("The proponent may use a copy to prove the content of an official record — or of a document that was recorded or filed in a public office as authorized by law — if these conditions are met: the record or document is otherwise admissible; and the copy is certified as correct in accordance with Rule 902(4) or is testified to be correct by a witness who has compared it with the original."); *see also Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 146 (5th Cir. 2004) (plaintiff's evidence was insufficient to support copyright infringement claim where plaintiff failed to attach source code, preventing the fact finder from undertaking necessary "side-by-side comparison . . . between the original and the copy"); *Alaska Stock, LLC v. Pearson Educ.,* Inc., 975 F. Supp. 2d 1027, 1039 (D. Alaska 2013) (finding plaintiff's certificates alone failed to provide a meaningful description of the images on which to assess copyright claims). Further, the purported deposit materials that allegedly reflect the designs at issue are not certified. Accordingly, other courts have found non-certified copies of

10

registration certificates and deposit materials insufficient and incompetent evidence of validity and the Court should make the same finding here and exclude the non-certified copies. *See Jane Envy, LLC v. Infinite Classic Inc.*, No. SA:14-CV-065-DAE, 2016 WL 5373035, at *8 (W.D. Tex. Sept. 26, 2016) (declining to consider evidence of defendant's alleged copyrights that consisted of "unauthenticated screen shots of various webpages"). Because Plaintiff has failed to satisfy a threshold requirement to bringing a copyright claim—i.e. proof of deposit—his uncertified materials are not relevant and his cannot sustain his claim as a matter of law. *See* Fed. R. Evid. 402; *Geoscan*, 226 F.3d at 393.

6. Mr. Berg has not met his burden of proving by a preponderance of the evidence that he owns the asserted works because he has not made out a prima facie case of ownership as set forth in COL #2 above.

7. Even if Mr. Berg had made a prima facie case of ownership, he has not established that his expression of tapered beads is protectable given the prevalence of tapered beads in the jewelry industry. Accordingly, Mr. Berg has not met his burden of proving that he owns valid copyrights in the expression at issue in this case.

8. If there is such a thing as the "Bob Mr. Berg Look," it is not protectable by copyright law. Copyright law does not protect an unspecified, generalized "look." *Apple Comput., Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994) (holding copyright protection does not extend to the "look and feel of a computer" graphical user interface: "As we recognized long ago in the case of competing jeweled bee pins,

11

150274632.2

similarities derived from the use of common ideas cannot be protected; otherwise, the first to come up with an idea will conquer the market.") (quoting *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 742 (9th Cir. 1971)).

9.    M&F Western's designs are not "strikingly similar" to any protectable elements of Mr. Berg's registered work. Striking similarity means protectable elements are "virtually identical" to the copyrighted images. *See Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 551 (N.D. Tex. 1997). Here, Mr. Berg's tapered beads are not unique protectable elements, and the beads on Mr. Berg and M&F Western's crosses are not "virtually identical." *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1170 (7th Cir. 1997) ("Two things may be strikingly similar—may in fact be identical—not because one is copied from the other but because both are copies of the same thing in the public domain."); *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738 (9th Cir. 1971) (where the similarity between the plaintiff's and defendant's works merely extended to the "idea" of a jewel-encrusted pin in the form of a bee, there was no copyright infringement of any original expression).

10.    Mr. Berg's Supplemental Interrogatory Responses alleging creative arrangement, combination and selection of elements in each of the crosses were provided well after the close of discovery.  They are therefore untimely and will not be considered by the Court. A party cannot use evidence at trial it failed to timely disclose unless it shows late disclosure was "substantially justified and harmless" under Fed. R. Civ. P. 37(c)(1).  *See* Fed. R. Civ. P. 26; *Promethean Insulation Tech. LLC v. Sealed Air Corp.*, No. 2:13-CV-1113-JRG-RSP, 2015 WL 11027038, at *1 (E.D. Tex. Oct. 13,

150274632.2

2015) (granting motion in limine to exclude references to documents belatedly produced after the close of discovery).

