IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(TYLER DIVISION)

| | |
|---|---|
| ROBERT BERG,<br><br>                               Plaintiff,<br><br>- against -<br><br><br>M&F WESTERN PRODUCTS, INC.<br>                               Defendant. | Docket No. 6:19-cv-00418-JDK |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S SUPERSEDING ANSWER'S AND
PLAINTIFF'S DECLARATION**

Plaintiff Robert Berg ("Plaintiff" or "Berg"), via counsel, respectfully submits this memorandum of law in opposition to Defendant M&F Western Products, Inc. ("Defendant")'s motion to strike Plaintiff's Rule 26(e) superseding interrogatories.

Defendant's motion illustrates the risk of filing premature summary judgment motions to gain unfair tactical advantage. Rather than waiting for the close of fact discovery to file a summary judgment motion, as 99.9% of litigants do in civil proceedings, Defendant wanted to "jump the gun" by filing a case-ending summary judgment motion before depositions were taken, before Plaintiff produced documents that were in the possession of his former counsel, and before the fact discovery deadline.

1

Plaintiff should not be penalized, and Defendant should not be rewarded, for such gamesmanship. Indeed, the Court has already recognized the premature nature of Defendant's second summary judgment by permitting supplementation to the factual record after Defendant's second summary judgment was fully briefed. [Dkt. #64] Had Defendant simply waited until the close of fact discovery, and allowed evidence to actually be discovered during discovery, it could have addressed its motion to documents served by Plaintiff during the entire course of discovery. The extended fact discovery deadline was November 13, 2020. [Dkt. #64] Defendant filed its secondary summary judgment motion way back on August 18, 2020 [Dkt. #41], long before discovery was complete.

On October 8, 2020, Berg signed a declaration stating that "I have been informed by Jackson Walker LLP that it will transfer my files to my current law firm and I will thereafter promptly produce to Defendant any non-privileged documents that I receive." [Dkt. #53, ¶8]

On October 30, 2020, Plaintiff's counsel received the documents from Jackson Walker, consisting of thousands of pages, and began reviewing them. See Exhibit A attached to the declaration of Richard Liebowitz.

On November 10, 2020, Plaintiff served superseding responses to Defendant's interrogatories to better reflect his theory of the case now that he had the opportunity to review documents from Jackson Walker LLP, including color copies of the Cross Design at issue. Defendant argues that such documents were available to Berg at an earlier date, but the fact of the matter is that such documents were

<u>not</u> in Berg's possession. He received them when he received them, which was <u>during</u> the fact discovery period on October 30, 2020 and after Defendant moved for its secondary summary judgment motion.

The Court specified that Berg's supplemental filing was limited "to includ[ing] relevant factual evidence discovered <u>between the original filing and the November 13, 2020 fact discovery deadline</u>." (Dkt. 64 at p. 4; emphasis added). Berg complied with the Court's Order, as he discovered additional information from Jackson Walker on October 30, 2020. He was therefore entitled to supplement his interrogatories under Rule 26(e) based on the new evidence discovered. *See Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 84 (5th Cir. 1994) ("Fed.R.Civ.P. 26(e)(2) requires counsel to supplement seasonably any discovery response 'if the party obtains information upon the basis of which (A) the party knows that the response was incorrect when made, or (B) the party knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.' Rule 26(e)(3) states that '[a] duty to supplement responses may be imposed by ... agreement of the parties.' . . . . <u>Neither subpart of Rule 26(e)(2) requires a party to amend unless one obtains information reflecting that a prior response is incorrect</u>.") (underline added).

Defendant has not been "ambushed" or surprised by Berg's amplification of his theory of the case. Berg preserved his right to argue that Defendant infringed the "Bob Berg Look" in his opposition to Defendant's second motion for summary judgment, filed on September 8, 2020. [Dkt. #47, Berg's Memo, pp. 6-9, POINT I

3

(arguing that Berg claimed copyright protection in his original arrangement, selection and combination of otherwise unprotectable elements)].

Finally, in copyright infringement actions, the works speak themselves. Berg should not be "boxed in" to early interrogatory responses. Instead the jury should have the right to consider the original versus the copy in their totality. *Playboy Enter., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 551 (N.D. Tex. 1997) (finding copyright infringement where images, presented through a side-by-side comparison, were "virtually identical" to the copyrighted images).



## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that Defendant's motion to strike should be DENIED in its entirety.

Dated:     December 8, 2020

Valley Stream, NY

**/s/richardliebowitz/**
Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
516-233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Robert Berg*

5