IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BERG, | § | |
|         Plaintiff | § | |
| vs. | § | Case No. 6:19-cv-418-JDK |
| | § | |
| M&F WESTERN PRODUCTS, INC., | § | |
|         Defendant. | § | |

**M&F WESTERN'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PRETRIAL DISCLOSURES**

The Court should deny Plaintiff's Motion for Leave to File Amended Pretrial Disclosures in which Plaintiff for the first time identifies his trial exhibits, including exhibits from the *Berg v. Symons* case (*Symons* Documents) that were withheld until November 13th. Berg's late production of the *Symons* Documents and the late disclosure of his trial exhibits is part of a continuing disregard for the Court's orders and the Civil Rules and, if allowed, prejudices M&F Western's ability to prepare for trial.[1]

M&F Western understands that the Court granted Berg permission to depose M&F Western's witnesses after the deadline for exchanging the Pretrial Disclosures had passed. Thus, M&F Western has served objections and counter-designations on Berg (Exhibit 1 hereto) and does not oppose Berg's motion as to the deposition designations themselves or the designation of witnesses.[2]

**I.  BERG SHOULD NOT BE PERMITTED TO RELY ON LATE-IDENTIFIED EXHIBITS OR EXHIBITS CONSISTING OF *SYMONS* DOCUMENTS**

Pretrial Disclosures, including identification of exhibits, were due on October 13th pursuant to the Court's First Amended Scheduling Order. (Dkt. 20) Berg did not comply—though he served "disclosures," he failed to identify any exhibits whatsoever; indeed, he failed to identify even the copyright registrations he is asserting in the case. Rather, he claimed that his exhibits are: "All documents produced by Plaintiff and all documents produced by Defendant." (Dkt. 57-1, Exhibit A to M&F Western's Motion to Strike.) M&F Western moved to strike the inadequate pretrial disclosures (Dkt. 57), and that motion is

---

[1] As M&F Western explained in its Supplemental Reply in Support of Its Motion for Partial Summary Judgment (Dkt. 76), Berg's late identification of the *Symons* Documents does not preclude summary judgment.

[2] M&F Western has, however, filed Motions in Limine regarding two of the witnesses (Mr. Berg and Ms. Compton, Dkt. 78, MILs Nos. 11 and 16) and regarding the Symons Documents (Dkt. 78, MIL No. 7.)

M&F WESTERN'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE—PAGE 1

pending. (*Id.*)

On November 13th, Berg produced over 3,000 pages of additional documents from the *Berg v. Symons* case, which he obtained from his former counsel. However, the Court had ordered him to complete his production of documents in the possession of former counsel by August 13th, admonishing him that failure to comply may result in sanctions.[3] (Dkt. 39 at pp. 4-5.) On November 24th, and without the Court's leave, Berg filed his Exhibit List as Exhibit 1(d) to the Joint Pretrial Order (Dkt. 82), listing 15 exhibits that consist of various *Symons* Documents and 30 additional exhibits that he also failed to identify by October 16th. M&F Western still has not received Berg's numbered copies of the exhibits (which were due to be served on M&F Western by November 24th pursuant to the Scheduling Order).

Berg's continuing pattern of failing to comply with the Court's Orders and the Federal Rules of Civil Procedure has prejudiced M&F Western. (Dkt. 57.) He has now identified 45 trial exhibits, including 15 exhibits from the *Symons* Documents.[4] But, he should not be permitted to rely on the *Symons* Documents given that he withheld them until the end of the case, despite the fact that they were within his possession, custody or control within the meaning of the Civil Rules all along:

> The concept of custody or control is a broad one: Information is deemed to be within a party's custody or control 'if the party has actual possession ... or has the legal right to obtain the documents on demand.' Hence, many courts consider things in the possession of a party's attorney—*even a party's former attorney*—to be within that party's custody or control for the purposes of Civil Rule 34.

