IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BERG, | § | |
|     Plaintiff | § | |
| vs. | § | Case No. 6:19-cv-418-JDK |
| | § | |
| M&F WESTERN PRODUCTS, INC., | § | |
|     Defendant. | § | |

**APPENDIX IN SUPPORT OF M&F WESTERN'S RESPONSE TO PLAINTIFF'S MOTION**

**FOR LEAVE TO FILE AMENDED PRETRIAL DISCLOSURES**

Pursuant to Local Rule CV 7(a), Defendant M&F Western Products, Inc. notifies the Court of the following authorities supporting M&F Western's Response to Plaintiff's Motion for Leave to File Amended Pretrial Disclosures, copies of which are submitted herewith.

- *McGraw-Hill Glob. Educ., LLC v. Griffin,* No. 5:14-CV-00042-TR-LLK, 2015 WL 9165965, at *1 (W.D. KY Dec. 16, 2015)

- *United States v. Berkeley Heartlab, Inc.,* No. 9:14-cv-00230-RMG, 2017 WL 1282012, at *3 (D.S.C. Apr. 5, 2017)

- *In the Matter of Richard Liebowitz*, 1:19-cv-06368-JMF (S.D.N.Y. Nov. 30, 2020) (emphasis added)

Dated:  December 9, 2020　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By:   */s/ Kirstin E. Larson*

　　　　　　　　　　　　　　　　　　　　John R. Hardin
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24012784
　　　　　　　　　　　　　　　　　　　　JohnHardin@perkinscoie.com
　　　　　　　　　　　　　　　　　　　　PERKINS COIE LLP
　　　　　　　　　　　　　　　　　　　　500 N. Akard St. Suite 3300
　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　　Phone: 214-965-7700
　　　　　　　　　　　　　　　　　　　　Facsimile: 214-965-7799

　　　　　　　　　　　　　　　　　　　　Judith B. Jennison
　　　　　　　　　　　　　　　　　　　　Washington State Bar No. 36463
　　　　　　　　　　　　　　　　　　　　JJennison@perkinscoie.com
　　　　　　　　　　　　　　　　　　　　Kirstin E. Larson
　　　　　　　　　　　　　　　　　　　　Washington State Bar No. 31272
　　　　　　　　　　　　　　　　　　　　KLarson@perkinscoie.com
　　　　　　　　　　　　　　　　　　　　PERKINS COIE LLP
　　　　　　　　　　　　　　　　　　　　1201 Third Avenue, Suite 4900
　　　　　　　　　　　　　　　　　　　　Seattle, WA 98101-3099
　　　　　　　　　　　　　　　　　　　　Tel: 206-359-8000
　　　　　　　　　　　　　　　　　　　　Fax: 206-359-9000

　　　　　　　　　　　　　　　　　　　　***Attorneys for M&F Western***

## CERTIFICATE OF SERVICE

I certify that on December 9, 2020, the foregoing was filed with the Court's electronic filing system, which served a copy on all counsel of record.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Kirstin E. Larson

Case 6:19-cv-00418-JDK    Document 88-3    Filed 12/09/20    Page 3 of 11 PageID #: 2820

McGraw-Hill Global Education, LLC v. Griffin, Not Reported in Fed. Supp. (2015)
2015 WL 9165965

2015 WL 9165965
Only the Westlaw citation is currently available.
United States District Court, W.D. Kentucky,
Paducah Division.

MCGRAW-HILL GLOBAL EDUCATION, LLC, et al., Plaintiffs,
v.
David GRIFFIN, et al., Defendants.

CIVIL ACTION NO. 5:14-CV-00042-TR-LLK
|
Signed December 15, 2015
|
Filed December 16, 2015

**Attorneys and Law Firms**

E. Kenly Ames, English, Lucas, Priest & Owsley LLP, Bowling Green, KY, Kerry M. Mustico, Matthew J. Oppenheim, Oppenheim + Zebrak Law, LLP, Washington, DC, for Plaintiffs.

Clyde Whittaker Steineker, Bradley Arant Boult Cummings LLP, Birmingham, AL, Charles M. Pritchett, Jr., Frost Brown Todd LLC, R. Kent Westberry, Bridget M. Bush, Landrum & Shouse, LLP, Louisville, KY, James L. Deckard, Hurt, Deckard & May PLLC, Lexington, KY, Jason M. Bergeron, Joseph Allen Kelly, William L. Campbell, Frost Brown Todd LLC, Nashville, TN, Jonathan David Davis, Jonathan D. Davis, P.C., New York, NY, for Defendants.

