IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ROBERT BERG,** § | | |
| § | | |
| **Plaintiff** § | | |
| § | | |
| vs. § | Case No. 6:19-cv-418-JDK | |
| § | | |
| **M&F WESTERN PRODUCTS, INC.,** § | | |
| § | | |
| **Defendant.** § | | |

## REPLY IN SUPPORT OF M&F WESTERN'S MOTION TO STRIKE PLAINTIFF'S SUPERSEDING ANSWERS AND PLAINTIFF'S DECLARATION[1]

In a desperate attempt to avoid summary judgment, Plaintiff pivoted, changing his theory of what is covered by his copyrights at the eleventh hour, and claiming that his new position is justified because he only recently received 3,000 pages of *Symons* Documents from his former lawyers. It is black letter law that a party cannot avoid summary judgment by offering a new theory of infringement. And it makes no sense that Berg, the designer of the asserted crosses, is now arguing that he needed the *Symons* Documents to determine which design elements in his own cross are protectable under copyright law. Berg's Response is an exercise in deflection and misdirection: (1) Berg blames M&F Western for filing a summary judgment that relied on his original interrogatory answers; (2) Berg ignores his responsibilities to produce documents early on in the case under Mandatory Disclosures or to comply with the Court's Order compelling production by August 13th; (3) Berg argues that he had no obligation to supplement the interrogatory answers until he received the *Symons* Documents, and (4) Berg insists that the jury should be entitled to consider infringement based on an entirely new cross design. The Court

---

[1] With the submission of this Reply, the briefing pertaining to M&F Western's Motion for Partial Summary Judgment regarding the cross designs as well as collateral briefing regarding the Motion to Strike are completed and ripe for the Court's review.

should reject Plaintiff's legally and factually incorrect arguments and grant M&F Western's Motion to Strike.

### 1. M&F Western's Summary Judgment Motion Was Timely

M&F Western sought discovery and then filed a timely summary judgment motion based on Berg's sworn interrogatory answers in order to quickly resolve a case with no merit. That should be applauded, not discouraged. There is no authority for the proposition that parties must wait until after the discovery deadline and only file a dispositive motion on the deadline. To the contrary, filing early summary judgment motions promotes judicial efficiency. *See, e.g., Church Mut.l Ins. v. Travelers Cas. & Sur. Co. of Am.*, 19-cv-297-wmc, 2020 WL 113908, at *3 (W.D. Wis. Jan. 10, 2020) (encouraging filing of early summary judgment motion to minimize potentially unnecessary discovery); *Van Slyke v. Cap. One Bank*, No. C 07-000671 WHA, 2007 WL 2385108, at *4 (N.D. Cal. Aug. 17, 2007) ("[T]here is nothing per se wrong with early motions for summary judgment. Indeed, they can promote efficiency. . . .").

### 2. The *Symons* Documents Were in Berg's Possession, Custody or Control and He Failed to Timely Produce Them

Berg has known about the *Symons* Documents since 2005, when the *Berg v. Symons* case was decided. Since the start of this case, the documents were in the possession of his former counsel, and, thus in Berg's possession, custody or control within the meaning of the Civil Rules, and he was obligated to produce them in accordance with Mandatory Disclosures at the beginning of the case:

> The concept of custody or control is a broad one: Information is deemed to be within a party's custody or control 'if the party has actual possession ... or has the legal right to obtain the documents on demand.' Hence, many courts consider things in the possession of a party's attorney—*even a party's former attorney*—to be within that party's custody or control for the purposes of Civil Rule 34.

*McGraw-Hill Glob. Educ., LLC v. Griffin*, No. 5:14-CV-00042-TR-LLK, 2015 WL 9165965, at *1 (W.D. Ky. Dec. 16, 2015) (internal citations omitted; emphasis added); *see e.g.*, *United States v. Berkeley Heartlab, Inc.*, Nos. 9:14-cv-00230-RMG; 9:11-cv-1593-RMG; and 9:15-cv-2458-RMG, 2017 WL 1282012, at *3 (D.S.C. Apr. 5, 2017) ("For discovery purposes, a party is generally considered to have possession and control over documents in the possession of its current or former legal counsel."); *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014) (same); *Poole ex rel. Elliott v. Textron, Inc.* 192 F.R.D. 494, 501 (D. Md. 2000) (same).

