IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROBERT BERG, § | |
|    Plaintiff § | |
| vs. § | Case No. 6:19-cv-418-JDK |
| § | |
| M&F WESTERN PRODUCTS, INC., § | |
|    Defendant. § | |

## M&F WESTERN'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

M&F Western opposes Plaintiff's Motions in Limine for the reasons discussed below.

**1. Plaintiff's MIL No. 1 - All References or Documents Relating to Berg's Inability to Travel to the U.S. for Trial (Other Than as a Result of COVID-19 Pandemic) - Should be Denied**

Berg has known since before he filed suit and months before the coronavirus outbreak that he had been denied entry to the United States. Yet he has repeatedly tried to persuade the Court that his inability to travel to the United States is due to the coronavirus when that is simply not true. M&F Western moved to preclude Berg from testifying remotely from Vietnam (Dkt. 78, MIL No. 11), and that motion should be granted for all the reasons articulated therein. If the Court denies M&F Western's motion and permits Berg to testify from Vietnam, the Court should not also permit Berg to claim that his inability to enter the country is related to the coronavirus. Berg's credibility in this case is of paramount importance. He has not met his discovery obligations (and his failures in this regard have been addressed in M&F Western's motion to compel are addressed again in numerous pending M&F Western motions, including the Motion to Show Cause (Dkt. 59)) and was not able to travel to the United States for his deposition, thus M&F Western has been stymied in its ability to question him, including about the reasons he's unable to enter the United States, which are relevant to his credibility. The jury is entitled to assess Berg's testimony regarding the asserted designs in the context of understanding the reasons the United States government denied Berg entry to the country, even though

Berg used to live here and even after he explained that he needed to enter in order to participate in the pending lawsuit. Thus, the motion should be denied.

2. **Plaintiff's MIL No. 2 - All References to Third Party Perceptions, Reports or Comments Regarding Plaintiff's General Business Practices - Should Be Denied**

Part of the story that Berg seeks to tell at trial is that, by 2000, he was a well-known designer in the United States and Texas, as he alleges in his contentions in the Joint Pretrial Order. (Dkt. 82 at 4.) He also claims that he created a "distinctive" "Bob Berg Look" consisting of "original elements: black background, the use of 'tri-color' (red, green, and yellow) gold; a layer of scrollwork with a vine design, a layer of leaves, and a third layer of flowers; and, when edged, use of a raised silver edge with large tapered beads." (*Id.* at 3-4.) M&F Western will show that there were many other industry players who used the same elements long before the dates claimed in Berg's copyright registrations. Thus, Berg's credibility is at the heart of the issue, and the jury is charged with assessing Berg's credibility.

Berg argues that M&F Western solicited third-party designers and manufacturers in the industry to comment on Berg's business practices, "in an attempt to assassinate Berg's character" and Berg complains that "M&F Western's document production is replete with hyperbolic commentary from Berg's competitors . . . who portray Berg as a religious fanatic, untrustworthy businessman and unsavory character." (Dkt. 81 at 2-3.) Actually, it was Berg who sent out demands to 27 third-parties in the industry threatening them with lawsuits and jail time. And it was Berg who posted threats on Facebook. (Exhibit 1.) The fact Berg threatened to sue others is relevant to the jury's assessment of his infringement claim in this case because, among other things, Berg is overreaching in arguing that tapered beads are protected by copyright given that they have been used ubiquitously in the industry since long before the dates claimed in Berg's asserted registrations. And his reputation in the industry for dishonesty is directly relevant to his credibility in this case. Thus, the Court should deny Berg's motion to exclude this evidence.

Berg also seeks to preclude M&F Western from referring to Berg or his counsel as a "copyright troll". M&F Western already told Berg's counsel that it would not oppose his motion on this topic. (Exhibit 2.)

For the reason set forth, M&F Western respectfully requests that the Court issue an order denying Plaintiff's Motions in Limine.

Dated:  December 22, 2020                                        Respectfully submitted,

By:   */s/ John R. Hardin*

John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com
Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

***Attorneys for M&F Western***

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, I caused copies of the foregoing document to be served via email on the counsel of record in this matter.

>*/s/ Kirstin E. Larson*
>Kirstin E. Larson