**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ROBERT BERG,** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **vs.** | § | **Case No. 6:19-cv-418-JDK** |
| **M&F WESTERN PRODUCTS, INC.,** | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## <u>JOINT PROPOSED JURY INSTRUCTIONS</u>

Plaintiff Robert Berg ("Mr. Berg") and Defendant M&F Western Products, Inc. ("M&F Western") jointly submit the following proposed Jury Instructions for trial.[1]  The Parties have indicated which instructions are agreed and jointly proposed and have also noted disputes over particular language with notations and citations to relevant authority.

---

[1] By including particular instructions herein, M&F Western does not agree that all such instructions are appropriate and has sought exclusion of certain issues through its Motions in Limine which, if granted, will render some jury instructions moot.

150579322.1

# TABLE OF CONTENTS

**Page**

A.    PROPOSED JOINT PRELIMINARY INSTRUCTION TO JURY PANEL.................. 1
B.    PROPOSED JOINT PRELIMINARY INSTRUCTION TO JURY................................ 4
C.    COPYRIGHT - PRELIMINARY INSTRUCTIONS ON COPYRIGHT ...................... 6
    C.1.    Preliminary Instruction on Copyright - Introduction ................................ 6
    C.2.    DEFINITION OF COPYRIGHT ................................................................ 7
    C.3.    HOW COPYRIGHT IS OBTAINED ......................................................... 9
    C.4.    Joint Proposed Instruction - Copyright Holder's Exclusive Rights.................... 12
    C.5.    Proposed Joint Instruction: Infringement................................................ 13
    C.6.    Joint Proposed Instruction - Plaintiff's Burden Of Proof ............................ 14
    C.7.    Joint Proposed Instruction - Defenses to Infringement................................ 15
    C.8.    Defenses to Infringement - Independent Creation ...................................... 16
D.    PROPOSED JOINT FINAL PRELIMINARY INSTRUCTIONS ................................ 17
E.    POST TRIAL INSTRUCTIONS ............................................................................ 19
    E.1.    Proposed Joint Post-Trial Instructions .................................................... 19
    E.2.    Burden of Proof................................................................................ 21
    E.3.    Evidence.......................................................................................... 22
    E.4.    Witnesses ........................................................................................ 23
    E.5.    Expert Witness ................................................................................ 24
F.    JOINT PROPOSED INSTRUCTION - COPYRIGHT DEFINED .............................. 25
    F.1.    Copyright Subject Matter – Generally.................................................... 26
    F.2.    Joint Proposed Instruction: Copyright Ownership.................................... 28
    F.3.    Copyright Registration ...................................................................... 29
    F.4.    Joint Proposed Instruction - Copyright Authorship .................................. 32
    F.5.    Copyright - Legal Effect of Registration ................................................ 33
    F.6.    Joint Proposed Instruction - Copyright Originality - In General ...................... 34
    F.7.    Copyright - Originality in Selection, Coordination or Arrangement.................. 36
G.    JOINT PROPOSED INSTRUCTION - INFRINGEMENT - ELEMENTS.................... 38
    G.1.    Infringement - Copying...................................................................... 40
    G.2.    Willful Infringement – Generally ........................................................ 46

# TABLE OF CONTENTS
(continued)

**Page**

| | | |
|---|---|---|
| H.1. | JOINT PROPOSED INSTRUCTION - DEFENSES TO INFRINGEMENT | 48 |
| H.2. | DEFENSES TO INFRINGEMENT - INDEPENDENT CREATION | 49 |
| I. | JOINT PROPOSED INSTRUCTION: DAMAGES - GENERAL CHARGE | 50 |
| I.1. | Damages – Statutory Damages | 51 |
| J. | SPOLIATION | 53 |
| K. | JOINT PROPOSED INSTRUCTION - DUTY TO DELIBERATE | 55 |

## SECTION I - PRELIMINARY INSTRUCTIONS

**A.    PROPOSED JOINT PRELIMINARY INSTRUCTION TO JURY PANEL[2]**

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, , YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

---

[2] Mr. Berg has not proposed preliminary instructions to the jury. Accordingly, M&F Western proposes the parties present Sections A and B ("Preliminary Instructions to the Jury") which are excerpted from the Fifth Circuit's Pattern Jury Instructions.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an

150579322.1

injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

SOURCE:    5th Circuit Pattern Jury Instruction 1.1- Civil Cases (2014 Revision).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

- 3 -

**B.      PROPOSED JOINT PRELIMINARY INSTRUCTION TO JURY**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not

- 4 -

speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

SOURCE:    5th Circuit Pattern Jury Instruction 1.2- Civil Cases (2014 Revision), modified.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

- 5 -

150579322.1

**C.      COPYRIGHT - PRELIMINARY INSTRUCTIONS ON COPYRIGHT**

**C.1.    Preliminary Instruction on Copyright - Introduction**

*Plaintiff's Proposed Instruction*:  The plaintiff, Robert Berg ("Berg" or "Plaintiff"),

claims ownership of two (2) copyrighted designs of Western-style cross-shaped jewelry and

seeks damages against the defendant, M&F Western Products, Inc. ("M&F Western" or

"Defendant") for copyright infringement.  M&F Western denies infringing the copyrights and

contends that Plaintiff's copyrights are invalid and that M&F did not actually copy Berg's works.

To help you understand the evidence in this case, following are some of the legal terms

you will hear during this trial.

*M&F Western's Proposed Instruction*[3]:  The plaintiff, Robert Berg, claims ownership of

copyrights for two designs of Western-style cross-shaped jewelry, claims that defendant M&F

Western Products, Inc., referred to as M&F Western, knew about those works and copied tapered

beads from Mr. Berg's designs, and seeks damages against M&F Western for copyright

infringement based on the use of tapered beads in the M&F Western designs. M&F Western

denies all aspects of Plaintiffs allegations, including that it infringes either of Mr. Berg's asserted

copyrights.

To help you understand the evidence in this case, I will explain some of the legal terms

you will hear during this trial.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

WITHDRAWN:_____

OBJECTED TO:_____

---

[3] Both parties propose language regarding preliminary definitions of copyright that are similar. M&F Western objects to Mr. Berg's proposed instructions based on lack of clarity in presentation and because in some cases Mr. Berg's proposals do not fully encompass the issues. M&F Western proposes reordering the instructions as outlined herein to present important terms to the jury in the context of the preliminary instructions.

