## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## (TYLER DIVISION)

| | |
|---|---|
| ROBERT BERG,<br><br>                    Plaintiff,<br><br>  - against -<br><br><br>M&F WESTERN PRODUCTS, INC.<br>                    Defendant. | Docket No. 6:19-cv-00418-JDK |

## PLAINTIFF'S OPPOSITION TO M&F WESTERN'S
## OMNIBUS MOTIONS IN LIMINE

Plaintiff Robert Berg (Plaintiff"), via counsel, respectfully submits this memorandum of law in opposition to Defendant M&F Western Products, Inc. ("Defendant")'s motions *in limine*, which Plaintiff respectfully submits should be DENIED in their entirety (except where indicated)..

**1.      MIL No. 1: All References to Hugh Weaver's Participation as M&F Western's Expert Witness or His Withdrawal from the Case Should Be Permitted If Reference to Weaver is Made**

Plaintiff objects to this motion on grounds that Plaintiff should be permitted to refer to Weaver's withdrawal as an expert witness in the event Defendant seeks to present evidence at trial of Weaver's alleged involvement in any of Berg's designs.  Defendant cannot, on one hand, rely on Weaver to establish one of its

defenses while at the same time shielding the jury from knowing that Weaver extricated himself from these proceedings without explanation.

2.    **MIL No. 2: All References to M&F Western Not Having Copyright Registrations in its Own Designs Are Permissible to Illustrate M&F's Business Practices and Policies**

Defendant's failure to register its catalog of jewelry designs (with limited exception) is relevant to Defendant's business practices as it explains why it may have permitted Kraft to copy Berg's designs, i.e., on the notion that Western-style jewelry is not subject to protection. Defendant's wholesale lack of copyright registrations reveals Defendant's *laissez faire* attitude towards copyright protection in general that is germane to the issue of willfulness. *Agence France Presse v. Morel*, 934 F. Supp. 2d 547, 570 (S.D.N.Y. 2013) *(*in evaluating an infringer's willful state of mind, courts look to factors such as whether "whether the infringer was on notice that the copyrighted work was protected; whether the infringer had received warnings of the infringements; [and] <u>whether the infringer had experience with previous copyright ownership</u>, prior lawsuits regarding similar practices, or <u>work in an industry where copyright is prevalent</u>.") (underlined added).

3.    **MIL No. 3: All References to the 3-D Asset Purchase Agreement Not Transferring Rights to M&F Western Should Be Permitted as it is Relevant and Not Prejudicial**

The jury should not be shielded from the fact that the 3-D Asset Purchase Agreement did not make any specific reference to the design at issue in this case. Such evidence is relevant to the issue as to whether Defendant properly obtained the design and will not confuse or mislead the jury.  Further, it is not "unfairly

2

prejudicial" to Defendant to allow the jury to read the very contract upon which Defendant relies for its defense.  The jury can take note that no specific reference exists in the 3-D Asset Purchase to the design at issue before the jury and can draw its own conclusions as to this omission.

4.    **MIL No. 4: Any Reference to Willful Infringement by Defendant Should Be Permitted, as per U.S. Supreme Court law and the Seventh Amendment**

MIL No. 4 is an inappropriate procedural mechanism to preclude the issue of willfulness at a jury trial, and should have instead been addressed on summary judgment.  Even if appropriate, the argument fails.

Under U.S. Supreme Court law, all issues pertaining to the calculation of statutory damages under § 504(c) must be reserved for the jury.  In *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 353, 118 S. Ct. 1279, 1287, 140 L. Ed. 2d 438 (1998), the Supreme Court held that the Seventh Amendment provides a right to a jury trial where the copyright owner elects to recover statutory damages. "The right to a jury trial includes the right to have a jury determine the *amount* of statutory damages, if any, awarded to the copyright owner."  *Id.*  "As a result, if a party so demands, a jury must determine the actual amount of statutory damages under § 504(c) in order to preserve the substance of the common-law right of trial by jury." *Id.,* at 355 (citations and quotations omitted).  Under Supreme Court law, all issues pertinent to an award of statutory damages must be decided by the jury.  *Id.* ("For the foregoing reasons, we hold that the Seventh Amendment provides a right

3

to a jury trial <u>on all issues pertinent to an award of statutory damages under §</u> <u>504(c) of the Copyright Act</u>, including the amount itself.") (underline added).

