IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(TYLER DIVISION)

| | |
|---|---|
| ROBERT BERG,<br><br>                              Plaintiff,<br><br>- against -<br><br><br>M&F WESTERN PRODUCTS, INC.<br>                              Defendant. | Docket No. 6:19-cv-00418-JDK |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR AN AWARD OF FEES AND SANCTIONS**

      Plaintiff Robert Berg ("Plaintiff") and Richard Liebowitz of Liebowitz Law Firm, PLLC ("Liebowitz") respectfully submit this memorandum of law in opposition to Defendant M&F Western Products, Inc. ("Defendant")'s motion for an award of attorneys' fees under 17 U.S.C § 505 against Plaintiff and for sanctions under Fed.R.Civ.P. 11 and the Court's inherent authority against Liebowitz..

      Defendant's attorney fee application should be DENIED in its entirety because Plaintiff's claims are objectively reasonable and properly motivated. Moreover, an award of fees in this case will not advance the purposes of the Copyright Act.

      Defendant's motion for sanctions against Liebowitz under Rule 11 of the Federal Rules of Civil Procedure or, in the alternative, under the Court's inherent power should be DENIED in its entirety for all the reasons set forth in the

memorandum of law at Dkt. #45, which is respectfully incorporated by reference herein, in addition to those set forth below.

## INTRODUCTION

Defendant's motion for fees and costs is an abuse of the Copyright Act's fee-shifting provision and should be denied outright. Although the Court ultimately dismissed Berg's meritorious infringement suit on summary judgment, Defendant's status as a prevailing party does not automatically entitle it to shift its exorbinant fees on Plaintiff, an individual copyright holder.

As a threshold matter, Defendant has failed to demonstrate that Berg's claims were objectively unreasonable or improperly motivated. Moreover, Defendant's argument that Berg failed to participate in discovery is belied by the factual record showing that Berg meaningfully participated in discovery at every stage of this litigation, including written discovery, depositions and the production of thousands of pages of documents before the fact discovery deadline. While Berg did miss a discovery deadline, such administrative oversight does not justify a $483,000 windfall to Defendant.

Plaintiff's suit was properly motivated by the need to vindicate the public interest, deter future infringement, and establish a fully functioning licensing market for independent jewelry designers, whose work is often ripped off by copycat corporate retailers. These are proper causes for the artistic community to litigate. Accordingly, because fee-shifting will be counterproductive to the purpose of the

Copyright Act, Defendant's motion under section 505 of the Copyright Act should be summarily DENIED.

## FACTUAL BACKGROUND

Plaintiff Robert Berg, a native of Australia, is a professional jewelry designer who currently resides in Vietnam. In the late 1970s, Berg was a rodeo performer and silversmith in Australia who began designing and selling western jewelry. [Am. Compl. ¶ 7] After an injury ended his rodeo career, Berg expanded his jewelry business. Although he focused on belt buckles, he also began to design, produce, and sell western- style rings, necklaces, bracelets, conchos, spurs, knives, and three-piece buckle sets. [Am. Compl. ¶ 8]

In 1993, Berg moved to Bandera, Texas, to pursue the western jewelry market in the United States. Berg continued to design jewelry and buckles which have a distinctive "look" consisting of the following original elements: black background, the use of "tri-color" (red, green, and yellow) gold; a layer of scrollwork with a vine design, a layer of leaves, and a third layer of flowers; and, when edged, use of a raised silver edge with large tapered beads. [Am. Compl. ¶ 9]

By 2000, Berg's jewelry designs had become well-known in the United States and Texas. For example, he was asked to design the trophy cup for the world championship professional bull riding competition. He also built championship buckles for prominent rodeo committees across the United States and supplied buckles to the champions of the Australian Pro Rodeo Association for over two decades. [Am. Compl. ¶ 10]

Between 2000 and 2003, Berg created original designs consisting of Western-styled jewelry and belt buckles that are the subject of this lawsuit (collectively the "Designs"). [Am. Compl. ¶ 11]  In 2000, Berg created a stylized and intricate design of a cross with angular corners (the "Angular Cross") and registered it with the U.S. Copyright Office under No. VA 1-091-617, with effective date of June 12, 2000 (the "617 Registration").

