IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BERG, | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| vs. | § | Case No. 6:19-cv-418-JDK |
| | § | |
| M&F WESTERN PRODUCTS, INC., | § | |
| Defendant. | | |

## **REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

In the Fifth Circuit, where awarding fees to the prevailing party is the rule rather than the exception, this is precisely the type of case Section 505 is meant to address because "without the prospect of such an award, [M&F Western] might [have been] forced into a nuisance settlement or deterred altogether from exercising [its] rights," rights that were completely justified as evidenced by the Court's orders dismissing Berg's claims and rejecting his speculation-laced theories. *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004); *see also Hacienda Records, LP v. Ramos*, No. 2:14-CV-19, 2019 WL 93306, at *5 (S.D. Tex. Jan. 3, 2019) ("When the prevailing party is a defendant . . . the presumption in favor of awarding fees is usually strong.") (internal citation omitted).

### A.   **Berg's Claims Were Objectively Unreasonable**

Berg's primary argument that the Court should refrain from awarding fees is that his claims were "objectively reasonable." While Berg relies on *Digital Drilling Data Systems, L.L.C. v. Petrolink Services, Inc.*, 965 F.3d 365 (5th Cir. 2020), citing *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1983 (2016) (per curiam), for the proposition that courts "should give substantial weight to the objective reasonableness of the losing party's position," the Supreme Court in *Kirtsaeng* was clear that "objective reasonableness can be only an important factor in assessing fee applications—not the controlling one," 136 S. Ct. at 1988. M&F Western is not required to show frivolity or bad faith to prevail in its request for fees. It need only show that Berg's copyright

M&F Western's Reply in Support of Its Motion for Fees and Costs—Page 1

151645869

claims were objectively weak. *See Virtual Chart Sols. I, Inc. v. Meredith*, No. 4:17cv546, 2020 WL 896674, at *5 (E.D. Tex. Feb. 25, 2020).

In any event, Berg's claims were not objectively reasonable. He claims (Dkt. 103 at 9) that the Court's refusal to resolve the copyright validity issue (because it granted summary judgment on other grounds (Dkt. 95 at 9)) supports a finding of objective reasonableness of his claims as a whole. But "[t]he mere fact that a plaintiff has statutory standing does not make his legal and factual arguments objectively reasonable." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 615 (9th Cir. 2010)); *see also Arclightz and Films Pvt. Ltd. v. Video Palace, Inc.*, No. 01 Civ. 10135 (SAS), 2003 WL 22434153, at *5 (S.D.N.Y. Oct. 24, 2003) (awarding fees where plaintiffs built their case on little more than "supposition and innuendo" and rejecting plaintiffs' attempt to justify "reasonability" based on their right as bona fide owners of a copyright to protect their rights) (cleaned up).

Second, even if Berg's claim for ownership was reasonable, his infringement claim was not. Even if he *subjectively* believed the claim had merit, his subjective view is irrelevant. Particularly on point is the analysis in *Mallery v. NBC Universal, Inc.*, No. 07 Civ. 2250 (DLC), 2008 WL 719218, at *1 (S.D.N.Y. Mar. 18, 2008), *aff'd*, 331 F. App'x 821 (2d Cir. 2009), rejecting a similar argument and awarding defendants' fees under § 505. The *Mallery* court noted that a comparison of the plaintiffs' work and the defendant's alleged infringing work revealed the works as "profoundly different." *Id.* Thus, even if the plaintiffs "truly believe[d]" the defendant copied their work, the court explicitly rejected the attempt to rely on their subjective belief of "reasonableness" to avoid fees: "[P]laintiff's claims remain objectively unreasonable, as the profound dissimilarity between their works and *Heroes* was indeed 'obvious' in this case, and *plaintiffs' professed subjective belief to the contrary is thus itself unreasonable and entitled to no weight here*." *Id.* at *2 (emphasis added); *see also Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 794 (S.D. Tex. 2009) ("A claim is more likely to be found frivolous or objectively unreasonable . . . when the lack of similarity between the unsuccessful plaintiff's work and the

allegedly infringing work are obvious.") (citing cases); *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001) ("[T]o emphasize the unreasonableness . . . the issue of substantial similarity . . . was not . . . a close or complex question").

Here, the Court's orders show Berg's claims as objectively unreasonable. For example:

- Buckle MSJ: "Berg admits that he did not create his copyrighted belt buckle designs until 2002—at least seven years after the creation of the Crumrine Buckle. Because it is impossible to copy something that does not exist, the Court holds that M&F Western is entitled to summary judgment on the belt buckle designs." (Dkt. 37 at 7, cleaned up.) While Berg continues to "refute[] the authenticity of [M&F Western's] evidence", the Court found his challenge "nothing more than unsupported speculation." (*Compare* Resp. at 10 *with* Dkt. 37 at 8.)

- Cross MSJ (No access): The Court rejected Berg's access theory, finding his "evidence at best supports only the kind of speculative and conjecture-based theory of access the Fifth Circuit has rejected." (Dkt. 95 at 12.)

- Cross MSJ (No striking similarity): The Court found the differences between the Berg 617 design and M&F Western's Kraft design #32120 and the 3-D Rope Design, "obvious" (*Id.* at 13-14.); the Berg 288 Design and Kraft Design #32110 "noticeably different" (*Id.* at 15.); and, on whole, held that no reasonable jury could conclude striking similarity between the asserted Berg designs and the M&F Western designs. (*Id.* at 13-15.)

