IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(TYLER DIVISION)

| | |
|---|---|
| ROBERT BERG,<br><br>                                 Plaintiff,<br><br>- against -<br><br><br>M&F WESTERN PRODUCTS, INC.<br>                               Defendant. | Docket No. 6:19-cv-00418-JDK |

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR AN AWARD OF FEES AND SANCTIONS**

Plaintiff Robert Berg ("Plaintiff") and Richard Liebowitz of Liebowitz Law Firm, PLLC ("Liebowitz") respectfully submit this sur-reply memorandum of law in further opposition to Defendant M&F Western Products, Inc. ("Defendant")'s motion for an award of attorneys' fees under 17 U.S.C § 505 against Plaintiff and for sanctions under Fed.R.Civ.P. 11 and the Court's inherent authority against Liebowitz.

**POINT I:**     **DEFENDANT HAS FAILED TO DEMONSTRATE THAT BERG'S CLAIMS WERE OBJECTIVELY UNREASONABLE OR IMPROPERLY MOTIVATED.**

If the alleged lack of similarity between the Plaintiff's designs and Defendant's works was so apparent, as Defendant claims, then Defendant could have filed a Rule 12(b)(6) motion to dismiss at the outset of the case based on nothing more than side-by-side comparisons. But it failed to do so because the

matter was factually complex. *See Zuma Press, Inc. v. Getty Images (US), Inc.,* No. 19-3029, 2021 WL 807865, at *4 (2d Cir. Mar. 3, 2021) (affirming the denial of a section 505 fees motion where "Plaintiffs' copyright infringement claim concerned a complex set of facts").

Instead, Defendant's high-priced counsel purposely racked up legal fees throughout the course of litigation. For example, even after filing its second motion for summary judgment, which it knew would be dispositive of the case, Defendant abjectly refused to stipulate to a continuance of the trial date, thereby forcing the parties to expend substantial time and resources in preparing lengthy pretrial submissions (which turned out to be futile in light of the Court's dismissal of the case). Roughly one-fourth of the fees expended were dedicated to the pretrial phase.

Moreover, Defendant's argument that Berg failed to participate in discovery is belied by the factual record showing that Berg meaningfully participated in discovery at every stage of this litigation, including written discovery, depositions and the production of thousands of pages of documents before the fact discovery deadline. While Berg did miss a discovery deadline, such administrative oversight does not justify a $483,000 windfall to Defendant.

Instead, any recovery should be limited to whatever prejudice Defendant allegedly suffered as a result of this *isolated* delay in responding to the Court's deadline. But Defendant has failed to show any prejudice at all. Instead, in exchange for a single missed deadline, Defendant wants full recovery of fees expended throughout the entire action, which is highly oppressive.

### POINT II:  DEFENDANT FAILS TO ADDRESS LIEBOWITZ'S ARGUMENTS CONCERNING SANCTIONS

In the opposition brief, Liebowitz argued that Defendant failed to show "clear and convincing evidence" that Liebowitz acted in bad faith by advocating for Berg's rights.  A finding of bad faith based on "clear and convincing evidence" would be necessary to impose sanctions against Liebowitz pursuant to the Court's inherent powers.  *In re Booker*, 624 F. App'x 319, 320 (5th Cir. 2015) ("clear and convincing evidence [of bad faith] . . . is required when a court sanctions an attorney under its inherent powers").[1]  Defendant's reply brief does not even address this argument.

Furthermore, Rule 11 sanctions "should ordinarily be paid into court as a penalty." *Mellott v. MSN Commc'ns, Inc.*, No. 09-CV-02418-PAB-MJW, 2011 WL 4536975, at *18 (D. Colo. Sept. 30, 2011), *vacated,* 492 F. App'x 887 (10th Cir. 2012) (citing. Fed. R. Civ. P. 11, Notes to 1993 Amendments).[2]  The overall purpose of a

---

[1] See also *Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020) ("clear and convincing evidence of bad faith is a prerequisite to an award of sanctions under the court's inherent power").

[2] "Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty. However, under unusual circumstances, particularly for (b)(1) violations, deterrence may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation. Accordingly, the rule authorizes the court, if requested in a motion and if so warranted, to award attorney's fees to another party." Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendment.

monetary sanction under Rule 11 is thus to deter frivolous litigation rather than to compensate the opposing party for the costs of litigation. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, Inc., 498 U.S. 533, 542 (1991). In other words, Rule 11 is not intended to function as a fee-shifting provision. *Cope v. Auto-Owners Ins. Co.*, 118CV00051WJMSKC, 2020 WL 1511096, at *2 (D. Colo. Mar. 30, 2020).

Here, Defendant asks the Court to impose Rule 11 sanctions against Liebowitz as a form of compensation to Defendant under a fee-shifting theory. This is not justified in this case. Accordingly, the Court should decline to impose any fee-shifting upon Liebowitz, either under Rule 11 or the Court's inherent powers.

## CONCLUSION

For the foregoing reasons, and those set forth in its opposition brief, Plaintiff respectfully requests that the Court DENY Defendant's application for attorneys' fees under 17 U.S.C. § 505 in its entirety as against Berg; and respectfully requests that the Court deny to impose any sanctions against Liebowitz.

Dated:  March 12, 2021
          Valley Stream, NY

                                                              Respectfully Submitted,

                                                              LIEBOWITZ LAW FIRM, PLLC

                                                              **s/richardliebowitz/**
                                                              Richard Liebowitz, Esq.
                                                              11 Sunrise Plaza, Ste. 305
                                                              Valley Stream, NY 11580
                                                              (516) 233-1660
                                                              RL@LiebowitzLawFirm.com

*Counsel for Plaintiff*
*Robert Berg*

5

Case 6:19-cv-00418-JDK    Document 105    Filed 03/12/21    Page 6 of 6 PageID #: 3334

6