11.    Even if Mr. Berg had timely identified the alleged arrangement, combination and selection of elements embodied by the Angular Cross as part of the 617 Registration, Mr. Berg has not presented credible evidence that M&F Western copied that combination. Accordingly, M&F Western is entitled to judgment on the Angular Cross claim.

12.    Even if Mr. Berg had timely identified the alleged arrangement, combination and selection of elements embodied by the Linear Cross as part of the 288 Registration, Mr. Berg has not presented credible evidence that M&F Western copied that combination.  Accordingly, M&F Western is entitled to judgment on the Linear Cross claim.

Entered this ___ day of ___, 2021.

By: _____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

13

# EXHIBIT 2(b)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

|  |  |  |
|---|---|---|
| ROBERT BERG, | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| v. | § | CASE NO. 6:19-cv-418-JDK |
| | § | |
| M&F WESTERN PRODUCTS, | § | |
| INC., | § | |
| | § | |
| Defendant(s). | § | |

**DEFENDANT M&F WESTERN PRODUCTS INC.'S WITNESS LIST**

| Judge Jeremy D. Kernodle | PLAINTIFF'S ATTORNEY: RICHARD LIEBOWITZ | DEFENDANT'S ATTORNEY: JOHN R. HARDIN JUDY B. JENNISON KIRSTIN E. LARSON |
|---|---|---|
| TRIAL DATE(S): January 19, 2021 | COURT REPORTER: SHEA SLOAN | COURTROOM DEPUTY: EMMA FARRIS |

 M&F Western Products, Inc. respectfully reserves the right, in light of the on-going COVID-19 pandemic, to designate deposition testimony of witnesses on its list who are unable to attend trial because of travel restrictions, illness or other medical condition.

1

150202416.1

| | WITNESS NAME EMPLOYER TOPIC OF TESTIMONY | WILL CALL ("W") MAY CALL ("M") UNLIKELY TO CALL ("U") | EXPECTED TESTIMONY DURATION |
|---|---|---|---|
| 1. | Paul Eddins, M&F Western Products, Inc.<br><br>Mr. Eddins will testify, including as M&F Western's corporate representative, regarding M&F Western's business, including the acquisition of Crumrine Manufacturing Jewelers, Inc. and 3-D Belt Company, L.P. and sales of the accused products. | W | 1.5 hour |
| 2. | Cary Kraft, M&F Western Products, Inc.<br><br>Mr. Kraft will testify regarding his work as a designer in the Western jewelry and buckle industry, including his work in designing two of the cross designs accused of infringement and his of historic designs by other third parties that feature industry standard design elements, including tapered beads. | W | 2 hours |
| 3. | Jeanne Crumrine LaShelle, M&F Western Products, Inc.<br><br>Ms. LaShelle will testify regarding her work as a designer in the Western jewelry and buckle industry, including her work in engraving one of the cross designs accused of infringement and her knowledge of historic Crumrine Manufacturing Jewelers Inc.'s designs that feature industry standard design elements, including tapered beads. | W | 2 hours |
| 4. | Steve Dees, Dees Cattle.<br><br>Mr. Dees will testify regarding the sale of his company 3-D Buckle Company, L.P. and all of its intellectual property assets to M&F Western. | M | 0.5 hour |

150202416.1

| | WITNESS NAME EMPLOYER TOPIC OF TESTIMONY | WILL CALL ("W") MAY CALL ("M") UNLIKELY TO CALL ("U") | EXPECTED TESTIMONY DURATION |
|---|---|---|---|
| 5. | Chad Gist, Gist Silversmiths.<br><br>Mr. Gist will testify regarding his work as a designer and engraver in the western jewelry and buckle industry, his knowledge of the industry, and his knowledge of historic Gist designs that feature industry standard design elements, including tapered beads. | M | 1.5 hour |
| 6. | M&F Western reserves the right to call any witnesses called by Plaintiff. | | |