*McGraw-Hill Glob. Educ., LLC v. Griffin*, No. 5:14-CV-00042-TR-LLK, 2015 WL 9165965, at *1 (W.D. KY Dec. 16, 2015) (internal citations omitted; emphasis added); *see e.g.*, *United States v. Berkeley Heartlab, Inc.*, No. 9:14-cv-00230-RMG, 2017 WL 1282012, at *3 (D.S.C. Apr. 5, 2017) ("For discovery purposes, a party is generally considered to have possession and control over documents in the possession of its current or former legal counsel"); *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014) (ruling that a

---

[3] Of course, Berg knew about these documents since long before the inception of this case given that he was the Plaintiff in the *Berg v. Symons* case. Likewise, Mr. Liebowitz has known about the *Berg v. Symons* case since at least December 26, 2019 when M&F Western alerted him to the case. (Exhibit 2 at 4.) Yet Berg withheld the documents until November 13th.

[4] The exhibits consisting of *Symons* Documents, which Berg has belatedly identified, are indicated with RB production numbers, *i.e.*, Exhibits 2, 4, 8, 11-20, 24-25.

party has control of documents where a party's attorney or former attorney has control, custody, or possession of those documents); *Poole ex rel. Elliott v. Textron*, *Inc.* 192 F.R.D. 494, 501 (D. Md. 2000) (holding that "documents in the possession, custody or control of a party's attorney or former attorney are within the party's 'control' for the purposes of Rule 34"). Nor should he be permitted to rely on any of the other late-identified trial exhibits. M&F Western has not had the opportunity to fully review or conduct discovery regarding the late-produced *Symons* Documents and the late identification of the remaining exhibits is also prejudicial in that Berg has effectively and unilaterally disrupted the pre-trial process for reviewing exhibits and providing objections.[5]

As discussed in M&F Western's Motion to Strike and its Motion in Limine No. 7 (Dkt. 78), Berg and his counsel are not above the rules and should not be allowed to profit from their continued gamesmanship. M&F Western recognizes that the Court has indicated that it would like the parties to focus on the merits of the case (and M&F Western has done so), yet Berg's counsel's disregard for the rules has caused and continues to cause prejudice to M&F Western. M&F Western takes no pleasure in pointing out opposing counsel's latest professional difficulties but draws the Court's attention to a November 30th decision wherein the full Committee on Grievances for the Southern District of New York unanimously suspended Mr. Liebowitz from practicing in the Southern District of New York effective as of November 30th pending the outcome of the grievance proceedings. This recent decision is relevant because the Committee recognized that his practices have already caused prejudice and are likely to continue to do so absent a suspension: "The preliminary remedy of an interim suspension is available to the Committee in situations where it is appropriate *to protect the public* from future disciplinary violations of a respondent during the pendency of proceedings before this Committee." *In the Matter of Richard Liebowitz*, 1:19-cv-06368-JMF (S.D.N.Y. Nov. 30, 2020) (emphasis added). In other words, the full Committee recognized that Mr. Liebowitz's practices present a danger to the public, which is compelling and independent evidence that the type of conduct Mr. Liebowitz has engaged in in this case is prejudicial.

---

[5] M&F Western maintains its objection to changing the trial date as a remedy for Berg's violation of the Court's Orders and the Civil Rules.

M&F WESTERN'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE—PAGE 3

150415195.2

Likewise, Berg's failure to comply with his discovery obligations has been well documented. In particular, Berg failed to comply with mandatory disclosures, ultimately leading to the Court compelling him to produce relevant documents by August 13, 2020 and requiring that he simultaneously submit a declaration identifying the search he undertook and its results with appropriate details. (Dkt. 39 at pp. 4-5.) That declaration was not forthcoming until October 8th, 2020, was facially lacking, and is subject itself to a Motion to Show Cause why Berg himself should not be held in contempt and why the case should not be dismissed. (Dkt. 59.)

## II.     CONCLUSION

For the reasons set forth, M&F Western respectfully requests that the Court deny Berg's Motion with regard to the late-identified trial exhibits as a sanction for his failure to comply with the Court's Orders (Dkt. 20 and Dkt. 39) and on the grounds that his failure to comply has prejudiced M&F Western.

...
...

Dated:  December 9, 2020

Respectfully submitted,

By:  */s/ Kirstin E. Larson*

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

***Attorneys for M&F Western***

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2020, I caused copies of the foregoing document to be served via email on the counsel of record in this matter.

*/s/ Kirstin E. Larson*
Kirstin E. Larson