**MEMORANDUM OPINION**

Thomas B. Russell, Senior Judge, United States District Court

*1 The attorney-client relationship between Frost Brown Todd LLC and David Griffin ended in October 2015. Griffin has since moved on, having started a new attorney-client relationship with Landrum & Shouse LLP and Hurt, Deckard & May, PLLC. Frost Brown Todd would like to do the same. It petitions this Court to withdraw as Griffin's counsel of record. R. 256 at 1–2 (Motion to Withdraw). But McGraw-Hill Global Education, LLC wants Frost Brown Todd to stay put for a bit longer. R. 257 at 1–3 (Response in Opposition). According to McGraw-Hill, there are genuine disagreements about whether Griffin has complied with his discovery obligations. Id. at 2. Having served as Griffin's counsel during that time, McGraw-Hill says that Frost Brown Todd will be able to offer insight into the dispute and should not be allowed to withdraw until it concludes. Id. McGraw-Hill also worries that Frost Brown Todd's departure will foreclose the possibility of obtaining sanctions against it for alleged discovery misconduct. Id. at 2–3. However, because Frost Brown Todd has complied with this District's Local Rules and its withdrawal will not work severe prejudice on any concerned party, the Motion to Withdraw (R. 256) is **GRANTED**.

This Court has broad discretion to determine whether and under what terms to allow an attorney to withdraw as counsel of record. *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009). Generally, courts in this Circuit embrace applicable local rules (and the Model Rules of Professional Conduct) to guide that inquiry. *Id.* at 538. In the Western District of Kentucky, Local Rule 83.6 governs the substitution or withdrawal of counsel. It reads, in pertinent part:

> [A]n attorney of record may withdraw from a case only under the following circumstances:
>
> ....
>
> (b) The attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose.

LR 83.6(b). Where an attorney's request satisfies those benchmarks, leave to withdraw should be freely given absent a showing of "severe prejudice" to a litigant or other third-party. *Brandon*, 560 F.3d at 538 (citing *Fid. Nat'l Title Ins. Co. of N.Y. v. Intercountry Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002) (Easterbrook, J.)). Prejudice must be measured "in light of the 'weighty policy reasons to allow withdrawal.' " *King v. Curtis*, 610 Fed.Appx. 534, 537–38 (6th Cir. 2015) (quoting *Brandon*, 560 F.3d at 538).

Contrary to McGraw-Hill's suggestion, the Court sees no compelling reason to deny Frost Brown Todd's otherwise reasonable request to withdraw. *First*, withdrawal will not frustrate McGraw-Hill's discovery efforts. To the extent that Frost Brown Todd has retained relevant and unprivileged documents, for example, McGraw-Hill should be able to obtain them from Griffin under Federal Rule of Civil Procedure 34. Civil Rule 34 allows a party to request things "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). The concept of custody or control is

Case 6:19-cv-00418-JDK   Document 88-3   Filed 12/09/20   Page 4 of 11 PageID #: 2821

McGraw-Hill Global Education, LLC v. Griffin, Not Reported in Fed. Supp. (2015)
2015 WL 9165965

a broad one: Information is deemed to be within a party's custody or control "if the party has actual possession ... or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (emphasis omitted) (citing *Resolution Tr. Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992); *Weck v. Cross*, 88 F.R.D. 325, 327 (N.D. Ill. 1980)). Hence, many courts consider things in the possession of a party's attorney—even a party's former attorney—to be within that party's custody or control for purposes of Civil Rule 34. *See, e.g.*, *Johnson v. Askin Capital Mgmt., L.P.*, 202 F.R.D. 112, 114 (S.D.N.Y. 2001) ("[T]he clear rule is that documents in the possession of a party's *current or former* counsel are deemed to be within that party's 'possession, custody and control.' " (quoting *MTB Bank v. Fed. Armored Express, Inc.*, No. 93 CIV. 5594(LBS), 1998 WL 43125, at *4 (S.D.N.Y. Feb. 2, 1998)) (internal quotation marks omitted)); *see also Marshall v. Town of Merrillville*, No. 2:14-CV-50-TLS, 2015 WL 4232426, at *7 (N.D. Ind. July 13, 2015); *Hill v. Asset Acceptance, LLC*, No. 13CV1718-BEN (BLM), 2014 WL 3014945, at *7 (S.D. Cal. July 3, 2014); *Triple Five of Minn., Inc. v. Simon*, 212 F.R.D. 523, 527 (D. Minn. 2002), *adopted by* No. Civ.99-1894 PAM/JGL, 2002 WL 1303025 (D. Minn. June 6, 2002); *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000). And even if unobtainable under Civil Rule 34 for whatever reason, Frost Brown Todd would still be amenable to this Court's subpoena power under Civil Rule 45. *See, e.g.*, *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006) (discussing, in dictum, the use of a Civil Rule 45 subpoena to obtain documents from prior counsel). In short, the abstract possibility of minor discovery complications falls well short of showing the "severe prejudice" needed to defeat Frost Brown Todd's motion to withdraw.