Because Berg did not produce the *Symons* Documents, M&F Western moved to compel, and the Court explicitly ordered their production by August 13th. (Dkt. 39 at 4-5.) Still, Berg failed to comply, only producing the documents on November 13th. The Court should not reward Berg for shirking his discovery obligations and flouting the Court's Order by allowing him to rely on the *Symons* Documents at this juncture or by permitting a continuance of the trial date.[2]

### 3. Berg Is Not Entitled to Amend His Interrogatory Answers to Avoid Summary Judgment

Berg claims that the "superseding" discovery answers are based on newly "discovered additional information" in the *Symons* Documents. (Dkt. 86 at 3.) The point is nonsensical—Berg is the designer; he doesn't need a picture to refresh his recollection on his own design.[3]

Nor is there any legal support for Berg's argument that he is entitled to change his theory of the case to avoid summary judgment. Rather, that position is contrary to black letter law. *Nagel v. County of Orange*, No. 09-CV-9960 (CS), 2013 WL 1285465, at *5 (S.D.N.Y. Mar. 28, 2013) ("It is well-settled that a party may not raise new claims or theories of liability for the first time in

---

[2] To be clear, the *Symons* Documents do not change that summary judgment is appropriate and should be granted, but it remains fundamentally wrong to allow a litigant to delay this much and then be allowed to clutter the conversation with the delayed documents.

[3] To the extent Berg is admitting he was unable to tell from his own blurry cross photo which elements were actually included in his asserted design, he clearly had no basis for filing suit based on that blurry photo.

opposition to summary judgment."); *Hardin v. Wal-Mart Stores, Inc.*, No. CIV-F-08-0617 AWI GSA, 2010 WL 4924772, at *2 (E.D. Cal. Nov. 29, 2010) ("In opposing summary judgment, plaintiffs may not rely on new claims or new theories under a claim that was plead in the complaint."); *Ihegword v. Harris Cnty. Hosp. Dist.*, 929 F.Supp.2d 635, 643 (S.D. Tex. 2013); *Ross v. Fred Meyer Stores, Inc.*, No. C09-5285 BHS, 2010 U.S. Dist. LEXIS 98746, *16 n.1 (W.D. Wash. Sept. 20, 2010).

### 4. Berg Doubled Down on the Wrong Cross Image

Finally, Berg argues that he should not be "boxed in" to previous answers that he swore were truthful and asserts that the jury should be entitled to compare the new color cross to the accused design. (Dkt. 86 at 4.) Setting aside the preposterous claim that he should not be bound by his own sworn interrogatory responses, as M&F Western explained in its Supplemental Reply, the color photo that Berg now purports to rely on is not even the same cross design as the one he originally asserted. This is obvious from the photos. (Dkt. 76 at 3-4.)



| Berg's Asserted 617 Design (Blurry Photo) | Berg's Asserted 617 Design (Newly Produced Photo) |
|---|---|

For example, it is clear that the scrollwork on the horizontal arms of the color image indicate apparent black areas that do not match the design on the arms of the black-and-white photo. Thus,

Berg has not only attempted to broaden his theory of infringement to avoid summary judgment, but he has also attempted to swap in a completely different design than the one asserted in the Amended Complaint. The rules do not permit these kinds of shenanigans, and the tremendous prejudice to M&F Western that would result if the Court allowed this cannot be overstated.

WHEREFORE, M&F Western asks the Court to grant its Motion.

Dated:  December 11, 2020

Respectfully submitted,

By:  */s/Kirstin E. Larson*

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

***Attorneys for Defendant M & F Western Products, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020 I caused copies of the foregoing document to be served via CM/ECF to the counsel of record in this matter.

*/s/Kirstin E. Larson*
Kirstin E. Larson