150579322.1

**C.2.    DEFINITION OF COPYRIGHT**

*Plaintiff's Proposed Instruction:* A copyrighted work can be a pictorial, graphic or sculptural work.[4]  Accordingly, jewelry designs may be subject to copyright protection.

Only that part of the works consisting of original works of authorship fixed in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, is protected by the Copyright Act. Copyright protection for an original work of authorship does not extend to ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries.[5]

The work[s] involved in this trial qualify for copyright protection as "pictorial, graphic and sculptural works" under the Copyright Act.[6] You are instructed that a copyright may be obtained in Berg's jewelry designs (although Defendant disputes that Plaintiff's works meet the requirements for copyright protection).

*M&F Western's Proposed Instruction*[7]:  A copyrighted work can be a number of original creations, including a design for a piece of jewelry, which is at issue in this case.

A copyright covers only an author's original expression, in other words, the specific elements of the work that they created.  When similar features are standard, stock, or common to a particular industry, they are not original to any one person and therefore not protected by copyright. Thus, it is not possible to copyright common or standard shapes, like the shape of a cross.

---

[4] 17 U.S.C. § 102(a)(5).
[5] 17 U.S.C. § 102(b).
[6] 17 U.S.C. § 102(a)(5)
[7] M&F Western objects to Mr. Berg's proposed instruction and proposes this instruction instead to provide a clearer articulation of the law to the lay jury.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

WITHDRAWN:_____

OBJECTED TO:_____

### C.3.    HOW COPYRIGHT IS OBTAINED

*Plaintiff's Proposed Instruction:*  Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression.[8] The creator of the work is both the owner and author of the work. The owner of the copyright may apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work with the U.S. Copyright Office.

After determining that the material deposited constitutes copyrightable subject matter and that certain legal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

*M&F Western's Proposed Instruction*[9]:  Copyright protection happens automatically the moment the work is created.  The creator of the work may be both the owner and author. The owner of the copyright may register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office. The owner must sign the copyright application under penalty of perjury swearing to the accuracy of the information provided in the application. After determining that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner. However, the Register of Copyrights does not conduct an in-depth analysis to determine whether the proposed work contains original elements before issuing a certificate of registration. It is your responsibility in this matter to determine whether each of the asserted designs contains original elements

---

[8] 17 U.S.C. § 102(a).
[9] M&F Western objects to Mr. Berg's proposed instruction and proposes this instruction instead to provide a clearer articulation of the law to the lay jury, including to clarify the role of the Register of Copyrights.

Note: Defendant's statement that the Register of Copyrights does not make any determination of whether the proposed work contains original elements before issuing a certificate of registration is not accurate. The Copyright Office frequently rejects applications based on lack of originality.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____

OBJECTED TO:_____

**C.4.    Joint Proposed Instruction - Copyright Holder's Exclusive Rights**

The owner of a copyright has the exclusive right to exclude any other person from

reproducing or distributing works that use original elements from the work covered by copyright.


GIVEN:_____

REFUSED:_____

MODIFIED:_____

WITHDRAWN:_____

OBJECTED TO:_____

- 12 -

**C.5.    Proposed Joint Instruction: Infringement**

One who reproduces or distributes works a copyrighted work without permission from the copyright owner infringes the copyright.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

- 13 -

150579322.1

**C.6.    Joint Proposed Instruction - Plaintiff's Burden Of Proof**[10]

As to each of his separate designs at issue, Mr. Berg has the burden of proving by a preponderance of the evidence that:

1. His cross design contains original elements [Berg proposes including the following language to which M&F Western objects[11]: **or combines standard elements into an original design]**;

2. He is the owner of a valid copyright registration for the cross; and

3. M&F Western copied original elements of each of Mr. Berg's crosses.

To prove by a preponderance of the evidence means to prove something is more likely so than not so. Only if you find that the Plaintiff has proved each of these elements by a preponderance of the evidence, your verdict should be for the Plaintiff. If, on the other hand, you find that the Plaintiff has failed to prove any of these elements, your verdict must be for the Defendant, M&F Western.

---

[10] M&F Western objects to Mr. Berg's proposed instruction on the grounds that it lacks clarity. Thus, M&F Western proposes clarifying that Mr. Berg also has the burden of proving the designs are original expressions as is consistent with the definition of copyright. M&F Western also proposes the definition of preponderance of the evidence consistent with The Fifth Circuit Pattern Jury Instructions.
[11] M&F Western objects to this language because Berg asserted infringement only of tapered beads, thus the combination of elements is not at issue.

- 14 -

**C.7.    Joint Proposed Instruction - Defenses to Infringement**

M&F Western contends that Mr. Berg does not own valid copyrights in the designs he has asserted against M&F Western. M&F Western also contends that even if Mr. Berg owns valid copyrights in the asserted designs, M&F Western's designs do not infringe Mr. Berg's designs because tapered beads are not protectable by copyright and the copyrights are invalid. One cannot be found liable for infringement if the alleged copyright is not an original expression. One cannot be found liable for infringement if the copyright is invalid. One cannot be found liable for infringement if original expression from the copyrighted work is not copied.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

- 15 -

150579322.1

**C.8.    Defenses to Infringement - Independent Creation**

*M&F Western's Proposed Instruction*: One cannot be found liable for copyright infringement if one independently created the accused designs without knowledge of the designs. M&F Western alleges that two of its designs (#32110 and 32120) were independently created by its own award-winning designer, Cary Kraft, and that a second M&F Western designer, Jeanne LaShelle, did the engraving for cross design (#32110). M&F Western further alleges that Mr. Kraft and Ms. LaShelle were not aware of Mr. Berg's designs at the time they created the M&F Western crosses and thus could not have copied his designs.

SOURCE:        9th Circuit Model Civil Jury Instruction 17.1 (2017), modified.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

Note: Plaintiff objects to this instruction on grounds that Defendant failed to allege independent creation as an affirmative defense in its answer.