The Copyright Act provides that the issue of willfulness is pertinent to the calculation of statutory damages under section 504(c) of the Act.  *See, e.g., Cranston Print Works Co. v. J. Mason Prod.*, No. 96 CIV. 9382 (DLC), 1998 WL 993657, at *6 (S.D.N.Y. July 27, 1998) ("the willfulness of their actions -- <u>which is significant only</u> <u>for the purpose of assessing damages</u> -- is better left for trial.") (underline added); *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 725 (W.D.N.Y. 2011) ("[willfulness] is a legal conclusion necessary to the determination of both statutory damages and the award of costs, including attorney's fees."); 17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.")

Here, because the issue of willfulness is solely and exclusively related to the calculation of statutory damages under section 504(c), the Supreme Court's holding in *Feltner* (via the Seventh Amendment) forecloses a district court's ability to preclude the issue of willfulness at trial..

Further, a copyright "plaintiff is not required to show that the defendant had knowledge that its actions constituted an infringement."  *Yurman Design,* 262 F.3d at 112. "[A] defendant's . . . constructive knowledge proves willfulness." *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986)).  Accordingly, "[a]ny

4

determination of 'willfullness' involves the [infringer]'s intent and, as such, is an issue of fact that requires an evidentiary hearing." *Silverman v. CBS Inc.*, 632 F. Supp. 1344, 1352 (S.D.N.Y. 1986), *decision supplemented*, 675 F. Supp. 870 (S.D.N.Y. 1988), *aff'd in part, vacated in part*, 870 F.2d 40 (2d Cir. 1989). "Indeed, whenever state of mind is at issue, 'direct proof' of one's specific wrongful intent is 'rarely available' and so recourse to circumstantial evidence is most often necessary." *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1189 (9th Cir. 2016) (internal quotations and citations omitted).

In cases like the one at bar where the infringer operates in the publishing business and is therefore presumed to be sophisticated about copyright law and licensing procedures, willfulness is readily established on a theory of constructive knowledge. *See, e.g., Castle Rock Entertainment v. Carol Pub. Group, Inc.*, 955 F.Supp. 260, 267 (S.D.N.Y.1997) (where publisher testified that his company has had experience with the copyright laws, and that he is familiar with the requirements of those laws, the court found publisher acted in reckless disregard because it was sophisticated with respect to the publishing industry and copyright laws); *Van Der Zee v. Greenridge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ("Defendants' work in the book publishing industry should have provided sufficient knowledge that copyright protection is available for photographs.").

Here, the record shows that Defendant was well acquainted with Berg and his designs, and Cary Kraft even wanted to work with him. A reasonable jury could

conclude that the copying was reckless, particularly given Defendant's experience with copyrights.

### 5. MIL No. 5: "Fuzzy" or "Blurry" Images of the Berg Cross Designs Should Be Permitted

The images on record are what they are and the jury will not be confused. They are not so "blurry" as to warrant preclusion. Ultimately, it is the jury's role to decide whether the allegedly infringing works are "substantially similar" or "strikingly similar" to Berg's designs. To the extent the alleged blurriness of some of the images is a factor in that analysis, it would only cut against Berg, not Defendant, so Defendant cannot show unfair prejudice if the allegedly blurry images are admitted into evidence.

### 6. MIL No. 6: All References to Gary Ballinger Providing Stolen Molds to M&F Western Should Be Excluded

Gary Bellinger's relationship to M&F Western is relevant to the issue of access. Moreover, Cary Kraft testified that Bellinger made the designs for him [Kraft Tr. 91:22-92:3] Accordingly, the jury should be accorded the opportunity to delve into Bellinger's relationship with Kraft at trial.

### 7. MIL No. 7: Plaintiff should not be precluded from referencing or introducing documents from the *Berg v. Symons* Case

Plaintiff does not intend to introduce evidence of Judge Rosenthal's factual findings in the matter of Berg. v. Symons to the jury. However, he should not be

precluded from introducing the documents obtained from his former law firm in the *Berg v. Symons* case for the simple reasons that: (a) they are relevant to this proceeding; and (b) Berg produced those documents before the fact discovery deadline of November 13, 2020.  Defendant's argument that it will be prejudiced at a January 2021 trial for documents that were produced in November 2020, as per the Court-ordered deadline should be rejected.