In 2002, Berg created a stylized and intricate design for an oval belt buckle (the "Oval Buckle") and registered it with the U.S. Copyright Office under No. VA 1-159- 548, with effective date of July 26, 2002 (the "548 Registration").  [Am. Compl. ¶ 13]

In 2002, Berg created a stylized and intricate design for a rectangular belt buckle (the "Rectangular Buckle") and registered it with the U.S. Copyright Office under No. VA 1-159-548, with effective date of July 26, 2002.  [Am. Compl. ¶ 14; Dkt. #23-3]

In 2003, Berg created a stylized and intricate design for a cross with linear corners (the "Linear Cross") and registered it with the U.S. Copyright Office under No. VA 1-229-288, with effective date of August 29, 2003 (the "288 Registration"). [The Linear Cross and the Angular Cross shall be collectively referred to herein as the "Cross Designs"]

In 2005 or thereafter, Berg alleges that M & F Western created their own products copying the Designs for their products and mass producing them. [Am. Compl. ¶ 18]  Subsequent to Berg's registration of the Angular Cross, Linear Cross,

and Buckle Design Berg alleges that M & F copied the Designs without his authorization.

## PROCEDURAL BACKGROUND

- On September 14, 2019, Plaintiff filed his initial complaint against Defendant for copyright infringement. [Dkt. #1]

- On December 24, 2019, Defendant filed its answer. [Dkt. #3]

- On February 7, 2020, the Court entered a scheduling order which sets the fact discovery deadline as August 7, 2020 and a jury trial for January 19, 2021. [Dkt. #10] A revised scheduling order was entered on March 5, 2020 but the aforesaid fact discovery deadline and trial date remain the same [Dkt. #20]

- On April 13, 2020, Plaintiff filed his first amended complaint, alleging that Defendant infringed upon Plaintiff's jewelry designs, as registered in four separate copyright registrations. [Dkt. #23]

- On May 4, 2020, Defendant filed its answer to the amended complaint. [Dkt. # 24]

- On June 12, 2020, Defendant filed a motion for partial summary judgment to dispose of one of the copyrighted designs asserted by Plaintiff under Registration No. VA 1-159-548, with effective date of July 26, 2002 (the "548 Registration").

- On July 21, 2020, the Court granted Defendant's motion for partial summary judgment with respect to Plaintiff's designs registered as part of the 548 Registration. [Dkt. #37]

- On July 23, 2020, the Court extended the fact discovery deadline to September 21, 2020.  [Dkt. # 39]

- On August 18, 2020, Defendant filed a second motion for partial summary judgment to dispose of Plaintiff's remaining claims asserted by Plaintiff.

- On December 29, 2020, the Court granted Defendant's second motion for partial summary judgment, thereby disposing of Berg's claims. [Dkt. # 95]

## **LEGAL STANDARD**

Section 505 of the Copyright Act states that:

> [i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party I as part of the costs.

17 U.S.C. § 505.

The Fifth Circuit recognizes that "courts must not simply award fees to the prevailing party as a matter of course." *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.,* 965 F.3d 365, 385 (5th Cir. 2020) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994); *see also Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008) ("recovery of attorney's fees is not automatic"); *Creations Unlimited, Inc. v. McCain,* 112 F.3d 814, 817 (5th Cir.1997) (noting that the Supreme Court "repudiated the 'British Rule' for automatic recovery of attorney's fees by the prevailing party" and holding that the district court did not abuse its discretion in denying fees).

6

The touchstone consideration in the awarding of fees or costs under § 505 is whether doing so furthers the purposes of the Copyright Act. *See Fogerty,* 510 U.S. 517,535 n.19 (1994)); *see also* Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.10[D][2] ("The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act . . .")

As per Supreme Court law, district courts are to consider "several nonexclusive factors" including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Digital Drilling Data Sys.,* 965 F.3d at 385 (citing *Fogerty* at 534 n. 19). Further, courts "should give substantial weight to the objective reasonableness of the losing party's position." *Id.* (citing *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016)).

Under Fifth Circuit law, where the *Fogerty* factors are determined to weigh against an award of attorneys' fees, the motion for fees should be denied. *See, e.g., Virgin Records America, Inc.*, 512 F.3d at 726; *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 510 (5th Cir. 2012); *Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357, 381–82 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *Creations Unltd., Inc. v. McCain*, 112 F.3d 814, 817 (5th Cir. 1997) (per curiam).