### B.      Berg Brought This Case with Improper Motivation

Berg's approach to discovery shows his improper motivation: he relied on blurry images of his cross designs until he swapped in *an entirely new design* at the end of the case; he did not produce relevant documents until November; he continued to press the Buckle Claims after M&F Western's December 26, 2019 letter made him aware of the 1995 Crumrine Buckle; he failed to maintain or produce documents he created about this case after it was filed; he failed to comply (procedurally and substantively) with the Court's Order requiring a search and certification; and

he, the creator of the asserted works, changed his story at the last minute to stave off summary judgment and had to ask to "supersede" and effectively strike his first set of sworn interrogatory responses. And Berg really does not dispute these points. Instead, he shrugs them off as story "amplification" and "administrative oversight."[1] They are not. They are designed to delay litigation, increase litigation "pain," and ultimately extract a settlement, which courts have considered when awarding fees. *See, e.g.*, *Kirtsaeng*, 136 S. Ct. at 1988-89 ("A court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims or defenses"); *Virtual Chart Sols. I,* 2020 WL 896674, at *3, *5, *7 (fee award appropriate where procedural history of the case showed plaintiff failed to produce a legible copy of its own copyrighted work and missed deadline); *SortiumUSA, LLC v. Hunger*, No. 3:11–CV–1656–M, 2015 WL 179025, at *3-4 (N.D. Tex. Jan. 14, 2015) (continued assertion of meritless claims warranted fee award).

        C.      **Berg Failed to Carry His Burden Regarding M&F Western's Fees.**

It was Berg's burden to contest the hourly rate requested and/or the reasonableness of the hours expended with sufficient specificity that M&F Western could respond and the Court could analyze any such concerns.[2] *Batiste, LLC v. Lewis*, No. 17-4453, 2019 WL 5401103, at *2, *5 (E.D. La. Sept. 6), *report and recommendation adopted*, No. 17-4435, 2019 WL 5395316 (E.D. La. Oct. 21, 2019), *aff'd*, 976 F.3d 493 (5th Cir. 2020) ("After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended by affidavit or brief with sufficient

---

[1] The Court should reject his efforts to sweep this failure aside as an "administrative oversight." (Dkt. 103 at 2.) He knew about the August 13th deadline as evidenced by the fact that he produced three pages of documents that day, yet he chose to wait nearly two months before providing a facially deficient certification. (Dkt. 59.) *See Chevrestt v. Barstool Sports, Inc.*, No. 20-CV-1949 (VEC), 2020 WL 2301210, at *2 & n.4 (S.D.N.Y. May 8, 2020) (sanctioning Mr. Liebowitz: attempt to plead "administrative oversight" was "disingenuous, distasteful, unpersuasive, and likely perjurious").

[2] M&F Western carried its burden of establishing both that its fees are reasonable and commensurate with billing rates charged by comparable law firms, in the district and nationally, for similar cases, and that the time spent by attorneys and assistants on the tasks undertaken to defend the case were reasonable and necessary. (Dkt. 101 at 13-14; Dkt. 101-1, Feb. 5, 2021 Hardin Decl. ¶¶ 5-15; Dkt. 102-2, Frenzel Decl. ¶¶ 7-13; *see also* Dkt. 102, Feb. 18, 2021 Suppl. Hardin Decl. ¶¶ 3-5.)

**M&F Western's Reply in Support of Its Motion for Fees and Costs—Page 4**

specificity to give fee applicants notice of the objections.") (cleaned up). Berg didn't. Instead, he claimed that the hours are inflated and should be slashed by 50% without explanation. Because the M&F Western rates are not contested, they are "prima facie reasonable" and should be accepted. *Id.* at *5.

### D.    Conclusion

"[W]hen a person (again, whether plaintiff or defendant) has an unreasonable litigating position, the likelihood that he will have to pay two sets of fees discourages legal action." *Kirtsaeng*, 136 S. Ct. at 1986-87. That was this case. Berg chose to challenge obviously different products and provided nothing beyond speculation to support his claims. Awarding M&F Western its Fees is consistent with the goals of the Copyright Act "[b]ecause copyright law ultimately serves the purpose of enriching the general public through access to creative works…defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994).

| | |
|---|---|
| Dated: March 5, 2021 | By:  */s/ John R. Hardin*<br>John R. Hardin<br>Texas Bar No. 24012784<br>JohnHardin@perkinscoie.com<br>PERKINS COIE LLP<br>500 N. Akard Street, Suite 3300<br>Dallas, TX 75201<br>Phone: 214-965-7700<br>Facsimile: 214-965-7799<br><br>Judith B. Jennison<br>Washington State Bar No. 36463<br>JJennison@perkinscoie.com<br>Kirstin E. Larson<br>Washington State Bar No. 31272<br>KLarson@perkinscoie.com<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Tel: 206-359-8000<br>Fax: 206-359-9000<br><br>*Attorneys for M&F Western Products, Inc.* |

### Certificate of Service

I hereby certify that on March 5, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send electronic notice of such filing to all counsel of record.

Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com
Attorneys for Plaintiff Robert Berg

*/s/ John R. Hardin*
John R. Hardin