Dated:  November 24, 2020

Respectfully submitted,

By:  _____/Kirstin E. Larson/_____

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

*Attorneys for Defendant M&F Western Products, Inc.*

3

150202416.1

# EXHIBIT 2(c)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BERG, | § | |
| Plaintiff, | § | |
| vs. | § | Case No. 6:19-cv-418-JDK |
| | § | |
| M&F WESTERN PRODUCTS, INC., | § | |
| Defendant. | § | |

## DEFENDANT M&F WESTERN PRODUCTS, INC.'S OBJECTIONS TO PLAINTIFF'S PRETRIAL DISCLOSURES

M&F Western Products, Inc. submits the following objections to Plaintiff Robert Berg's Pretrial Disclosures. M&F Western has filed a Motion to Strike Plaintiff's Pretrial Disclosures (Dkt. 57) for failure to comply with the Court's Scheduling Order and the Federal Rules of Civil Procedure; the Court has not yet ruled on the Motion. Thus, M&F Western submits these Objections to preserve its rights and without waiving the relief sought in the Motion to Strike.

### I.     TRIAL WITNESSES

M&F Western objects to Plaintiff's calling of Robert Berg and Monique Compton on the following grounds:

Mr. Berg has known before he filed suit in this matter that he had been denied entry to the United States and would not be able to testify at trial. M&F Western has raised this issue numerous times with the Court and continues to object to his remote testimony from Vietnam (or any other country) given that he has known all along that he would be unable to testify at trial and given that his inability to attend the trial in person is not related to COVID-19. Permitting Mr. Berg's remote testimony is prejudicial to M&F Western and permitting remote testimony from Vietnam would be in contravention of international law. M&F Western reserves the right to address this issue further, including, in the context of its Motions in Limine.

M&F WESTERN'S PRETRIAL DISCLOSURES – PAGE 1

Ms. Compton has been identified as an expert witness. M&F Western objects to her testimony as an expert on the following grounds, which are not exhaustive of the grounds M&F Western will challenge her testimony at trial:

- Untimely designated;

- Lacks foundation (Fed.R.Evid. 602);

- Speculation (Fed. R. Evid. 701; *Malik & Sons, LLC v. Circle K Stores, Inc.*, No. CV 15-6938, 2017 WL 367662, at *2 (E.D. La. Jan. 25, 2017) ("Under [Rule 701 of the] Federal Rules of Evidence, speculative opinion testimony by lay witnesses— i.e., testimony not based upon the witness's perception—is generally considered inadmissible." (citing *Washington v. Dept. of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993); Fed. R. Evid. 602; *Hilderbrand v. Levi Strauss & Co.*, No. 3:09CV243-DPJ-FKB, 2011 WL 2946717, at *2-3 (S.D. Miss. July 21, 2011) (speculative testimony is not admissible); and

- Will waste time, confuse the issues, mislead the jury, cause undue delay and undue prejudice to M&F Western. Fed.R.Evid. 403.

- M&F Western reserves the right to address this issue further, including in the context of its Motions in Limine.

## II.    DESIGNATED DEPOSITION TESTIMONY

Subject to its reservation of rights in light of its pending Motion to Strike, M&F Western reserves the right to object to deposition designations to the extent that Plaintiff makes such designations on or before November 19th per M&F Western's communications with Plaintiff's counsel on this issue.

## III.    TRIAL EXHIBITS

Plaintiff failed to identify his trial exhibits with specificity, instead claiming that his trial exhibits are "All documents produced by Plaintiff and all documents produced by Defendant." M&F Western filed its Motion to Strike because of Plaintiff's failure to comply with the Court's Scheduling Order and the Federal Rules of Civil Procedure.

Dated: November 16, 2020

By: _____

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

***Attorneys for M&F Western Products, Inc.***

## Certificate of Conference

Pursuant to the requirements of the Court's First Amended Scheduling Order (Dkt. 20), I held a telephonic meet-and-confer with counsel for Plaintiff to discuss the Defendant's objections to Plaintiff's Pretrial Disclosures on November 16, 2020. The Parties did not reach resolution as to the stated objections.