**\*2** *Second*, the specter of possible Civil Rule 37 sanctions adds nothing to the calculus. Frost Brown Todd's departure will not insulate it from the consequences of any past discovery conduct. "Just as courts retain jurisdiction to apply Rule 37 sanctions after a case has been dismissed, a court may hold an attorney responsible for discovery noncompliance even after he or she has been relieved as counsel." *Hakim v. Leonhardt*, 126 Fed.Appx. 25, 26 (2d Cir. 2005) (per curiam) (Jacobs, Pooler, and Sotomayor, JJ.) (citing *Heinrichs v. Marshall & Stevens Inc.*, 921 F.2d 418, 421 (2d Cir. 1990)). But to remove all doubt, the Court will retain jurisdiction over Frost Brown Todd and its attorneys for purposes of adjudicating any motion for Civil Rule 37 sanctions related to the firm's conduct specifically—as opposed to Griffin's litigation conduct generally. *See Skyline Steel, LLC v. PilePro, LLC*, No. 13-CV-8171 (JMF), 2015 WL 1000145, at *2 (S.D.N.Y. Mar. 5, 2015) (retaining jurisdiction over law firms to impose fees and costs related to litigation conduct); *see also Hakim*, 126 Fed.Appx. at 26 ("[T]he court may condition the grant of the motion to withdraw upon [counsel's] presence at the Rule 37 proceeding."); LR 83.6(b) (allowing Court to condition withdrawal "on whatever terms the Court chooses to impose").

For the reasons discussed above, Frost Brown Todd LLC's Motion to Withdraw (R. 256) is **GRANTED**. An appropriate Order will issue separate from this Memorandum Opinion.

**All Citations**

Not Reported in Fed. Supp., 2015 WL 9165965

---

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.

Case 6:19-cv-00418-JDK   Document 88-3   Filed 12/09/20   Page 5 of 11 PageID #: 2822

United States ex rel. Lutz v. Berkeley Heartlab, Inc., Not Reported in Fed. Supp. (2017)
2017 WL 1282012

2017 WL 1282012
Only the Westlaw citation is currently available.
United States District Court, D.
South Carolina, Charleston Division.

UNITED STATES of
America, et al., Plaintiffs,
EX REL. Scarlett LUTZ,
et al., Plaintiffs-Relators,
v.
BERKELEY HEARTLAB,
INC., et al., Defendants.

Civil Action No. 9:14-cv-00230-RMG, Consolidated
with 9:11-cv-1593-RMG, and 9:15-cv-2458-RMG
|
Signed 04/05/2017

**Attorneys and Law Firms**

Donald H. Caldwell, Jr., U.S. Attorney's Office, James F. Wyatt, III, Robert Adams Blake, Jr., Wyatt and Blake, Charlotte, NC, Elizabeth A. Strawn, Mary Chris Dobbie, Michael David Granston, Michael Edmund Shaheen, Patricia Hanower, US Department of Justice, Steven N. Berk, Berk Law PLLC, Peter Wilson Chatfield, Phillips and Cohen, Washington, DC, Gill Paul Beck, Sr., United States Attorneys Office, Asheville, NC, James C. Leventis, Jr., Jennifer J. Aldrich, US Attorneys Office, John Daniel Kassel, John D. Kassel Law Firm, Columbia, SC, Douglas Edwards Roberts, Marc S. Raspanti, Michael A. Morse, Pamela Coyle Brecht, Pietragallo Gordon Alfano Bosick and Raspanti LLP, Philadelphia, PA, William J. Tuck, Darlington, SC, Eric James Buescher, Justin Theodore Berger, Niall P. McCarthy, Cotchett Pitre and McCarthy, Burlingame, CA, William Alexander Coates, Roe Cassidy Coates and Price, Greenville, SC, for Plaintiffs.