- 16 -

150579322.1

## D.     PROPOSED JOINT FINAL PRELIMINARY INSTRUCTIONS[12]

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, Mr. Berg will present his case through witness testimony and documentary or other evidence. Next, the M&F Western will have an opportunity to present its case. Mr. Berg may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

SOURCE:     5th Circuit Pattern Jury Instruction 1.2- Civil Cases (2014 Revision), modified; 9th Circuit Model Civil Jury Instruction 17.1 (2017), modified; *Peel & Co. v. Rug Mkt.*, 238 F.3d 391, 395 (5th Cir. 2001); "It is well-established that copyright infringement is a strict liability tort:  there is no need to prove the defendant's mental state to establish copyright infringement." *Arista Records LLC v. Myxer Inc.*, No. CV 08¬03935 GAF (JCx), 2011 U.S. Dist. LEXIS 109668, at *45 (C.D. Cal. Apr. 1, 2011); *see also Kohus v. Graco Children's Prods.*, 13 F. Supp. 3d 829, 838 (S.D. Ohio 2014); *Liberty Media Holdings, LLC v. Vinigay.com*, No. CV-11-280-PHX-LOA, 2011 U.S. Dist. LEXIS 153615, at *41 (D. Ariz. Dec. 27, 2011); *Faulkner v. Nat'l Geographic Soc'y*, 576 F. Supp. 2d 609, 613 (S.D.N.Y. 2008); *King Records, Inc. v. Bennett*, 438 F.Supp 2d 812, 852 (M.D.Tenn. 2006).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

---

[12] Mr. Berg did not propose final preliminary instructions. M&F Western proposes that the parties present this as a joint instruction to the Court.

- 18 -

E.    **POST TRIAL INSTRUCTIONS**

E.1.    **Proposed Joint Post-Trial Instructions[13]**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony

---

[13] In Section E (general Post Trial Instructions) Mr. Berg presented an instruction only for the burden of proof standard (Section E1), which M&F Western has incorporated into its proposed instruction. M&F Western proposes also including Post Trial Instructions E and E2-E4.

that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

SOURCE:        5th Circuit Pattern Jury Instruction 3.1- Civil Cases (2014 Revision).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

**E.2.**     **Burden of Proof**

Mr. Berg has the burden of proving by a preponderance of the evidence that Mr. Berg is the owner of the copyrights and that M&F Western copied original expression from the copyrighted works. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Mr. Berg has failed to prove any element of its claim by a preponderance of the evidence, then he may not recover on that claim.

SOURCE:     5th Circuit Pattern Jury Instruction 3.2- Civil Cases (2014 Revision).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

WITHDRAWN:_____

OBJECTED TO:_____

150579322.1

**E.3.    Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

SOURCE:        5th Circuit Pattern Jury Instruction 3.3 - Civil Cases (2014 Revision).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

150579322.1

**E.4.    Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

SOURCE:      5th Circuit Pattern Jury Instructions 3.4- Civil Cases (2014 Revision).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

- 23 -

**E.5.    Expert Witness**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

SOURCE:     5th Circuit Pattern Jury Instruction 3.5- Civil Cases (2014 Revision).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

150579322.1

## F.    JOINT PROPOSED INSTRUCTION - COPYRIGHT DEFINED[14]

A "copyright" is the exclusive right to copy. During the term of the copyright, the owner of a valid copyright generally has the right exclude any other person from:

[1.]    reproducing the copyrighted work; and

[2.]    distributing copies of the copyrighted work to the public;

In general, copyright law protects against reproduction and distribution of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

As will be explained in more detail below, to establish copyright infringement, as to each of the asserted designs, Mr. Berg must prove he is the owner of a valid copyright by a preponderance of the evidence. If he is able to meet that burden, he must also prove by a preponderance of the evidence that M&F Western infringed his copyright.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

---

[14] Section F ("Copyright Defined") aligns with definitions Mr. Berg included in separated subsections of his proposed instructions. M&F Western proposed restructuring and incorporating Mr. Berg's instructions on a copyright holder's exclusive rights and Mr. Berg's burden of proof as Section F.

150579322.1

**F.1.    Copyright Subject Matter – Generally**

*Plaintiff's Proposed Instruction:* A copyrighted work can be a pictorial, graphic or sculptural work.[15]  Accordingly, jewelry designs may be subject to copyright protection.

Only that part of the works consisting of original works of authorship fixed in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, is protected by the Copyright Act. Copyright protection for an original work of authorship does not extend to ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries.[16]

The work[s] involved in this trial qualify for copyright protection as "pictorial, graphic and sculptural works" under the Copyright Act.[17] You are instructed that a copyright may be obtained in Berg's jewelry designs (although M&F Western disputes that Mr. Berg's works meet the requirements for copyright protection).[18]

*M&F Western's Proposed Instruction:*  A copyrighted work can include a design for a piece of jewelry. However, copyright protection for an original work of authorship does not extend to ideas, concepts, or, principles. When features of a work are standard, stock, or common to a particular topic, they are treated like ideas and are therefore not protected by copyright. A feature can be standard, stock, or common even if the owner obtains a Certificate of Registration from the Copyright Office.

SOURCE:       9th Circuit Model Civil Jury Instruction 17.2 (2017) (modified).

                                                    GIVEN:_____

---

[15] 17 U.S.C. § 102(a)(5).
[16] 17 U.S.C. § 102(b).
[17] 17 U.S.C. § 102(a)(5)
[18] M&F Western objects to an instruction wherein the Court specifically states that a copyright may be obtained in Mr. Berg's specific works at issue because of the potential that the jury will be confused and misled by the instruction to believe that the Court has already determined that the designs at issue are subject to copyright protection.

- 26 -

REFUSED:_____

MODIFIED:_____

WITHDRAWN:_____

OBJECTED TO:_____

150579322.1

**F.2.    Joint Proposed Instruction: Copyright Ownership**

Mr. Berg is asserting ownership in two different cross designs. He must establish ownership of each design, and he must do so with regard to each of the designs by proving by a preponderance of the evidence that:

      1.    the work is original and creative; and

      2    Mr. Berg is the author or creator of the work.

SOURCE:    9th Circuit Model Civil Jury Instruction 17.6 (2017) (modified for facts of this case)

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

- 28 -

**F.3.    Copyright Registration[19]**

*Plaintiff's Proposed Instruction:* A copyright registration with the U.S. Copyright Office gives the copyright owner the ability to sue an alleged infringer for copyright infringement.