8.   **MIL No. 8: Plaintiff should not be precluded from discussing the Bob Berg "Look and Feel"**

Discussion of the "Bob Berg Look and Feel" should not be precluded because it comports with prevailing copyright law principles in this Circuit. Use of "design features that previously appeared in other works does not negate the originality required for copyright protection of a work." *Berg v. Symons*, 393 F. Supp. 2d 525, 541–42 (S.D. Tex. 2005) (finding that plaintiff's jewelry designs "satisfy the relatively low requirement of originality under the Copyright Act" because the jewelry designs were independently created, even though they were comprised of common Western jewelry design elements).

Accordingly, while familiar designs are not copyrightable on their own, "a unique 'combination of elements that are unoriginal in themselves' meets the originality requirement to warrant copyright protection." *Jane Envy, LLC*, 2016 WL 797612, at *6 (*quoting Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001); 37 C.F.R. § 202.1(a)).  In other words, a "copyright may protect the particular *way* in which the underlying [unprotected] elements are combined — if

the particular method of combination is itself original." *Id.* (citing *Diamond Direct, LLC v. Star Diamond Grp., Inc.*, 116 F. Supp. 2d 525, 528 (S.D.N.Y. 2000) (emphasis in original) (continuing that "a work that is entirely a collection of unoriginal material nevertheless may be copyrighted if the material is selected, coordinated or arranged in an original fashion") (*citing Feist*, 449 U.S. at 358). As such, copyright protection extends to choices of "selection and arrangement, so long as they are made independently by the compiler and entail a minimal degree of creativity." *Feist*, 449 U.S. at 358.

"Where a combination of common elements meets the originality requirement such that copyright protection is warranted, this protection is limited to those aspects of the work 'that display the stamp of the author's originality,' and does not extend to the non-original elements of the work." *Jane Envy, LLC*, 2016 WL 797612, at *6 (quoting *Kepner-Tregoe*, 12 F.3d at 533). This is consistent with the notion that "copyright law protects tangible, original expressions of ideas, not ideas themselves." *Kepner-Tregoe*, 12 F.3d at at 533–34 (finding that where questions and processes "convey[ ] *unprotectable ideas*, the specific words, phrases, and sentences selected to convey those ideas are *protectable expression* under any reasonable abstraction analysis," and concluding that where such specific words are copied verbatim, such copying constitutes copyright infringement) (emphasis in original).

9.    **MIL No. 9: References to Plaintiff's Designs Having Been "Widely Disseminated" in the Marketplace Should Be Admitted**

Given that Berg's designs were widely disseminated and popular in Texas during the 1990's and 2000's, a reasonable jury could conclude that Defendant (and its alleged predecessors-in-interest), who market themselves as purveyors in Berg's industry, had a reasonable opportunity to view Berg's designs and expropriate them. *See Art Attacks Ink, LLC v. MGA Entm't Inc.,* 581 F.3d 1138, 1143–44 (9th Cir.2009) ("[C]ircumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated."). Although the Fifth Circuit had not expressly adopted this theory, it is has not expressly rejected it.  Accordingly, there is no basis to preclude such evidence as common sense dictates that the more widely disseminated a work is, the easier it is to access.

10.    **MIL No. 10: All References to M&F Western's Overall Revenues, Profits or Wealth Should Be Permitted**

For purposes of calculating statutory damages, the jury may take account of Defendant's's size and wealth.  *See, e.g., UMG Recordings, Inc. v. MP3.com, Inc.,* No. 00-cv-472 (JSR), 2000 WL 1262568 at *5-6 (S.D.N.Y. Sept. 6, 2000) ("the defendant's size and financial assets are highly relevant to arriving at the appropriate level of statutory damages."); *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F.Supp.2d 455, 461 (D. Maryland 2004) ("the wealth of the defendant has been widely recognized as relevant to the deterrent effect of a damages award"); *Psihoyos*

*v. John Wiley & Sons, Inc.*, No. 11 CIV. 1416 JPO, 2012 WL 5506121, at *4 (S.D.N.Y. Nov. 7, 2012), *aff'd,* 748 F.3d 120 (2d Cir. 2014) ("considering the fact that Defendant is a '$300 million a year division of a $1.7 billion company' (*see* Trial Tr. at 925:7–11), the deterrent effect of a $130,000 damages award hardly seems excessive, and may not even be sufficient to 'hurt the offender's pocketbook enough for [it] to take notice.') (quoting *SESAC, Inc. v. WPNT, Inc.,* 327 F.Supp.2d 531, 532 (W.D.Pa.2003)).