# ARGUMENT

## POINT I: PLAINTIFF'S CLAIMS ARE OBJECTIVELY REASONABLE

"[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001); *see also Virgin Records America, Inc.*, 512 F.3d at 726 (denying fees where copyright infringement claim found to be objectively reasonable); *Positive Black.*, 394 F.3d at 381–82 (same).[1] The "mere fact that a [party] has prevailed does not necessarily equate with an objectively unreasonable claim." *Berry v. Deutsche Bank Trust Co. Am.*, 632 F. Supp. 2d 300, 305 (S.D.N.Y.2009) (citation, quotation marks, and ellipsis omitted).

Here, Plaintiff has advanced objectively reasonable claims under the Copyright Act. To establish a claim of copyright infringement, plaintiff must show two elements: (1) ownership of a valid copyright; and (2) unauthorized copying of the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

---

[1] *See also Harris Custom Builders Inc. v. Hoffmeyer*, 140 F.3d 728, 730-31 (7th Cir. 1998) (vacating award of fees because, inter alia, losing party's claims were objectively reasonable); *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 74 (1st Cir. 1998) (affirming denial of fees because copyright holder's "claims were neither frivolous nor objectively unreasonable); *EMI Catalogue P'ship v. CBS/Fox Co.*, 1996 WL 280813, at *2 (S.D.N.Y. May 24, 1996) (holding that copyright owner's claim was "not so objectively unreasonable as to justify" an award).

[2] Berg presented ample caselaw authority to support his position on the question of access. See *Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 394–95 (5th Cir. 2001) ("To

8

**(1)   BERG'S OWNERSHIP CLAIMS ARE PLAINLY MERITORIOUS**

The first element of Berg's claims was barely contested as he holds valid copyright registration certificates for the works that were allegedly infringed. *See* 548 Registration, 288 Registration, and 617 Registration. Defendant failed to present any evidence, such as fraud upon the Copyright Office, to rebut the validity of Berg's copyright ownership.

Instead, Defendant argued that Berg's registered works lacked sufficient originality to qualify for copyright protection, on grounds that the constitutent elements of the Designs were standard in Western-style jewelry. But such argument was wholly conclusory and ran counter to controlling Fifth Circuit caselaw. *See, e.g., Nola Spice Designs, LLC v. Haydel Enters., Inc.,* 783 F.3d 527, 549 (5th Cir. 2015) (finding that arrangement, selection and combination of otherwise unprotectable elements are copyrightable); *Apple Barrel Prods., Inc. v. Beard,* 730 F.2d 384, 388 (5th Cir.1984) (component parts "neither original to the plaintiff nor copyrightable" may, in combination, create a "separate entity [that] is both original and copyrightable.")

Berg's ownership claims were therefore well-founded in both fact and law. In the end, the Court did not resolve the element of copyright validity on Defendant's second summary judgment motion. [Dkt. #95, pp. 6, 9]

**(2)   BERG'S CLAIMS OF M&F'S ACTUAL COPYING ARE WELL-FOUNDED**

With respect to the second element, Berg alleged that Defendant had engaged in unauthorized copying of his Designs. As to the Buckle Designs, the

9

Court determined that M&F had marketed a similar design prior to Berg's registration (although Plaintiff refutes the authenticity of the evidence provided by Defendant). As to the Cross Designs, the Court held as a matter of law that Berg could not prove substantiual similarity due to the lack of evidence of access. [Dkt. #95, p. 11] Although Berg demonstrated that his Designs were displayed at industry showrooms and traderooms, and that M&F Western's designers were aware of his him and his jewelry, the Court found that there was no evidence that M&F had access to the specific Cross Designs (covered by the 617 and 288 Registrations) [Dkt. #95, p. 11][2]

The Court also determined that a reasonable jury could not find M&F Western's accused works were "strikingly similar" to Berg's Cross Designs. [Dkt. # 95, pp. 14-15] Although the Court determined that the works were not strikingly similar, any copyright holder would have been justified in asserting such claims based on the remarkable similarity between the works, as well as the evidence on record that M&F Western's designers knew about Berg and his jewelry and even