By:    /Kirstin E. Larson/

## Certificate of Service

I hereby certify that on November 16, 2020, I served the foregoing on counsel via email.

Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com
Attorneys for Plaintiff Robert Berg

Tracy Brandon

# EXHIBIT 2(d)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ROBERT BERG, § | |
| § | |
| Plaintiff(s), § | |
| § | |
| v. § | CASE NO. 6:19-cv-418-JDK |
| § | |
| M & F WESTERN PRODUCTS, § | |
| INC., § | |
| § | |
| Defendant(s). § | |

## DEFENDANT'S EXHIBIT LIST[1]

| Judge Jeremy D. Kernodle | PLAINTIFF'S ATTORNEY: RICHARD LIEBOWITZ | DEFENDANT'S ATTORNEY: JOHN R. HARDIN JUDY B. JENNISON KIRSTIN E. LARSON |
|---|---|---|
| TRIAL DATE(S): January 19, 2021 | COURT REPORTER: SHEA SLOAN | COURTROOM DEPUTY: EMMA FARRIS |

| EXHIBIT NUMBER | DATE OFFERED | ADMITTED | DESCRIPTION (INCLUDING BATES NUMBER IF APPLICABLE) |
|---|---|---|---|
| M&F 1 | | | June 10, 2020 Declaration of P. Eddins in Support of Defendant's Motion for Partial Summary Judgment ("June Eddins Decl.") Dkt. 27-2Dkt. 27-2 |
| M&F 2 | | | June 9, 2020 Declaration of C. Kraft in Support of Defendant's Motion for Partial Summary Judgment ("June Kraft Decl.") Dkt. 27-3 |
| M&F 3 | | | Exhibit A to June Kraft Decl.: Program from the 1977 Leather Industries of America Award Presentation listing C. Kraft as the winner in the Men's Belts category. Dkt. 27-3, M&F000805 |

[1] M&F Western reserves the right to supplement this exhibit list from more than 3,000 pages of documents that Plaintiff produced on November 13, 2020 that relate to the *Berg v. Symons* case. M&F Western objects to this late production by Plaintiff and separately reserves the right to move to preclude Plaintiff from relying on any of these late-produced documents as evidence at trial; however, to the extent that M&F Western identifies documents in the production that are relevant to its defenses, it reserves the right to rely on such documents and will update the exhibit list accordingly.

| Exhibit Number | Date Offered | Admitted | Description (including Bates number if applicable) |
|---|---|---|---|
| **M&F 4** | | | Exhibit B to June Kraft Decl.: Corel files showing the design work of C. Kraft for a barrel buckle design in 2015. Dkt. 27-3, M&F000803-M&F000804 |
| **M&F 5** | | | June 10, 2020 Declaration of J. Crumrine LaShelle in Support of Defendant's Motion for Partial Summary Judgment ("June LaShelle Decl.") Dkt. 27-4 |
| **M&F 6** | | | Exhibit A to June LaShelle Decl.: Asset Purchase Agreement between M&F Western and Crumrine Buckle Co. Dkt. 27-4, M&F000612-M&F000630 |
| **M&F 7** | | | Exhibit B to June LaShelle Decl.: Excerpt from the 1995 fall catalog[2] of Crumrine Manufacturing Jewelers. Dkt. 27-4, M&F000003 |
| **M&F 8** | | | Exhibit C to June LaShelle Decl.: Excerpt from 2002 Crumrine Manufacturing Jewelers catalog showing additional versions of the Crumrine Buckle. Dkt. 27-4, M&F000631 |
| **M&F 9** | | | August 17, 2020 Declaration of S. Dees in Support of Defendant's Motion for Summary Judgment. Dkt. 41-1 Declaration 6 |
| **M&F 10** | | | Exhibit A to August 17, 2020 Declaration of S. Dees: Asset Purchase Agreement between M&F Western and 3-D Belt Company, L.P. Dkt. 41-1, M&F000586-M&F000611 |
| **M&F 11** | | | Copyright Assignment Agreement between 3-D Belt Company L.P. ("Assignor") and M&F Western Products, Inc. ("Assignee"). M&F001235-M&F001236 |
| **M&F 12** | | | Exhibit 1 to Copyright Assignment Agreement between 3-D Belt Company L.P. and M&F Western Products, Inc. M&F001237 |
| **M&F 13** | | | August 17, 2020 Declaration of C. Gist ("Gist Decl.") in Support of Defendant's Motion for Summary Judgment. Dkt. 41-1 Exhibit 7 |
| **M&F 14** | | | Exhibit A1 to Gist Decl.: June 4, 2020 email exchange between C. Gist and P. Eddins. Dkt. 41-1, M&F000734-M&F000735 |
| **M&F 15** | | | Exhibit A2 to Gist Decl.: images of various Gist Buckle designs. Dkt. 41-1, M&F000736 |
| **M&F 16** | | | Exhibit A3 to Gist Decl.: Gist Silversmiths design from 1996. Dkt. 41-1, M&F000737 |