Joseph P. Griffith, Jr., Joseph P. Griffith Law Firm, Morris Dawes Cooke, Jr., Bradley Bruce Banias, Christopher M. Kovach, Barnwell Whaley Patterson and Helms LLC, Matthew R. Hubbell, Charleston, SC, Beattie B. Ashmore, Beattie B. Ashmore Law Office, Greenville, SC, Christopher R. Hall, Nicholas J. Nastasi, Saul Ewing LLP, Philadelphia, PA, Brian P. Dunphy, Matthew D. Levitt, Michael S. Gardner, Mintz Levin Cohn Ferris Glovsky and Popeo, Boston, MA, Hope Schwarz Foster, Mintz Levin Cohn Ferris Glovsky and Popeo, Washington, DC, for Defendants.

**ORDER and OPINION**

Richard Mark Gergel, United States District Court Judge

*1 This matter is before the Court on Plaintiff United States of America's motion to compel Defendants BlueWave Healthcare Consultants, Inc., Floyd Calhoun Dent, III, and Robert Bradford Johnson (collectively, the "BlueWave Defendants") to produce "all information in their custody and control relating to the communications they received from counsel regarding the conduct at issue in this case, including but not limited to all relevant information currently in the possession of the following lawyers and law firms: (1) Gene Sellers and other attorneys at the Law Offices of Gene Sellers; (2) John Galese and other attorneys at the Law Offices of Galese & Ingram, P.C.; (3) attorneys at Balch & Bingham LLP; and (4) attorneys at White Arnold & Dowd, P.C." (Dkt. No. 350 at 2.) For the reasons set forth below, the motion is **GRANTED**.

**I. Background**

The Government has filed a complaint in intervention against the BlueWave Defendants and Tonya Mallory alleging violations of the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33. (Dkt. No. 75.) The alleged FCA violations arise from BlueWave's marketing of laboratory tests for two laboratory companies, Health Diagnostic Laboratory, Inc. ("HDL"), and Singulex, Inc. ("Singulex"), between 2010 and 2015. The Government has alleged that Defendants violated the FCA when they engaged in multiple kickback schemes to induce physicians to refer blood samples to HDL and Singulex for large panels of blood tests, many of which were medically unnecessary. The Government's allegations detail three illegal kickback schemes: (1) receiving kickbacks from HDL and Singulex in exchange for recommending and arranging for referrals of federal beneficiaries to HDL and Singulex for testing; (2) offering and facilitating processing and handling fees to referring physicians to induce referrals of federal beneficiaries to HDL and Singulex; and (3) waiving copayments owed by TRICARE beneficiaries to induce those patients to be tested by HDL and Singulex. (Dkt. No. 75.) The Government alleges that the kickback schemes violated the Anti-Kickback Statute, resulted in false claims submitted to the Medicare and TRICARE programs, and caused the

Case 6:19-cv-00418-JDK    Document 88-3    Filed 12/09/20    Page 6 of 11 PageID #: 2823

United States ex rel. Lutz v. Berkeley Heartlab, Inc., Not Reported in Fed. Supp. (2017)
2017 WL 1282012

Government to pay HDL more than $330 million. Prior to this lawsuit, the United States issued a Civil Investigative Demand upon the Defendants in December 2013 in connection with an investigation by the Office of Inspector General ("OIG"). (Dkt. No. 366 at 6.)

In their Amended Answer, the BlueWave Defendants asserted several affirmative defenses, including good faith reliance on advice of counsel:

> Defendants BlueWave, Dent, and Johnson acted in good faith reliance on counsel, including, but not limited to, the legal opinions/advice of attorney Gregory B. Root dated December 27, 2007 and January 2, 2008, the legal opinion/advice of attorney Michael F. Ruggio dated April 27, 2012 (said opinion attached hereto and incorporated herein by reference as Exhibit A), and the advice of attorney Gene Sellers with respect to BlueWave's contracts with HDL, Singulex and its independent contractors.