A copyright Certificate of Registration issued by the U.S. Copyright Office constitutes *prima facie* evidence of the validity of the copyright, and you must presume that a copyright is valid if registered within five years of the work's first publication.[20]

However, certificates create only a rebuttable presumption that the copyrights are valid.[21]  When a plaintiff presents the court with a certificate of copyright registration, the burden then shifts to the defendant to offer some evidence or proof to disprove the validity of the copyright by demonstrating that the work at issue is unprotectable.[22]

The evidence in this case includes Plaintiff's Exhibit 2 (PX2), which is an original certificate of copyright registration from the Copyright Office. According to that certificate, in 2000, Berg created a stylized and intricate design of a cross with angular corners (the "Angular Cross") and registered it with the U.S. Copyright Office under No. VA 1-091-617, with effective date of June 12, 2000 (the "617 Registration").   The Angular Cross is on deposit the 617 Registration. (PX3; PX4)

The evidence in this case includes Plaintiff's Exhibit 5 (PX5), a certificate of copyright registration from the Copyright Office, as maintained on the Copyright's Office Website's Public Catalog. According to that certificate, in 2003, Berg created a stylized and intricate design for a cross with linear corners (the "Linear Cross") and registered it with the U.S. Copyright Office

---

[19] M&F Western objects to Mr. Berg's assertion that the jury must presume the work is valid and proposes the following instruction because it more clearly aligns with the 17 U.S.C. § 410(c).
[20] 17 U.S.C. § 410(c); *Nola Spice Designs*, 783 F.3d at 549.
[21] *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995)
[22] *Jane Envy, LLC v. Infinite Classic Inc.*, No. SA:14-CV-065-DAE, 2016 WL 797612, at *4 (W.D. Tex. Feb. 26, 2016), *aff'd*, No. SA:14-CV-065-DAE, 2016 WL 5373035 (W.D. Tex. Sept. 26, 2016) (citation omitted).

under No. VA 1-229-288, with effective date of August 29, 2003 (the "288 Registration"). The Linear Cross is on deposit with the 288 Registration. (PX6).

If you find that these certificates were made within five years after first publication of Plaintiff's work, you may consider this certificates as evidence of the facts stated in the certificate.[23] You are instructed that the 617 Registration and 288 Registration certificates are therefore sufficient to establish that there is a valid copyright in the Angular Cross and Linear Cross, respectively.[24]

**M&F Western's Proposed Instruction:** A copyright registration with the U.S. Copyright Office gives the copyright owner the ability to sue an alleged infringer for copyright infringement.

The evidence in this case includes a certificate of copyright registration from the Copyright Office regarding each of the cross designs Mr. Berg is asserting against M&F Western. For each separate certificate, if you find that it was made within five years after first publication of Mr. Berg's work, you may consider that certificate as Mr. Berg's evidence of the facts stated in the certificate. However, certificates create only a rebuttable presumption that the copyrights are valid. When a plaintiff presents the court with a certificate of copyright registration, the burden then shifts to the defendant to offer some evidence or proof to disprove the validity of the copyright by demonstrating that the work at issue is unprotectable. From this

---

[23] *See* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.")

[24] M&F Western objects in that the registration certificates create only a rebuttable presumption, and because Mr. Berg has not provided authenticated registration certificates in this matter. M&F Western has filed a motion in limine to address this issue, thus any reference to the certificates is without waiver of the arguments in the motions in limine.

certificate you may, but need not, conclude that Mr. Berg's work is an original and copyrightable

work and that Mr. Berg owns the copyright in that work.

SOURCE:     9th Circuit Model Civil Jury Instruction 17.7 (2017) (modified); *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995); *Jane Envy, LLC v. Infinite Classic Inc.*, No. SA:14-CV-065-DAE, 2016 WL 797612, at *4 (W.D. Tex. Feb. 26, 2016), *aff'd,* No. SA:14-CV-065-DAE, 2016 WL 5373035 (W.D. Tex. Sept. 26, 2016) (citation omitted).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

WITHDRAWN:_____

OBJECTED TO:_____

- 31 -

**F.4.    Joint Proposed Instruction - Copyright Authorship**

The creator of an original work is called the author of that work. An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

SOURCE:    9th Circuit Model Civil Jury Instruction 17.8 (2017)(modified)

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

- 32 -

### F.5.     Copyright - Legal Effect of Registration

*Plaintiff's Proposed Instruction:* As a matter of law, the 617 Registration placed M&F Western on constructive notice of the facts of the 617 Registration, including that the Angular Cross was registered and protected.[25]

Similarly, the 288 Registration placed M&F on constructive notice of the facts of the 288 Registration, including that the Linear Cross was registered.[26]

*M&F Western's Objection*: M&F Western objects to this instruction because Mr. Berg is not able to prove his claim by relying on constructive knowledge. Instead, he must prove actual knowledge, or access and substantial similarity. In the absence of proving either of these, Mr. Berg must prove striking similarity. This instruction is confusing and misleading to the jury and should be stricken.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

---

[25] *See* 17 U.S.C. § 205(c) (recordation of a document in the Copyright Office "gives all persons constructive notice of the facts stated in the recorded document"); *Daboub v. Gibbons*, 42 F.3d 285, 291 (5th Cir. 1995) (citing statute); *see also Saenger Org., Inc. v. Nationwide Ins. Licensing Assocs.*, 119 F.3d 55, 66 (1st Cir 1997) ("A copyright registration certificate issued by and filed with the Copyright Office thus serves to put the world on constructive notice as to the ownership of the copyright and of the facts stated in the registration certificate.").

[26] *See Id.*

- 33 -

**F.6.    Joint Proposed Instruction - Copyright Originality - In General**

As used with respect to copyright, the term "original" consists of two components: (1) independent creation by the author; and (2) some minimal degree of creativity.[27]

First, the work must have been independently created by the author, *i.e.,* not copied from another work.

Second, the work must possess sufficient creativity. In determining whether a work has a sufficient amount of creativity to sustain a copyright claim, the Supreme Court holds that only a modicum of creativity is necessary to support a copyright.[28]

Further, use of design features that previously appeared in other works does not negate the originality required for copyright protection of a work as long as those features are used in a new and creative way.[29] However, as discussed further in the following instruction, familiar symbols and designs like a cross or the infinity symbol are not copyrightable on their own; [Mr. Berg proposes the following language to which M&F Western objects: **rather, a unique combination of elements that are unoriginal in themselves meets the originality requirement to warrant copyright protection**[30]; M&F Western proposes the following language to which Mr. Berg objects: **to be copyrightable, elements that are not original on their own must be used in a way that is new and original to warrant copyright**

---

[27] *Feist Publications Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 345 (1991); *Norma Ribbon & Trimming*, 51 F.3d at 47.

[28] *Feist Publications*, 499 U.S. at 345 ("requisite level of creativity is extremely low; even a slight amount will suffice."); *see also* 37 C.F. R. § 202.10(a) ("In order to be acceptable as a pictorial, graphic, or sculptural work, the work must embody some creative authorship in its delineation or form.")

[29] *Berg v. Symons*, 393 F. Supp. 2d 525, 541–42 (S.D. Tex. 2005).