"Because punitive damages act as a deterrent, a wealthier defendant may be subject to stiffer penalties." *Capitol Records, Inc. v. MP3tunes, LLC*, 48 F. Supp. 3d 703, 732 (S.D.N.Y. 2014), *aff'd in part, rev'd in part and remanded sub nom. EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 840 F.3d 69 (2d Cir. 2016) (citing *Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1119 (2d Cir.1986))*; see also RCA Records v. All–Fast Sys., Inc.,* No. 84 CV 631(CSH), 1985 WL 3059, at *1 (S.D.N.Y. Oct. 9, 1985) ("[t]he degree to which an award of statutory damages 'smarts' the offender depends, in part, upon the offender's size and ability to absorb economic punishment"); *Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478, 485 (7th Cir.2003) ("sizeable award . . . is both suitable and necessary to punish and deter a corporation of this size"); *Ciner Manufacturing Co., Inc. v. S.M. Gold Fashion Manufacturing Co., Inc.*, 1997 WL 193330, at *2, 1996 U.S. Dist. LEXIS 20858 at *3-4 (S.D.N.Y.1997) (When court attempted to determine statutory damages, it noted its decision had to have some factual basis such as the defendant's sales or size); *Stevens v. Aeonian Press, Inc.*, No. 00-cv-6330 (JSM), 2002 WL 31387224, *3

(S.D.N.Y. Oct. 23, 2002) ("Defendants' financial circumstances also are relevant in determining an amount of damages that will serve to deter future infringing conduct. Discovery has shown that Defendants possess substantial assets,…); *Agence France Presse*, 2014 WL 3963124, at *16 ("it would have been appropriate for the jury to consider the fact that AFP and Getty are large companies in assessing deterrence").

## 11.    MIL No. 11: Plaintiff Should Not Be Precluded from Testifying Remotely

While Berg does not intend to testify from Vietnam, he should not be precluded from testifying from Hong Kong or Thailand, or any other country that is a member of the Hague Convention.  Provided he is able to access those countries in light of the global pandemic, he should be entitled to testify at his own trial.  There have been no shortage of virtual trials in the last nine months. Defendant's motion No. 11 is calculated to win this case by default, rather than on the merits, and should therefore be rejected.

## 12.    MIL No. 12: Plaintiff Should Not Be Precluded from Introducing Copyright Registrations and Deposit Materials that Have Not Been Certified by the Copyright Office

Defendant has failed to point to any law or regulation which requires Plaintiff to produce *certified* deposit copies or registration certificates from the U.S. Copyright Office. To have standing to sue for copyright infringement, the Copyright

Act requires that plaintiff has possession of a copyright registration certificate. 17 U.S.C. § 411(a); *accord Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 203 L. Ed. 2d 147 (2019) (holding a copyright claimant may commence an infringement suit when the Copyright Office registers a copyright). "A certificate of registration from the U.S. Register of Copyrights constitutes *prima facie* evidence of the certificate holder's copyright ownership, as well as of the truth of the facts stated in the registration." *BWP Media USA,*196 F.Supp.3d at 401 (*citing* 17 U.S.C. § 410(c)). A certificate of copyright registration is *prima facie* evidence of both valid ownership of copyright <u>and</u> originality. *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012).

Under the Copyright Act, the burden rests on Defendant (not Plaintiff) to seek official deposit copies from the Copyright Office. See, e.g. *Iantosca v. Elie Tahari, Ltd.,* No. 19-CV-04527 (MKV), 2020 WL 5603538, at *4 (S.D.N.Y. Sept. 18, 2020) ("It is the Defendant's obligation, during discovery, to contact the USCO and request deposit copies to be used to rebut the validity of the copyright registration") (citing *Goodman v. Universal Beauty Prods. Inc.*, No. 17-cv-1716 (KBF), 2018 WL 1274855, at *5 (S.D.N.Y. Mar. 9, 2018)).