---

[2] Berg presented ample caselaw authority to support his position on the question of access. See *Peel & Co. v. The Rug Mkt.,* 238 F.3d 391, 394–95 (5th Cir. 2001) ("To determine access, the court considers whether the person who created the allegedly infringing work had a reasonable opportunity to view the copyrighted work."); *Art Attacks Ink, LLC v. MGA Entm't Inc.,* 581 F.3d 1138, 1143–44 (9th Cir.2009) ("[C]ircumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated."). Thus, it cannot be said his position was objectively unreasonable.

expressed a desire to work with Berg.[3]

Given the evidence of the substantial similarity between the designs, combined with Kraft's testimony that he was familiar with Berg and his work for decades, it was objectively reasonable for Berg to assert claims against M&F Western. The notion that M&F Western's position was eventually vindicated does not lead to the conclusion that Berg's claims were objectively unreasonable.

**POINT II: PLAINTIFF'S INFRINGEMENT SUIT IS PROPERLY MOTIVATED**

Plaintiff's motivation for filing suit is also a factor the Court may consider under *Fogerty*, 510 U.S. at 534 n.19. "The Copyright Act is intended, not only for a plaintiff to obtain damages for infringement, but to deter the infringers and other potential infringers from infringing on copyrighted works." *Bell v. Taylor*, No. 1:13-CV-00798-TWP, 2014 WL 902573, at *2 (S.D. Ind. Mar. 7, 2014) (citing *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231–33, 73 S.Ct. 222, 97 L.Ed. 276 (1952); *F.E.L. Pub'ns, Ltd. v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir.1985)).

---

[3] For example, M&F Western's Cary Kraft testified at his deposition that he had been visiting trade shows for over 30 years and that Berg "always had a booth there I believe" [Kraft Tr. 38:12-13] The first time Kraft saw Berg's designs at trade shows was either in the 1990's or early 2000's. [Kraft Tr. 41:15-25] Kraft found Berg's designs "interesting", regarded Berg as a "contemporary" and testified that "I respect him." Kraft also testified that "the only thing I would have been interested in would be to work cooperatively" with Berg and to have Berg "create my designs, my models for me from my designs" [Kraft Tr. 54:8-15]

11

Here, there is no evidence that Plaintiff "prosecuted this suit with malevolent intent." *Virgin Records Am., Inc.,* 512 F.3d at 726. Instead, Plaintiff held valid copyright certificates from the U.S. Copyright office and sought to properly enforce his rights by filing the instant lawsuit against a competitor which markets plainly similar designs with knowledge aforethought of Berg and his designs.

### POINT III: AN AWARD OF ATTORNEYS' FEES WILL **NOT** PROMOTE THE PURPOSE OF THE COPYRIGHT ACT

"It generally does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim." *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 593 (6th Cir. 2008). Here, an award of fees to Defendant will frustrate the purposes of the Copyright Act by encouraging the unauthorized use of creative design patterns, and by reducing the quantity and variety of works introduced to market. Further, fee-shifting is not warranted to compensate Defendant nor deter suits brought by individual designers with objectively reasonable claims. *Virgin Records Am.*, 512 F.3d at 727 ("Plaintiffs should not be deterred from bringing future suits to protect their copyrights because they brought an objectively reasonable suit.")

Here, an award of attorneys' fees would only encourage largescale retailers such as Defendant to expropriate pre-existing design elements from independent designers rather than engage in their own creative output, thereby diminishing the quantity and variety of content available to the public. *See Berkla v. Corel Corp.*,

12

302 F.3d 909, 923 (9th Cir. 2002) ("It would be inconsistent with the Copyright Act's purposes to endorse Corel's improper appropriation of Berkla's product by awarding fees.").

"It is increasingly recognized that the person who forces another to engage counsel to vindicate, or defend, a right should bear the expense of such engagement and not his successful opponent." *Fogerty*, 510 U.S. at 529, 114 S.Ct. 1023 (quoting W. Strauss, Damage Provisions of the Copyright Law, Study No. 31 (H. Judiciary Comm. Print 1960)) (internal quotation marks removed). Further, there is no need for the Court to deter Plaintiff, or other individual designers, which has promoted an objectively reasonable legal theory. *See Ariel(UK) Ltd. v. Reuters Grp. PLC*, 05-cv-9646 (JFK), 2007 WL 194683, at *5 (S.D.N.Y. Jan. 24, 2007) ("The Court recognizes that Defendants incurred considerable expense in defending the copyright claims. Nevertheless, an award of fees and costs would tend to prohibit potential future claimants from litigating questions of fact and law that are not objectively unreasonable and therefore would be contrary to the policies that underlie the Copyright Act.")