---

[2] M&F Western reserves the right to use as demonstratives at trial originals of the catalogs identified as exhibits herein.

| EXHIBIT NUMBER | DATE OFFERED | ADMITTED | DESCRIPTION (INCLUDING BATES NUMBER IF APPLICABLE) |
|---|---|---|---|
| **M&F 17** | | | Exhibit A4 to Gist Decl.: Gist Silversmiths design from 1994. Dkt. 41-1, M&F000738 |
| **M&F 18** | | | Exhibit A5 to Gist Decl.: Gist Silversmiths designs from 1996. Dkt. 41-1, M&F000739 |
| **M&F 19** | | | Exhibit A6 to Gist Decl.: Gist Silversmiths design from 1996. Dkt. 41-1, M&F000740 |
| **M&F 20** | | | Exhibit A7 to Gist Decl.: A copy of a photograph showing a Gist Silversmiths design from 1994. Dkt. 41-1, M&F000741 |
| **M&F 21** | | | Exhibit A8 to Gist Decl.: Gist Silversmiths design from 1999. Dkt. 41-1, M&F000742 |
| **M&F 22** | | | Exhibit A9 to Gist Decl.: front cover of a 1987 Gist Silversmiths catalog. Dkt. 41-1, M&F000743 |
| **M&F 23** | | | Exhibit A10 to Gist Decl.: Gist Silversmiths design from 1993. Dkt. 41-1, M&F000744 |
| **M&F 24** | | | Exhibit A11 to Gist Decl.: Gist Silversmiths design from 1998. Dkt. 41-1, M&F000745 |
| **M&F 25** | | | Exhibit A12 to Gist Decl.: Gist Silversmiths design from 1998. Dkt. 41-1, M&F000746 |
| **M&F 26** | | | Exhibit A13 to Gist Decl.: Gist Silversmiths design from 1996.  Dkt. 41-1, M&F000747 |
| **M&F 27** | | | Exhibit A14 to Gist Decl.: Gist Silversmiths design from 1997. Dkt. 41-1, M&F000748 |
| **M&F 28** | | | Exhibit A15 to Gist Decl.: Gist Silversmiths Custom Bucks catalog from 1998. Dkt. 41-1, M&F000749-M&F000752 |
| **M&F 29** | | | August 18, 2020 Declaration of P. Eddins in Support of Defendant's Motion for Summary Judgment. Dkt. 41-1 Exhibit 9 |
| **M&F 30** | | | August 18, 2020 Declaration of C. Kraft in Support of Defendant's Motion for Partial Summary Judgment ("August Kraft Decl."). Dkt. 41-1 Exhibit 11 |
| **M&F 31** | | | Exhibit 1 to August Kraft Decl.: Excerpts from 1996 Leegin Brighton Out West Spring catalog featuring the designs of C. Kraft. Dkt. 41-1, M&F001292-M&F001293 |