 *2  (Dkt. No. 267 at 25.) In March 2016, the Government served its First Set of Document Requests on the BlueWave Defendants, seeking information related to the advice and opinions that the BlueWave Defendants solicited and received from counsel regarding the kickback schemes outlined above while those schemes were ongoing. (Dkt. No. 350-1 at 6.) Specifically, the Government seeks documents and communications relevant to advice the BlueWave Defendants received from counsel from 2008 through July 2014 (for the processing and handling fee scheme) and from 2008 through January 2015 (for the sales contracts and waiver of copays and deductibles schemes). (Dkt. No. 372 at 3 n.1.) The Government is not seeking any discovery from the BlueWave Defendants' current trial counsel.

The parties disagree about whether the BlueWave defendants have waived attorney-client privilege with regard to communications about the conduct at issue in this case for counsel who advised them during the OIG investigation that began in 2012. The Government contends that by asserting affirmative defenses based on good faith reliance on counsel, the BlueWave Defendants have "not only waived any claims of attorney-client privilege as to the advice upon which they plan to rely in defending this case, they also waived the protections afforded by the attorney-client privilege as to *all* information regarding: (1) the sales contracts BlueWave entered into with HDL and Singulex; (2) the P&H fees; and (3) the waiver of TRICARE copays and deductibles." ((Dkt. No. 350-1 at 6-7) (emphasis in original)). The BlueWave Defendants argue that they have not waived their attorney-client privilege with regard to litigation-related documents and communications with former counsel who advised them during the OIG investigation. (Dkt. No. 366 at 13.)

**II. Scope of Discovery**
Rule 26(b)(1) outlines the scope of discovery:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A party may object that a document production request exceeds the scope of discovery permitted by Rule 26(b)(1); that it should be denied for the grounds stated in Rule 26(b)(2)(C); that it impermissibly requests privileged or work product material, *see* Fed. R. Civ. P. 26(b)(3); or that documents should not be produced without implementation of a protective order, *see* Fed. R. Civ. P. 26(c).

Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). To the extent that the items at issue are relevant and properly discoverable, taking into consideration the proportionality factors under Rule 26(b)(2)(C), and to the extent that they have not been produced, a court should grant a motion to compel, but if the items are not relevant or discoverable, the motion should be denied. *See Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 360 (D. Md. 2012). Whether or not to grant a motion to compel is at the discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

 *3  For discovery purposes, a party is generally considered to have possession and control over documents in the possession of its current or formal legal counsel. *See Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014) (ruling that a party has control of documents where a party's attorney or former attorney has control, custody, or possession

Case 6:19-cv-00418-JDK   Document 88-3   Filed 12/09/20   Page 7 of 11 PageID #: 2824

United States ex rel. Lutz v. Berkeley Heartlab, Inc., Not Reported in Fed. Supp. (2017)
2017 WL 1282012

of those documents); *see also Poole ex re. Elliott v. Textron*, 192 F.R.D. 494, 501 (D. Md. 2000) (holding that "documents in the possession, custody or control of a party's attorney or former attorney are within the party's control for the purposes of Rule 34").

### III. Attorney-Client Privilege Waiver

In the Fourth Circuit, the attorney-client privilege exists when

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Subpoena*, 341 F.3d 331, 335 (4th Cir. 2003), quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (per curiam) (omitting internal citations). The party asserting the privilege, in this case the BlueWave Defendants, must "establish not only that an attorney-client relationship existed, but also that the particular communications at issue are privileged and that the privilege was not waived." *Id.*, 341 F.3d at 335 (quoting *Jones*, 696 F.2d at 1072) (internal quotation marks and citations omitted).

A party can waive the attorney-client privilege by "asserting reliance on the advice of counsel as an affirmative defense, thereby placing that advice directly at issue." *Smith v. Scottsdale Ins. Co.*, 40 F. Supp. 3d 704, 724 (N.D.W. Va. 2014). When a party asserts an advice of counsel defense, he waives the attorney-client privilege as to the entire subject matter of that defense: "Were the law otherwise, the client could selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process." *XYZ Corp. v. United States*, 348 F.3d 16, 24 (1st Cir. 2003). Even if a defendant claims to have relied on the legal advice of one attorney, any relevant advice he received from other attorneys is also discoverable because it "bears on the issue of their reasonable reliance." *In re Gaming Lottery Sec. Litig.*, No. 96 CIV. 5567, 2000 WL 340897, at *2 (S.D.N.Y. Mar. 30, 2000).