[30] *Jane Envy*, 2016 WL 797612, at *6 (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001); 37 C.F.R. § 202.1(a). M&F Western objects to this language because it is unclear and proposes its more clearly articulated language be accepted instead.

- 34 -

**protection**[31]].

---

[31] *Jane Envy*, 2016 WL 797612, at *6 (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001); 37 C.F.R. § 202.1(a)).

**F.7.    Copyright - Originality in Selection, Coordination or Arrangement**

*Plaintiff's Proposed Instruction*: Although familiar symbols are not copyrightable, some combinations of common or standard elements contain sufficient creativity with respect to how they are combined or arranged to support a copyright. Thus, a copyright may protect the particular *way* in which the underlying unprotected elements are combined — if the particular method of combination is itself original."[32]

When asking whether a selection, coordination or arrangement of unprotectable elements is sufficiently original, you are instructed to view the work in its totality.

Here, Berg alleges that jewelry designs have a distinctive "look" consisting of the original combination, selection and arrangement of the following elements: black background, the use of "tri-color" (red, green, and yellow) gold; a layer of scrollwork with a vine design, a layer of leaves, and a third layer of flowers; and, when edged, use of a raised silver edge with large tapered beads. Hand-cut and soldered scrollwork and lettering also characterize Bob Berg designs. Berg initiated the technique of stacking tri-color gold to achieve a three-dimensional look in his buckles and jewelry (the "Bob Berg Look").

*M&F Western's Proposed Instruction*[33]: A copyrighted work can, in some instances, be considered original even if it includes or incorporates elements taken from prior works and elements from the public domain. However, merely using a design element that exists in the public domain does not in itself meet the originality threshold for copyright law. Mr. Berg bears

---

[32] *Feist,* 499 U.S. at 358 (the Copyright Act "implies that some 'ways' [of compiling or arranging uncopyrigtbable material] will trigger copyright, but that others will not") *Jane Envy, LLC*, 2016 WL 797612, at *6 (determination of copyright rests on creativity of coordination or arrangement).

[33] M&F Western objects to Mr. Berg's instruction because it is legally incorrect and misleading regarding alleged protectability of the "Bob Berg Look" under copyright law. M&F Western has filed a motion in limine to exclude arguments that the "Bob Berg Look" is protectable. M&F Western proposes its alternative instruction be adopted instead.

the burden of proving that his use of tapered beads in each of his designs rises to the level of originality under copyright law. For example, the notes in a scale are not protectable, but a pattern of notes in a tune may earn copyright protection. Thus, Mr. Berg bears the burden of providing a unique combination of elements in his design.

SOURCE:    9th Circuit Model Civil Jury Instruction 17.14 (2017) (modified and expanded to fit the facts of this case.); *Feist Publications Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 345 (1991); *Alva Studios, Inc. v. Winninger*, 177 F. Supp. 265, (S.D.N.Y. 1959); *Detective Comics, Inc. v. Bruns Publishing, Inc.*, 111 F.2d 432 (2d Cir. 1940); *Stephens v. Howells Sales Co.*, 16 F.2d 805 (S.D.N.Y. 1926); *Fisher v. Dillingham*, 298 F. 145 (S.D.N.Y. 1924); *Feist Publications,* 499 U.S. at 345 ("requisite level of creativity is extremely low; even a slight amount will suffice."); *Jane Envy*, 2016 WL 797612, at *6; *Metcalf v. Bochoco*, 294 F.3d 1069, 1074 (9th Cir. 2002) and Feist, 449 U.S. at 348 (copyright protection extends to choices of "selection and arrangement, so long as they are made independently by the compiler and entail a minimal degree of creativity."); 2 Nimmer on Copyright § 8.01 (2017)

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

## G.    JOINT PROPOSED INSTRUCTION - INFRINGEMENT - ELEMENTS[34]

One who reproduces or distributes a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

On Mr. Berg's copyright infringement claim, Mr. Berg has the burden of proving by a preponderance of the evidence as to each asserted design that:

1.    Mr. Berg is the owner of a valid copyright, which requires showing (a) the work is original, and (b) Berg is the owner of the work; and

2.    M&F Western reproduced, or distributed a cross design that copied original expression from the copyrighted work.

As explained below in more detail, Mr. Berg can establish copying with: (1) direct evidence of copying; or (2) with circumstantial evidence showing the author of the accused work had access to the copyrighted work and there is substantial similarity between the copyrighted work and the accused work; or (3) with circumstantial evidence showing striking similarity between the copyrighted work and the accused work.

If you find that the Mr. Berg has proved copying of original expression by a preponderance of the evidence, your verdict should be for Mr. Berg. If, on the other hand, you find that Mr. Berg has failed to prove these elements, your verdict should be for M&F Western.

SOURCE:    9th Circuit Model Civil Jury Instruction 17.5 (2017); modified by *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1153-54 (9th Cir. 2012); *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 291 (3d Cir. N.J. 1991) ("copying is a 'shorthand reference to the act of infringing any of the copyright owner's five exclusive rights set forth at 17 U.S.C. § 106,' including the rights to distribute and reproduce copyrighted material," quoting *Paramount Pictures v. Video Broadcasting Systems*, 724 F. Supp. 808, 819 (D. Kan. 1989).

---

[34] The Parties are aligned on this instruction. M&F Western proposes reordering and incorporating certain of Mr. Berg's instructions into the following format for so that each definition is presented in a linear fashion.

- 38 -

GIVEN:_____

REFUSED:_____

MODIFIED:_____

WITHDRAWN:_____

OBJECTED TO:_____

150579322.1

## G.1.    Infringement - Copying[35]

*Plaintiff's Proposed Instruction:* In order to prevail on a copyright infringement claim, a plaintiff must also establish actionable copying of the copyrighted work.[36] Proving actionable copying requires a showing that: (1) defendant had access to the copyrighted work; and (2) that the original work and allegedly infringing work are substantially similar.[37]

To prove that M&F Western copied Berg's work, Berg may show that M&F Western (including its employees and/or independent contractors) had access to Berg's Cross Designs and that there are substantial similarities between M&F's allegedly infringing work Berg's Cross Designs.