13.    **MIL No. 13: All References to Unrelated Litigations, Settlements, or Copyright Licenses Should Not Be Excluded if Relevant to Defendant's Knowledge of Copyright Law**

Cary Kraft's testimony relating to his past experience in copyright infringement cases is relevant to the issue of whether he engaged in copying, and

whether such copyright was willful. See *Agence France Presse v. Morel*, 934 F. Supp. 2d 547, 570 (S.D.N.Y. 2013) *(*in evaluating an infringer's willful state of mind, courts look to factors such as whether "whether the infringer was on notice that the copyrighted work was protected; whether the infringer had received warnings of the infringements; [and] <u>whether the infringer had experience with previous copyright ownership</u>, prior lawsuits regarding similar practices, or <u>work in an industry where copyright is prevalent</u>.") (underlined added). Accordingly, this evidence should be admitted.

## 14. 15 – No Opposition

## 16.    MIL No. 16: Plaintiff Should Not Be Precluded from Offering Ms. Compton as an Expert Witness

Defendant had the opportunity to depose Ms. Compton to test her qualifications as an expert witness, yet it failed to do so. Now, it seeks to preclude her testimony based on wholly conclusory allegations that she is not qualified because she was in high school at the time Mr. Berg created the designs at issue. There is no age requirement at law which was would disqualify Ms. Compton from testifying and she acquired specialized knowledge working for Berg. Accordingly, her testimony should be admitted.

## 17.    MIL No. 17: Plaintiff's Superseding Interrogatory Answers of November 10th Should Not Be Excluded

This issue has already been briefed in Defendant's Motion to Strike Berg's Superseding Responses to Defendant's First Set of Interrogatories, which were timely served pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

The extended fact discovery deadline was November 13, 2020. [Dkt. #64] On October 8, 2020, Berg signed a declaration stating that "I have been informed by Jackson Walker LLP that it will transfer my files to my current law firm and I will thereafter promptly produce to Defendant any non-privileged documents that I receive." [Dkt. #53, ¶8]

On October 30, 2020, Plaintiff's counsel received the documents from Jackson Walker, consisting of thousands of pages, and began reviewing them.  On November 10, 2020, Plaintiff served superseding responses to Defendant's interrogatories to better reflect his theory of the case now that he had the opportunity to review documents from Jackson Walker LLP, including color copies of the Cross Design at issue.  Defendant argues that such documents were available to Berg at an earlier date, but the fact of the matter is that such documents were not in Berg's possession. He received them when he received them, which was during the fact discovery period on October 30, 2020.

Berg was therefore entitled to supplement his interrogatories under Rule 26(e) based on the new evidence discovered. *See Reed v. Iowa Marine & Repair Corp.,* 16 F.3d 82, 84 (5th Cir. 1994) ("Fed.R.Civ.P. 26(e)(2) requires counsel to supplement seasonably any discovery response 'if the party obtains information upon the basis of which (A) the party knows that the response was incorrect when

made, or (B) the party knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.' Rule 26(e)(3) states that '[a] duty to supplement responses may be imposed by ... agreement of the parties.' . . . . <u>Neither subpart of Rule 26(e)(2) requires a party to amend unless one obtains information reflecting that a prior response is incorrect</u>.") (underline added).

Finally, in copyright infringement actions, the works speak themselves. Berg should not be "boxed in" to early interrogatory responses. Instead the jury should have the right to consider the original versus the copy in their totality. *Playboy Enter., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 551 (N.D. Tex. 1997) (finding copyright infringement where images, presented through a side-by-side comparison, were "virtually identical" to the copyrighted images).



## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff respectfully requests that Defendant's opposed motions in limine should be DENIED in their entirety.

Dated:        December 22, 2020
              Valley Stream, NY                    Respectfully submitted:

                                                   **/s/richardliebowitz/**
                                                   Richard Liebowitz
                                                   LIEBOWITZ LAW FIRM, PLLC
                                                   11 Sunrise Plaza, Suite 305
                                                   Valley Stream, NY 11580
                                                   516-233-1660
                                                   RL@LiebowitzLawFirm.com

                                                   *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Richard Liebowitz, hereby certify that a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT"S MOTIONS IN LIMINE was served on all counsel of record via CM/ECF on December 22, 2020.

/s/richardliebowitz/
Richard Liebowitz