### POINT IV: DEFENDANT HAS FAILED TO DEMONSTRATE ANY BAD FAITH CONDUCT BY PLAINTIFF OR HIS COUNSEL

Defendant's effort to portray Berg and Liebowitz as vexatious litigants rings hollow. Defendant primarily argues that Plaintiff changed his theory of the case during the discovery period and failed to meaningful participate in discovery.

With respect to Defendant's allegation of theory modification, there is nothing rare or exceptional about a plaintiff who amplifies his theory of the case as it progresses past the pleading stage and into discovery. Moreover, Defendant has failed to cite any caselaw for the proposition that amending one's complaint to cure pleading deficiencies or serving Rule 26(e) disclosures to account for new evidence obtained during the discovery period is grounds to shift fees under the Act.[4]

The Court should also reject Defendant's argument that Berg failed to participate in discovery. Berg's inability to travel to the United States during the pandemic should not be held against him. Further, Defendant failed to take the necessary steps to timely secure Berg's deposition and now seeks to shift blame.

The record also shows that during the fact discovery period, Plaintiff produced 3,269 pages of responsive documents obtained from Plaintiff's former counsel [Dkt. # 74], deposed three of M&F Western's fact witnesses, timely served his responses to Defendant's document requests and interrogatories and served Rule 26(e) supplemental responses to Defendant's first set of interrogatories after receiving new evidence. This is hardly the conduct of a litigant who "refused repeatedly to meaningfully participate in discovery." [Dkt. #101, p. 1]

**POINT IV:   THE COURT SHOULD DECLINE TO IMPOSE SANCTIONS AGAINST LIEBOWITZ**

---

[4] The Federal Rules specifically contemplate that a party may amend his pleading early in the case. *See* Fed.R.Civ. 15(a). The Rules also provide that a party may supplement his disclosures as new evidence emerges. See Fed.R.Civ.P. 26(e).

Defendant moves for sanctions under Fed.R.Civ.P. 11 and/or the Court's inherent powers against Liebowitz for prosecuting Plaintiff's Buckle Design claims.

Under Fifth Circuit law, to impose sanctions under the Court's inherent power, there must be a finding of bad faith supported "by clear and convincing proof" which is a "high standard." *See Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001). Bad faith "is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong." *Bucklew v. St. Clair*, 2019 WL 2724067, at *4 (N.D. Tex. May 29, 2019). Here, Defendant has failed to show "clear and convincing evidence" that Liebowitz acted in bad faith by advocating for Berg's rights.[5]

### POINT V: DEFENDANT'S REQUEST FOR FEES IS GROSSLY EXCESSIVE AND SHOULD BE REDUCED BY 50%

In the event the Court grants a fee award, the Court should reduce Defendant's fee application across-the-board by at least fifty percent on grounds that defense counsel intentionally racked up unnecessary fees through its refusal to extend the filing of lengthy pretrial submissions while its second dispositive motion remained pending. The overall hours billed are also hyper-inflated.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's application for attorneys' fees under 17 U.S.C. § 505 in its entirety as against Berg; and respectfully requests that the Court deny to impose any sanctions against Liebowitz.

---

[5] Defendant's motion under Rule 11 fails for the same reasons set forth at Docket #45, which Liebowitz respectfully incorporates it by reference herein.