150167918.1

| EXHIBIT NUMBER | DATE OFFERED | ADMITTED | DESCRIPTION (INCLUDING BATES NUMBER IF APPLICABLE) |
|---|---|---|---|
| **M&F 32** | | | Exhibit 1A to August Kraft Decl.: Co.: Excerpts from 1996 Leegin Brighton Out West Fall catalog featuring the designs of C. Kraft. Dkt. 41-1, M&F001294-M&F001295 |
| **M&F 33** | | | Exhibit 2 to August Kraft Decl.: buckle design #37678 from M&F Western's 2010 catalog. Dkt. 41-1, M&F000002 |
| **M&F 34** | | | Exhibit 3 to August Kraft Decl.: 32120 M&F Western Cross design from M&F Western's 2016 catalog. Dkt. 41-1, M&F000020 |
| **M&F 35** | | | Exhibit 4 to August Kraft Decl.: design of C. Kraft for M&F Western cross item 32110. Dkt. 41-1M&F000019 |
| **M&F 36** | | | Exhibit 4A to August Kraft Decl.: photograph of item 32110. Dkt. 41-1, M&F000118 |
| **M&F 37** | | | Exhibit 5 to August Kraft Decl.: print out of the Art Cam Jewelsmith PDF files from the vector graphics designs of C. Kraft. Dkt. 41-1, M&F000111, M&F000112, M&F000115 |
| **M&F 38** | | | August 18, 2020 Declaration of J. Crumrine LaShelle in Support of Defendant's Motion for Partial Summary Judgment ("August LaShelle Decl.") Dkt. 41-2 Exhibit 13 |
| **M&F 39** | | | Exhibit 1A to August LaShelle Decl.: 1995 Crumrine fall catalog showing the 1995 Crumrine Buckle. Dkt. 41-2, M&F000400-M&F000411, M&F000003 |
| **M&F 40** | | | Exhibit 1B to August LaShelle Decl.: Excerpt from Crumrine 2002 catalog depicting the "Patriot Series" buckle deigns. Dkt. 41-2, M&F000631, M&F000654 |
| **M&F 41** | | | Exhibit 1C to August LaShelle Decl.: Crumrine 2002 Retail Catalog. Dkt. 41-2, M&F000633-M&F000695 |
| **M&F 42** | | | Exhibit 1D to August LaShelle Decl.: Trinity Designs by Crumrine Catalog circa 1980. Dkt. 41-3, M&F0000761-M&F000769 |
| **M&F 43** | | | Exhibit 1E to August LaShelle Decl.: Crumrine 1994 Fall Collection Catalog. Dkt. 41-3, M&F000778-M&F000785 |
| **M&F 44** | | | Exhibit 1F to August LaShelle Decl.: Excerpts from the 1997-1998 Crumrine Land of Silver catalog. Dkt. 41-3, M&F000787-M&F000800 |
| **M&F 45** | | | Exhibit 1G to August LaShelle Decl.: Retail Price List Effective August 1, 1998 for the Land of Silver catalog. Dkt. 41-3, M&F001245-M&F001255 |