Courts in this Circuit have found that when a party asserts an advice of counsel defense that the privilege waiver applies to advice received during the entire period the misconduct is alleged to have been ongoing—even up to and during trial. *See AKEVA L.L.C. v. Mizuno Corp*, 243 F. Supp. 2d 418, 423 (M.D.N.C. 2003) ("[O]nce a party asserts the defense of advice of counsel, this opens to inspection the advice received during the entire course of the alleged infringement. Consequently, the waiver of attorney-client privilege or work-product protection covers all points of time, including up through trial."); *LifeNet, Inc. v. Musculoskeletal Transplant Found., Inc.*, 490 F. Supp. 2d 681, 688 (E.D. Va. 2007) (ordering Defendant to produce communications from trial counsel after Defendants asserted an advice of counsel defense, because "excluding trial counsel from the scope of the waiver would permit a party to use the attorney-client privilege as both a sword and a shield").

*4 Here, the Government has alleged that the conduct at issue took place from 2008 through July 2014 (with regard to the processing and handling scheme) and from 2008 through January 2015 for the sales contracts and waiver of copays and deductibles schemes. By pleading an affirmative advice of counsel defense to the Government's complaint[1], Defendants placed their communications with counsel at issue and so waived attorney-client privilege as to all information relating to their communications with counsel during the OIG investigation about the conduct at issue in this case.

---

[1] Defendants assert in their Response that "The advice of counsel defense contemplated ... is for business and planning opinion advice received in 2010 through 2012 *before* setting off on the course of conduct which later precipitated the OIG investigation and the filing of the instant suit." ((Dkt. No. 366 at 8-9) (emphasis in original).) Defendants cannot narrow the scope of their affirmative defense in their briefings on this motion to compel when the defense asserted in their amended answer was not so limited. (Dkt. No. 267 at 25.)

### IV. Work Product Waiver

The Government has requested information solely within the control of the BlueWave Defendants' former counsel, and the BlueWave Defendants have objected to those requests based on attorney-client privilege *and* the work product protection. In contrast to the attorney-client privilege, the work product doctrine protects "documents and tangible things" prepared in anticipation of litigation that are both non-privileged

Case 6:19-cv-00418-JDK   Document 88-3   Filed 12/09/20   Page 8 of 11 PageID #: 2825

United States ex rel. Lutz v. Berkeley Heartlab, Inc., Not Reported in Fed. Supp. (2017)
2017 WL 1282012

and relevant. Fed. R. Civ. P. 26(b)(3). "The attorney-client privilege and the work-product doctrine, though related, are two distinct concepts and waiver of one does not necessarily waive the other." *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1300 (Fed. Cir. 2006). The assertion of an advice of counsel defense can waive the work product protection. See *JJK Mineral Co., LLC v. Swiger*, 292 F.R.D. 323, 336 (N.D.W. Va. 2013). Some courts have found that, when a party asserts an advice of counsel defense, the work product waiver only applies to work product that has been communicated to the party asserting the affirmative defense:

> Finally, in explaining the scope of the waiver of attorney-client privilege and work product immunity, *EchoStar*, 448 F.3d at 1303 n.4, the Federal Circuit cited favorably to *Akeva*, supra, which held that "all opinions received by the client relating to infringement must be revealed, even if they come from defendants' trial attorneys...." *Akeva*, 243 F. Supp. 2d at 423. The reasoning of the *EchoStar* opinion, as well as the supporting citation to *Akeva,* indicates that the Federal Circuit would extend this waiver to all attorney/client relationships, irrespective of whether it involves trial counsel or not. *Beck,* 2006 WL 2037356, *5, 2006 U.S. Dist. LEXIS 53963, at *16 n. 1. Simply stated, if there are previously privileged trial counsel materials that would shed light on MTF's state-of-mind concerning continuing willful infringement, those documents and memoranda are discoverable. "It is what the alleged infringer knew or believed ... that informs the court of an infringer's willfulness," *EchoStar*, 448 F.3d at 1303, regardless of who conveyed the information.

*LifeNet, Inc. v. Musculoskeletal Transplant Found., Inc.*, 490 F. Supp. 2d 681, 689 (E.D. Va. 2007). Other courts have found that, when a party asserts an advice of counsel defense, the waiver of the work product protection extends to "uncommunicated work product." *Chiron Corp. v. Genentech, Inc.*, 179 F. Supp. 2d 1182, 1189-90 (E.D. Cal. 2001) (listing cases). In this case, the Court finds this second group of decisions more compelling because to oppose the BlueWave Defendants' advice of counsel defense, the Government must be able to discover the following about the relevant contracts and kickback schemes:

> *5 discover the information that was conveyed by [Defendants] to counsel and vice-versa; discover what facts were provided by [Defendants] to [their counsel]; discover what facts [Defendants' counsel] may have obtained from any other sources other than Defendants; discover the legal research conducted by and considered by [Defendants' counsel]; discover the opinions that [Defendants' counsel] gave [Defendants] and discover whether [Defendants] selectively ignored any of the facts and opinions given [them] by [their counsel] in reaching a decision ...