To assess substantial similarity, a side-by-side comparison must be made between the original and the copy to determine whether you would view the two works as substantially similar.[38] In the comparative analysis, you are instructed to analyze "the copied protectable elements to the copyrighted work as a whole."[39]

You may find that the defendant had access to the plaintiff's work if the defendant had a reasonable opportunity to view the plaintiff's work before the defendant's work was created. Access may be shown by: (1) a chain of events connecting the plaintiff's work and the defendant's opportunity to view that work; or (2) the plaintiff's work being widely disseminated;

---

[35] M&F Western objects to Mr. Berg's proposed instruction because it is misleading and confusing and legally incorrect, including with regard to inclusion of the instruction that a work being "widely disseminated" constitutes access because this has not been adopted in the Fifth Circuit. M&F Western proposes the alternative version of the instruction below. M&F Western also objects to the inclusion of the color photo that allegedly represents the 617 cross and has moved to strike Mr. Berg's reliance on this photo.
[36] *Positive Black Talk*, 394 F.3d at 367.
[37] *Id.*; see also *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007) (plaintiff must establish that "the works contain similarities that are probative of copying").
[38] *Nola Spice Designs,* 783 F.3d at 550; *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir.1997) (per curiam).
[39] *Positive Black Talk Inc.*, 394 F.3d at 373 n. 12.

or (3) a similarity between the plaintiff's work and the defendant's work that is so "striking" that it is highly likely the works were not created independent of one another.

The below illustrates a side-by-side comparison between Berg's registered Cross Designs and M&F's accused works.

| Berg's Angular Cross (Original) 617 Registration | M&F Design (Kraft #32120) (Alleged Copy) |
|---|---|
|  | |

---

[40] M&F Western does not agree to include this new cross image, which was not asserted until Mr. Berg filed his supplemental response to M&F Western's Motion for Partial Summary Judgment regarding the cross designs. M&F Western's objection to the new cross design is incorporated below by reference wherever Mr. Berg has provided the new cross image. Further, M&F Western has separately objected to the two blurry images (i.e., of the 617 and the 288 crosses), which are the subject of pending motions in limine. For the purposes of preparing the joint instructions, M&F Western renews its objections but includes the asserted (blurry) images pending the Court's ruling on the motions in limine.

150579322.1





Berg may also show M&F Western's works are strikingly similar to Berg's Cross

Designs. In that case, Berg does not have to show that M&F Western had access to Berg's

Cross Designs.[41]

When evaluating striking similarity, you may find that the works are so strikingly similar that copying is the only realistic basis for the similarities at hand.[42]

If you find that M&F Western's Designs are strikingly similar to Berg's Cross Designs, then Plaintiff has satisfied the element of actual copying. Plaintiff alleges that:

(1) M&F Kraft Design #32120 is strikingly similar to the Angular Cross.

(2) M&F Design D-121 is strikingly similar to the Angular Cross.

(3) M&F Kraft Design #32120 is strikingly similar to the Linear Cross

***M&F Western's Proposed Instruction***[43]:  To establish infringement Mr. Berg has the burden of proving by a preponderance of the evidence that the accused works copied original expression from Mr. Berg's copyrighted work. There are three ways in which Mr. Berg can establish copying.

[1] Mr. Berg may prove that somebody, with actual knowledge of the copyrighted work, copied original, protectable elements from the copyrighted work.

Or

[2.] Mr. Berg may prove that the author of the accused work both had access to Mr. Berg's copyrighted work and that there are substantial similarities between the accused work and original elements of the copyrighted work. You may find that the author of the accused work had access to the copyrighted work if Mr. Berg proves that the author of the accused work had a

---

[41] *Ferguson v. Nat'l Broadcasting Co.,* 584 F.2d 111, 113 (5th Cir. 1978) ("Even without proof of access, plaintiff could still make out her case if she showed that the two works ... were so strikingly similar as to preclude the possibility of independent creation.").

[42] *Jane Envy, LLC,* 2016 WL 797612, at *13–14; *American Registry of Radiologic Technologists v. Bennet,* 939 F. Supp. 2d 695, 707 (W.D. Tex. 2013); *Playboy Enter., Inc. v. Webbworld, Inc.,* 991 F. Supp. 543, 551 (N.D. Tex. 1997) (finding copyright infringement where images, presented through a side-by-side comparison, were "virtually identical" to the copyrighted images).

[43] M&F Western has noted objections to Plaintiff's instruction above and proposes that its instruction, which presents a clearer and accurate articulation of the law be adopted instead.

- 43 -

reasonable opportunity to view the copyrighted work before the accused work was created. You may also find that the author of the accused work had access to the copyrighted work if Mr. Berg proves access based on a chain of events connecting the copyrighted work and M&F Western's dealings through a third party that had access to the copyrighted work. You can't base a finding that M&F Western had access to Mr. Berg's work on mere speculation, conjecture, or a guess. To support a finding of access, there must be more than just a slight possibility of access. Rather, Mr. Berg must prove a reasonable possibility of access.

To prove substantial similarity, Mr. Berg must prove that if the works are compared side-by-side, an ordinary observer would conclude that the protectable elements in the copyrighted work and the same elements in the accused work are substantially similar to one another. In other words, you must determine that an ordinary observer would conclude that the tapered beads in M&F Western's works are specifically taken from or based on one or more of Plaintiff's copyrighted works rather than from prior works owned by M&F Western or the public domain. However, if you determine that there was access and substantial similarity, that does not necessarily mean that any copyright infringement occurred. Copyright protection does not extend so far that it interferes with other authors' ability to use standard or stock items (or tools of the trade) in their own designs.

[3.] Mr. Berg may also show copying by proving that the accused work is strikingly similar to the copyrighted work. Only if you find that Mr. Berg has proven by a preponderance of the evidence that protectable elements of Mr. Berg's designs and M&F Westerns' designs when presented side by side are virtually identical so that the only logical conclusion is that M&F Western could not have created one or both of their designs independently, without having copied or actually used one or more of Mr. Berg's designs, then you may find that the M&F

Western's designs are strikingly similar to Mr. Berg's designs. However, if the elements that are common to both works are commonplace elements in the industry that are found in other works, then any striking similarity may be the result of the use of public domain elements and not copying. Thus, Mr. Berg's evidence of "striking similarity" must include evidence of the relative complexity or uniqueness of the designs in question. Only if Mr. Berg proves "striking similarity," he does not have to prove that M&F Western had access to his designs.