Dated: February 26, 2021
       Valley Stream, NY

                                        Respectfully Submitted,

                                        LIEBOWITZ LAW FIRM, PLLC

                                        **s/richardliebowitz/**
                                        Richard Liebowitz, Esq.
                                        11 Sunrise Plaza, Ste. 305
                                        Valley Stream, NY 11580
                                        (516) 233-1660
                                        RL@LiebowitzLawFirm.com

                                        *Counsel for Plaintiff*

# **TABLE OF AUTHORITIES**

**CASES**

*Apple Barrel Prods., Inc. v. Beard,*
   730 F.2d 384, 388 (5th Cir.1984) .................................................................................. 9

*Ariel(UK) Ltd. v. Reuters Grp. PLC,*
   05-cv-9646 (JFK), 2007 WL 194683, at *5 (S.D.N.Y. Jan. 24, 2007) ....................... 13

*Art Attacks Ink, LLC v. MGA Entm't Inc.,*
   581 F.3d 1138, 1143–44 (9th Cir.2009) ..................................................................... 10

*Baisden v. I'm Ready Prods., Inc.,*
   693 F.3d 491, 510 (5th Cir. 2012) ................................................................................ 7

*Bell v. Taylor,*
   No. 1:13-CV-00798-TWP, 2014 WL 902573, at *2 (S.D. Ind. Mar. 7, 2014) ........... 11

*Berkla v. Corel Corp.,*
   302 F.3d 909, 923 (9th Cir. 2002) .............................................................................. 13

*Berry v. Deutsche Bank Trust Co. Am.,*
   632 F. Supp. 2d 300, 305 (S.D.N.Y.2009) .................................................................. 8

*Bridgeport Music, Inc. v. WB Music Corp.,*
   520 F.3d 588, 593 (6th Cir. 2008) .............................................................................. 12

*Bucklew v. St. Clair,*
   2019 WL 2724067, at *4 (N.D. Tex. May 29, 2019) ................................................. 15

*Creations Unlimited, Inc. v. McCain,*
   112 F.3d 814, 817 (5th Cir.1997) ............................................................................ 6, 8

*Crowe v. Smith,*
   261 F.3d 558, 563 (5th Cir. 2001) .............................................................................. 15

*Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.,*
   965 F.3d 365, 385 (5th Cir. 2020) ................................................................................ 6

*EMI Catalogue P'ship v. CBS/Fox Co.,*
   1996 WL 280813, at *2 (S.D.N.Y. May 24, 1996) ...................................................... 8

*F.E.L. Pub'ns, Ltd. v. Catholic Bishop of Chi.*,
  754 F.2d 216, 219 (7th Cir.1985) ................................................................................................ 11

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340, 361 (1991) .............................................................................................................. 9

*Fogerty v. Fantasy, Inc.*,
  510 U.S. 517 (1994) ................................................................................................................ 6, 7

*Harris Custom Builders Inc. v. Hoffmeyer*,
  140 F.3d 728, 730-31 (7th Cir. 1998) ............................................................................................ 8

*Kirtsaeng v. John Wiley & Sons, Inc.*,
  136 S. Ct. 1979 (2016) .................................................................................................................. 7

*Lotus Dev. Corp. v. Borland Int'l, Inc.*,
  140 F.3d 70, 74 (1st Cir. 1998) ...................................................................................................... 8

*Matthew Bender & Co. v. West Publ'g Co.*,
  240 F.3d 116, 122 (2d Cir. 2001) .................................................................................................. 8

*Nola Spice Designs, LLC v. Haydel Enters., Inc.*,
  783 F.3d 527, 549 (5th Cir. 2015) ................................................................................................ 9

*Peel & Co. v. The Rug Mkt.*,
  238 F.3d 391, 394–95 (5th Cir. 2001) ........................................................................................ 10

*Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357, 381–82 (5th Cir.
  2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S.
  154 (2010) .................................................................................................................................... 8

*Virgin Records Am., Inc. v. Thompson*,
  512 F.3d 724, 726 (5th Cir. 2008) ................................................................................................ 6

**STATUTES**

17 U.S.C. § 505 .................................................................................................................. 6, 15

**RULES**

Fed.R.Civ. 15(a) ................................................................................................................... 14
Fed.R.Civ.P. 26(e) ................................................................................................................ 14
Fed.R.Civ.P. 11 ................................................................................................................ passim

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO FEES AND SANCTIONS has been served via e-mail on February 26, 2021 to counsel listed below.

John R. Hardin
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard St. Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799

Judith B. Jennison
JJennison@perkinscoie.com
Kirstin E. Larson
KLarson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-800
Fax: 206-359-9000

*Attorneys for Defendant*

By: /richardpliebowitz/
Richard P. Liebowitz