4

| Exhibit Number | Date Offered | Admitted | Description (including Bates number if applicable) |
|---|---|---|---|
| **M&F 46** | | | Exhibit 1H to August LaShelle Decl.: Crumrine 2000 Lightning Ridge flyer. Dkt. 41-3, M&F001257 |
| **M&F 47** | | | Exhibit 1I to August LaShelle Decl.: Crumrine 2001 Lightning Ridge catalog. Dkt. 41-3, M&F001259-M&F001266 |
| **M&F 48** | | | Exhibit 2 to August LaShelle Decl.: graphics J. Crumrine LaShelle received from C. Kraft and used to engrave the copper mold for the M&F Western 32110 Cross design. Dkt. 41-3, M&F000111, M&F000112, M&F000019 |
| **M&F 49** | | | Exhibit 3 to August LaShelle Decl.: color photograph of the copper mold for the M&F Western 32110 Cross design engraved by J. Crumrine LaShelle. Dkt. 41-3, M&F001244 |
| **M&F 50** | | | Exhibit 4 to August LaShelle Decl.: black and white photograph of the copper mold for the M&F Western 32110 Cross design engraved by J. Crumrine LaShelle. Dkt. 41-3, M&F000110 |
| **M&F 51** | | | Excerpts from the 1995 Crumrine Fall Catalog. M&F000399-M&F000451 |
| **M&F 52** | | | March 27, 2020 Demand letter sent by Robert Berg to Wayne Baize of Corriente Buckle. M&F000806-M&F000832 |
| **M&F 53** | | | March 27, 2020 Demand letter sent by Robert Berg to Jeff Dees of Lone Star Buckles. M&F000833-M&F000857 |
| **M&F 54** | | | March 27, 2020 Demand letter sent by Robert Berg to Stacey Sloan of Rowdy Silver. M&F000858-M&F000874 |
| **M&F 55** | | | March 27, 2020 Demand letter sent by Robert Berg to Joanne Symons of Hyo Silver. M&F000875-M&F000904 |
| **M&F 56** | | | March 27, 2020 Demand letter sent by Robert Berg to Jo and Eddie Fisher of Ridetuff. M&F000905-M&F000910 |
| **M&F 57** | | | March 27, 2020 Demand letter sent by Robert Berg to Matt Harris of Coolhorse & Champions Choice Silver.  M&F000911-M&F000924 |
| **M&F 58** | | | March 26, 2020 Demand letter sent by Robert Berg to Andy Andrews of A Cut Above Buckle. M&F001322-M&F001341 |
| **M&F 59** | | | March 26, 2020 Demand letter sent by Robert Berg to Curtis Spain of Benchmark Buckles. M&F001342-M&F001377 |
| **M&F 60** | | | March 27, 2020 Demand letter sent by Robert Berg to Kimberly Cones of K Bar Sam Buckles. M&F001378-M&F001390 |

150167918.1

| Exhibit Number | Date Offered | Admitted | Description (including Bates number if applicable) |
|---|---|---|---|
| **M&F 61** | | | April 15, 2020 Demand letter sent by Robert Berg to Rusty Badillo of RB Buckles. M&F001308-M&F001314 |
| **M&F 62** | | | April 15, 2020 Demand letter sent by Robert Berg to Chad Gist of Gist Silversmiths. M&F001315-M&F001321 |
| **M&F 63** | | | Article discussing examples of ancient cross designs and their features throughout history. M&F001267-M&F001275 |
| **M&F 64** | | | Facebook post by Robert Berg. M&F000940-M&F000942 |
| **M&F 65** | | | Facebook post by Robert Berg. M&F000955 |
| **M&F 66** | | | April 3, 2020 Email thread from Jo at Ridetuff to Paul Eddins. M&F000943-M&F000947 |
| **M&F 67** | | | March 27, 2020 Facebook post by Robert Berg. M&F000946-M&F00947 |
| **M&F 68** | | | October 15, 2018 Berg Visa Application Confirmation |
| **M&F 69** | | | Consulate letter confirming receipt of visa application |
| **M&F 70** | | | January 25, 2019 Australian police standard disclosure |
| **M&F 71** | | | Consulate visa denial letter |
| **M&F 72** | | | August 15, 2019 email from consulate denying visa |
| **M&F 73** | | | Consulate visa denial letter |
| **M&F 74** | | | Brighton Out West Catalog. M&F001292-M&F001296 |
| **M&F 75** | | | Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories |

150167918.1

Dated: November 24, 2020

By: _____

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

*Attorneys for M&F Western Products, Inc.*

**<u>Certificate of Service</u>**

I hereby certify that on November 24, 2020, I served the foregoing on counsel via UPS.

Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com
Attorneys for Plaintiff Robert Berg

_____
Kirstin Larson

150167918.1