*JJK,* 292 F.R.D. at 337-38. For this reason, the Court considers the scope of the work product waiver in this case to extend to uncommunicated work product.

## V. Bankruptcy Litigation

The HDL bankruptcy litigation pending in Virginia has no impact on the disposition of this motion to compel. (Dkt. No. 366 at 11-12.) HDL's bankruptcy litigation implicated privilege issues with regard to the Government's previous motion to compel against Defendant Mallory only because she was the former CEO of HDL. The BlueWave Defendants have no such connection to the HDL bankruptcy litigation.

## VI. Conclusion

For the reasons set forth above, the Government's motion (Dkt. No. 350) to compel production of documents by the BlueWave Defendants is **GRANTED**. The BlueWave Defendants are ordered to produce all documents in their custody and control relating to the communications they received from counsel about the conduct at issue in this case, including information currently in the possession of their former counsel.

**AND IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2017 WL 1282012

---

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2020 Thomson Reuters. No claim to original U.S. Government Works.   4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
In the Matter of                                      :    M-2-238
                                                      :
Richard Liebowitz,                                    :    **AMENDED ORDER**
                                                      :
                    Respondent.                       :
------------------------------------------------------X

      This matter comes before the Committee on Grievances for the Southern District of New York (the "Committee") to consider the imposition of discipline against respondent Richard Liebowitz ("Respondent") based upon charges brought against him by the Committee on August 5, 2020 (the "Charges"), to which Respondent responded on September 25, 2020. Given the current status of the investigation as confidential, both the Charges and the investigation underlying their imposition are referenced without detail in this Order.

      The full Committee (consisting of Chief Judge McMahon, Judges Castel, Daniels, Nathan, Stanton, Vyskocil, Magistrate Judges Aaron, Cott, and McCarthy, and the undersigned as Chair) has now reviewed Respondent's submission, as well as the record developed during the Committee's investigation. After careful deliberation, the Committee is unanimously of the view that the Charges are strongly supported by the record. What is more, the Committee is unanimously of the view that interim disciplinary measures against Respondent must be put in place immediately.

      The preliminary remedy of an interim suspension is available to the Committee in situations where it is appropriate to protect the public from future disciplinary violations of a respondent during the pendency of proceedings before this Committee. The record in this case — which includes Respondent's repeated disregard for orders from this Court and his unwillingness to change despite 19 formal sanctions and scores of

other admonishments and warnings from judges across the country — leads the Committee to the view that recurrence is highly likely. In short, in light of the nature and seriousness of the Charges, the strength of the record supporting those Charges, and the risk and danger of recurrence, the Committee concludes that an interim suspension of Respondent from the practice of law before this Court pending final adjudication of the charges against him is warranted. In the exercise of its discretion, the Committee will defer the final adjudication of the charges against Respondent currently pending before this Committee, as well as any other charges this Committee sees fit to bring against Respondent in the future as part of these disciplinary proceedings, until after Respondent has had an opportunity to present his defense to the Charges at an evidentiary hearing before a Magistrate Judge of this Court.

Accordingly, for the reasons set forth above, Respondent is hereby suspended from practicing law in the Southern District of New York, effective the date hereof, pending the outcome of these proceedings and until further order of this Court. It is further ordered that Respondent is commanded to desist and refrain from the practice of law in the Southern District of New York in any form, either as principal or agent, clerk or employee of another; that Respondent is forbidden to appear as an attorney or counselor-at-law before any judge or Court in the Southern District of New York; that Respondent is forbidden to give another an opinion as to the law or its application or advice in relation thereto as to any matter in the Southern District of New York, all effective the date hereof, until such time as disciplinary matters pending before

the Committee have been concluded and until further order of this Court.

Dated: November 30, 2020
       New York, New York

                                    SO ORDERED.

Katherine Polk Failla
*Chair, Committee on Grievances of the United States District Court for the Southern District of New York*