SOURCE:       9th Circuit Model Civil Jury Instruction 17.17, 17.18 (2017)(modified); modified by *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1153-54 (9th Cir. 2012); *Peel & Co., Inc. v. The Rug Market,* 238 F.3d 391, 395 (5th Cir. 2001) ((To determine whether an instance of copying is legally actionable, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar"); *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738 (9th Cir. 1971) (where the similarity between the plaintiff's and defendant's works merely extended to the "idea" of a jewel-encrusted pin in the form of a bee, there was no copyright infringement of any original expression); *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1170 (7th Cir. 1997) ("Two things may be strikingly similar -- may in fact be identical -- not because one is copied from the other but because both are copies of the same thing in the public domain."); Ford *Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 291 (3d Cir. N.J. 1991) ("copying is a 'shorthand reference to the act of infringing any of the copyright owner's five exclusive rights set forth at 17 U.S.C. § 106,' including the rights to distribute and reproduce copyrighted material," quoting *Paramount Pictures v. Video Broadcasting Systems*, 724 F. Supp. 808, 819 (D. Kan. 1989)); *Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 551 (N.D. Tex. 1997) (finding striking similarity only where images, presented through a side-by-side comparison, were "virtually identical" to the copyrighted images); 11th Circuit Judicial Council Civil Pattern Jury Instructions; *Three Boys Music Corp. v. Bolton*, 212 F. 3d 477, 481-482 (9th Cir. 2000).

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

- 45 -

### G.2.    Willful Infringement – Generally[44]

*Plaintiff's Proposed Instruction*: An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

(1) the defendant engaged in acts that infringed the copyright; and

(2) the defendant knew that those acts infringed the copyright, or the defendant acted with reckless disregard for, or willful blindness to, the copyright holder's rights.[45]

Actual knowledge is not required; constructive knowledge of infringement satisfies the willfulness standard.[46]

The statutory damage maximum for willful infringement is $150,000 per work. 17 U.S.C. § 504(c)(2).

*M&F Western's Proposed Instruction[47]:* Mr. Berg alleges that M&F Western's infringement was willful. If you find that Defendants did not infringe any of Mr. Berg's copyrights, then you need not determine willfulness.

An infringement is considered willful only if Mr. Berg has proved both of the following elements by a preponderance of the evidence:

1.    M&F Western engaged in acts that infringed the copyright; and

---

[44] The Parties submitted the Joint Pretrial Order in which they agreed to bifurcate the triable issues into two phases: Phase 1: Mr. Berg's claims of copyright infringement and M&F Western's defenses. Phase 2: Mr. Berg's claims of copyright damages (if liability is found in Phase 1) and his claims of willful infringement and M&F Western's defenses. Thus, any damages instructions should be given only if the jury finds in Mr. Berg's favor during Phase 1.

[45] *Broadcast Music, Inc. v. Xanthas, Inc.,* 855 F.2d 233, 236 (5th Cir.1988).

[46] *Microsoft Corp. v. Software Wholesale Club, Inc.,* 129 F. Supp. 2d 995, 1002 (S.D. Tex. 2000).

[47] M&F Western objects to Mr. Berg's instruction and proposes its instruction below be adopted instead because Mr. Berg's instruction is misleading and legally incorrect. Mr. Berg has offered no evidence of access or any other evidence that M&F Western had actual "notice" of the registrations asserted in this case, thus he is not entitled to rely on any argument of constructive knowledge of the Berg designs. The cases that Mr. Berg relies on do not support the constructive knowledge instruction in this instance. Rather, in the *Microsoft Corp. v. Software Wholesale Club, Inc.,* 129 F. Supp. 2d 995, 1002 (S.D. Tex. 2000), case the court held that constructive knowledge satisfies the willfulness standard where there was evidence that the defendant received notice of the plaintiff's copyright before the infringement occurred. There is no such evidence here.

2.      M&F Western knew that those acts infringed the copyright, or M&F Western acted with

reckless disregard for, or willful blindness to, Mr. Berg's rights.

Even intentional copying may not be willful infringement where the alleged infringer

lacked knowledge that the work was copyrighted or copied elements from the public domain. If

you conclude that M&F Western reasonably and in good faith believed that they were not

infringing Mr. Berg's copyrights, then you may not find willful infringement.

SOURCE:      9th Circuit Model Civil Jury Instruction 17.37 (2017) (modified to include party names); *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 834 (9th Cir. 2019); *Microsoft Corp. v. Software Wholesale Club, Inc.,* 129 F. Supp. 2d 995, 1002 (S.D. Tex. 2000); *Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993) ("The standard is simply whether the defendant had knowledge that its conduct represented infringement or perhaps recklessly disregarded that possibility.") (citations omitted).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

WITHDRAWN:_____

OBJECTED TO:_____

**H.1.    JOINT PROPOSED INSTRUCTION - DEFENSES TO INFRINGEMENT** [48]

M&F Western contends that Mr. Berg does not have copyrights in the tapered beads because tapered beads were used ubiquitously used in the Western jewelry marketplace pre-dating the dates of creation in the asserted registrations.  If you find that Mr. Berg failed to meet his burden of proving by a preponderance of the evidence that his tapered beads are original to Mr. Berg, then your verdict must be for M&F Western.

SOURCE:      9th Circuit Model Civil Jury Instruction 17.1 (2017), modified.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

WITHDRAWN:_____

OBJECTED TO:_____

---

[48] Mr. Berg includes four proposed defenses which differ from the defenses M&F Western proposes. Accordingly. M&F Western has listed its proposed defenses in Section G, G1,and G2.

- 48 -

150579322.1

**H.2.    DEFENSES TO INFRINGEMENT - INDEPENDENT CREATION**

*M&F Western's Proposed Instruction*: One cannot be found liable for copyright infringement if one independently created the accused designs without knowledge of the designs. M&F Western alleges that two of its designs (#32110 and 32120) were independently created by its own award-winning designer, Cary Kraft, and that a second M&F Western designer, Jeanne LaShelle, did the engraving for cross design (#32110). M&F Western further alleges that Mr. Kraft and Ms. LaShelle were not aware of Mr. Berg's designs at the time they created the M&F Western crosses and thus could not have copied his designs.

SOURCE:    9th Circuit Model Civil Jury Instruction 17.1 (2017), modified.

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____

Note: Plaintiff objects to this instruction on grounds that Defendant failed to allege independent creation as an affirmative defense in its answer.

- 49 -

150579322.1

## I.    JOINT PROPOSED INSTRUCTION: DAMAGES - GENERAL CHARGE

If you find for Mr. Berg on its copyright infringement claim, you must determine Mr.

Berg's damages as to each design for which you found infringement. Mr. Berg must prove

damages by a preponderance of the evidence.

SOURCE:    9th Circuit Model Civil Jury Instruction 17.32 (2017)(modified to include party names)

GIVEN:_____

REFUSED:_____

MODIFIED:_____

WITHDRAWN:_____

OBJECTED TO:_____

- 50 -

**I.1.    Damages – Statutory Damages**

*Plaintiff's Proposed Instruction***:** If you find for Mr. Berg on his copyright infringement claim, you must determine Mr. Berg's damages. Plaintiff seeks a statutory damage award, established by Congress for each work infringed.  The purpose of statutory damages is not only to compensate Mr. Berg for his losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.[49]

Because statutory damages serve both compensatory and punitive purposes, Mr. Berg can recover statutory damages whether or not there is adequate evidence of the actual damage suffered by Mr. Berg or the profits reaped by M&F Western.[50]

In you find that M&F Western's infringement was non-willful, the amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

*M&F Western's Proposed Instruction*[51]**:** If you find for Mr. Berg on his copyright infringement claim, you must determine Mr. Berg's damages. However, you may only award damages as to the specific M&F Western crosses for which Mr. Berg has proven infringement. Mr. Berg seeks a statutory damage award, which is an amount established by Congress for each work infringed.  The purpose of statutory damages is to compensate Mr. Berg

---

[49] *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.,* 948 F.3d 261, 272 (5th Cir. 2020) ("the modern Copyright Act's statutory damages regime has a significant deterrent and potentially punitive purpose. Compensation is a relevant purpose but not the sole purpose.")

[50] *Id.* ("[T]he availability of statutory damages is not contingent on the demonstration of actual damages") (citation omitted).

[51] M&F Western objects to Mr. Berg's proposed instruction and proposes its instruction, which clarifies that statutory damages are not intended to be a windfall for a copyright owner nor are they intended to be punitive (in the absence of a showing of willfulness).

- 51 -

for his losses, which may be hard to prove, also to deter future violations of the copyright laws.[52]

Statutory damages are not intended to be a windfall for a plaintiff. Under the Copyright Act, Mr. Berg is entitled to a sum of not less than $750 and not more than $30,000 for each item you find infringes, as you consider just. Only if you find that the defendant's conduct was willful, then Mr. Berg is entitled to a sum of up to $150,000 for each item you find infringes, as you consider just.

SOURCE:    9th Circuit Model Civil Jury Instruction 17.33 (2017) (modified, including to include party names)

GIVEN:_____

REFUSED:_____

MODIFIED:_____

WITHDRAWN:_____

OBJECTED TO:_____

---

[52] *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.,* 948 F.3d 261, 272 (5th Cir. 2020) ("the modern Copyright Act's statutory damages regime has a significant deterrent and potentially punitive purpose. Compensation is a relevant purpose but not the sole purpose.")

150579322.1

## J.      SPOLIATION[53]

Spoliation of evidence occurs when a party which has custody of evidence destroys or loses that evidence during the course of the lawsuit. Mr. Berg at one time possessed documents relating to demands that he sent to third parties regarding the designs at issue in the case. Mr. Berg failed to produce that evidence or any responses he received from the third parties and he failed to provide any reason for his failure to produce the evidence. The Court has found that Mr. Berg destroyed this evidence during the lawsuit, thus you must assume that such evidence would have been unfavorable to Mr. Berg. It is for you to decide what force and effect to give it in light of all of the evidence in this case.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

WITHDRAWN:_____

OBJECTED TO:_____

Note: Plaintiff objects to this instruction as there is no evidence to support that Mr. Berg destroyed or withheld any evidence.

SOURCE:  7th Circuit Model Civil Jury Instruction 1.20 (2005) (modified); *Whitt v. Stephens County*, 529 F.3d 278, 284 (5th Cir. 2008); *UNGER, v. TAYLOR, et al.*, 2008 WL 2364139 (E.D.Tex. 2008); *Nationwide Life Ins. Co. v. Betzer*, No. 5:18-cv-39, 2019 WL 5700288, at *10-11, *14 (M.D. Fla. Oct. 28, 2019) (recommending that the court grant motion for sanctions under Rule 37(e)(2) and provide mandatory adverse inference instruction based on magistrate judge's finding of intent to deprive); *Snider-Hancox v. NCL Bahamas Ltd.*, No. 17-cv-20942, 2018 WL 6448765, at *9-10 (S.D. Fla. Dec. 3, 2018) ("[T]he undersigned concludes that Plaintiff acted with the intent to deprive Defendant of the use of the ESI. Given the undersigned's findings of prejudice and intent to deprive Defendant of the ESI, Rule 37(e) sanctions are warranted."); *Moody v. CSX Transp., Inc.*, 271 F. Supp. 3d 410, 431-32 (W.D.N.Y. 2017) (issuing adverse inference instruction under Rule 37(e)(2) where court found that "defendants acted with the

---

[53] Mr. Berg does not propose a spoliation instruction.

intent to deprive Moody of the use of the event recorder data"); *O'Berry v. Turner*, No. 7:15-cv-00064, 2016 WL 1700403, at *4 (M.D. Ga. Apr. 27, 2016) (applying mandatory adverse inference instruction where court found parties acted with the intent to deprive Plaintiff of the use of information at trial); *Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-cv-60629, 2016 WL 815827, at *2, *37 (S.D. Fla. Mar. 2, 2016), aff'd, 846 F.3d 1167 (11th Cir. 2017) (imposing adverse inferences for spoliation of evidence because court found defendant acted with intent to deprive).

- 54 -

**K.    JOINT PROPOSED INSTRUCTION - DUTY TO DELIBERATE[54]**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in

---

[54] Mr. Berg does not propose a duty to deliberate instruction, thus M&F Western proposes the parties present this as a joint proposed instruction.

- 55 -

150579322.1

mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SOURCE:    5th Circuit Pattern Jury Instruction 3.7 - Civil Cases (2014 Revision)

GIVEN:_____
REFUSED:_____
MODIFIED:_____
WITHDRAWN:_____
OBJECTED TO:_____


Dated:        December 22, 2020

Respectfully submitted:

**/s/richardliebowitz/**
Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
516-233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*Robert Berg*


By: A/**Kirstin E. Larson/**
John R. Hardin
Texas Bar No. 24012784
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201
Phone: 214-965-7700
Facsimile: 214-965-7799
Judith B. Jennison
Washington State Bar No. 36463
JJennison@perkinscoie.com

- 56 -

150579322.1

Kirstin E. Larson
Washington State Bar No. 31272
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000

*Attorneys for M&F Western Products, Inc.*

- 57 -